SHANNON TAITANO, ESQ.
OFFICE OF THE GOVERNOR OF GUAM
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
Telephone: (671) 472-8931
Facsimile: (671) 477-4826

RODNEY J. JACOB, ESQ.
MICHAEL A. PANGELINAN, ESQ.
DANIEL M. BENJAMIN, ESQ.
CALVO AND CLARK, LLP
Attorneys at Law
655 South Marine Drive, Suite 202
Tamuning, Guam 96913
Telephone: (671) 646-9355
Facsimile: (671) 646-9403

Attorneys for *Felix P. Camacho, Governor of Guam*

FILED
DISTRICT COURT OF GUAM
NOV 12 2004
MARY L. M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

| | |
|---|---|
| JAY MERRILL, et. al., <br><br> Plaintiffs, <br><br> -v- <br><br> THE GUAM ELECTION COMMISSION, et. al. <br><br> Defendants. | CIVIL CASE NO. 04-00046 <br><br> (Superior Court of Guam <br> Civil Case No. CV1111-04) <br><br> **OBJECTION TO THE ATTORNEY GENERAL'S MOTION TO STRIKE THE APPEARANCES AND OBJECTIONS OF THE GOVERNOR AND LEGISLATURE** |

ORIGINAL

On October 18 and October 25, 2004, two lawsuits[1] were filed in the Superior Court of Guam to enjoin the then-upcoming election on Proposal A. The lawsuits named the Governor, Legislature, Election Commission, and Director of the Election Commission as defendants. On October 26, the Attorney General removed these actions.

On October 27, the Guam Legislature adopted Bill 374 to permit the November 2, 2004 vote on Proposal A to go forward. The Governor of Guam signed Bill 374 into law, thereby permitting the November 2, 2004 vote on Proposal A to go forward. That same day, assistant attorney general Robert Weinberg purported to sign on behalf of the Election Commission, the Legislature, and the Governor a stipulated preliminary injunction to prevent the election.

Upon learning of the stipulation, the Governor and Legislature entered appearances through independent counsel. They stated objections to the stipulated preliminary injunction that had been entered into without their consent or knowledge. The Guam Election Commission entered a similar objection through independent counsel the next day.

On October 29, 2004, this Court entered an Order denying the stipulation and *sua sponte* staying the matter "pending the November 2, 2004 election results." (Order at 4.) The Court held: "It seems highly inappropriate to bind the Government of Guam to a stipulation and order where it appears that the AG may not be the government's counsel." (*Id.* at 3.) Nonetheless, that same day, the Attorney General moved to strike the appearances by the Legislature and the Governor.

After the Court entered its Order, the Attorney General filed a Motion to Strike the appearance by the Governor and Legislature and their objections to the stipulated injunction. Because this matter was stayed at least until November 9, 2004 (when the election results were

---

[1] *Merrill v. Guam Election Comm'n*, Dist. Ct. of Guam Case No. CV04-00046, and *Aguon-Schulte v. v. Guam Election Comm'n*, Dist. Ct. of Guam Case No. CV04-00045.

certified), any response is due no earlier than 14 days after the stay was lifted (*i.e.*, November 23, 2004). *Cf.* L.R. 7.1(D)(2)(a).

The Governor and Legislature have every right to appear in this litigation and to object to the entry of the stipulated preliminary injunction (as does the Election Commission, whose appearance the Attorney General has not yet moved to strike).[2] The Governor and Legislature possess the executive and legislative powers of Guam. 48 U.S.C. §§ 1422, 1423(a). The Attorney General cannot strip them of these powers and duties in a stipulated order.

The Guam Supreme Court already has rejected the Attorney General's view that he can ignore his clients. Soon after the present Attorney General took office, in a case before the Guam Supreme Court, he attempted to assert the right to withdraw his clients' brief. His clients were the executive officers of the Government of Guam, including the Governor. The Supreme Court refused to permit the withdrawal of the brief until the Attorney General obtained the consent of the executive officers at issue. *See Pangelinan v. Guitierrez*, Sup. Ct. Case No. CVA 02-003 (Order Feb. 10, 2003) at 1 ("On February 6, 2003, at the oral argument in this matter, *the court ordered the Attorney General to submit the written consent of all named government parties to withdraw the brief.* The Attorney General submitted such written consent on February 6, 2003. *Based upon the consent of all named government parties* the court hereby grants the Attorney General's motion to withdraw the brief.") (emphasis added).

Nor does the Attorney General's only Guam case, *Moylan v. Camacho*, Super. Ct. of Guam Case No. SP230-03 (Dission Yan Otden Nov. 10, 2003), support his motion. Although holding that the Attorney General can sue the Governor in mandamus, it also held as follows:

---

[2] The Attorney General raises numerous important issues regarding the Organic Act that bear no relevance to this question. The Governor will address those issues in a supplemental opposition.

> In coming to this conclusion, **the Court does not intimate that the Attorney General has the final determination of what is in the public interest. The Governor may very well have a different view of what is the public interest. When their positions conflict as to the public interest, it is appropriate that the Courts determine what the public interest calls for.**

*Id.* at 43 (emphasis added).

Jurisdiction after jurisdiction has recognized that attorneys general must serve their clients in the courts or step aside in favor of independent counsel:

- *Motor Club of Iowa v. Dept. of Transp.*, 251 N.W.2d 510, 515-16 (Iowa 1977) ("[T]he attorney general urges his claim of total dominion over litigation is in no way dictatorial because the courts alone make final decisions. We are unpersuaded. The attorney general claims the right to decide which cases will be prosecuted or defended and which cases will or will not be appealed. He claims the right to present or not present various issues, arguments and considerations. No court can make final decisions of cases and issues not brought before it.").

- *Chun v. Bd. of Trustees*, 952 P.2d 1215, 1234 (Haw. 1998) ("[W]e do not accept the Attorney General's contention that, merely because she regards her duty to represent the 'state's' legal interests as being paramount to her duty to represent her statutory client's legal interests, she may, in her sole discretion, so control the course of litigation as to advance her view of the 'public welfare' when it squarely conflicts with the substantive position taken by the policy-making state governmental instrumentality whom she represents as a named party....").

- *State ex rel. Amerland v. Hagan*, 175 N.W. 372, 374 (N.D. 1919) ("[A]lthough it is perfectly obvious under the statute that the attorney general is the general and legal advisor of the various departments and officers of the state government, and entitled to appear and represent them in court, this does not mean that the attorney general, standing in the position of an attorney to a client, who happens to be an officer of the government, steps into the shoes of such client in wholly directing the defense and the legal steps to be taken in opposition or contrary to the wishes and demands of his client or the officer or department concerned.").[3]

- *Manchin v. Browning*, 296 S.E.2d 909, 919-20 (W. Va. 1982) ("When the official policies of a particular state officer or agency are called into question in civil litigation, that officer or agency is entitled to the same access to the courts and zealous and adequate representation by counsel to vindicate the public interest, as is the private citizen to vindicate his personal rights.").

---

[3] *Overruled on other grounds in Benson v. North Dakota Workmen's Compensation Bureau*, 283 N.W.2d 96 (N.D. 1979).

- *State ex rel. Allain v. Mississippi Public Serv. Comm'n*, 418 So.2d 779, 784 (Miss. 1982) ("The unique position of the Attorney General requires that when his views differ from or he finds himself at odds with an agency, then he must allow the assigned counsel or a specially appointed counsel to represent the agency unfettered and uninfluenced by the Attorney General's personal opinion.").

- *Tice v. Department of Transp.*, 312 S.E.2d 241, 245 (N.C. App. 1984) ("We do not believe the legislature, by providing that the Attorney General would serve as counsel for State departments, intended to authorize him to make decisions in areas which have been specifically delegated to a designated department. ... [T]he legislature intended that when the Attorney General represents a State department...the traditional attorney-client relationship should exist.").

- *League of United Latin American Citizens, Council No. 4434 v. Clements*, 999 F.2d 831, 843 (5th Cir. 1993) (en banc) ("The Attorney General's power to settle for his clients is certainly no less than that of other lawyers, but . . . [it is not] any greater. No lawyer may forge a settlement agreement over the express objection of his client. Here, to the extent that Morales represents the Chief Justice in the Justice's defense of his constitutionally assigned task, he may not ignore him.").

- *State ex rel. Howard v. Oklahoma Corporation Commission*, 614 P.2d 45, 50 (Okl. 1980) (department could retain counsel of its choosing where the attorney general disagreed with its views).

- *Public Utility Comm'n of Texas v. Cofer*, 754 S.W.2d 121, 125 (Tex. 1988) ("We emphasize that when a statute confers a right upon the attorney general to represent an agency, it imposes a corollary duty, and the agency has every right to expect the same diligent and faithful representation as any other 'client.'").

- *Santa Rita Mining Co. v. Department of Property Valuation*, 530 P.2d 360, 363 (Ariz. 1975) ("The Attorney General is the attorney for the agency, no more. In the instant case the Attorney General did not have the power to appeal against the wishes of his client.").

As for the Attorney General's misleading citations, none holds or suggests that an Attorney General can prevent the Governor or Legislature from accessing the courts or advocating their policies in the courts. Those cases all mandate that the Governor and Legislature have an opportunity to be heard:

- *Reiter v. Wallgren*, 184 P.2d 571, 576 (Wash. 1947) ("[I]t would be an anomalous situation if the Governor, having the supreme executive power of the state, was unable to secure such a determination because of the failure or refusal to act on the part of one having less power. Some of the expressions referred to in our cases above cited are broad enough to indicate that the Attorney General only may

maintain an action such as this, and, as applied to the facts in the particular cases, the statements therein contained are correct. But it must be remembered that in none of those cases was the Governor a party, nor were we in any of them called upon to construe the above-quoted provisions of our Constitution concerning the powers, rights, and duties of the Governor.") (quotation omitted).

- *Secretary of Adm. & Finance v. Attorney General*, 326 N.E.2d 334, 339 n.8 (Mass. 1975) ("where there is a policy disagreement between the Attorney General and the Governor or his designee, the appropriate procedure would be for the Attorney General to appoint a special assistant to represent the Governor's interests").

- *Ex parte Weaver*, 570 So.2d 675, 684 (Ala. 1990 ("We recognize that there may be times when the Governor disagrees with the attorney general about matters in litigation. . . . [T]he Governor, . . . may intervene in any such litigation. [Citation omitted]. As an intervenor, the Governor may express his views and take positions contrary to those argued by the attorney general.") (footnotes omitted).

The Attorney General's remaining cases deal with irrelevant issues and will be discussed in the Governor's supplemental opposition brief.

Because the Attorney General does not have the right to silence the Government, it follows that the Governor and the Legislature, through counsel, can appear in this litigation and file their objections to the stipulated injunction.

Dated this 12th day of November, 2004.

OFFICE OF THE GOVERNOR OF GUAM<br>
CALVO AND CLARK, LLP<br>
Attorneys at Law<br>
<br>
By: _____<br>
MICHAEL A. PANGELINAN

DC041112.382-00091B1-Brf      5
Case 1:04-cv-00046   Document 17   Filed 11/12/2004   Page 6 of 6