LEGISLATIVE COUNSEL
*I MINA' BENTE SIETE NA LIHESLATURAN GUÅHAN*
Therese M. Terlaje
155 Hesler Place
Hagåtña, Guam 96910
Telephone: 472-3253 Facsimile: 472-3525

On behalf of
*I MINA' BENTE SIETE NA LIHESLATURAN GUÅHAN*

FILED
DISTRICT COURT OF GUAM
NOV 12 2004
MARY L. M. MORAN
CLERK OF COURT

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JAY MERRILL, etc, et al., | Civil Case No. CIV04-00046 |
| Plaintiff, | |
| vs. | OPPOSITION TO AG'S MOTION TO STRIKE APPEARANCE OF LEGISLATIVE COUNSEL AND TO STRIKE OBJECTION TO PROPOSED STIPULATION AND ORDER FOR PRELIMINARY INJUNCTION |
| THE GUAM ELECTION COMMISSION, et al. | |
| Defendants. | |

Comes now I MINA' BENTE SIETE NA LIHESLATURAN GUÅHAN' and opposes the Attorney General's motion to strike the appearance of Legislative Counsel on behalf of the 27th Guam Legislature. I MINA' BENTE SIETE NA LIHESLATURAN GUÅHAN' does also oppose the Attorney General's motion to strike the Guam Legislature's objection to the proposed stipulation for preliminary injunction. This opposition is based on the accompanying Memorandum of Points and Authorities and the record on file in this matter.

# MEMORANDUM OF POINTS AND AUTHORITIES

After being served the Complaint by the Plaintiff on October 21, 2004, Legislative Counsel appeared on behalf of the Legislature at the Superior Court *ex parte* hearing on this matter on October 22, 2004. The AG also was present at the Superior Court hearing but did not enter an appearance on behalf of the Guam Legislature. The Guam Legislature is represented by Legislative Counsel pursuant to 2 G.C.A. §1112.

> § 1112. Organization of Legislature.
>
> Upon the election of the Speaker, the Legislature shall proceed to organize, adopting rules governing its procedure and with the election of a Vice-Speaker, Legislative Secretary and Secretary General of the Guam delegation to the Asian Pacific Parliamentarians Union, who shall be members of the Legislature, and the following attaches: Sergeant-at-Arms, Chaplain, Recording Secretary, and Legislative Counsel, none of whom shall be a member of the Legislature. All such officers shall be elected for the entire term of the Legislature and shall serve during all regular and special sessions thereof, unless otherwise ordered by a majority vote of the Legislature.

The 27th Guam Legislature adopted its Standing Rules on January 2, 2002, and those rules expressly provide for representation of the Legislature in Rule 16.08, which provides in pertinent part:

> **Section 16.08.** The legal services of the Legislative Counsel shall be available to all Members. Assistant Legislative Counsels may be designated by the Speaker and the Chairperson of the Committee on Rules in order to assist the Legislative Counsel when a conflict arises, or when otherwise deemed necessary. The Legislative Counsel shall act under the general supervision of the Chairperson of the Committee on Rules pursuant to a written contract, and shall:
> (i) act as legal counsel for *I Liheslaturan Guåhan*; . . .
> *(ix)* represent *I Liheslaturan Guåhan* in any legal matters before any courts

Rule 17.01.01 of the Standing Rules governs court action on behalf of I Liheslaturan Guahan, and provides in pertinent part:

**Section 17.10.01. Jurisdiction.** Subject and matters which are to be referred to the Committee on Rules shall include, but are not <u>limited</u> to, the following:

> (i) proposed amendments to the Rules and resolutions and bills relating to the business, budget, design and activities of *I Liheslaturan Guåhan*; . . .
>
> (vii) matters relating to the defense or initiation of court action on behalf of *I Liheslaturan Guåhan*, which shall be authorized by Rules Resolution

The cognizance of the Attorney General is set out in 5 G.C.A. §30102. On March 25, 1999, subsequent to the passage of the Guam Organic Act amendments of 1998 allowing for an elected Attorney General, §30102 was repealed and reenacted in P.L. 25-03:IV:19 to unequivocally exclude the AG's cognizance over the Legislative Branch, with the changes underscored below:

> § 30102. Department of Law, Cognizance.
>
> (a) <u>Notwithstanding any other provision of law,</u> the Attorney General shall have cognizance of all legal matters, <u>excluding the Legislative and Judicial Branches of the government of Guam,</u> involving the <u>Executive Branch of</u> the government of Guam, its agencies, instrumentalities, public corporations, ~~and~~ autonomous agencies <u>and the Mayors Council,</u> all hereinafter referred to as 'agency'. Where ~~statute~~ <u>any other law</u> permits <u>any</u> ~~an~~ agency <u>or autonomous public corporation</u> to ~~hire or~~ retain counsel other than the Attorney General, this shall not preclude <u>said agency or public corporation from requesting the services of the offices of the Attorney General,</u> ~~The Attorney General from providing services to the agency on request by the agency at its sole discretion;~~ provided that <u>said</u> ~~the~~ agency <u>or autonomous public corporation</u> shall reimburse the <u>Office of the</u> Attorney General <u>for such services</u> from <u>funds of said agency or autonomous public corporation</u> ~~the agency's budget. Reimbursement from any agency's budget shall be subject to the appropriation of funds for that purpose. Reimbursement rates or fees authorized hereunder shall be established within 180 days pursuant to the administrative adjudication act.~~ <u>Said reimbursement shall be deposited in the General Fund and credited to the Office of the Attorney General. In addition, and notwithstanding any other law to the contrary, any agency or autonomous public corporation of the government of Guam may advance funds to the office of the Attorney General for services and incidental travel to be rendered by said office on behalf of said agency or autonomous public corporation.</u>

The Organic Act amendments of 1998 allowed for an alternative AG selection process to the one then mandated by the Organic Act (Governor appointment and Legislature consent) and nothing in the Act or its history indicate an intention by Congress to bestow on the AG any additional powers beyond those as dictated by the laws of Guam. 48 U.S.C. § 1421 g(d); 48 U.S.C. § 1423a ("The legislative power of Guam shall extend to all rightful subjects of legislation not inconsistent with the provisions of this chapter and the laws of the United States applicable to Guam.")

Although designated the "Chief Legal Officer" the AG was also deemed to, if appointed, "serve at the pleasure of the Governor of Guam". 48 U.S.C. §1421g(d). When the Guam Legislature allowed the election of the attorney general by passing P.L. 25-44, there were no changes made to the authority of that office except for the deletion of "or assigned to him by the Governor" from the end of 5 G.C.A. 30109(h), which now reads " Perform such other duties as are required by law." P.L. 25-44: 4.

Even the Attorney General's common law powers are governed by 5 G.C.A. §30103, which has not been amended since the 13th Guam Legislature.

In representing the executive branch in the execution of laws, it is clear that the Attorney General may represent the government of Guam in the institution of a suit by and on behalf of the territory. Such an act is the prerogative of the executive branch, as an act "executing the laws" applicable to Guam. <u>Government of Guam v. United States</u>, D.C.Guam 1982, Civ. No. 82-0001.

The Complaint regarding Prop A does not name the government of Guam as the plaintiff or defendant, and specifically names the Legislature and the Governor separately and sets forth their very contrasting roles in the election and in the event the court must fashion a remedy. See Complaint p. 3, ¶¶ 8, 9, 10; p. 11, ¶¶ 42, 43; and p. 13, ¶ 3. It would be a travesty of the separation of powers doctrine to allow the Attorney General to represent both the executive branch and the legislative branch where the defenses and remedy would entail separation of powers issues

between the legislative, executive, and potentially even the judicial branch.

Based on its published schedule, a similar issue involving the A.G.'s ability to represent an autonomous entity of the government is under consideration by the Supreme Court of Guam and no decision has yet been made. See A.B. Won Pat Guam International Airport Authority v. Moylan, Supreme Court Case No.: CVA2004-008.

In the AG's Motion to Strike the Entry of Appearance by the Legislative Counsel on behalf of the 27th Guam Legislature, the AG cites Moylan v. Camacho, Superior Court of Guam, SP230-03, "Decision and Order" dated Nov. 10, 2003, as authority for his contention that he alone represents the Legislature. The Superior Court of Guam in Moylan v. Camacho held that the AG had standing and authority to bring an action against the Governor of Guam, when brought in the interest of the people. Id at p. 38. That holding does not apply to this case, where the government of Guam is neither plaintiff nor defendant and there is no suit being brought by the AG on behalf of the people. The Legislature is being named specifically as a Defendant, along with different government entities of the executive branch and the Governor of Guam, and this case potentially will involve issues of the separation of powers between the branches.

This potential conflict of interest is readily apparent by the AG's attempt to enter into a stipulation on behalf of the Legislature containing assertions absolutely contrary to the Legislature's mandate on this matter as contained in P.L. 27-108. It is also notable that in addition to wanting to exclusively represent the Legislature, the AG without filing a Motion to Dismiss the Legislature, asserts in a footnote to the Motion to Strike that the Legislature is "due to be dismissed immediately". Motion to Strike, p. 2, footnote no. 1.

The Legislature should be allowed to be represented by its own counsel in this action and to diligently protect its interest where the other branches of the government may have conflicting interests. *I Mina' Bente Siete Na Liheslaturan Guåhan* respectfully requests this Court deny the Motion to Strike.

Respectfully submitted this 12th day of November, 2004.

**OFFICE OF THE LEGISLATIVE COUNSEL**
**I MINA' BENTE SIETE NA LIHESLATURAN GUÅHAN**

_____
THERESE M. TERLAJE
*On behalf of*
*I MINA' BENTE SIETE NA LIHESLATURAN GUÅHAN*