LEGISLATIVE COUNSEL
*I MINA' BENTE SIETE NA LIHESLATURAN GUÅHAN*
Therese M. Terlaje
155 Hesler Place
Hagåtña, Guam 96910
Telephone: 472-3253 Facisimile: 472-3525

On behalf of
*I MINA' BENTE SIETE NA LIHESLATURAN GUÅHAN*

FILED
DISTRICT COURT OF GUAM
NOV 22 2004
MARY L. M. MORAN
CLERK OF COURT

31

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JAY MERRILL, etc., et al.,<br>Plaintiffs,<br>vs.<br>THE GUAM ELECTION COMMISSION, et al.<br>Defendants. | Civil Case No. CIV04-00046<br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT I MINA' BENTE SIETE NA LIHESLATURAN'S MOTION TO REMAND** |

**MEMORANDUM OF POINTS AND AUTHORITIES**

BACKGROUND

The Plaintiff, JAY MERRILL, filed this case in the Superior Court of Guam as CV1111-04 on October 25, 2004. In his complaint, the Plaintiff requested:

> 1. An immediate pre-election judicial declaration on (a) the legal efficiency of the Proposal A ballot pamphlets mailed to the voters by the Directors and the Guam Election Commission, (b) an immediate, pre-election judicial declaration on whether the results of any vote on Proposal A on November 2, 2004 will be invalid as a result of (i) the ballot pamphlets mailed to the voters, and/or (ii) as a result of the mass public uncertainty caused by the Attorney General's opinion.
>
> 2. For a preliminary and permanent injunction (a) enjoining the scheduled November 2, 2004 vote on Proposal A, (b) compelling the Director and the Election Commission to remove the Proposal A ballots from the polling places on November 2, 2004, and (c) enjoining the Director and the Election Commission from tabulating any absentee votes cast on Proposal A.

ORIGINAL

3. For an order compelling the Governor to call for a special election on Proposal A pursuant to 3 G.C.A. § 17203, or an order compelling the Election Commission to schedule and hold a special election on Proposal A, to be held not later than sixty (60) days after the date of the court's order.

Defendant *I Mina' Bente Siete Na Liheslaturan Guåhan* was served the complaint on October 26, 2004. The period for Defendant *I Mina' Bente Siete Na Liheslaturan Guåhan* to file an Answer in Superior Court in the case would have expired on December 10, 2004. GUAM R. CIV. P. 12. The filing of this case followed the almost identical filing of a complaint on behalf of Lou Aguon-Schulte as Plaintiff. Aguon-Schulte v. GEC, et.al, CV1103-04. Pursuant to service on the Legislature and Legislative Counsel of Aguon-Schulte's *Ex Parte* Notice of Motion and Motion for order shortening time for hearing on pre-election (1) injunctive relief; (2) declaratory relief, and (3) order compelling a special election on Proposal A, Legislative Counsel appeared on behalf of *I Mina' Bente Siete Na Liheslaturan Guåhan* at the *ex parte* hearing on October 22, 2004, in Aguon-Schulte v. GEC, et al., CV 11103-04. No hearing was held in Superior Court in the Merrill case.

Both the Aguon-Schulte and the Merrill case were removed to District Court pursuant to a Notice of Removal filed by the Attorney General of Guam on October 26, 2004, citing federal jurisdiction of 42 U.S.C. §1983 and §1988, First and Fourteenth Amendment, and Organic Act of Guam claims asserted by Plaintiff. Notice of Removal, p.2, ¶3. The Attorney General also cited federal jurisdiction pursuant to 28 U.S.C. §1367. Notice of Removal, p.2, ¶4. Attorneys for the Governor and Legislature entered separate appearances in District Court, as did the attorney for remaining defendants Guam Election Commission and Gerald Taitano.

ARGUMENT

The Court should evaluate Plaintiff's grounds for removal in the same manner used to rule upon petitions for removal from state courts to federal courts. 48 U.S.C. §1424-2.


Case 1:04-cv-00046 Document 32 Filed 11/22/2004 Page 2 of 13

The Defendant is entitled to bring this motion for remand within thirty (30) days of the filing of the Notice of Removal. 28 U.S.C. §1447 (c). The Attorney General filed the Notice of Removal on October 26, 2004, and therefore the Defendant's Motion to Remand is timely filed.

All defendants must join a notice of removal. Parrino v. FHP, Inc., 146 F.3d 699 (9th Cir. 1998); 28 USCS 1447(c). *I Mina' Bente Siete Na Liheslaturan Guåhan*, the Guam Legislature, is a named defendant in this case and did not concur in the removal. See Affidavit of Legislative Counsel attached hereto.

In his Notice of Removal, the Attorney General claims: "As of the filing of this notice of removal, no defendant has filed any responsive pleading in this matter. And, as a matter of federal and local law, because the Attorney General for the Government of Guam conducts and controls all litigation on behalf of the entire Government of Guam, all defendants concur in this removal." See Notice of Removal, p. 2, ¶5. A removing defendant must do more than simply state in removal notice that all defendants consent to removal. Smith v. Health Center of Lake City, Inc., M.D. Fla. 2003, 252 F. Supp 2d 1336.

There is no record to support any concurrence by the Guam Legislature in the removal. As indicated in the Affidavit attached hereto, neither Legislature nor the Legislative Counsel's consent was requested prior to removal. Removal was not directed by any legislative action, including Bill 374, passed into law on October 27, 2004, to remedy any defects surrounding Proposal A.

Despite Legislative Counsel's appearance prior to the removal on behalf of the Legislature at the Superior Court *ex parte* hearing in the Aguon-Schulte case on October 22, 2004, removal was not discussed. The AG was also present at the *ex parte* hearing but did not enter an appearance on behalf of the Legislature.

A Defendant's unsupported assertion that codefendant did not object to removal does not satisfy the requirement of official joinder or consent to removal; although removal notice did not have to be signed by codefendant, codefendant had to join in or consent to removal by way of some

official filing or voicing of consent. Knickerbocker v. Chrysler Corp., E.D. Mich. 1990, 728 F. Supp. 460.

The Attorney General in his Notice of Removal claims that the consent of the legislature was given by him as a matter of law. Notice of Removal, p.2, ¶5. His Motion to Strike the Entrance of Legislative Counsel, filed on October 29, 2004, further expands on his argument that he is by law the sole representative of the Legislature in this matter. We hereby incorporate and respectfully request the Court consider the Legislature's Opposition to the Motion to Strike as well as the Governor's Opposition and the authority cited therein as it is relevant to this issue.

The cognizance of the Attorney General is set out in 5 G.C.A. §30102. On March 25, 1999, subsequent to the passage of the Guam Organic Act amendments of 1998 allowing for an elected Attorney General, §30102 was repealed and reenacted by the Guam Legislature in P.L. 25-03:IV:19 to unequivocally exclude the AG's cognizance over the Legislative Branch, with the changes underscored below:

> § 30102. Department of Law, Cognizance.
>
> (a) Notwithstanding any other provision of law, the Attorney General shall have cognizance of all legal matters, excluding the Legislative and Judicial Branches of the government of Guam, involving the Executive Branch of the government of Guam, its agencies, instrumentalities, public corporations, ~~and~~ autonomous agencies and the Mayors Council, all hereinafter referred to as 'agency'. Where ~~statute~~ any other law permits any ~~an~~ agency or autonomous public corporation to ~~hire or~~ retain counsel other than the Attorney General, this shall not preclude said agency or public corporation from requesting the services of the offices of the Attorney General, ~~The Attorney General from providing services to the agency on request by the agency at its sole discretion;~~ provided that said ~~the~~ agency or autonomous public corporation shall reimburse the Office of the Attorney General for such services from funds of said agency or autonomous public corporation ~~the agency's budget~~. ~~Reimbursement from any agency's budget shall be subject to the appropriation of funds for that purpose. Reimbursement rates or fees authorized hereunder shall be established within 180 days pursuant to the administrative adjudication act.~~ Said reimbursement shall be deposited in the General Fund and credited to the Office of the

Attorney General. In addition, and notwithstanding any other law to the contrary, any agency or autonomous public corporation of the government of Guam may advance funds to the office of the Attorney General for services and incidental travel to be rendered by said office on behalf of said agency or autonomous public corporation.

The Guam Organic Act Amendments of 1998 allowed for an alternative AG selection process to the one then mandated by the Organic Act for all heads of agencies (Governor appointment and Legislature consent). P.L. 105-291, codified as 48 U.S.C. 1421g (d). Nothing in the 1998 Amendments or its history indicate an intention by Congress to bestow on the AG any additional powers beyond those as dictated by the laws of Guam. 48 U.S.C. § 1423a ("The legislative power of Guam shall extend to all rightful subjects of legislation not inconsistent with the provisions of this chapter and the laws of the United States applicable to Guam.") Although designated the "Chief Legal Officer" the AG was also deemed to, if appointed, "serve at the pleasure of the Governor of Guam". 48 U.S.C. §1421g(d).

The relevant portion of the House Committee Report on H.R. 2370, enacted by P.L. 105-291 as the "Guam Organic Act Amendments of 1998", provides:

> Guam's Attorney General is currently appointed by the Governor of Guam with the advice and consent of the Guam Legislature. The appointment of the Attorney General is to a four year term or until the end of the term of the appointing Governor, whichever is sooner. The Governor may remove the Attorney General for cause.
>
> Controversies have arisen in the past because of the appointment nature of the position of Attorney General. Public concerns revolve around political interference with investigations, inefficiency of case work and dismissal of the Attorney General without cause.
>
> In response to the growing number of complaints, a survey was conducted to determine an acceptable resolution. It was clear that respondents (69%) favored an elected position. The survey also asked whether the position should be

> mandated by Congress, or left to the Guam Legislature to create. A slight majority of citizens favored local legislation. An amendment to Guam's Organic Act is needed to allow for an elected Attorney General. This legislation provides a mechanism for elected legislators to act on this issue.

H.R. Rep. 105-742 (1998).

When the Guam Legislature opted to allow the election of the attorney general by passing P.L. 25-44, there was no stated intention to alter nor were any changes made to the authority of the AG's office except for the deletion of "or assigned to him by the Governor" from the end of 5 G.C.A. 30109(h), which now spells out the AG's duty to be: " Perform such other duties as are required by law." P.L. 25-44: 4. Instead, P.L. 25-44 described election and removal procedures and qualifications.

In addition, the Attorney General's common law powers are governed by 5 G.C.A. §30103, which has not been amended since the 13th Guam Legislature. The legislative branch of government is without question the policy-making agency of the government, and when it elects to legislate in respect to the subject matter of any common law rule, the statute supplants the common law rule and becomes the public policy of the State in respect to that particular matter. Rhyne v. K-Mart Corp., 594 S.E. 2d 1 (N.C. 2004).

In representing the executive branch in the execution of laws, it is clear that the Attorney General may represent the government of Guam in the institution of a suit by and on behalf of the territory. Such an act is the prerogative of the executive branch, as an act "executing the laws" applicable to Guam. Government of Guam v. United States, D.C.Guam 1982, Civ. No. 82-0001. The Complaint in the present case regarding Prop A specifically names the Legislature and the Governor separately and sets forth their very contrasting roles in the election process and in the event the court must fashion a remedy. See Complaint p. 3, ¶ ¶ 8, 9, 10; p. 11, ¶¶ 42, 43; and p. 13, ¶ 3.

The Guam Legislature is represented by Legislative Counsel pursuant to 2 G.C.A. §1112.

> § 1112. Organization of Legislature.
>
> Upon the election of the Speaker, the Legislature shall proceed to organize, adopting rules governing its procedure and with the election of a Vice-Speaker, Legislative Secretary and Secretary General of the Guam delegation to the Asian Pacific Parliamentarians Union, who shall be members of the Legislature, and the following attaches: Sergeant-at-Arms, Chaplain, Recording Secretary, and Legislative Counsel, none of whom shall be a member of the Legislature. All such officers shall be elected for the entire term of the Legislature and shall serve during all regular and special sessions thereof, unless otherwise ordered by a majority vote of the Legislature.

The 27th Guam Legislature adopted its Standing Rules on January 2, 2002, and those rules expressly provide for representation of the Legislature in Rule 16.08, which provides in pertinent part:

> **Section 16.08.** The legal services of the Legislative Counsel shall be available to all Members. Assistant Legislative Counsels may be designated by the Speaker and the Chairperson of the Committee on Rules in order to assist the Legislative Counsel when a conflict arises, or when otherwise deemed necessary. The Legislative Counsel shall act under the general supervision of the Chairperson of the Committee on Rules pursuant to a written contract, and shall:
> (i) act as legal counsel for *I Liheslaturan Guåhan*; . . .
> *(ix)* represent *I Liheslaturan Guåhan* in any legal matters before any courts

Rule 17.01.01 of the Standing Rules governs court action on behalf of I Liheslaturan Guahan, and provides in pertinent part:

> **Section 17.10.01. Jurisdiction.** Subject and matters which are to be referred to the Committee on Rules shall include, but are not limited to, the following:
> (i) proposed amendments to the Rules and resolutions and bills relating to the business, budget, design and activities of *I Liheslaturan Guåhan*; . . .
> (vii) matters relating to the defense or initiation of court action on behalf of *I Liheslaturan Guåhan*, which shall be authorized by Rules Resolution

In addition, the AG was aware on the date that the notice of removal was filed, that a similar issue of his ability to represent an autonomous entity of the government was then under



Case 1:04-cv-00046 Document 32 Filed 11/22/2004 Page 7 of 13

consideration by the Supreme Court of Guam and that no decision had yet been made. See A.B. Won Pat Guam International Airport Authority v. Moylan, Guam Supreme Court Case No. CVA2004-008.

In the AG's Motion to Strike the Entry of Appearance by the Legislative Counsel on behalf of the 27th Guam Legislature, the AG cites Moylan v. Camacho, Superior Court of Guam, SP230-03, "Decision and Order" dated Nov. 10, 2003, as authority for his contention that he alone represents the Legislature. The Superior Court of Guam in Moylan v. Camacho held that the AG had standing and authority to bring an action against the Governor of Guam, when brought in the interest of the people. Id at p. 38. That holding does not apply to this case, where the government of Guam is neither plaintiff nor defendant and there is no suit being brought by the AG on behalf of the people. The Legislature is being named specifically as a Defendant, along with different government entities of the executive branch and the Governor of Guam, and this case potentially will involve issues of the separation of powers between the branches.

All of the above, taken together, confirm that the AG does not exclusively represent the Legislature in this case "as a matter of federal and local law".

In Salvenson v. Western States Bankcard Ass'n, the ninth Circuit addressed the standard of review to be used by the District Court while ruling upon a petition for removal:

> The burden of establishing federal jurisdiction is placed on the party seeking removal and the removal statute is strictly construed against removal jurisdiction. Normally, the existence of federal jurisdiction on removal must be determined from the face of the plaintiff's complaint.
>
> Underlying these principles is the rationale that a plaintiff should be free to frame and pursue his theory of pleading, especially if the claim could be either or especially if the claim could be either or both state and federal. [W]here plaintiff's claim involves both a federal ground and a state ground, the plaintiff is free to ignore the federal question and pitch his claim on the state ground. (Citations omitted)

731 F. 2d 1423, 1426-1427 (9th Cir. 1984). See also Billy Jack, ETC v. New York Coat, Suit,

ETC., 511 F. Supp. 1180, 1184, 1187-1188 (1981).

Even if the Plaintiff's Complaint presented a federal question, the District Court would still not have original jurisdiction under certain circumstances:

> ...we hold that under the jurisdictional statutes as they now stand federal courts do not have original jurisdiction, nor do they acquire jurisdiction on removal, when a federal question is presented by a complaint for a state declaratory judgment, but Skelly Oil would bar jurisdiction if the plaintiff had sought a federal declaratory judgment.

Franchise Tax Bd. v. Laborers Vac. Trust, 463 U.S. 1, 103 S. Ct. 2841, 77 L. Ed. 2d 433 (1983).

The District Court of Guam has also held that, in general, civil cases are not removable from Superior Court to District Court of Guam. As the Supreme Court has ruled, the District Court must have original jurisdiction. Avery v. Sixteenth Guam Legislature, et al., Civil Case No. 81-0069 (D.C. Guam 1981). The Supreme Court concluded that the District Court does not have original jurisdiction in these types of disputes:

> ...There are good reasons why the federal courts should not entertain suits by the States to declare the validity of their regulations despite possibly conflicting federal law. States are not significantly prejudiced by an inability to come to federal court for a declaratory judgment in advance of a possible injunctive suit by a person subject to federal regulation. They have a variety of means by which they can enforce their own laws in their own courts, and they do not suffer if the preemption questions such enforcement may raise are tested there.
>
> * * *
>
> ...The situation presented by a State's suit for a declaration of the validity of state law is sufficiently removed from the spirit of necessity and careful limitation of district court jurisdiction that informed our statutory interpretation in Skelly Oil and Gully to convince us that, until Congress informs us otherwise, such a suit is not within the original jurisdiction of the United States district courts. Accordingly, the same suit brought originally in state court is not removable either.

Franchise Tax Bd. V. Laborers Vac. Trust, 463 U.S. 1, 103 S. Ct. 2841, 77 L.Ed. 2d 438 (1983).

While the AG avers federal jurisdiction on the basis of the federal statutes cited in the Complaint, there are local statutes and local rules and regulations which will need to be interpreted, including 3 GCA §§ 2101 (a), 2106, 13103, 14102, 14103, 17101 - 17514; 5 GCA §§ 9100 – 9312; 1 GAR §§ 1101, 1102; 3 GAR §2112(5), 2114; 6 GAR §2114. Complaint p. 2, ¶¶ 2, 6; p.4 ¶22; p. 6, ¶¶ 27, 28; p. 7, ¶¶ 29, 30, 31, 33; p.8, ¶ 32; p. 11, ¶¶ 46, 47, 48, 50; p. 12, ¶50, 51; p.13, ¶3.

The Ninth Circuit has held that even if there are federal claims inseparably intertwined with local claims arising out of the same set of facts, the whole action should be remanded. State of Washington v. American League of Professional Baseball Clubs, 460 F. 2d 654, 659 (9th Cir. 1972). It is not enough that federal law preempts state law, federal law must also supplant the state law claim with a federal claim. Ethridge v. Harbor House Restaurant, 861 F2d 1389, 1395 (1988).

The United States Supreme Court decided a case similar to the one at hand regarding "whether the Employee Retirement Income Security Act of 1974 (ERISA) permits state tax authorities to collect unpaid state income taxes by levying in funds held in trust for the taxpayers under an ERISA-covered vacation benefit plan." Franchise Tax Bd. v. Laborers Vac. Trust, 463 U.S. 1, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983). The Supreme Court explained the restrictions in removing cases to federal courts:

> One powerful doctrine has emerged, however- the 'well pleaded complaint' rule - which as a practical matter severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court, thereby avoiding more-or-less automatically a number of potentially serious federal-state conflicts.

The Supreme Court in the ERISA case above went on to quote from the Gully case, supra:

> 'Petitioner will have to prove that the state law has been obeyed before the question will be reached whether anything in its provisions or in administrative conduct under it is inconsistent with the federal rule. If what was done by the taxing officers in levying the tax in suit did not amount in substance under the law of Mississippi to an assessment of the shareholders, but in

substance as well as in form was an assessment of the bank alone, the conclusion will be inescapable that there was neither tax nor debt, apart from any barriers Congress may have built. On the other hand, a finding upon evidence that the Mississippi law has been obeyed may compose the controversy altogether, leaving no room for a contention that the federal law has been infringed. The most that one can say is that a question of federal law is lurking in the background, just as farther in the background there lurks a question of constitutional law, the question of state power in our federal form of government. A dispute so doubtful and conjectural, so far removed from plain necessity, is unavailing to extinguish the jurisdiction of the states.' Gully v. First National Bank in Maridian, Id., at 117, 81 L.Ed. 70, 57 S.Ct. 96.

The Supreme Court addressed the Defendants' behavior in these proceedings:

> .... . .California law establishes a set of conditions, without reference to federal law, under which a tax levy may be enforced; federal law becomes relevant only by way of a defense to an obligation created entirely by state law, and then only if appellant has made out a valid claim for relief under state law. See supra, at 11-12, 77 L. Ed. 2d, at 431-432. The well-pleaded complaint rule was framed to deal with precisely such a situation. As we discuss above, since 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.

77 L. Ed. 2d at 433. See, also, Four Keys Leasing & Maintenance Corp. v. Simithis, 849 F. 2d 770 (1988).

The party who brings a suit is master to decide what law he will rely upon. The Fair v. Kohler Die & Specialty Co., 228 US 22, 25, 56 L.Ed. 716, 33 S. Ct. 410 (1913); Franchise Tax Bd. v. Laborers Vac. Trust, 463 US 1, 77 L. Ed. 2d 420, 103 S Ct. 2841 (1983).

The District Court of Guam has previously held that federal question jurisdiction is available only when the claim arises directly under federal law. Suruhanu of Guam v. The Superior Court of Guam, et al., Civil Case No. 81-0104 (D.C. Guam 1981). The District Court ruled:

> ...It is apparent that the basis for plaintiff's claim is not federal law; it is the interpretation of P.L. 16-24, a local territorial statute, as to its validity under the Organic Act of Guam, 48 U.S.C. §§1421, et seq. Therefore, since Plaintiff's claim is one arising under a local statute, it does not arise 'directly' under federal law and pursuant to above cited Section 82, the Superior Court of has exclusive

jurisdiction to entertain this claim.

Suruhanu of Guam v. The Superior Court of Guam, et al., Civil Case No. 81-0104 (D.C. Guam 1981).

The Superior Court of Guam is the proper forum to decide if this action is preempted by federal statute. Texas v. Insurance Services Office. Inc., 699 F. Supp. 601 (1988); Zack Co. v. Howard, 658 F. Supp. 73 (1987); Anderson v. American Airlines, 2 F.3d 590 (1993). See, also, People ex rel. Hal D. v. Nine Mile Canal Co., 828 F. Supp. 823 (1993).

The Ninth Circuit agrees. Twenty years ago, in Agana Bay Development Co., Ltd. V. Supreme Court of Guam, the Court expressed its views on this matter:

> We believe that the policy of leaving local matters to courts created by local legislatures is a sound one. Twenty Five years have passed since Guam was an "underdeveloped and isolated possession of the United State," as described by the district court.....

529 F. 2d at 954, 955, 956, 958 (1976).

As is explained in Federal Practice and Procedure §2315 at 22, 23 (1994), "[f]ederal courts are reluctant to interfere unnecessarily with state Court litigation. Absent a strong countervailing federal interest, a federal Court should not elbow its way into a controversy to render what may be an uncertain and ephemeral interpretation of state law."

The Superior Court of Guam is capable of considering the defense of federal preemption and whether or not the Superior Court has jurisdiction. Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1400 (1988).

Accordingly, this case is appropriate for review by the Superior Court of Guam, and due to the lack of consent by defendant *I Mina' Bente Siete Na Liheslaturan Guåhan* to the removal, the case should be remanded.

**CONCLUSION**

The Court should grant the Motion of Defendant *I Mina' Bente Siete Na Liheslaturan Guåhan*, the Guam Legislature, and remand this case back to the Superior Court of Guam as it was improperly removed without consent of all defendants.

Respectfully submitted this 22nd day of November, 2004.

**OFFICE OF THE LEGISLATIVE COUNSEL**
**I MINA' BENTE SIETE NA LIHESLATURAN GUÅHAN**

THERESE M. TERLAJE
*On behalf of*
***I MINA' BENTE SIETE NA LIHESLATURAN GUÅHAN***



Case 1:04-cv-00046 Document 32 Filed 11/22/2004 Page 13 of 13