FILED
DISTRICT COURT OF GUAM
NOV 23 2004
MARY L. M. MORAN
CLERK OF COURT

(48)

# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| LOURDES P. AGUON-SCHULTE,<br><br>Plaintiff,<br><br>vs.<br><br>THE GUAM ELECTION COMMISSION, *et al.*,<br><br>Defendants. | Civil Case No. 04-00045 |
| JAY MERRILL, on his own behalf an on behalf of all other similarly situated voters desirous of casting a vote in favor or Proposal A at a fair and legal election,<br><br>Plaintiffs,<br><br>vs.<br><br>THE GUAM ELECTION COMMISSION, *et al.*,<br><br>Defendants. | Civil Case No. 04-00046<br><br>**ORDER** |

The above-captioned cases were originally filed in the Superior Court of Guam, but later removed to this Court by the Attorney General of Guam, allegedly on behalf of all defendants. The complaints in both cases are almost identical, the only difference being in the description of the plaintiffs. Both complaints raised the same three causes of action and sought the same relief. The case involving Ms. Aguon-Schulte listed herself as the only plaintiff, however, the second case was brought by Mr. Merrill on behalf of a purported class of registered voters. Ms. Aguon-Schulte would potentially be a class member in the second case. Because these actions involve common

Lourdes P. Aguon-Schulte v. The Guam Election Commission, *et al.*, Civil Case No. 04-00045
Jay Merrill, etc., *et al.* v. The Guam Election Commission, *et al.*, Civil Case No. 04-00046
Order re Consolidation

questions of law or fact, the Court hereby consolidates the cases under Rule 42(a) of the Federal Rules of Civil Procedure[1]. Consolidation is appropriate because it would promote judicial efficiency and tend to prevent unnecessary costs or delay. Accordingly, all future pleadings filed in these cases shall contain both case captions but shall be maintained by the Clerk's Office in the second case (Civil Case No. 04-00046).

SO ORDERED this 23rd day of November 2004.

JOAQUIN V.E. MANIBUSAN, JR.
U.S. Magistrate Judge

---

[1] The decision whether to consolidate actions is left to the sound discretion of the trial court. Shump v. Balka, 574 F.2d 1341, 1344 (10th Cir. 1978). In appropriate circumstances, a court can *sua sponte* consolidate cases before it, whether or not the parties want the cases consolidated. Connecticut Gen. Life Ins. Co. v. Sun Life Assur. Co. Of Can., 210 F.3d 771, 774 (7th Cir. 2000).