DOOLEY ROBERTS & FOWLER LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone No. (671) 646-1222
Facsimile No. (671) 646-1223




IN THE DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| JAY MERRILL, on his own behalf and on behalf of all other similarly situated voters desirous of casting a vote in favor of Proposal A at a fair and legal election,<br><br>Plaintiffs,<br>vs.<br><br>The Guam Election Commission; Gerald A. Taitano, and in his capacity as the Executive Director of The Guam Election Commission, I Mina' Bente Siete Na Liheslaturan Guahan (The 27th Guam Legislature); Felix P. Camacho, in his official capacity as the Governor Of Guam.<br><br>Defendants. | CIVIL CASE NO. CIV04-00046<br><br><br><br><br>**OPPOSITION TO MOTION TO REMAND** |

Plaintiff Jay Merrill opposes the Guam Legislature's motion to remand this action to the Superior Court of Guam. First, the issue of who represents the Defendants is currently the subject of a pending motion. Second, this is an action seeking redress under 42 U.S.C. § 1983 for local officials' interference with federal constitutional rights. The lawsuit was initially filed in the Superior Court of Guam under its concurrent §1983 jurisdiction only because there is presently no sitting Judge of the District Court of Guam, and because Plaintiff was desirous of speedy pre-election relief. Federal subject matter jurisdiction was always and is now available under this Court's federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and pursuant to 42

U.S.C. § 1983. Now that the case is here in the District Court, and now that Plaintiff has filed a first amended complaint, and now that Plaintiff has filed a motion for summary judgment, the case should stay in this Court. There is just as much federal subject matter jurisdiction in this case as there was the last time local officials engineered such an egregious infringement of federal constitutional rights. See, Guam Soc'y of Obstetricians and Gynecologists v. Ada, 1992 U.S.App. LEXIS 13490 (9th Cir. 1992). Finally, if the motion to remand is granted, Plaintiff will simply immediately file the same lawsuit and the same motion for summary judgment in this Court. As such, granting the motion to remand would be a senseless waste of judicial resources.

For the foregoing reasons, and for those Plaintiff reserves the right to raise in the event the court orders oral argument on the motion, Plaintiff opposes the Legislature's motion to remand.

Respectfully submitted this 23rd day of November, 2004.

DOOLEY ROBERTS & FOWLER LLP

By: _____
**THOMAS L. ROBERTS**
Attorneys for Plaintiffs

F:\Documents\TLR (07.02)\C235 CFED\ Pleadings\District Court (Merrill)\C325 –Opposition to Motion to Remand

## CERTIFICATE OF SERVICE

I, **THOMAS L. ROBERTS**, hereby declare that on November 24th, 2004, I caused a copy of Plaintiff Jay Merrill's Opposition to Motion to Remand to be served upon the following:

Cesar C. Cabot, Esq.
2nd Floor, BankPacific Building
825 South Marine Corps Drive
Tamuning, Guam 96913

Therese M. Terlaje, Esq.
Post Office Box 864
Hagatna, Guam 96932

Shannon J. Taitano, Esq.
Office of the Governor
Post Office Box 2674
Hagatna, Guam 96932

Calvo & Clark
655 South Marine Corps Drive
Tamuning, Guam 96913

Office of the Attorney General
Suite 2-200E, Guam Judicial Center
120 West O'Brien Drive
Hagåtña, Guam 96910

Dated this 24th day of November 2004.

THOMAS L. ROBERTS