

**Douglas B. Moylan**
Attorney General of Guam
**Robert M. Weinberg**
Assistant Attorney General
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)



# IN THE DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| LOURDES P. AGUON-SCHULTE, <br><br> Plaintiff, <br><br> vs. <br><br> THE GUAM ELECTION COMMISSION, et al. <br><br> Defendants. | Civil Case No. 04-00046 <br><br><br> **ATTORNEY GENERAL'S REPLY TO** *I MINA' BENTE SIETE NA LIHESLATURAN GUÅHAN*'s **"MOTION TO REMAND"** |
| JAY MERRILL, etc., et al. <br><br> Plaintiff, <br><br> vs. <br><br> THE GUAM ELECTION COMMISSION, et al. <br><br> Defendants. | |

The Attorney General respectfully replies to *I Mina' Bente Siete Na Liheslaturan Guåhan*, Legislature of Guam's "Motion To Remand" as follows:

## Introduction

This case was removed from the Superior Court of Guam to this Court on October 26, 2004. The Legislature's "Motion to Remand" is predicated on the argument that the Attorney General, who is the "Chief Legal Officer of the Government of Guam," 48 U.S.C. § 1421g(d)(1), does not represent the Legislature in this matter; that the Legislature has not consented to his representation; and that, because the Legislature did not concur in the removal of this action from the Superior Court of Guam to this Court, as required by 28 U.S.C. § 1446(a), *see Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir.1988), that this case was improperly removed to this Court. The Governor has filed a "Supplemental Opposition To Motion To Strike," which incorporates its original "Opposition to Motion to Strike," both of which makes comparable assertions, arguing that the Attorney General, the "Chief Legal Officer of the Government of Guam," does not represent the Governor in this action either.

The remaining defendants, the Guam Election Commission and Gerald A. Taitano in his official capacity as chairman thereof, have purported to file, through independent counsel, a "Motion to Dismiss" the complaints in the Superior Court subsequent to the notice of removal here on October 27, 2004, although it has not been filed as yet in this Court. Interestingly, the Legislature has also filed a Motion to Dismiss the complaints in the Superior Court subsequent to the notice of removal, also on October 27, 2004. Neither of these motions to dismiss are, as yet, a part of the record in the case at bar.

## Reply To *I Mina' Bente Siete Na Liheslaturan Guåhan*, Legislature Of Guam's "Motion To Remand"

The Legislature's motion to remand is due to be denied for three independent reasons. First, the Legislature is due to be dismissed because it is not a proper party to this action. Specifically, it is not a "person" for purposes of 42 U.S.C. § 1983, and it is absolutely immune from any and all claims for declaratory and equitable relief. Because the Legislature can afford

2

the plaintiffs no relief whatsoever, there is no basis for its continued presence in this lawsuit. Second, the Legislature does not have standing to appear on its own behalf to seek to enforce or defend its own legislative enactments. Third, the Legislature's attempt to appear through independent counsel is a violation of the doctrine of separation of powers in the Organic Act.

First, the Legislature of Guam is due to be dismissed simply because it is not a "person" within the meaning of 42 U.S.C. § 1983. *Sablan v. Tenorio*, supra, *4 ("Because the legislature is not a "person" within the meaning of § 1983, the trial court did not err in dismissing the action against the legislature."). The Guam Legislature is therefore due to be dismissed immediately. Inasmuch as no court, federal or local, has jurisdiction to order this defendant to provide the plaintiffs any relief, the Legislature has no complaint as to whether this matter is due to be remanded to the Superior Court. Because it is due to be dismissed, it has no role to play in this case.

Even if the Legislature were a " person" for purposes of liability under 42 U.S.C. § 1983, the Legislature is absolutely immune, it can afford the plaintiffs no relief. The Legislature has no stake in the outcome of these proceedings because the Court has no jurisdiction to order to the Legislature to do anything. As noted previously in the Attorney General's Motion to Strike the Appearance of the Governor and the Legislature at footnote 1 to, no litigant can legitimately dispute that the Legislature is absolute immune from all claims in this action and can afford the plaintiff no relief. *See, Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 732 (1980) ("In *Tenney* [*v. Brandhove*, 341 U.S. 361 (1951)], we concluded that Congress did not intend § 1983 to abrogate the common-law immunity of state legislators. Although *Tenney* involved an action for damages under § 1983, its holding is equally applicable to actions seeking declaratory or injunctive relief."); *Unidos v. Government of the United States Virgin Islands*, 314 F.Supp.2d 501 (D. V.I. 2004) (Virgin Islands senators absolutely immune from § 1983 and 42 U.S.C. § 1973 Voting Rights Act suit for either prospective relief or damages) (citing *Hamlet v.*

3

*Charfauros*, 1999 WL 359191 (Guam Terr. 1999)); *Sablan v. Tenorio*, 1996 WL 33364333, *4 n. 29 (N. Mariana Islands 1996). Indeed, the Legislature has filed motions to dismiss to that effect in the Superior Court. Whatever court the Legislature is in, local or federal, it is immune and due to be dismissed, and has no cause to be heard.[1]

Second, even though the Attorney General has taken a position contrary to the intent of the Legislature on the merits of plaintiffs' demand for declaratory relief, the Legislature has no standing to prosecute or defend any legislative enactments it may have passed that are intended to moot this matter. Merely because the Attorney General is willing to concede that the Legislative Acts are unconstitutional and in violation of the Organic Act does not mean the Legislature is authorized to take his place to defend those acts. *See, Alaska Legislative Council v. Babbitt*, 181 F.3d 1333, 1337 (D.C.Cir. 1999); *Orange Environment, Inc. v. County of Orange*, 817 F.Supp. 1051 (S.D. N.Y. 1993) (county legislature had no independent standing to intervene after county executive and county attorney declined to appeal adverse decision concerning alleged violations of Clean Water Act).

When a legislature's interests *qua* legislature are in dispute, that is, when its power and authority are subject to attack, some courts have held that legislatures have standing to intervene in litigation. *Cf. Ynigues v. State of Arizona*, 939 F.2d 727 (9th Cir. 1991); *Ameron v. U.S. Army Corps of Engineers*, 787 F.2d 875 (3rd Cir. 1986). And, in at least on jurisdiction, New Jersey, the U.S. Supreme Courts has held that, because as a matter of local law local courts have held a

---

[1] As a matter of coherent legal policy, it is frankly absurd for the Legislature, or any other Government of Guam entity, to oppose the Attorney General's representation in this matter. Both the Attorney General's Office and the Legislature's purported counsel are arguing the same thing: That the Legislature is due to be dismissed. As noted, the Legislature has filed a Motion to Dismiss the complaints in the Superior Court subsequent to the notice of removal, on October 27, 2004. These motions to dismiss are not, as yet, a part of the record in the case at bar. Discussed more fully within, the mistake the Legislature makes is in failing to recognize its role in the courts in cases such as this. The Legislature enacts law; the Attorney General and Executive Branch enforce and defend the law (when it is constitutionally defensible). It is not the Legislature's role to defend the laws it enacts. Indeed, it defeats the purpose of the doctrine of absolute legislative immunity, and may constitute an unintended waiver, for the Legislature to take part in appearing and aggressively defend its own enactments. That is not sound legal policy for the Government of Guam, and that is why there is only one "Chief Legal Officer."

4

legislature may intervene to defend a statute when the Attorney General declines to defend it, then legislatures may have standing to defend their own enactments. *See, e.g., Karcher v. May*, 484 U.S. 72 (1987). But that is not the case here.

Binding Guam precedent interpreting the Organic Act is clear that the power to legislate does not confer on the Guam Legislature any corollary power to execute or defend its own enactments, and certainly does not authorize the Legislature to set litigation policy for the Government of Guam, of which it is indubitably a part. *See Government of Guam v. United States of America*, Civil No. 82-1, Guam Reports – Part 3.0 (D.C. Guam Aug. 3, 1982). The District Court's decision in *Government of Guam v. United States of America, supra*, is directly on point to the third argument presented here, namely, that the Legislature's efforts to represent itself in order to defend its own legislative enactments, is a violation of the doctrine of separation of powers preserved in the Organic Act. Moreover, *Government of Guam v. United States of America* completely refutes the Legislature's argument beginning at page 4 of its motion to remand that, as a matter of local law, the Legislature is authorized to strip the Organic Act executive powers and duties of the Attorney General, as "Chief Legal Officer" to determine legal policy for the Government of Guam, which, perforce, is composed of the three branches of government – Executive, Judicial and Legislative.[2]

---

[2] The Legislature's suggestion at p. 8 of its Memorandum in Support of Motion to Remand that it is not a part of the Government of Guam, and, specifically, the misplaced assertion that the "Government of Guam is neither plaintiff nor defendant," is a tautological legal fiction that defies common sense. The Legislature is, of course, part of the Government of Guam. Are the Judicial and the Executive branches not the "Government of Guam"? Of course they are. *See* 48 U.S.C. § 1421a, which provides in pertinent part that "the Government of Guam shall consist of three branches, executive, legislative, and judicial...." The three branches of government *are* "the Government of Guam." And the Attorney General is their chief legal officer. 48 U.S.C. § 1421g(d)(1). "[T]he Attorney General is the chief legal officer of the government of Guam, which includes not only the executive branch, but also the legislative and judicial branches. Thus, the sphere of the Attorney General's legal cognizance is within the entire government of Guam, legislative and judicial, not just the executive branch." *Moylan v. Camacho*, Superior Court of Guam, Special Proceeding Case No. SP230-03, "Decision and Order," dated November 10, 2003, p. 38 (Manibusan, J.). There is no separate entity known as the "Government of Guam" other than the branches of which it is composed, and its

5

At pp. 6, 7 of its Memorandum, the Legislature cites 2 G.C.A. § 1112 and its own standing rules authorizing it to hire and retain private counsel to advise it, and represent it in court. That is fine as far as it goes, but it is not enough. In *Wade v. Mississippi Cooperative Extension Service*, 392 F.Supp.229, 234 (N.D. Miss. 1975) the U.S. District Court for the Northern District of Mississippi held, "it is easily perceptible that even if the foregoing statute purports to give [a party] authority to retain private legal counsel as professional advisors, no statutory enactment can override the well-established constitutional authority of the Attorney General in this area of strong State concern." As noted originally in the Attorney General's "Motion to Strike," the Territory must speak with one voice in the courtroom, and that voice belongs to the Attorney General. It is for the Attorney General to reconcile the interests of individual government officials with the interests of the Territory and of the people. Sometimes this responsibility requires the Attorney General to take positions to which individual officials or agencies object. To permit the Legislature to displace the Attorney General's determination of the Government of Guam's legal interests in litigation, and to dictate what lawsuits should be brought or whether and how they are defended, would reduce the Attorney General to a mouthpiece for other political interests, which is precisely the evil Congress intended to avoid in establishing the Office of Attorney General in the Organic Act.

But Guam has seen this issue many years ago, and binding precedent interpreting the doctrine of separation of powers under the Organic Act is directly contrary to the Legislature's position here. In *Government of Guam v. United States of America, supra*, the Legislature passed

---

officers, departments, boards, agencies and commissions. *Cf. Bordallo v. Reyes*, 763 F.2d 1098 (9th Cir. 1985); *Guam Radio Services v. GEDA*, 2000 Guam 1 ¶ 15. The suggestion that the Attorney General can only be heard through the fictional "Government of Guam," but not through those parts of the "Government of Guam" of which it is composed, is without merit.

6

an amendment to the Guam Code, *see* P.L. 16-53:10, which purported to authorize it to hire its own counsel separate from the Attorney General "to institute and prosecute causes of action and other legal action for and in the name of the government of Guam and against the United States of America and other parties…" contrary to the litigation decisions of the Attorney General. The District Court of Guam held that P.L. 16-53:10 violated the doctrine of separation of powers in the Organic Act of Guam, 48 U.S.C. § 1421a, which provides in pertinent part that "the Government of Guam shall consist of three branches, executive, legislative, and judicial…."

> The function of the Legislature is not to execute laws, but to make or enact them. *Commonwealth of Massachusetts v. Mellon*, 262 U.S. 447, 488 (1923). The appointment of private counsel to institute and prosecute actions for an in the name of the Government of Guam cannot be construed as a legislative or judicial function. It is clearly an executive function. Therefore, the Legislature, by enacting P.L. 16-53:10 and appointing private counsel to institute and prosecute causes of action and other legal action for and in the name of the Government of Guam, and fixing his compensation, has acted in excess of its authority and powers by engaging in a purely executive function. The Court therefore finds P.L. 16-53:10 in violation of the doctrine of separation of powers set forth in the Organic Act of Guam.
>
> It is further the opinion of this Court that two branches of the Government of Guam cannot be vested with the authority to institute and prosecute causes of action and take appeals and other legal action for and in the name of the Government. This would, in effect, destroy the Executive Branch of the Government of Guam for the Legislature could at any time enact legislation appointing private counsel to institute and prosecute in the name of the Government of Guam to challenge any Executive branch position or decision. Not only would this violation of the doctrine of separation of powers amount to a dangerous concentration of power in the Legislative Branch, *Chadha v. Immigration and Naturalization Service*, 634 F.2d 408, 422 (9th Cir. 1980), [affirmed, 103 S.Ct. 2764], but would also result in chaos.

*Id.* at ____ (editorial brackets in original).

7

In the context of the District Court's holding in *Government of Guam v. United States of America*, the Legislature's arguments at pp. 4, 5 of its Memorandum of Points and Authorities in Support of Motion to Remand which highlight amendments to local law and which post-date the Organic Act Amendments establishing the Attorney General as "Chief Legal Officer," actually support the Attorney General's argument, precisely because those amendments are inorganic. According to the Legislature's Memorandum, subsequent to the Organic Act Amendments, the Legislature purported to amend local law, 5 G.C.A. § 30102, by P.L. 25-04:IV:19, to place limitations on the Attorney General's authority to represent the Government of Guam, re-defining his representative authority such that he has "cognizance of all legal matters, <u>excluding the Legislative and Judicial Branches of the Government of Guam</u>, involving the <u>Executive Branch of</u> the government of Guam, its agencies, instrumentalities, public corporations, ~~and~~ autonomous agencies...." As seen by the underlined additions to prior law, previously, the Attorney General unquestionably had "cognizance of all legal matters, involving all three branches. Else, there would have been no need to express words of limitation in the amendments in P.L. 25-04:IV:19. Previously, there were no statutory exclusions of the Legislative or Judicial Branches from the purview of the Attorney General's authority as Chief Legal Officer.

But the question now is whether the Legislature even has the authority under the Organic Act to restrict the Attorney General's cognizance of "all legal matters" solely to the Executive Branch. It does not. Nowhere in the Organic Act is the Legislature authorized to limit or diminish the authority of the Attorney General, or to "unequivocally exclude the AG's cognizance over the Legislative Branch," Legislature's Memorandum at p. 4, as it purported to do in P.L. 25-04:IV:19. The Attorney General is not in violation of any law in assuming control of this litigation and appearing as counsel on behalf of the Legislature; it is the Legislature that is in violation the Organic Act and the doctrine of separation of powers by attempting to limit or

8

diminish the Attorney General's Organic Act authority to represent the coordinate branches of the Government of Guam.[3]

Because "[t]he Organic Act serves the function of a constitution for Guam....Guam's self-government is constrained by the Organic Act, and the courts must invalidate Guam statutes in derogation of the Organic Act." *Haeuser v. Dept. of Law*, 97 F.3d 1152, 1156 (9th Cir. 1996). "While Congress in 1998 clarified the legislature's power to 'provide Guam with a greater measure of self-government,' it is a 'well-established principle in this jurisdiction that the Guam Legislature cannot enact laws which are in derogation of the provisions of the Organic Act.'" *In re: Request of Governor Felix P. Camacho Relative to the Interpretation and Application of Sections 6 and 9 of the Organic Act of Guam*, 2004 Guam 10, ¶ 33 (citations omitted). When a conflict between the Organic Act and a local law exists, the local law must give way. *See Dimalanta v. Dimalanta*, 1983 WL 30222 *3 (D.Guam A.D. 1983). The Legislature's amendments to local law purporting to limit the Attorney General's authority to represent the Government of Guam is in conflict with the Organic Act; it is "inorganic," and therefore lends no support to the Legislature's position that it may hire and appoint its own counsel to represent it, and take positions in court contrary to that of the Attorney General and Chief Legal Officer of

---

[3] Interestingly, had Congress intended the Legislature to have the power to limit the Attorney General's authority, it could easily have done so. On October 10, 1997, prior to the final passage of the Organic Act amendment establishing the Attorney General as "Chief Legal Officer of the Government of Guam," without limitation, the Legislature of Guam adopted Guam Resolution No. 186. Significantly what the Guam Legislature proposed as language in the Organic Act pertaining to the Office of Attorney General was vastly different from that ultimately passed by Congress. Guam Resolution No. 186 provided that the Office of the Attorney General would be organically created, but would be subject to the powers and duties as delineated by the Legislature. The Legislature proposed the following language: "The Attorney General shall be the Chief Legal Officer of the Government of Guam, shall be vested with such common law powers *and such additional powers as may be prescribed under the laws of Guam*, not inconsistent with this chapter." (Emphasis added.). Congress certainly knows how to draft words of limitation. *Cf.* 48 U.S.C. § 1422 ("The Lieutenant Governor shall have such executive powers and perform such duties as may be assigned to him by the Governor or prescribed by this chapter *or under the laws of Guam*" (emphasis added)). The intentional failure to adopt prescriptive language manifests clear Congressional intent that the local Legislature shall not have the ability to diminish the powers and duties of the Office of the Attorney General. *See In re: Request of Governor Felix P. Camacho Relative to the Interpretation and Application of Sections 6 and 9 of the Organic Act of Guam*, 2004 Guam 10, ¶ 75.

9

the government of Guam. Simply put, if the Legislature is without authority to restrict the Organic Act powers and duties of the Attorney General in any way.

The Supreme Court of Illinois had this to say with respect to its legislature's authority to diminish or otherwise abrogate the constitutional and common law duties and powers of its attorney general and chief legal officer:

> *As the chief legal officer of the state*, the Attorney General's authority is derived from the Illinois Constitution (Ill. Const.1970, art. V, § 15)...The duties of the Attorney General are prescribed by law and include those powers traditionally held at common law. *Gust K. Newberg, Inc. v. Illinois State Toll Highway Authority*, 98 Ill.2d 58, 67, 74 Ill.Dec. 548, 456 N.E.2d 50 (1983). Only the Attorney General is empowered to represent the state in litigation where the state is the real party in interest. Fuchs, 65 Ill.2d at 510, 3 Ill.Dec. 748, 359 N.E.2d 158. *The legislature may add to the powers of the Attorney General, but it cannot reduce the Attorney General's common law authority in directing the legal affairs of the state. Newberg*, 98 Ill.2d at 67, 74 Ill.Dec. 548, 456 N.E.2d 50. *Thus, legislation that improperly usurps the common law powers of the Attorney General is invalid.*

*Lyons v. Ryan*, 201 Ill.2d 529, 381-82, 780 N.E.2d 1098, 1105-06 (Ill. 2002) (emphasis added; citations omitted).

In states where the Office of Attorney General is constitutionally established, such as Illinois, the Attorney General's powers are regarded as powers that could not be diminished by local legislation. *American Legion Post No. 279 v. Barrett*, 20 N.E.2d 45, 51 (Ill. 1939) ("the General Assembly may not take away from a constitutional officer the powers or duties given him by the constitution"); *People ex rel. Castle v. Daniels*, 132 N.E.2d 507, 509 (Ill. 1956) ("the Attorney General, whose office is created by the Illinois constitution, ... is the chief law officer of the State and has those powers which resided in the Attorney General at common law.... and neither the legislature nor the courts can deprive him of his constitutionally granted authority"); *Department of Mental Health v. Coty*, 232 N.E.2d 686, 689 (Ill. 1967) ("the common-law powers

10

of the Attorney General were preserved to him by the constitution and while the General Assembly can impose additional power and duties upon him, it cannot strip him of his common-law powers"); *Gust K. Newberg, Inc. v. Illinois State Toll Highway Auth.*, 456 N.E.2d 50, 67 (Ill. 1983) ("while the legislature may add to his powers, it cannot reduce the Attorney General's common law authority in directing the legal affairs of the state"); *People ex rel. Hartigan v. E. & E. Hauling, Inc.*, 607 N.E.2d 165, 170 (Ill. 1992) ("although the legislature may add to the Attorney General's common law powers, it may not detract from them").

As is true in Illinois, the Legislature of Guam is simply without authority under the Organic Act to diminish or abrogate the Attorney General's authority to represent the "Government of Guam," including any coordinate branches of government of which the Government of Guam is comprised.

The remainder of the Legislature's Memorandum beginning at page 8, pertaining to jurisprudential reasons for remand, are legally unsound and distinguishable on their face, and are irrelevant to the deciding question presented here. If the Attorney General represents the Legislature of Guam in litigation, even over its objection, and if the Attorney General controls litigation for the "Government of Guam," of which the Legislature is undeniably a part, then this case was properly removed.

## CONCLUSION

The Attorney General of Guam respectfully submits that there is only one attorney authorized to appear on behalf of the named defendants in this actions and that is the Attorney General. Accordingly, the Attorney General of Guam's Motion to strike the Appearances Of Counsel filed on behalf of *I Mina' Bente Siete Na Liheslaturan Guåhan*, the Legislature Of Guam, is due to be granted, and the Legislature's Motion to Remand is due to be denied.

11

Respectfully submitted this 6th day of December, 2004.

<div style="margin-left: 40%;">
OFFICE OF THE ATTORNEY GENERAL
**Douglas B. Moylan, Attorney General**

_____
ROBERT M. WEINBERG
Assistant Attorney General
 For All Defendants
</div>

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the opposing party(ies) with a copy of the foregoing by hand delivery, or by depositing same in the United States Mail, postage prepaid and properly addressed to:

Thomas L. Roberts, Esq.
Dooley, Roberts & Fowler, LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Drive
Tamuning, Guam 96913

Cesar Cabot, Esq.
Cesar Cabot, P.C.
BankPacific Building, Second Floor
825 South Marine Corps Drive
Tamuning, Guam 96913
 For Guam Election Commission
 & Gerald Taitano in his official capacity

Shannon Taitano, Esq.
Office of the Governor of Guam
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910
 For Governor of Guam

Michael A. Pangelinan, Esq.
Rodney J. Jacob, Esq.
Calvo and Clark, LLP
655 South Marine Drive, Suite 202
Tamuning, Guam 96913
 For Governor of Guam

Therese Terlaje', Esq.
155 Helser Place
Hagåtña, Guam 969102
 For *I Mina' Bente Siete Na Liheslaturan Guåhan* , Legislature of Guam

13

Joaquin C. Arriola, Jr., Esq.
Arriola, Cowan & Arriola
259 Martyr Street, Suite 201
P.O. Box X
Hagåtña, Guam 96932
 For proposed Intervenor, *Lina'La'Sin Casino*

this 6th day of December, 2004.

                                                    ROBERT M. WEINBERG
                                                  Assistant Attorney General