upon, and if "if it arises from a situation that is 'capable of repetition, yet evading review'", the courts will step in.

It is no use to say "yes, but next time the Director will be under a Court Order to follow the law, and he could go to jail if he does not follow the Court Order." By the Director's own admission, he knew what the law required this time. His own legal counsel had advised him of what he needed to do to comply with Guam law, including mailing the complete text of Proposal A to the voters. The Director decided, in his official capacity as the Executive Director of the Guam Elections Commission, not to follow that law. In doing so, the Director may have even committed a crime, as mentioned in footnote 2 of this brief.

Obviously, the threat of judicial penalties was no deterrent to the Director in this election. This court cannot guarantee Plaintiff that the threat of judicial sanctions will be a sufficient deterrent to the Director in 2006 even if he is under a court order.

The only possible constitutionally adequate remedy in this case is a court ordered special election, a special election that will be monitored by the court to ensure a fair election that is untainted by constitutional shenanigans. See, Storer v. Brown, 415 U.S. 724, 730, 94 S. Ct. 1274 (1974) ("as a practical matter, there must be a substantial regulation of elections if they are to be fair and honest and if some sort of order, rather than chaos, is to accompany the democratic processes."); Anderson v. Celebrezze, 460 U.S. 780, 788, 103 S. Ct. 1564 (1983) ("there must be a substantial regulation of elections if they are to be fair and honest").

The courts are extremely protective of initiatives and referenda, since they represent the direct will of the people. The Supreme Court of the United States, in reviewing an initiative challenged on equal protection grounds, wrote that "under our constitutional assumptions, all power derives from the people who can delegate it to representative instruments which they

20

create. In establishing legislative bodies, the people can reserve to themselves the power to deal directly with matters which might otherwise be assigned to the legislature." Eastlake v. Forest City, 426 U.S. 668 (1976). In short, initiative and referendum "show devotion to democracy." James v. Valetierra, 402 U.S. 137 (1971). Hence, the courts are inclined to favorably review an initiative question so long as it does not overtly discriminate against minority groups. See, Gelfand Constitutional Litigation Under 1983, p. 7-9 (1996). See generally, James v. Valetierra, 402 U.S. 137 (1971).

This favorable judicial predisposition toward initiatives allows the courts to fashion appropriate equitable remedies, including a court-ordered special election. In one case where there were election defects in the selection of a county commissioner, the Court held that ordering a new election was within the court's equitable powers. Pestrak v. Ohio Election Commission, 670 F.Supp. 1368 (S.D. Ohio 1987), aff'd in part, rev'd in part, 926 F.2d 573, cert. denied 502 U.S. 1022 (1987).[4]

Here, petitions were circulated, sufficient signatures were gathered, and Proposal A was certified by the Guam Election Commission for placement on the ballot. The Director and the Election Commission subsequently failed to mail the text of the Act to the voters as required by law. The Attorney General then promptly and publicly opined that the Proposal A ballot and the election are both defective. A few days later, the Attorney General announced his intention to challenge the results of the election (but only it passes). As a result of all the media attention, there cannot be a constitutionally firm vote on Proposal A November 2, 2004. It is likely that voters will not be inclined to vote at all on Proposal A because of the Attorney General's public

---

[4] In Pestrak, the decided not to order a new election only because the facts of the case were "not of the egregious nature approximating criminal behavior that would necessitate such a remedy." 670 F. Supp. at 1368. Here, of course, because of the Director's public statements and the applicable provisions of the election code, the situation is much more serious.

Case 1:04-cv-00046     Document 76-7     Filed 12/07/2004     Page 2 of 41

comments, and because everyone on Guam knows the government has made a mess of things. Due to this now-inherent defect in the initiative process, Plaintiff and the people of Guam have been denied due process of law and their right to vote. The only viable remedy is to require that a new ballot pamphlet be forwarded to the voters, and that a special election on fair notice to the electorate be conducted.

Courts have ordered that special elections take place in a variety of situations involving a deprivation of fundamental voting rights, even in the absence of express statutory or constitutional authority for such special elections. In <u>Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany</u>, 357 F.3d 260 (2d Cir. 2004), the Second Circuit reversed an order of the district court to the extent it refused to order special elections in a case involving a redistricting plan found to violate the Voting Rights Act of 1965, 42 U.S.C. §1973, and remanded the case for further proceedings with the instruction that a special election be held.

In <u>Griffin v. Burns</u>, *supra*, a civil rights class action was commenced by absentee voters alleging that the failure to count their ballots constituted a violation of the due process clause of the Fourteenth Amendment. The district court found such a violation, stressing that the plaintiffs had followed the instructions of the officials charged with running the election, and ordered a special primary election. The Court of Appeals affirmed, observing:

> While . . . local election irregularities, including even claims of official misconduct, do not usually rise to the level of constitutional violations where adequate state corrective procedures exist, there remain some cases where a federal role is appropriate. The right to vote remains, at bottom, a federally protected right. If the election process itself reaches the point of patent and fundamental unfairness, a violation of the due process clause may be indicated and relief under § 1983 therefore in order. Such a situation must go well beyond the ordinary dispute over the counting and marking of ballots; and the question of the availability of a fully adequate state corrective process is germane.

> But there is precedent for federal relief where broad-gauged
> unfairness permeates an election, even if derived from apparently
> neutral action.
>
> \*     \*     \*
>
> The present situation, judged in light of the standards we have
> discussed, presented a due process violation for which relief under
> § 1983 was appropriate. The district court was not asked to
> examine the validity of individual ballots or to supervise the
> administrative details of a local election. It was asked to remedy a
> broad-gauged unfairness that infected the results of a local
> election.

Griffin, *supra*, 570 F.2d at 1077, 1078; see also, Marks v. Stinson, 19 F.3d 873, 888-889 (3d Cir.
1994) (authorizing the judicial compulsion of a special election where constitutional right to vote
impaired).[5]

In sum, the court has the authority to order a special election to protect the people's right
to vote, remembering, as the Guam Supreme Court recently observed, that it "need not be
restricted by the issues or theories advanced where the statutory mandates are clear." Pangelinan
v. Gutierrez, 2004 Guam 16. Under the circumstances of this case, Plaintiff suggests that any
other decision would be constitutionally unsupportable. Two of the three branches of Guam's
government have failed miserably to fulfill their sworn obligations. There is only one branch
left, the Judicial Branch, and this matter is now in its hands.

Finally, it is true that a special election will cost money. The Defendants in this lawsuit
and the opponents of Proposal A may maintain that Guam does not have the money to hold a

---

[5] In other contexts, courts have ordered special elections based upon express constitutional or statutory authority
requiring that a special election be called. In Duncan v. Poythress, 657 F.2d 691 (5th Cir 1981), the court affirmed a
decision by the district court holding that the Governor's appointment of a new associate justice on the Georgia
Supreme Court had disenfranchised the state electorate in violation of a state election law and the due process clause
of the U.S. Constitution. The court held that the plain meaning of the Georgia's special election statutes required the
calling of a special election under the circumstances presented.

special election. But that is not a constitutionally recognized excuse. It is the same excuse, for example, used by Southern states in the mainland in the early 1960's when they were being ordered to desegregate by federal courts. It did not work there, and it should not work here. The federal courts essentially told state opponents of desegregation that since they caused the constitutional violations in the first place, they needed to find the way to come up with the money to fix the problem. This court should be prepared to send the same message in this case. The Defendants caused this problem, and the Defendants need to find the money to fix it. Constitutional concerns almost always trump financial concerns. As in <u>Ury v. Santee</u>, 303 F. Supp. 119, 127 (D. Ill., 1969), "(t)he injury suffered by plaintiffs and other citizens similarly situated" in having their right to vote denied "would far outweigh the cost of conducting a fair, proper and valid election."

The special election Plaintiff requests should include, at a minimum, the following protections:

1. That a special election be held on Proposal A on a date certain not more than sixty (60) days from the date of the court's order;

2. That within twenty (20) days of the court's order, which will be forty (40) days before the election, the Election Commissioner and the Director appear before the court to affirmatively demonstrate their readiness, willingness, and ability to meet all Guam laws and all election rules and regulations applicable to the people's right to initiative and special elections under Guam's election code and election rules and regulations.

3. That within twenty five (25) days after the court's order, which will be thirty five (35) days prior to the special election, the Election Commission and the Director appear before this court to prove to the court's satisfaction that they have in fact complied with all applicable Guam election laws and rules and regulations

24

related to special elections and the people's right to initiative generally, and with regard to Proposal A specifically.

Respectfully submitted this 18th day of October 2004.

DOOLEY ROBERTS & FOWLER LLP

By: _____

**THOMAS L. ROBERTS**
Attorneys for Plaintiff

F:\Documents\Thomas L Roberts (07.04)\C325 CFED\Pleadings\C325 - BRIEF 04 10 18 2004 940 AM.doc

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

DEC 0 7 2004

Domingo M. Nego
Deputy Clerk, Superior Court of Guam

Dooley Roberts & Fowler
Suite 201, Orlean Pacific Plaza
865 South Marine Drive
Tamuning, Guam 96913
Telephone:     (671) 646-1222
Facsimile:     (671) 646-1223

Attorneys for Plaintiff Lourdes P. Aguon-Schulte

FILED
SUPERIOR COURT
OF GUAM

2004 OCT 21 AM 9: 51

ALFREDO M. BORLAS
CLERK OF COURT
BY

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| LOURDES P. AGUON-SCHULTE | ) CIVIL CASE NO. CV1103-04 |
| Plaintiff, | ) |
| vs. | ) **AMENDED SUMMONS** |
| THE GUAM ELECTION COMMISSION; GERALD A. TAITANO, in his individual capacity and in his capacity as the Executive Director of THE GUAM ELECTION COMMISSION, I MINA' BENTE SIETE NA LIHESLATURAN GUAHAN (The 27th Guam Legislature); FELIX P. CAMACHO, in his official capacity as the GOVERNOR OF GUAM. | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**TO:    FELIX P. CAMACHO, in his Capacity as the Governor of Guam**

YOU ARE HEREBY SUMMONED and required to serve upon Dooley Roberts & Fowler LLP, attorneys for Plaintiff, whose address is Suite 201, Orlean Pacific Plaza, 865 South Marine Drive, Tamuning, Guam 96913, an answer to the complaint which is herewith served upon you, within sixty (60) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

RICHARD B. MARTINEZ, Acting Clerk
Superior Court of Guam

Dated: _____ 21 OCT 2004 _____      By: _____ *Linda M. Perez* _____

                                                Deputy Clerk

I do hereby certify that the foregoing is a full true and correct copy of the original as file in the office of the clerk of the Superior Court of Guam

DEC 07 2004

Domingo M. Nero
Deputy Clerk, Superior Court of Guam



Dooley Roberts & Fowler LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Drive
Tamuning, Guam 96913
Telephone:    (671) 646-1222
Facsimile:    (671) 646-1223

FILED
SUPERIOR COURT
OF GUAM

2004 OCT 21 AM 9: 51

ALFREDO M. BORJAS
CLERK OF COURT

Attorneys for Plaintiff Lourdes P. Aguon-Schulte

IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| LOURDES P. AGUON-SCHULTE | ) | CIVIL CASE NO. CV1103-04 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **AMENDED SUMMONS** |
| | ) | |
| THE GUAM ELECTION COMMISSION; | ) | |
| GERALD A. TAITANO, in his individual | ) | |
| capacity and in his capacity as the | ) | |
| Executive Director of THE GUAM | ) | |
| ELECTION COMMISSION, I MINA' | ) | |
| BENTE SIETE NA LIHESLATURAN | ) | |
| GUAHAN (The 27th Guam Legislature); | ) | |
| FELIX P. CAMACHO, in his official | ) | |
| capacity as the GOVERNOR OF GUAM. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**TO:    I MINA BENTE SIETE NA LIHESLATURAN GUAHAN
(THE 27TH Guam Legislature)**

YOU ARE HEREBY SUMMONED and required to serve upon Dooley Roberts & Fowler

LLP, attorneys for Plaintiff, whose address is Suite 201, Orlean Pacific Plaza, 865 South Marine

Drive, Tamuning, Guam 96913, an answer to the complaint which is herewith served upon you,

within sixty (60) days after service of this summons upon you, exclusive of the day of service.    If

you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint.

RICHARD B. MARTINEZ, Acting Clerk
Superior Court of Guam

Dated:    **2 1 OCT 2004**

By:    *Linda M. Perez*

Deputy Clerk

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam

DEC 0 7 2004

Domingo M. Nego
Deputy Clerk, Superior Court of Guam



Dooley Roberts & Fowler
Suite 201, Orlean Pacific Plaza
865 South Marine Drive
Tamuning, Guam 96913
Telephone:    (671) 646-1222
Facsimile:    (671) 646-1223

Attorneys for Plaintiff Lourdes P. Aguon-Schulte

FILED
SUPERIOR COURT
OF GUAM

2004 OCT 21 AM 9: 51

ALFREDO M. BORLAS
CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

LOURDES P. AGUON-SCHULTE          )   CIVIL CASE NO. CV1103-04
                                  )
              Plaintiff,          )
                                  )
        vs.                       )
                                  )   **AMENDED SUMMONS**
                                  )
THE GUAM ELECTION COMMISSION;     )
GERALD A. TAITANO, in his individual )
capacity  and  in  his  capacity  as  the )
Executive  Director  of  THE  GUAM )
ELECTION  COMMISSION,  I  MINA' )
BENTE  SIETE  NA  LIHESLATURAN )
GUAHAN  (The  27th  Guam  Legislature); )
FELIX  P.  CAMACHO,  in  his  official )
capacity as the GOVERNOR OF GUAM. )
                                  )
              Defendants.         )
                                  )

TO:    GERALD A. TAITANO, in his individual capacity and in his capacity as the Executive
       Director of the Guam Election Commission

       YOU ARE HEREBY SUMMONED and required to serve upon Dooley Roberts & Fowler

LLP, attorneys for Plaintiff, whose address is Suite 201, Orlean Pacific Plaza, 865 South Marine

Drive, Tamuning, Guam 96913, an answer to the complaint which is herewith served upon you,

within sixty (60) days after service of this summons upon you, exclusive of the day of service.  If

you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint.

                                   RICHARD B. MARTINEZ, Acting Clerk
                                   Superior Court of Guam

                                           _Linda M. Perez_

         2 1 OCT 2004

Dated: _____        By: _____
                                        Deputy Clerk

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam

DEC 07 2004

Domingo M. Nago
Deputy Clerk, Superior Court of Guam

Dooley Roberts & Fowler
Suite 201, Orlean Pacific Plaza
865 South Marine Drive
Tamuning, Guam 96913
Telephone:    (671) 646-1222
Facsimile:    (671) 646-1223

Attorneys for Plaintiff Lourdes P. Aguon-Schulte

FILED
SUPERIOR COURT
OF GUAM

2004 OCT 21  AM 9: 51

ALFREDO M. BORLAS
CLERK OF COURT

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| LOURDES P. AGUON-SCHULTE | CIVIL CASE NO. CV1103-04 |
| Plaintiff, | |
| vs. | **AMENDED SUMMONS** |
| THE GUAM ELECTION COMMISSION; GERALD A. TAITANO, in his individual capacity and in his capacity as the Executive Director of THE GUAM ELECTION COMMISSION, I MINA' BENTE SIETE NA LIHESLATURAN GUAHAN (The 27th Guam Legislature); FELIX P. CAMACHO, in his official capacity as the GOVERNOR OF GUAM. | |
| Defendants. | |

**TO:   THE GUAM ELECTION COMMISSION**

YOU ARE HEREBY SUMMONED and required to serve upon Dooley Roberts & Fowler

LLP, attorneys for Plaintiff, whose address is Suite 201, Orlean Pacific Plaza, 865 South Marine

Drive, Tamuning, Guam 96913, an answer to the complaint which is herewith served upon you,

within sixty (60) days after service of this summons upon you, exclusive of the day of service. If

you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint.

RICHARD B. MARTINEZ, Acting Clerk
Superior Court of Guam

*Linda M. Perez*

Dated: _____ 2 1 OCT 2004 _____        By: _____

                                            Deputy Clerk

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

DEC 7 2004

Domingo M. Nego
Deputy Clerk, Superior Court of Guam



DATE: 10/21/04                 SUPERIOR COURT OF GUAM                 TIME:   9:38:21

        CASE NO: CV1103-04
           TYPE: CIVIL
        CAPTION: LOURDES P. AGUON-SCHULTE VS. G.E.C. AND ETAL
  TOTAL AMOUNT:        17.00

Reference    Reference
Number         Date        Description                    Rev_acct              Amt_Owed

040012263    10/21/2004    JBF/CV CIVIL SUMMONS           33052103                  7.00
040012263    10/21/2004    JBF/CV CIVIL OTHERS            33052199                 10.00






FILED
SUPERIOR COURT
OF GUAM

2004 OCT 21 AM 9: 49

ALFREDO M. BORJAS
CLERK OF COURT
BY:

Dooley Roberts & Fowler LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Drive
Tamuning, Guam 96913
Telephone:    (671) 646-1222
Facsimile:    (671) 646-1223

Attorneys for Plaintiff Lourdes P. Aguon-Schulte

IN THE SUPERIOR COURT

OF GUAM

| | |
|---|---|
| LOURDES P. AGUON-SCHULTE <br><br> Plaintiff, <br><br> vs. <br><br> THE GUAM ELECTION COMMISSION; GERALD A. TAITANO, in his individual capacity and in his capacity as the Executive Director of THE GUAM ELECTION COMMMISSION, I MINA' BENTE SIETE NA LIHESLATURAN GUAHAN (The 27th Guam Legislature); FELIX P. CAMACHO, in his official capacity as the GOVERNOR OF GUAM, <br><br> Defendants. | CIVIL CASE NO. CV1103-04 <br><br> **EX PARTE NOTICE OF MOTION AND MOTION FOR ORDER SHORTENING TIME FOR HEARING ON PRE-ELECTION:** <br> **(1) INJUNCTIVE RELIEF;** <br> **(2) DECLARATORY RELIEF, AND** <br> **(3) ORDER COMPELLING A SPECIAL ELECTION ON PROPOSAL A** |

## NOTICE OF EX PARTE MOTION FOR PRE-ELECTION DECLARATORY AND INJUNCTIVE RELIEF

Please take notice that on the 21st day of October, 2004, at the hour of 4:00 p.m., or as soon

thereafter as the matter may be heard, before a Judge of the Superior Court of Guam, Plaintiff will

move this court *ex parte*, and by this notice does herby move ex parte, for an order shortening time

for hearing on her motion for pre-election (1) injunctive relief and (2) declaratory relief.



Case 1:04-cv-00046    Document 76-7    Filed 12/07/2004    Page 18 of 41



Plaintiff's motion for a special election does not legally need to be heard on its merits before the November 2, 2004 election. But, the event the court grants Plaintiff's motion for pre-election declaratory and injunctive relief, the interests of the parties and the interests of the public require that the hearing on the motion for a special election be heard as expeditiously as possible. Therefore, at the hearing on Plaintiff's motion for declaratory and injunctive relief, Plaintiff will also request, and hereby does request, that the court set a reasonably expedited hearing date on the motion for a special election and a reasonably expedited briefing schedule.

This ex parte motion is based on the October 18, 2004 complaint on file on this case, the October 18, 2004 supporting memorandum, and all other documents on file herein, all of which are incorporated herein and made a part hereof by this reference.

DOOLEY ROBERTS & FOWLER LLP

Dated: October 21, 2004  By: _____

          **THOMAS L. ROBERTS**

//

//

//

//

2



## EX PARTE MOTION FOR ORDER SHORTENING TIME FOR HEARING ON
## PRE-ELECTION DECLARATORY RELIEF
## AND PRELIMINARY AND PERMANENT INJUNCTION

A. <u>Pre-Election Declaratory Relief.</u>  Plaintiff moves for an immediate, pre-election declaratory judgment on (a) the legal efficacy of the Proposal A ballot pamphlets mailed to the voters by the Directors and the Guam Election Commission, and (b) whether the results of any vote on Proposal A on November 2, 2004 will be invalid as a result of (i) the ballot pamphlets mailed to the voters, and/or (ii) the mass public uncertainty caused by the Attorney General's opinion.  Under Rule 57 of the Guam Rules of Civil Procedure, the existence of alternative or cumulative or narrower remedies "does not preclude a judgment for declaratory relief in cases where it is appropriate."  Additionally, "(t)he court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar", and Plaintiff so requests.

The undisputed facts and law supporting Plaintiff's request for a pre-election declaratory judgment are set forth in the October 18, 2004 complaint and supporting memorandum, which are incorporated herein and made a part hereof by this reference.

The applicable facts are set forth in paragraphs 1 through 19 of the complaint.  These facts are not disputable.  No one can dispute, and no one has even attempted to dispute, that the Guam Elections Commission and its Director did not follow the relevant statutes and regulations in putting Proposal A on the ballot for the November 2, 2004 election.  Specifically, the actual text of Proposition A was not mailed to the voters, as required by Guam law.  The Director himself has freely and publicly admitted this undeniable fact, and he will freely and publicly admit this fact through his attorneys at the hearing on this motion.  The Attorney General's Office and the Attorney General himself have announced to the public that their votes for or

3



against Proposal A on November 2, 2004 will be meaningless, as will the results of any such election. Voters cannot be expected to intelligently vote on a law the government has failed to provide to them. The Attorney General's Office has identified no less than four other statutes or rules that were also violated by the Director and the Election Commission, as explained in Exhibit 2 to the complaint in this case.

The applicable law is set forth in paragraphs 21 through 31 of the complaint as well as in the supporting memorandum filed at the same time as the complaint. First, it is legally undisputed that legal challenges to elections known in advance to be procedurally flawed must be brought before the election. Post-election procedural challenges are barred.[1]

Second, it is undisputed that because the Director and the Guam Election Commission failed to follow the law and their own regulations, the election is illegal and the results invalid, just as the Attorney General's Office has already opined. Wade v. Taitano, 2002 Guam 16. Two years ago, in Wade, the Guam Supreme Court expressly warned the Guam

---

[1] Lewis v. Cayetano, 823 P.2d 738, 72 Haw. 499, 503-504 (1992) ("efficient use of public resources demand that we not allow persons to gamble on the outcome of the election contest then challenge it when dissatisfied with the results, especially when the same challenge could have been made before the public is put through the time and expense of the entire election process."); Soules v. Kauaians for Nukolii Campaign Committee, 849 F.2d 1176, 1180-1181 (9th Cir. 1988) ("the courts have been wary lest the granting of post-election relief encourage sandbagging on the part of wily plaintiffs ... if aggrieved parties, without adequate explanation, do not come forward before the election, they will be barred from the equitable relief of overturning the results of the election."); Fairness & Accountability in Ins. Reform v. Greene, 886 P.2d 1338, 180 Ariz. 582, 587 (1994) ("the procedures 'leading up to an election cannot be questioned' after the vote but 'must be challenged before the election is held.'"); Tilson v. Mofford, 737 P.2d 1367, 1369-1370, 153 Ariz. 468, 470-471 (1987) ("the courts do have the duty of ensuring that the constitutional and statutory provisions protecting the electoral process (i.e., the manner in which an election is held) are not violated ... the procedures leading up to an election cannot be questioned after the people have voted, but instead the procedures must be challenged before the election is held."); Kerby v. Griffin, 62 P.2d 1131, 48 Ariz. 434, 444-446 (1936) ("to hold a court of equity could not intervene to prevent an election being held, when every constitutional and statutory provision setting forth what must be done before holding a legal election had been violated, would result in an absurdity.") Bell v. Eagerton, 2002 Ala. LEXIS 116, 7-8 (Ala. 2002) ("The rights and interests of the electorate are better promoted by a decision in advance, advising the commissioners of their want of power, and restraining them from proceeding with a meaningless and useless election."); Miami Dolphins, Ltd. v. Metropolitan Dade County, 394 So. 2d 981, 986 (Fla. 1981) (courts must "preclude or forestall possible expenditure of substantial sums of public monies in the doing of what could be a vain and useless thing.").

4

Election Commission and the Director that if they fail to follow the law and their own regulation, their actions are void.[2] It does not appear that they were listening.

On the motion for pre-election declaratory relief, there is really nothing to dispute. The law is clear. The facts are clear. The required relief is clear. The court's duty is clear.

B.    Pre-Election Preliminary and Permanent Injunction.  Plaintiff also moves for a preliminary and permanent injunction pursuant to Rule 65 of the Guam Rules of Civil Procedure. Rule 65 provides that "(b)efore or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application," and Plaintiff so requests.

For the reasons stated in the accompanying memorandum filed in support of Plaintiff's complaint for declaratory relief and injunctive relief, which is incorporated herein and made a part hereof by this reference, the court should enter an order (1) enjoining the scheduled November 2, 2004 vote on Proposal A, (2) compelling the Director and the Election Commission to remove the Proposal A ballots from the polling places on November 2, 2004, and (3) enjoining the Director and the Election Commission from tabulating any mailed or other ballots on Proposal A.

The same cases cited above require the court to grant Plaintiff's requested injunctive relief.  When an election is procedurally flawed, the courts must step in before the election and stop it.[3]

---

[2] "We begin our analysis by outlining two fundamental principles in statutory and regulatory constructions. The first principle is that "[a]n agency does not have the authority to ignore its own rules." ... Regulations have the same legal effect as statutes ... and, "[w]hen an agency has the authority to adopt rules and does so, it must follow them." ... Therefore, an agency's procedural rules "are binding upon the agency which enacts them as well as upon the public." ... "Regulations governing procedure are just as binding upon both the agency which enacts them and the public, and the agency does not, as a general rule, have the discretion to waive, suspend, or disregard, in a particular case, a validly adopted rule so long as such rule remains in force." Wade v. Taitano, 2002 Guam 16 at ¶¶ 7-8 (citations omitted).

As first suggested by Plaintiff in her October 18, 2004 supporting memorandum, and as has now been publicly stated by one of Proposal A's most vocal opponents, the November 2, 2004 election on Proposal A is now a mere "straw poll". But "straw polls" are not permitted on initiatives under Guam law. How is the court supposed to rule that the election is legally flawed, yet order that a "straw poll" be held on the initiative anyway? The answer to this question is pretty easy. It is an even easier answer when one considers that the electorate has not been given a copy of the actual law they are supposed to be voting on, the Guam Casino Gaming Control Commission Act, Proposal A. The Act is lengthy and it creates an entire autonomous agency of the Government of Guam. Under these circumstances, the vast majority of the electorate would not know what they were actually voting on. The "straw poll" would merely be a "yes" or "no" vote on the idea of gambling itself. But the "idea of gambling" is obviously not what we are supposed to be voting on in the election.

The only legitimate or disputed issue in this case is whether the court should order a special election, which is discussed below.

For now, the court must grant the motion for an order shortening time and set a pre-election hearing on Plaintiff's motion for a declaratory judgment and injunctive relief. At the hearing, the court must enter a pre-election declaratory judgment that the election on Proposal A is void. Then, the court must enter a pre-election preliminary and permanent injunction (1) enjoining the scheduled November 2, 2004 vote on Proposal A, (2) compelling the Director and the Election Commission to remove the Proposal A ballots from the polling places on November

---

[3] Miami Dolphins, Ltd. v. Metropolitan Dade County, supra ("courts must preclude or forestall possible expenditure of substantial sums of public monies in the doing of what could be a vain and useless thing."); Bell v. Eagerton, *supra* (courts must enjoin election officials in advance, "restraining them from proceeding with a meaningless and useless election."); Lewis v. Cayetano, supra (courts must "prevent use of a ballot not in conformity with the law and to compel officials to prepare and distribute proper ballots.").

6

2, 2004, and (3) enjoining the Director and the Election Commission from tabulating any mailed or other ballots on Proposal A.

## EX PARTE MOTION FOR HEARING DATE
## ON MOTION FOR SPECIAL ELECTION

As mentioned above, unlike the motion for pre-election declaratory and injunctive relief, there is no compelling legal reason that the hearing on Plaintiff's motion for a special election needs to be held before the November 2, 2004 election. But, there is every reason to schedule the hearing as expeditiously as possible. At the hearing on the motion for pre-election declaratory and injunctive relief, Plaintiff will request, and hereby does request, that the hearing and a briefing schedule on the motion for a special election be scheduled as soon as possible.


DOOLEY ROBERTS & FOWLER LLP


Dated: October 21, 2004          By: _____

**THOMAS L. ROBERTS**
Attorneys for Plaintiff

F:\Documents\Thomas L Roberts (07.04)\C325 CFED\Pleadings\C235 - Ex Parte Application (FINAL) 10 21 2004.doc

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

DEC 0 7 2004

Domingo M. Nego
Deputy Clerk, Superior Court of Guam

7

Dooley Roberts & Fowler LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Drive
Tamuning, Guam 96913
Telephone:    (671) 646-1222
Facsimile:    (671) 646-1223

Attorneys for Plaintiff Lourdes P. Aguon-Schulte

FILED
SUPERIOR COURT
OF GUAM

2004 OCT 21  AM 9: 51

ALFREDO M. BORLAS
CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT

## OF GUAM

| | |
|---|---|
| LOURDES P. AGUON-SCHULTE )<br><br>Plaintiff, )<br>)<br>vs. )<br>)<br>THE GUAM ELECTION COMMISSION; )<br>GERALD A. TAITANO, in his individual )<br>capacity and in his capacity as the )<br>Executive Director of THE GUAM )<br>ELECTION COMMMISSION, I MINA' )<br>BENTE SIETE NA LIHESLATURAN )<br>GUAHAN (The 27th Guam Legislature); )<br>FELIX P. CAMACHO, in his official )<br>capacity as the GOVERNOR OF GUAM. )<br>)<br>Defendants. )<br>) | CIVIL CASE NO. CV1103-04<br><br>**RULE 9 CERTIFICATION** |

I, **THOMAS L. ROBERTS**, hereby certify as follows:

1.     I make this certification pursuant to Rule 9 of the Rules of Court for the Superior

Court of Guam.

2.     I am the attorney for Plaintiff in the above-captioned matter.

3.     That on October 21, 2004, at 8:30 a.m., I spoke with Robert Weinberg, Esq., of

the Attorney General's Office, and informed him that I intended to appear *ex parte* today at the

hour of 4:00 p.m. for an order shortening time to hear Plaintiff's Motion for Injunctive Relief and Declaratory Relief. Mr. Weinberg does not oppose the ex parte application and intends to attend the hearing.

4.     That on October 21, 2004, at 9:05 a.m., I spoke with a representative for the office of Therese Terlaje, Esq., counsel for the 27th Guam Legislature, and informed them of the time, place and substance of the proposed ex parte hearing. I do not know whether Ms. Terlaje intends to attend the ex parte hearing

5.     That on October 21, 2004, at 9:10 a.m., I spoke with Shannon Taitano, legal counsel to the Governor of Guam, and informed her that I intended to appear *ex parte* today at the hour of 4:00 p.m. for an order shortening time to hear Plaintiff's Motion for Injunctive Relief and Declaratory Relief. She does not oppose the ex parte application and intends to be present at hearing.

6.     That on October 21, 2004, at 9:20 a.m., I spoke with Cesar Cabot, counsel for the Guam Election Commission and the Director of the Guam Election Commission and informed him I intended to appear *ex parte* today at the hour of 4:00 p.m. for an order shortening time to hear Plaintiff's Motion for Injunctive Relief and Declaratory Relief. Mr. Cabot does not oppose the ex parte application but does not believe he will be able to attend the ex parte hearing.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 21st day of October 2004.

_____

**THOMAS L. ROBERTS**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

DEC 07 2004

Domingo M. Nero
Deputy Clerk, Superior Court of Guam



# IN THE SUPERIOR COURT OF GUAM

LOURDES P. AGUON-SCHULTE      )

                             )          CIVIL CASE NO. **CV1103-04**

          Plaintiff(s)        )

                             )          AFFIDAVIT

                             )

                             )          ( ✓ ) Of Service

     vs.                      )

                             )          (  ) Non-Service

THE GUAM ELECTION COMMISSION;  )

GERALD A. TAITANO, in his individual capa- )

city and in his capacity as the Executive Director)    **Hearing Date:** _60 days after service_

of THE GUAM ELECTION COMMISSION, )

I MINA' BENTE SIETE NA LIHESLATURAN)

GUAHAN (The 27th Guam Legislature);    )

FELIX P. CAMACHO, in his official capacity as)

the GOVERNOR OF GUAM          )

                             )

          Defendant(s)        )

_____)

**Edward G. Perez**, first being duly sworn, deposes and says: That he is a Court Process Server and a party not interested in the above case. That he:

( ✓ ) serve upon: **FELIX P. CAMACHO, in his Capacity as the Governor of Guam**

the below listed document(s) by delivering said document(s) to: **X** _S~~~~~~~~~_

SHANNON TAITANO

LEGAL OFFICE

Home Phone No.     Work Phone No.

personally at: _Governor's office — Adelupe / Governor's Complex_

on _21st_ day of _October_ 2004, at _1:25_ (a.m.) (p.m.).

(  ) attempted to serve the below listed document(s) on the address there on provided but was **unable** to effect such service for the following reason(s): _____

Comments: _____

**DOCUMENT(S) TO BE SERVED:**  (  ) Summons copy of Complaint, Affidavit of Declaration

                              (  ) Affidavit and JDX  (  ) Order to Show Cause

                              (  ) Motion for Order to Show Cause  (  ) Subpoena

                              ( **X** ) Other: **AMENDED SUMMONS**

Document(s) Fee: **$ 50.00**          Attempts: _2_

_____

**EDWARD G. PEREZ**

**Court Process Server SP0001-00**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

DEC 07 2004

Danette M. Nego
Deputy Clerk, Superior Court of Guam

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| LOURDES P. AGUON-SCHULTE | ) | **CIVIL CASE NO. CV1103-04** |
| | ) | |
| Plaintiff (s) | ) | **AFFIDAVIT** |
| | ) | |
| | ) | (✓) Of Service |
| vs. | ) | |
| | ) | ( ) Non-Service |
| THE GUAM ELECTION COMMISSION; | ) | |
| GERALD A. TAITANO, in his individual capa- | ) | **Hearing Date:** _60 days after service)_ |
| city and in his capacity as the Executive Director) | | |
| of THE GUAM ELECTION COMMISSION, | ) | |
| I MINA' BENTE SIETE NA LIHESLATURAN) | | |
| GUAHAN (The 27th Guam Legislature); | ) | |
| FELIX P. CAMACHO, in his official capacity as) | | |
| the GOVERNOR OF GUAM | ) | |
| | ) | |
| Defendant(s) | ) | |

**Edward G. Perez**, first being duly sworn, deposes and says: That he is a Court Process Server and a party not interested in the above case. That he:

(✓) serve upon: **GERALD A. TAITANO, in his individual capacity and in his capacity as the Executive Director of the Guam Election Commission**

the below listed document(s) by delivering said document(s) to: X _Gerald A. Taitano_

_Gerald A. Taitano_
Signature          Print Name

| Home Phone No. | Work Phone No. | |
|---|---|---|

personally at: _GCIC Bldg. - 2nd Floor - Ste. 200 - Guam Election Commission_

on _21st_ day of _October_ 2004, at _12:45_ (a.m.) (p.m.)

( ) attempted to serve the below listed document(s) on the address there on provided but was **unable** to effect such service for the following reason(s): _____

Comments: _____

**DOCUMENT(S) TO BE SERVED:**  ( ) Summons copy of Complaint, Affidavit of Declaration
( ) Affidavit and JDX  ( ) Order to Show Cause
( ) Motion for Order to Show Cause  ( ) Subpoena
( X ) Other: **AMENDED SUMMONS**

Document(s) Fee: $ 50.00          Attempts: _2_

_____
**EDWARD G. PEREZ**
**Court Process Server SP0001-00**

I do hereby certify that this foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

DEC 0 7 2004

Domingo M. Nero
Deputy Clerk, Superior Court of Guam

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| LOURDES P. AGUON-SCHULTE | ) | **CIVIL CASE NO. CV1103-04** |
| | ) | |
| Plaintiff (s) | ) | **AFFIDAVIT** |
| | ) | |
| | ) | ( ✓ ) Of Service |
| vs. | ) | |
| | ) | ( ) Non-Service |
| THE GUAM ELECTION COMMISSION; | ) | |
| GERALD A. TAITANO, in his individual capa- | ) | |
| city and in his capacity as the Executive Director | ) | Hearing Date: _60 days after service_ |
| of THE GUAM ELECTION COMMISSION, | ) | |
| I MINA' BENTE SIETE NA LIHESLATURAN | ) | |
| GUAHAN (The 27th Guam Legislature); | ) | |
| FELIX P. CAMACHO, in his official capacity as | ) | |
| the GOVERNOR OF GUAM | ) | |
| | ) | |
| Defendant(s) | ) | |
| | ) | |

**Edward G. Perez**, first being duly sworn, deposes and says: That he is a Court Process Server and a party not interested in the above case. That he:
( ✓ ) serve upon: **THE GUAM ELECTION COMMISSION**

the below listed document(s) by delivering said document(s) to: **X** _Gerald A. Whitano_

                                        Signature

                    _Gerald A. Taitano_

                    Print Name

Home Phone No.     Work Phone No.

personally at: _GCIC Bldg. - 2nd Floor - Ste. 200 - Guam Election Commission_

on _21st_ day of _October_ 2004, at _12:45_ (a.m. p.m.)

( ) attempted to serve the below listed document(s) on the address there on provided but was **unable** to effect such service for the following reason(s): _____
Comments: _____

**DOCUMENT(S) TO BE SERVED:** ( ) Summons copy of Complaint, Affidavit of Declaration
                              ( ) Affidavit and JDX ( ) Order to Show Cause
                              ( ) Motion for Order to Show Cause ( ) Subpoena
                    ( **X** ) Other: **AMENDED SUMMONS**

Document(s) Fee: $ _50.00_        Attempts: _2_

                    _____
                    **EDWARD G. PEREZ**
                  **Court Process Server SP0001-00**

DEC 0 7 2004

Domingo M. Nego
Deputy Clerk, Superior Court of Guam

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| LOURDES P. AGUON-SCHULTE ) | CIVIL CASE NO. CV1103-04 |
| ) | |
| Plaintiff(s) ) | AFFIDAVIT |
| ) | |
| ) | ( ✓ ) Of Service |
| ) | |
| vs. ) | ( ) Non-Service |
| ) | |
| THE GUAM ELECTION COMMISSION; ) | |
| GERALD A. TAITANO, in his individual capa- ) | |
| city and in his capacity as the Executive Director) | Hearing Date: _60 days after service_ |
| of THE GUAM ELECTION COMMISSION, ) | |
| I MINA' BENTE SIETE NA LIHESLATURAN) | |
| GUAHAN (The 27th Guam Legislature); ) | |
| FELIX P. CAMACHO, in his official capacity as) | |
| the GOVERNOR OF GUAM ) | |
| ) | |
| Defendant(s) ) | |
| ) | |

**Edward G. Perez**, first being duly sworn, deposes and says: That he is a Court Process Server and a party not interested in the above case. That he:

( ✓ ) serve upon: **I MINA' BENTE SIETE NA LIHESLATURAN GUAHAN (THE 27thGUAM LEGISLATURE)**

the below listed document(s) by delivering said document(s) to: **X** _____

_Signature_

Vicente Jangelina

Home Phone No.     Work Phone No.        Print Name

personally at: _The Guam Legislature - Hagatna_

on _21st_ day of _October_ 2004, at _1:00_ (a.m.)(p.m.)

( ) attempted to serve the below listed document(s) on the address there on provided but was **unable** to effect such service for the following reason(s): _____
Comments: _____

---

**DOCUMENT(S) TO BE SERVED:**  ( ) Summons copy of Complaint, Affidavit of Declaration
( ) Affidavit and JDX  ( ) Order to Show Cause
( ) Motion for Order to Show Cause ( ) Subpoena
( **X** ) Other: **AMENDED SUMMONS**

Document(s) Fee: **$ 50.00**          Attempts: _2_

**EDWARD G. PEREZ**
**Court Process Server SP0001-00**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

DEC 07 2004

Domingo M. Nego
Deputy Clerk, Superior Court of Guam



| TAPE NO: 04- 1366 | PAGE NO: 1 | CT. CONVENED 4:00 p.m. | DATE: 10/21/04 |
|---|---|---|---|

**PRESENT:** JUDGE STEVEN S. UNPINGCO    **CLERK:** CINDI TIONG

**Case No:** CV1103-04    **Case Title:**

**Counsel(s) Present:** LOURDES P. AGUON-SCULTE

**Petitioner/Plaintiff:** T. Roberts

**Petitioner/Plaintiff:** VS.

**Respondent/Defendant:** C. Cabot   THE G.E.C. & GERALD TAITANO

T. Terlaje   THE 27TH GUAM LEGISLATURE

D. Moylan   S. Taitano   FELIX P. CAMACHO, Governor of Guam

R. Weinberg

**PROCEEDINGS:**  1)  EXPARTE MOTION FOR AN ORDER
SHORTENING TIME TO HEAR MOTION FOR
PRE-ELECTION RELIEF

| LOG NO. | DESCRIPTION |
|---|---|
| 5990 | Case Called by court |
| | Ct to Counsels - have read file & pleadings Tr' on Mtn to shorten time on Mtns filed by Tr. |
| | finds that Moving papers have merit |
| 6306 | Ct - On disclosures |
| | 1) Ct is up for retention election |
| | opinion that the GEC is involved in its retention process GEC has to certify candidacy GEC has certified & printed ballots GEC still has to tabulate & certify the results |

**Matter continued to:**          @          am/pm

6478 - Ct contd
GEC & its director is party to
suit.

Ct is of the opinion that do not
want to make suit any more
complicated than it already
is.
Don't want election process
tainted.

6989 Ct - Incumbent upon ct to disqualify
~~this~~ itself.

plus cts law clerk was employed
by π's counsel's firm.

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam

DEC 07 2004

Domingo M. Nego
Deputy Clerk, Superior Court of Guam

TAPE NO: 04-1246 !PAGE NO:  1  !COURT CONVENED AT:  11:00 X AM _ PM !DATE: 10 22 2004

PRESENT: JUDGE: KATHERINE A . MARAMAN ,  Judge
         CLERK:

CASE NUMBER:  CV1103-04          ! CASE TITLE:
                                 ! LOURDES P. AGUON-SCHULTE
COUNSEL PRESENT:                 !          VS.
PLAINTIFF: _Atty Roberts_        ! THE GUAM ELECTION COMMISSION _et al_
DEFENDANT: _Atty ___ for leg/plure_

PROCEEDINGS: _Ptf Loneberg funto000 Expate_

| LOG NUMBER ! | DESCRIPTION |
|---|---|
| 15 | !-Case Called |
| 47 | Ct: Judge Unpingco received runaway gutters Judge Anderson, Solola & Bordallo recused first. My B friend of mine since I came to Guam & in particular close with her sister Jeanne — Set briefing schedule — If you wish to recuse me, you may |
| 116 | Roberts: Thinks regarding people's right to vote |
| 130 | Court: Ptf is long time friend |
| 138 | Nofair: Atty Cooper does not object to briefing schedule next up |
| 162 | Loneberg: Here since gov't of guam & Election Commission |
| 180 | Toledo: My Partners over here given |

!Matter continued to: _____ , 2004  At: _____ am/pm

| LOG NO. | MINUTE ENTRY |
|---|---|
| 191 | Roberts: Close reopen 10/28, etc |
| | — I repel oct 25 |
| | — I have appellate arguments |
| | on 10/27 at 10 am |
| 239 | If any party wishes to file motion to recuse |
| | me or responsive brief by 10/27 noon |
| | — Roberts reply due 10/28 noon |
| | — Hearing: 10/28 2 pm |
| 274 | Limbez: on 10/28 I have appellate |
| | argument; can we move to 10/29 |
| 300 | [illg.] Legislature served complaint & |
| | memorandum for the record |
| 348 | Ct. Prepare brief order Mr Roberts |
| | or I sign order Mr Roberts |
| | Counsel serve all the parties |
| 392 | Roberts: I can substitute any [illg.] |
| | name; [illg.] attorney decide |

I do hereby certify that the foregoing
is a true and correct copy of the
original on file in the office of the
Clerk of the Superior Court of Guam

DEC _ 2004

Domingo M. Nego
Deputy Clerk, Superior Court of Guam