RECEIVED
2:30 pm
OCT 22 2004
SUPERIOR COURT
CLERK GUAM
CLERKS OFFICE



Dooley Roberts & Fowler LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Drive
Tamuning, Guam 96913
Telephone:    (671) 646-1222
Facsimile:    (671) 646-1223

Attorneys for Plaintiff Lourdes P. Aguon-Schulte

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| LOURDES P. AGUON-SCHULTE ) | CIVIL CASE NO. CV1103-04 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| THE GUAM ELECTION COMMISSION; ) | **ORDER GRANTING EX PARTE MOTION** |
| GERALD A. TAITANO, in his individual ) | **FOR ORDER SHORTENING TIME** |
| capacity and in his capacity as the ) | |
| Executive Director of THE GUAM ) | |
| ELECTION COMMISSION, I MINA' ) | |
| BENTE SIETE NA LIHESLATURAN ) | |
| GUAHAN (The 27th Guam Legislature); ) | |
| FELIX P. CAMACHO, in his official ) | |
| capacity as the GOVERNOR OF GUAM. ) | |
| ) | |
| Defendants. ) | |
| ) | |

The *ex parte* motion for an order shortening time for hearing on the motion for declaratory and injunctive relief on file in this case came on for hearing at 11:00 a.m. Friday, October 22, 2004.

The *ex parte* motion for an order shortening time for hearing on the motion for declaratory and injunctive relief is granted.

The hearing on the motion for declaratory and injunctive relief shall be held on Thursday, October 28, 2004 at the hour of 2:00 p.m.

All written oppositions to the motion for declaratory and injunctive relief, as well as all motions to disqualify the undersigned Judge of the Superior Court of Guam, shall be filed and served by 12:00 p.m. Wednesday, October 27, 2004.

All replies to any written opposition to the motion for declaratory and injunctive relief, as well as written oppositions to any motion to disqualify the undersigned Judge of the Superior Court of Guam, if any, shall be filed and served by 12:00 p.m. Thursday, October 28, 2004.


**HONORABLE KATHERINE A. MARAMAN**
Judge, Superior Court of Guam

10/22/04

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
Clerk of the Superior Court of Guam.

DEC 0 7 2004

Domingo M. Nego
Deputy Clerk, Superior Court of Guam

DATE: 10/25/04                    SUPERIOR COURT OF GUAM                    TIME:  10:22:12

        CASE NO: CV1103-04
          TYPE: CIVIL
        CAPTION: LOURDES P. AGUON-SCHULTE VS. G.E.C. AND ETAL
    TOTAL AMOUNT:           10.00

Reference     Reference
Number          Date          Description                        Rev_acct              Amt_Owed

040012421     10/25/2004     JBF/CV CIVIL OTHERS                 33052199                   10.00

Dooley Roberts & Fowler LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Drive
Tamuning, Guam 96913
Telephone (671) 646-1222
Facsimile (671) 646-1223

Attorneys for Plaintiff Lourdes P. Aguon-Schulte

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| LOURDES P. AGUON-SCHULTE | ) CIVIL CASE NO. CV 1103-04 |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **NOTICE OF MOTION AND MOTION** |
| | ) **FOR PRE-ELECTION:** |
| THE GUAM ELECTION COMMISSION; | ) **(1) INJUNCTIVE RELIEF;** |
| GERALD A. TAITANO, in his individual | ) **(2) DECLARATORY RELIEF, AND** |
| capacity and in his capacity as the | ) **(3) ORDER COMPELLING A SPECIAL** |
| Executive Director of THE GUAM | ) **ELECTION ON PROPOSAL A** |
| ELECTION COMMMISSION, I MINA' | ) |
| BENTE SIETE NA LIHESLATURAN | ) |
| GUAHAN (The 27th Guam Legislature); | ) |
| FELIX P. CAMACHO, in his official | ) |
| capacity as the GOVERNOR OF GUAM, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Please take notice that on the 28th day of October, 2004, at the hour of 2

P.m., Plaintiff will move this court for an order granting its motion for pre-election (1) injunctive

relief; (2) declaratory relief; and (3) order compelling a special election on Proposal A.

This motion is based on the complaint on file on this case, the supporting memorandum,

and all other documents on file herein.

DOOLEY ROBERTS & FOWLER LLP

Dated: October 18, 2004

By: _____

**THOMAS L. ROBERTS**

1

ORIGINAL

## MOTION FOR PRE-ELECTION DECLARATORY RELIEF
## AND PRELIMINARY AND PERMANENT INJUNCTION

A. <u>Pre-Election Declaratory Relief</u>. Plaintiff moves for an immediate, pre-election declaratory judgment on (a) the legal efficacy of the Proposal A ballot pamphlets mailed to the voters by the Directors and the Guam Election Commission, and (b) whether the results of any vote on Proposal A on November 2, 2004 will be invalid as a result of (i) the ballot pamphlets mailed to the voters, and/or (ii) the mass public uncertainty caused by the Attorney General's opinion. Under Rule 57 of the Guam Rules of Civil Procedure, the existence of alternative or cumulative or narrower remedies "does not preclude a judgment for declaratory relief in cases where it is appropriate." Additionally, "(t)he court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar", and Plaintiff so requests.

The facts and law supporting Plaintiff's request for a pre-election declaratory judgment are set forth in accompanying memorandum filed in support of Plaintiff's complaint for declaratory relief and injunctive relief, which is incorporated herein and made a part hereof by this reference.

B. <u>Pre-Election Preliminary and Permanent Injunction</u>. Plaintiff also moves for a preliminary and permanent injunction pursuant to Rule 65 of the Guam Rules of Civil Procedure. Rule 65 provides that "(b)efore or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application," and Plaintiff so requests.

For the reasons stated in the accompanying memorandum filed in support of Plaintiff's complaint for declaratory relief and injunctive relief, which is incorporated herein and made a part hereof by this reference, the court should enter an order (1) enjoining the scheduled

2

November 2, 2004 vote on Proposal A, (2) compelling the Director and the Election Commission to remove the Proposal A ballots from the polling places on November 2, 2004, and (3) enjoining the Director and the Election Commission from tabulating any mailed ballots on Proposal A.

DOOLEY ROBERTS & FOWLER LLP

Dated: October 18, 2004      By: _____

**THOMAS L. ROBERTS**
Attorneys for Plaintiff

F:\Documents\Thomas L Roberts (07.04)\C325 CFED\Pleadings\C235 - Mtn for Declaratory Relief 10 18 2004.doc

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
Clerk of the Superior Court of Guam

DEC 07 2004

Dominga M. Nego
Deputy Clerk, Superior Court of Guam

3



**JOAQUIN C. ARRIOLA, JR., ESQ.**
**ARRIOLA, COWAN & ARRIOLA**
259 MARTYR STREET, SUITE 201
P.O. BOX X, HAGÅTÑA, GUAM 96932
TELEPHONE: (671) 477-9730/33
TELECOPIER: (671) 477-9734

Counsel for Lina'la' Sin Casino

## IN THE SUPERIOR COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| LOURDES P. AGUON-SCHULTE, | ) CIVIL CASE NO. **CV1103-04** |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| THE GUAM ELECTION COMMISSION; | ) |
| GERALD A. TAITANO, in his individual | ) **RULE 9 STATEMENT** |
| capacity and in his capacity as the | ) |
| Executive Director of THE GUAM | ) |
| ELECTION COMMISSION, I MINA' | ) |
| BENTE SIETE NA LIHESLATURAN | ) |
| GUAHAN (The 27th Guam Legislature); | ) |
| FELIX P. CAMACHO, in his official | ) |
| capacity as the GOVERNOR OF GUAM, | ) |
| | ) |
| Defendants. | ) |
| | ) |

I, JOAQUIN C. ARRIOLA, JR., hereby declare and state as follows:

1.     I am counsel for the Intervenor LINA'LA' SIN CASINO in the above-entitled action.

2.     Plaintiff Lourdes Aguon-Shulte, Defendants Guam Election Commission, 27th Guam

Legislature, and Governor of Guam were given notice of this application by facsimile on October

25, 2004 through their counsel of record.   As a courtesy, the Attorney General was also given notice

by facsimile.

3.     On Friday, October 22, 2004, Defendants Guam Election Commission and Governor

**ORIGINAL**



of Guam had signed a proposed Stipulation Permitting Intervention by Lina'la. Defendant 27th Guam Legislature was prepared to sign the Stipulation. Thus, I do not believe that the Defendants oppose the motion to intervene. On Thursday, October 21, 2004, Plaintiff had agreed to such a Stipulation, but on Friday, October 22, 2004, Plaintiff no longer agreed.

4.      As of the preparation of this Declaration, it is unknown if any of the Parties will oppose the motion or be present at the hearing thereon.

I declare under penalty of perjury, that the foregoing statements are true and correct and to the best of my knowledge and belief.

Dated at Hagatna, Guam: October 25, 2004.

_____
JOAQUIN C. ARRIOLA, JR.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

DEC 07 2004

Domingo M. Nego
Deputy Clerk, Superior Court of Guam

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910



**JOAQUIN C. ARRIOLA, JR., ESQ.**
**ARRIOLA, COWAN & ARRIOLA**
259 MARTYR STREET, SUITE 201
P.O. BOX X, HAGÅTÑA, GUAM 96932
TELEPHONE: (671) 477-9730/33
TELECOPIER: (671) 477-9734

Counsel for Lina'la' Sin Casino

### IN THE SUPERIOR COURT OF GUAM
### TERRITORY OF GUAM

| | | |
|---|---|---|
| LOURDES P. AGUON-SCHULTE, | ) | CIVIL CASE NO. **CV1103-04** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE GUAM ELECTION COMMISSION; | ) | **DECLARATION IN SUPPORT OF** |
| GERALD A. TAITANO, in his individual | ) | **EX PARTE MOTION OF LINA'LA' SIN** |
| capacity and in his capacity as the | ) | **CASINO TO INTERVENE** |
| Executive Director of THE GUAM | ) | |
| ELECTION COMMISSION, I MINA' | ) | |
| BENTE SIETE NA LIHESLATURAN | ) | |
| GUAHAN (The 27th Guam Legislature); | ) | |
| FELIX P. CAMACHO, in his official | ) | |
| capacity as the GOVERNOR OF GUAM, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

JOSE Q. CRUZ, being duly sworn, deposes and states as follows:

1.      I am a resident of Tumon, Guam and a registered voter of the Territory of Guam. I am the

President of Lina'la' Sin Casino, a non-profit corporation registered under the laws of Guam.

2.      Lina'la' Sin Casino is an educational, non-profit corporation committed to providing

education and information concerning issues of current interest and for protection of the family and

culture of Guam. Lina'la' has registered with the Guam Election Commission as a group of voters

opposed to Proposal A, an initiative measure currently being voted on by the people of Guam.

**ORIGINAL**

Lina'la' has submitted official arguments in opposition to Proposal A, which were adopted and published by the Guam Election Commission. Lina'la' has been recognized by the Guam Election Commission as a group of voters organized in opposition to Proposal A, pursuant to the Commission Rules and Regulations. Over the past two years, Lina'la' has expended extensive resources, time and effort to oppose Proposal A. Lina'la' has historically opposed efforts to legalize casino gambling on Guam.

3.      Lina'la' seeks to intervene in the above-captioned case to protect its interests and the interests of voters of Guam who oppose Proposal A. Plaintiff Lourdes P. Aguon-Schulte is the campaign director for the proponents of Proposal A. On information and belief, Plaintiff is employed by Citizens for Economic Diversity. Citizens for Economic Diversity is a for-profit corporation which has initiated, sponsored and aggressively campaigned for Proposal A. Citizens for Economic Diversity has been recognized by the Guam Election Commission as a group of voters organized in support of Proposal A, and has submitted official arguments in support of Proposal A, which were adopted and published by the Guam Election Commission.

4.      Lina'la's interests in defeating Proposal A are not represented by any of the parties in this case. Lina'la's interests are clearly not represented by the Plaintiff. While Lina'la' does not dispute all of Plaintiff's factual allegations, Lina'la' opposes **all** of Plaintiff's claims for relief. No other party to this case represents the interests of Lina'la'. No other party in this case actively opposes Proposal A.

5.      Lina'la' intends to defend the above lawsuit and assert a number of defenses and issues relating to the complaint including: Plaintiff lacks standing to sue for such relief; the Superior Court of Guam lacks jurisdiction over Plaintiff's federal claims; Plaintiff has unclean hands in pursuing her claims; Plaintiff is estopped and barred by the doctrine of laches in pursuing her claims;

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

Plaintiff's cause of action is not ripe for review; Plaintiff's requested relief is not authorized by Guam law and indeed, her request directly contravenes local law. Lina'la's defense and the main action have a questions of law and fact in common.

6.      Lina'la' claims an interest relating to the transactions which are the subject of the action: the election on Proposal A. Lina'la' is so situated that the disposition of the action may as a practical matter impair or impede the Lina'la's ability to protect that interest. NONE of the parties herein will represent Lina'la's interests. Lina'la' opposes Proposal A; Plaintiff supports Proposal A.

I declare under penalty of perjury under the laws of Guam that the foregoing is true and correct.

Dated at Hagatna, Guam: October 25, 2004.

LINA'LA' SIN CASINO

JOSE Q. CRUZ, PRESIDENT

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

DEC 0 7 2004

Domingo M. Nego
Deputy Clerk, Superior Court of Guam



**JOAQUIN C. ARRIOLA, JR., ESQ.**
**ARRIOLA, COWAN & ARRIOLA**
259 MARTYR STREET, SUITE 201
P.O. BOX X, HAGÅTÑA, GUAM  96932
TELEPHONE: (671) 477-9730/33
TELECOPIER: (671) 477-9734
Counsel for Lina'la' Sin Casino

### IN THE SUPERIOR COURT OF GUAM
### TERRITORY OF GUAM

| | |
|---|---|
| LOURDES P. AGUON-SCHULTE,      ) | CIVIL CASE NO. **CV1103-04** |
|                ) | |
|        Plaintiff,       ) | |
|                ) | |
|       vs.            ) | |
|                ) | |
| THE GUAM ELECTION COMMISSION;   ) | **NOTICE OF EX PARTE MOTION AND** |
| GERALD A. TAITANO, in his individual   ) | **REQUEST TO TRANSMIT FILE** |
| capacity and in his capacity as the       ) | |
| Executive Director of THE GUAM       ) | |
| ELECTION COMMISSION, I MINA'       ) | |
| BENTE SIETE NA LIHESLATURAN      ) | |
| GUAHAN (The 27th Guam Legislature);   ) | |
| FELIX P. CAMACHO, in his official     ) | |
| capacity as the GOVERNOR OF GUAM,   ) | |
|                ) | |
|        Defendants.     ) | |
| _____ ) | |

PLEASE TAKE NOTICE THAT, Intervenor, LINA'LA' SIN CASINO, will bring on for

ex parte hearing a Motion to Intervene on Monday, October 25, 2004, at 11:00 a.m., or as soon

thereafter as the matter may be heard, before the Honorable Judge Katherine A. Maraman, assigned

judge, Superior Court of Guam, 120 W. O'Brien Drive, Hagatna, Guam. The Clerk of Court is

respectfully requested to transmit the case file to the  chambers of Judge Maraman for hearing.

Dated at Hagatna, Guam : October 25, 2004.

**ARRIOLA, COWAN & ARRIOLA**

**ORIGINAL**

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam

DEC 01 2004

Domingo M. Nego
Deputy Clerk, Superior Court of Guam

**JOAQUIN C. ARRIOLA, JR.**

**JOAQUIN C. ARRIOLA, JR., ESQ.**
**ARRIOLA, COWAN & ARRIOLA**
259 MARTYR STREET, SUITE 201
P.O. BOX X, HAGÅTÑA, GUAM 96932
TELEPHONE: (671) 477-9730/33
TELECOPIER: (671) 477-9734

Counsel for Lina'la' Sin Casino

SUPERIOR COURT
OF GUAM

2004 OCT [illegible] 11 10: 23

CLERK [illegible]
BY [illegible]



## IN THE SUPERIOR COURT OF GUAM
## TERRITORY OF GUAM

| | | |
|---|---|---|
| LOURDES P. AGUON-SCHULTE, | ) | CIVIL CASE NO. **CV1103-04** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE GUAM ELECTION COMMISSION; | ) | |
| GERALD A. TAITANO, in his individual | ) | **EX PARTE MOTION OF LINA'LA' SIN** |
| capacity and in his capacity as the | ) | **CASINO TO INTERVENE** |
| Executive Director of THE GUAM | ) | |
| ELECTION COMMISSION, I MINA' | ) | |
| BENTE SIETE NA LIHESLATURAN | ) | |
| GUAHAN (The 27th Guam Legislature); | ) | |
| FELIX P. CAMACHO, in his official | ) | |
| capacity as the GOVERNOR OF GUAM, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMES NOW, Intervenor, LINA'LA' SIN CASINO, by and through its counsel, Joaquin

C. Arriola, Jr., and moves the Court, ex parte, to intervene in this case. This ex parte motion is

supported by the following Memorandum of Points and Authorities and the Declaration of Jose Q.

Cruz filed herewith. Lina'la's Answer setting forth the defenses for which intervention is sought is

attached as Exhibit A and incorporated herein by this reference.

## ORIGINAL

(sidebar, left margin) ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

# MEMORANDUM OF POINTS AND AUTHORITIES

Guam Rules of Civil Procedure, Rule 24 provides as follows:

**Rule 24. Intervention.**
**(a) Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action:
(1) when a statute confers an unconditional right to intervene, or (2) *when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.*
**(b) Permissive Intervention.** Upon timely application, anyone may be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) *when an applicant's claim or defense and the main action have a question of law or fact in common.* When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.
**(c) Procedure.** A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute gives a right to intervene. When the validity of an act of the Guam Legislature affecting the public interest is drawn in question in any action to which the Government of Guam or an officer, agency, or employee thereof is not a party, the court shall notify the Attorney General.

Rule 24, GRCP (emphasis added.).

Lina'la's application to intervene is timely. No answers have been filed by any Defendants. This suit was only filed on October 18, 2004, and the first hearing in the matter was held on October 21, 2004. An expedited briefing schedule has been ordered and Lina'la' is prepared to comply.

Under Rule 24(a)(1) above, intervention as a matter of right is warranted. This is an election case involving Proposal A, an initiative measure **currently** being voted on by the people of Guam. Plaintiff clearly is affiliated with the proponents of Proposal A, namely Citizens for Economic

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

Diversity, a for-profit corporation which has sponsored Proposal A. She is their paid campaign director. Lina'la' Sin Casino is an educational, non-profit corporation committed to providing education and information concerning issues of current interest and for protection of the family and culture of Guam. Lina'la' has registered with the Guam Election Commission as a group of voters opposed to Proposal A. Lina'la' has submitted official arguments in opposition to Proposal A, which were adopted and published by the Guam Election Commission. Plaintiff seeks to stop the ongoing vote on Proposal A. Plaintiff further seeks a declaratory judgment nullifying the ongoing election on Proposal A. Plaintiff further seeks declaratory relief dictating the terms and conditions of a special election for Proposal A. While Lina'la' may not dispute all of Plaintiff's factual allegations, Lina'la' opposes **all** of Plaintiff's claims for relief.

In short, Lina'la' claims an interest relating to the transactions which are the subject of the action: the election on Proposal A. Lina'la' is so situated that the disposition of the action may as a practical matter impair or impede the Lina'la's ability to protect that interest. NONE of the parties herein will represent Lina'la's interests. Lina'la' opposes Proposal A; Plaintiff supports Proposal A. While some may argue that the Defendant Governor of Guam or Defendant Guam Legislature may adequately represent Lina'la's interests, those parties have their own interests, primarily political and governmental, which are not at all similar to Lina'la's, much less protected by such Defendants. Lina'la' represents many voters who oppose Proposal A, and who oppose Plaintiff's claims for relief. NO OTHER PARTY shares such interest in this litigation. Under Rule 24(a)(1), Lina'la's intervention as of right must be ordered.

Similarly, under Rule 24 (b), permissive intervention is warranted. Again, Lina'la's instant motion is timely, filed about a week after the complaint herein was filed, and only filed after the named parties declined to stipulate to such intervention (after having initially agreed to such

stipulation). Lina'la' claims a number of defenses and issues relating to the complaint: Plaintiff lacks standing to sue for such relief; the Superior Court of Guam lacks jurisdiction over Plaintiff's federal claims; Plaintiff has unclean hands in pursuing her claims; Plaintiff is estopped and barred by the doctrine of laches in pursuing her claims; Plaintiff's cause of action is not ripe for review; Plaintiff's requested relief is not authorized by Guam law and indeed, her request directly contravenes local law. Lina'la's defense and the main action have a question of law and fact in common: what, if anything, should be done about the ongoing election on Proposal A. Lina'la' does not share Plaintiff's claim for relief: Lina'la' does not believe the ongoing election should be stopped; Lina'la' does not believe the ongoing election is invalid; Lina'la' does not believe the Court should order a special election. Lina'la's defense of this lawsuit will provide the Court with more arguments, guidance, facts and law on the issues presented by the Plaintiff.

Under Rule 24, intervention as of right or permission is warranted. Lina'la' meets all the grounds for such. ALL interests in this action should be represented.

Dated at Hagatna, Guam : October 25, 2004.

ARRIOLA, COWAN & ARRIOLA

JOAQUIN C. ARRIOLA, JR.

**JOAQUIN C. ARRIOLA, JR., ESQ.**
**ARRIOLA, COWAN & ARRIOLA**
259 MARTYR STREET, SUITE 201
P.O. BOX X, HAGÅTÑA, GUAM 96932
TELEPHONE: (671) 477-9730/33
TELECOPIER: (671) 477-9734

Counsel for Lina'la Casino

## IN THE SUPERIOR COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| LOURDES P. AGUON-SCHULTE, | ) CIVIL CASE NO. CV1103-04 |
| Plaintiff, | ) |
| vs. | ) |
| THE GUAM ELECTION COMMISSION; GERALD A. TAITANO, in his individual capacity and in his capacity as the Executive Director of THE GUAM ELECTION COMMISSION, I MINA' BENTE SIETE NA LIHESLATURAN GUAHAN (The 27th Guam Legislature); FELIX P. CAMACHO, in his official capacity as the GOVERNOR OF GUAM, | ) **ANSWER OF LINA'LA' SIN CASINO** |
| Defendants. | ) |
| LINA'LA' SIN CASINO, | ) |
| Intervenor. | ) |

COMES NOW, Intervenor, LINA'LA' SIN CASINO, by and through its Attorney, Joaquin

C. Arriola, Jr., and answers the Plaintiff's Complaint as follows:

1.      Answering Paragraph 1 of Plaintiff's Complaint, Intervenor lacks sufficient

information or knowledge to form a belief as to the truth or falsity of the allegations contained

*(left margin, vertical)* ARRIOLA, COWAN & ARRIOLA, HAGATÑA, GUAM 96910

*(right side stamp)* **EXHIBIT** A

therein and on that basis denies said paragraph.

2. Answering Paragraph 2 of Plaintiff's Complaint, Intervenor admits the allegations contained therein.

3. Answering Paragraph 3 of Plaintiff's Complaint, Intervenor admits the allegations contained therein.

4. Answering Paragraph 4 of Plaintiff's Complaint, Intervenor admits the allegations contained therein.

5. Answering Paragraph 5 of Plaintiff's Complaint, Intervenor admits the allegations contained therein.

6. Answering Paragraph 6 of Plaintiff's Complaint, Intervenor denies the allegations contained therein.

7. Answering Paragraph 7 of Plaintiff's Complaint, Intervenor admits that "Proposal A is on the ballot for the scheduled November 2, 2004 Guam General Election," but lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in said paragraph and on that basis denies the remaining allegations.

8. Answering Paragraph 8 of Plaintiff's Complaint, Intervenor lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

9. Answering Paragraph 9 of Plaintiff's Complaint, Intervenor lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

10. Answering Paragraph 10 of Plaintiff's Complaint, Intervenor lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

11.     Answering Paragraph 11 of Plaintiff's Complaint, Intervenor lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

12.     Answering Paragraph 12 of Plaintiff's Complaint, Intervenor admits the allegations contained therein.

13.     Answering Paragraph 13 of Plaintiff's Complaint, Intervenor admits the allegations contained therein.

14.     Answering Paragraph 14 of Plaintiff's Complaint, Intervenor lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

15.     Answering Paragraph 15 of Plaintiff's Complaint, Intervenor admits the allegations contained therein.

16.     Answering Paragraph 16 of Plaintiff's Complaint, Intervenor lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

17.     Answering Paragraph 17 of Plaintiff's Complaint, Intervenor lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

18.     Answering Paragraph 18 of Plaintiff's Complaint, Intervenor lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

19.     Answering Paragraph 19 of Plaintiff's Complaint, Intervenor lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

ARRIOLA, COWAN & ARRIOLA, HAGÅTÑA, GUAM 96910

20.     Intervenor refers and incorporates Paragraphs 1 through 19 of this Answer as though fully set forth herein.

21.     Answering Paragraph 21 of Plaintiff's Complaint, Intervenor lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

22.     Answering Paragraph 22 of Plaintiff's Complaint, Intervenor admits the allegations contained therein.

23.     Answering Paragraph 23 of Plaintiff's Complaint, Intervenor admits the allegations contained therein.

24.     Answering Paragraph 24 of Plaintiff's Complaint, Intervenor admits the allegations contained therein.

25.     Answering Paragraph 25 of Plaintiff's Complaint, Intervenor lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

26.     Answering Paragraph 26 of Plaintiff's Complaint, Intervenor admits the allegations contained therein.

27.     Answering Paragraph 27 of Plaintiff's Complaint, Intervenor admits the allegations contained therein.

28.     Answering Paragraph 28 of Plaintiff's Complaint, Intervenor admits the allegations contained therein.

29.     Answering Paragraph 29 of Plaintiff's Complaint, Intervenor denies the allegations contained therein.

30.     Answering Paragraph 30 of Plaintiff's Complaint, Intervenor denies the allegations contained therein.

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

31.    Answering Paragraph 31 of Plaintiff's Complaint, Intervenor denies the allegations contained therein.

32.    Intervenor refers and incorporates Paragraphs 1 through 31 of this Answer as though fully set forth herein.

33.    Answering Paragraph 33 of Plaintiff's Complaint, Intervenor lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

34.    Answering Paragraph 34 of Plaintiff's Complaint, Intervenor lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

35.    Answering Paragraph 35 of Plaintiff's Complaint, Intervenor admits the allegations contained therein.

36.    Answering Paragraph 36 of Plaintiff's Complaint, Intervenor admits the allegations contained therein.

37.    Answering Paragraph 37 of Plaintiff's Complaint, Intervenor lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

38.    Answering Paragraph 38 of Plaintiff's Complaint, Intervenor denies the allegations contained therein.

39.    Intervenor refers and incorporates Paragraphs 1 through 38 of this Answer as though fully set forth herein.

40.    Answering Paragraph 40 of Plaintiff's Complaint, Intervenor denies the allegations contained therein.

41.    Answering Paragraph 41 of Plaintiff's Complaint, Intervenor lacks sufficient

information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

42. Answering Paragraph 42 of Plaintiff's Complaint, Intervenor lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

43. Answering Paragraph 43 of Plaintiff's Complaint, Intervenor lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

44. Answering Paragraph 44 of Plaintiff's Complaint, Intervenor lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

45. Answering Paragraph 45 of Plaintiff's Complaint, Intervenor admits the allegations contained therein.

46. Answering Paragraph 46 of Plaintiff's Complaint, Intervenor lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

47. Answering Paragraph 47 of Plaintiff's Complaint, Intervenor denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

1. Plaintiff lacks standing.

2. Superior Court of Guam lacks jurisdiction over the claims in Plaintiff's Complaint.

3. Plaintiff has failed to exhaust her administrative remedies.

4. Plaintiff's Complaint and each purported cause of action therein, fails to state a claim upon which relief can be granted.

5.     Plaintiff is barred by laches from obtaining any relief as pleaded in the Complaint.

6.     Plaintiff is barred by the applicable statute of limitation and/or repose from obtaining any relief as pleaded in the Complaint.

7.     Plaintiff has, by reason of her conduct, waived any claims sought in her Complaint.

8.     Plaintiff is barred from obtaining any relief as pleaded in the Complaint by the doctrine of unclean hands.

WHEREFORE, Intervenor requests the following relief:

1.     That Plaintiff's case be dismissed.

2.     That Intervenor be awarded reasonable attorney's fees and costs.

3.     For such other and further relief as the Court deems just in the premises.

Dated at Hagåtña: October 25, 2004.

**ARRIOLA, COWAN & ARRIOLA**
**Counsel for Intervenor, LINA'LA' SIN**
**CASINO**

JOAQUIN C. ARRIOLA, JR.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam

OCT 0 2 2004

Domingo M. Nero
Deputy Clerk, Superior Court of Guam

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

# RECORDING LOG

| TAPE NO. 704-1248 | PAGE NO. 1 | COURT CONVENED AT 11:00 | ☑AM ☐PM | DATE 10 | 25 | 2004 |

PRESENT: JUDGE: HONORABLE KATHERINE A. MARAMAN  **CLERK:**

CASE NUMBER CV1103-04   CASE TITLE  Lauren P. Agor-Schulte  vs.  Guam Election Commission 14 mets

COUNSEL PRESENT:

PLAINTIFF: Atty Robert Tarpy

DEFENDANT: Atty Rob Weinberg

PROCEEDINGS: Atty Robert Weinberg

Ex Parte

RECORDING CHANNEL ASSIGNMENT: 1. _____ 2. _____ 3. _____ 4. _____

LEGEND:
J - JUDGE  D - DEFENDANT  P/WI - PLAINTIFF WITNESS NO. 1, NO. 2, ETC.  DEX - DIRECT EXAM
P - PLAINTIFF  D/A - DEF'S ATTORNEY  D/WI - DEFENDANT WITNESS NO. 1. NO. 2 ETC.  XEX - CROSS EXAM
C - CLERK  P/A - PL'S ATTORNEY

| LOG NUMBER | DESCRIPTION |
|---|---|
| 7 | Case called |
| 35 | Weinberg Jr: Rule 24 (a) Right to intervention & moving ex parte |
| 57 | - Stated subject of lawsuit plf is seeking |
| 74 | - Governor, Legislature or Election Commission have not represented a stand |
| 101 | - No one can represent opponents of Prop A |
| | - many further comments |
| 120 | - questions of law |
| | - Feel we should be permitted to intervene |
| 138 | Roberts: I can respond if have more time willing to go forward against intervention right now |
| 166 | - ask we return tomorrow morning |
| 176 | - No rule 9 certificate, I believe |
| 180 | Ct: There is a rule 9 statement |

| LOG NO. | MINUTE ENTRY |
|---|---|
| 203 | Attys. Shannon Thistau Thereu Teritaje |
|  | & Cesar Corbit not here today |
|  | to report |
| 234 | — Rule 24(a) intervention addressed |
| 259 | — Need at noon Cesar Corbit to file |
|  | papers that election should go forward |
| 305 | — Rule 24(a)(1) Stutter what movants |
|  | has to show |
| 337 | — Stutter 2nd reason why intervention |
|  | should be denied when existing parties |
|  | should be prejudice |
| 364 | — Stutter limits ex parte meetings with lower Attys |
|  | & if court disqualifies herself |
| 394 | — know all Judges on Guam have |
|  | recused themselves |
| 2/19 | — Stutter 3rd reason why intervention |
|  | should be denied |
|  | — oppose application for intervention |
| 480 | Arriola Jr. Rule 9 statement included |
|  | & parties served |
|  | + Pty changed her mind this past Friday |
|  | & had agreed this past week |
|  | — on Fri Guam Counsels agreed |
|  | Stipulation & were oppose |
|  | |
| 536 | Arriola Object, to the NST appearance |

| LOG NO. | MINUTE ENTRY |
|---|---|
| | Weinberg: _States A & C position as to_ |
| | _gov't zoning : Atty behind & entitled to_ |
| | _be heard_ |
| | _Last wk A.C. made appearance in_ |
| | _this court_ |
| | _Likes to study re Atty Murota's representation_ |
| | _Agree with plf to serve & discuss re same_ |
| | _With respect to proposed intervention_ |
| | _Govt but this lawsuit is obvious_ |
| | _We have no position on the merits_ |
| | Murota Jr.: _States position under rule 9_ |
| | _issue of standing address_ |
| | _We are registered since 199?_ |
| | _as non profit organization_ |
| | Ret. Roberts: _accepts this position_ |
| | Murota: _On Oct 1st reference_ |
| | _Complaint filed merely a unicorn_ |
| | _Won't comply with court briefing schedule_ |
| | _None of parties moved for disclosure when_ |
| | _when it was disclosed_ |
| | _This is a question of proposal A_ |
| | _whether this gov't funded_ |
| | _None of parties were represented_ |
| | _property of proposal A_ |
| | _We feel we have better standing argmt_ |
| | Ct. _Until 4pm Atty Roberts can file_ |
| | _today a response_ |

| LOG NO | MINUTE ENTRY |
|--------|--------------|
| 920 | [Atty]: 1964 decision cited |
| 930 | — Until 10/7 my clients didn't see problem until then |
| | On 10/11 we saw there was a problem |
| 936 | Look at last sentence of Rule 24 directs Court |
| 1002 | [Atty]: not validity of out of forum Legislature Challenging |

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam

DEC 7 2004

Danielle M. Nejo
Deputy Clerk, Superior Court of Guam

Dooley Roberts & Fowler LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Drive
Tamuning, Guam 96913
Telephone:    (671) 646-1222
Facsimile:    (671) 646-1223

Attorneys for Plaintiff Lourdes P. Aguon-Schulte


FILED
SUPERIOR COURT
OF GUAM

2004 OCT 25

CLERK OF COURT
BY

IN THE SUPERIOR COURT

OF GUAM

| | | |
|---|---|---|
| LOURDES P. AGUON-SCHULTE | ) | CIVIL CASE NO. CV1103-04 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PLAINTIFF'S OPPOSITION TO LINA'LA** |
| | ) | **SIN CASINO'S MOTION TO INTERVENE** |
| THE GUAM ELECTION COMMISSION; | ) | |
| GERALD A. TAITANO, in his individual | ) | |
| capacity and in his capacity as the | ) | |
| Executive Director of THE GUAM | ) | |
| ELECTION COMMMISSION, I MINA' | ) | |
| BENTE SIETE NA LIHESLATURAN | ) | |
| GUAHAN (The 27th Guam Legislature); | ) | |
| FELIX P. CAMACHO, in his official | ) | |
| capacity as the GOVERNOR OF GUAM, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| LINA'LA SIN CASINO | ) | |
| | ) | |
| Intervenor. | ) | |

Rule 24 allows intervention when "the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." The would-be intervenors do not appear to meet the test for intervention. The Election Commission and the Director claim the election is valid and that it will go forward as scheduled. They have every reason to vigorously oppose Plaintiff's



Plaintiff's Opposition To Lina'la Sin Casino's Motion To Intervene
Aguon-Schulte v. Guam Election Commission, et al.
Civil Case No. CV1103-04
Page 2

motions. The would-be intervenors' interests therefore appear to be "adequately represented by existing parties" within the meaning of Rule 24. As such, it is not necessary to allow them to intervene. "When applicants for intervention seek to achieve the same objectives as an existing party in the case, that party is presumed to represent the applicants' interests adequately." Meek v. Metropolitan Dade County, 985 F.2d 1471, 1477 (11th Cir. 1993).

Intervention will also be denied where it will prejudice the existing parties. None of the attorneys for the existing parties to the litigation has any objection to this court hearing the pending motions simply because she is acquainted with the named plaintiff. This is because of the urgency of the case, the obvious need for a pre-election declaration, the fact that each and every other Superior Court judge is unable to hear the case, and because Ms. Aguon-Schulte was only named as a plaintiff because she is a registered voter, not because she has any personal interest in the case that is necessarily any different than the interests of any other voter on Guam.

However, counsel for intervenors has informed the undersigned counsel that if he is permitted to intervene on behalf of Lina'la' Sin Casino, he will file a motion to disqualify this court. Under the order issued by the court at last Friday's ex parte hearing, that motion to disqualify the court will come on for hearing this Thursday, October 28, 2004. This is only two (2) working days before the November 2, 2004 election. Since every other Judge of the Superior Court has recused himself or herself from the case, as a practical any disqualification of this court will deprive plaintiff (as well as the voting public) of any pre-election declaration on the validity of the election itself. But, plaintiff and the people of Guam have a right to a pre-

Plaintiff's Opposition To Lina'la Sin Casino's Motion To Intervene
Aguon-Schulte v. Guam Election Commission, et al.
Civil Case No. CV1103-04
Page 3

election judicial declaration on whether their vote for or against Proposal A on November 2,

2004 is legally meaningful or legally meaningless.

For the reasons just stated, this morning the undersigned counsel filed a new class action

lawsuit on behalf of Jay Merrill individually as well as "on behalf of all other similarly

situated voters desirous of casting a vote in favor of Proposal A in a fair and legal election." A

true and correct copy of the new complaint (without exhibits, which are identical to the exhibits

to the complaint in this case) is attached hereto and incorporated herein as Exhibit 1. The

complaint in the new case, Superior Court Civil Case No. CV. 1111-04, has been filed against

the same Defendants as in the Aguon-Schulte case. Aside from the class action allegations,

the new Merrill, et. al. complaint is identical to the complaint in the Aguon-Schulte case.

Finally, the undersigned counsel has filed an ex parte notice of motion and motion for

declaratory and injunctive relief in the new case, as well. See Exhibit 2, attached hereto and

made a part hereof. These documents are identical to the ex parte motions filed in this case.

Plaintiff requests the court to also hear the ex parte motion in the new case, CV 1111-04, this

Thursday, October 4, 2004 at 2:00 p.m., which is the time, date and place set for the hearing on

the ex parte motions in this case, CV1103-04. The complaint as well as the ex parte motions

have already been faxed to all opposing counsel presently of record in this case. See, Exhibit 3,

a true and correct copy of a letter sent by the undersigned counsel this afternoon. Since they are

attached to this opposition, counsel for Lina'la' Sin Casino now has them, as well. No one can

possibly be prejudiced by a hearing on these motions at the same time as the other motions, since

Plaintiff's Opposition To Lina'la Sin Casino's Motion To Intervene
Aguon-Schulte v. Guam Election Commission, et al.
Civil Case No. CV1103-04
Page 4

they are identical. Most importantly, if the court feels the need to recuse itself in the event of

any motion to disqualify her in CV1103-04, then the court could simply proceed to hear the

identical motions in CV1111-04.

DOOLEY ROBERTS & FOWLER LLP

Dated: October 25, 2004                    By: _____
                                           **THOMAS L. ROBERTS**
                                           Attorneys for Plaintiff

F:\Documents\Thomas L Roberts (07.04)\C325 CFED\Pleadings\Superior Court\C325 - Opposition to Motion to Intervene.doc

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam

DEC 0 7 2004

Domingo M. Nego
Deputy Clerk, Superior Court of Guam


1

2  Douglas B. Moylan
   Attorney General of Guam
3  Robert M. Weinberg
   Assistant Attorney General
4  Civil Division
   Guam Judicial Center, Suite 2-200E
5  120 West O'Brien Drive
   Hagåtña, Guam 96910 • USA
6  (671) 475-3324 • (671) 472-2493 (Fax)

7  Attorneys for the Government of Guam

8            IN THE SUPERIOR COURT OF GUAM
                     HAGÅTÑA, GUAM
9

10  LOURDES P. AGUON-SCHULTE,          )      Civil Case No. CV-1103-04
                                       )
11              Plaintiff,             )
                                       )   NOTICE OF REMOVAL OF CIVIL ACTION
12        vs.                          )
                                       )        TO DISTRICT COURT
13  THE GUAM ELECTION COMMISSION,      )
    et al.                             )
14                                     )
                                       )
15              Defendants.            )
    _____)
16

17        Pursuant to 28 U.S.C. § 1441(d), **please take notice** that pursuant to 28 U.S.C. § 1441, et

18  seq., the above-styled action has been removed to the District Court for the Territory of Guam.

19        Dated this 26th day of October, 2004.

20                              OFFICE OF THE ATTORNEY GENERAL
                                Douglas B. Moylan, Attorney General
21

22                              ROBERT M. WEINBERG
                                Assistant Attorney General
23

24  copies: Tim Roberts, Esq.
            For plaintiff Aguon-Schulte
25          Cesar Cabot, Esq.
            For defendant Guam Election Commission

Page 1

Shannon Taitano, Esq.
 For defendant Governor of Guam
Therese Terlaje', Esq.
 For defendant Legislature of Guam
Joaquin C. Arriola, Jr., Esq.
 For proposed Intervenor, Lina'La'Sin Casino