FILED
SUPERIOR COURT
OF GUAM

2004 OCT 26 PM 2: 41

CLERK OF COURT
BY

LOURDES P. AGUON-SCHULTE, )  CIVIL CASE NO.: CV1103-04
                                )
             Plaintiff, )

vs. )  **DEFENDANTS GUAM ELECTION COMMISSIONS' AND GERALD A. TAITANO'S REQUEST FOR RECUSAL**

THE GUAM ELECTION COMMISSION; )
GERALD A. TAITANO, in his individual )
capacity and in his capacity as the )
Executive Director of THE GUAM )
ELECTION COMMISSION, I MINA' )
BENTE SIETE NA LIHESLATURAN )
GUAHAN (The 27th Guam Legislature); )
FELIX P. CAMACHO, in his official )
capacity as the GOVERNOR OF GUAM, )
                                )
            Defendants. )

LAW OFFICES OF
CESAR C. CABOT, P.C.
BankPacific Building, Second Floor • 825 South Marine Corps Drive • Tamuning, Guam 96913
Telephone: (671) 646-2001 • Facsimile: (671) 646-0777
Attorneys at Law

**TO:**    **HONORABLE KATHERINE A. MARAMAN,**
             **JUDGE, SUPERIOR COURT OF GUAM**

       Defendants Guam Election Commission and Gerald A. Taitano (collectively hereafter "GEC"), pursuant to 7 GCA §6107, respectfully requests that the Court recuse itself from any further involvement in this matter. The basis for this request is that the GEC has learned that the Honorable Judge Katherine A. Maraman disclosed upon the Court record, that she was a close friend of the Plaintiff and her family.

       Plaintiff's and her family's close relationship with this Court creates an appearance of impropriety requiring this Court's recusal. As the case moves forward, the Court will be called upon to make decisions which will substantially affect, for better or worse, the GEC.

       This situation creates a substantial appearance of impropriety. Given the reported close relationship which exists between a judge and the Plaintiff and her family, there



**ORIGINAL**

appears to be a likelihood that the Court's impartiality in this matter might reasonably be questioned. The Court cannot help but be conscious of the fact that its decisions in this case will have a direct, personal impact on the Plaintiff and her litigation objectives. This in turn creates the appearance that the Court will be reluctant to make decisions which would adversely affect its relationship with Plaintiff or her family, and thus may be inclined to favor Plaintiff.

The GEC therefore respectfully requests that this Court recuse itself from this matter.

Respectfully submitted this 26th day of October, 2004.

LAW OFFICES OF CESAR C. CABOT, P.C.
Attorneys for the Guam Election Commission

By: _____
CESAR C. CABOT

CCC:me
P047200.CCC

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

DEC 0 7 2004

Domingo M. Nego
Deputy Clerk, Superior Court of Guam

Attorneys at Law

LAW OFFICES OF
CESAR C. CABOT, P.C.
BankPacific Building, Second Floor ● 825 South Marine Corps Drive ● Tamuning, Guam 96913
Telephone: (671) 646-2001 ● Facsimile: (671) 646-0777

2

# IN THE SUPERIOR COURT OF GUAM

CIVIL CASE NO. CV1103-04

LOURDES P. AGUON-SCHULTE, )
                         )
           Plaintiff, )
                         )
    vs. )
                         )
THE GUAM ELECTION COMMISSION; )
GERALD A. TAITANO, in his individual )      **ORDER**
capacity and in his capacity as the )
Executive Director of THE GUAM )
ELECTION COMMISSION, I MINA' )
BENTE SIETE NA LIHESLATURAN )
GUAHAN (The 27th Guam Legislature); )
FELIX P. CAMACHO, in his official )
capacity as the GOVERNOR OF GUAM, )
                         )
         Defendants. )
_____ )

The Court hereby ORDERS that Lina'la' Sin Casino, may file a memorandum of law in response to the Plaintiff's motion. The Court further orders that if the Motion to Intervene filed on October 25, 2004, is not granted, Lina'la' Sin Casino's memorandum will be considered an amicus brief.

SO ORDERED this 26th day of October, 2004.



Honorable Katherine A. Maraman
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

DEC 0 7 2004

Dominga M. Nego
Deputy Clerk, Superior Court of Guam

| | | |
|---|---|---|
| Job number | : | 370 |
| Date & Time | : | Oct-26 04:39pm |
| To | : | 4779734 |
| Number of pages | : | 001 |
| Start time | : | Oct-26 04:39pm |
| End time | : | Oct-26 04:39pm |
| Pages sent | : | 001 |
| Status | : | OK |

Job number    : 370               *** SEND SUCCESSFUL ***

## IN THE SUPERIOR COURT OF GUAM

LOURDES P. AGUON-SCHULTE,

    Plaintiff,

    vs.

THE GUAM ELECTION COMMISSION;
GERALD A. TAITANO, in his individual
capacity and in his capacity as the
Executive Director of THE GUAM
ELECTION COMMISSION, I MINA'
BENTE SIETE NA LIHESLATURAN
GUAHAN (The 27ᵗʰ Guam Legislature);
FELIX P. CAMACHO, in his official
capacity as the GOVERNOR OF GUAM,

    Defendants.

CIVIL CASE NO. CV1103-04

ORDER

The Court hereby ORDERS that Lina'la' Sin Casino, may file a memorandum of law in response to the Plaintiff's motion. The Court further orders that if the Motion to Intervene filed on October 25, 2004, is not granted, Lina'la' Sin Casino's memorandum will be considered an amicus brief.

SO ORDERED this 26ᵗʰ day of October, 2004.

Honorable Katherine A. Maraman
Judge, Superior Court of Guam

| | | |
|---|---|---|
| Job number | : | 371 |
| Date & Time | : | Oct-26 04:39pm |
| To | : | 6461223 |
| Number of pages | : | 001 |
| Start time | : | Oct-26 04:39pm |
| End time | : | Oct-26 04:40pm |
| Pages sent | : | 001 |
| Status | : | OK |

Job number    : 371        *** SEND SUCCESSFUL ***

---

IN THE SUPERIOR COURT OF GUAM

LOURDES P. AGUON-SCHULTE,

        Plaintiff,

        vs.

THE GUAM ELECTION COMMISSION;
GERALD A. TAITANO, in his individual
capacity and in his capacity as the
Executive Director of THE GUAM
ELECTION COMMISSION, I MINA'
BENTE SIETE NA LIHESLATURAN
GUAHAN (The 27ᵗʰ Guam Legislature);
FELIX P. CAMACHO, in his official
capacity as the GOVERNOR OF GUAM,

        Defendants.

CIVIL CASE NO. CV1103-04

ORDER

The Court hereby ORDERS that Lina'la' Sin Casino, may file a memorandum of law in response to the Plaintiff's motion. The Court further orders that if the Motion to Intervene filed on October 25, 2004, is not granted, Lina'la' Sin Casino's memorandum will be considered an amicus brief.

SO ORDERED this 26ᵗʰ day of October, 2004.

Honorable Katherine A. Maraman
Judge, Superior Court of Guam

| | | |
|---|---|---|
| Job number | : | 372 |
| Date & Time | : | Oct-26 04:39pm |
| To | : | 6460777 |
| Number of pages | : | 001 |
| Start time | : | Oct-26 04:40pm |
| End time | : | Oct-26 04:41pm |
| Pages sent | : | 001 |
| Status | : | OK |

Job number    : 372          *** SEND SUCCESSFUL ***

IN THE SUPERIOR COURT OF GUAM

LOURDES P. AGUON-SCHULTE,            )   CIVIL CASE NO. CV1103-04   FIL 2: 52
                                     )
                Plaintiff,           )           ...LAS
                                     )       CLERK OF COURT
        vs.                          )       BY:
                                     )
THE GUAM ELECTION COMMISSION;        )
GERALD A. TAITANO, in his individual )   ORDER
capacity and in his capacity as the  )
Executive Director of THE GUAM       )
ELECTION COMMISSION, I MINA'         )
BENTE SIETE NA LIHESLATURAN          )
GUAHAN (The 27th Guam Legislature);  )
FELIX P. CAMACHO, in his official    )
capacity as the GOVERNOR OF GUAM,    )
                                     )
                Defendants.          )

        The Court hereby ORDERS that Lina'la' Sin Casino, may file a memorandum of law in
response to the Plaintiff's motion. The Court further orders that if the Motion to Intervene filed on
October 25, 2004, is not granted, Lina'la' Sin Casino's memorandum will be considered an amicus
brief.

        SO ORDERED this 26th day of October, 2004.


                                        _____
                                        Honorable Katherine A. Maraman
                                        Judge, Superior Court of Guam

| | | |
|---|---|---|
| Job number | : | 373 |
| Date & Time | : | Oct-26 04:40pm |
| To | : | 4728896 |
| Number of pages | : | 001 |
| Start time | : | Oct-26 04:41pm |
| End time | : | Oct-26 04:42pm |
| Pages sent | : | 001 |
| Status | : | OK |

Job number     : 373          *** SEND SUCCESSFUL ***

IN THE SUPERIOR COURT OF GUAM

1
2
3  LOURDES P. AGUON-SCHULTE,              )   CIVIL CASE NO. CV1103-04
4                                        )
      Plaintiff,                         )
5                                        )
   vs.                                   )
6                                        )
   THE GUAM ELECTION COMMISSION;         )
7  GERALD A. TAITANO, in his individual  )   ORDER
   capacity and in his capacity as the   )
8  Executive Director of THE GUAM        )
   ELECTION COMMISSION, I MINA'          )
9  BENTE SIETE NA LIHESLATURAN           )
   GUAHAN (The 27th Guam Legislature);   )
10 FELIX P. CAMACHO, in his official     )
   capacity as the GOVERNOR OF GUAM,     )
11                                       )
12      Defendants.                      )

13
14      The Court hereby ORDERS that Lina'la' Sin Casino, may file a memorandum of law in
15 response to the Plaintiff's motion. The Court further orders that if the Motion to Intervene filed on
16 October 25, 2004, is not granted, Lina'la' Sin Casino's memorandum will be considered an amicus
17 brief.
18      SO ORDERED this 26th day of October, 2004.
19
20
21                                         _____
                                           Honorable Katherine A. Maraman
22                                         Judge, Superior Court of Guam
23
24
25
26
27
28

Confirmation Report – Memory Send

Date & Time: Oct-26-2004 04:46pm
Tel line : +6714722856
Machine ID : SUPERIOR COURT TRAFFIC DIV

Job number          :   374

Date & Time         :   Oct-26 04:42pm

To                  :   4774826

Number of pages     :   001

Start time          :   Oct-26 04:45pm

End time            :   Oct-26 04:46pm

Pages sent          :   001

Status              :   OK

Job number   : 374          *** SEND SUCCESSFUL ***

IN THE SUPERIOR COURT OF GUAM

LOURDES P. AGUON-SCHULTE,

    Plaintiff,

vs.

THE GUAM ELECTION COMMISSION;
GERALD A. TAITANO, in his individual
capacity and in his capacity as the
Executive Director of THE GUAM
ELECTION COMMISSION; I MINA'
BENTE SIETE NA LIHESLATURAN
GUAHAN (The 27th Guam Legislature);
FELIX P. CAMACHO, in his official
capacity as the GOVERNOR OF GUAM,

    Defendants.

CIVIL CASE NO. CV1103-04

ORDER

The Court hereby ORDERS that Lina'la' Sin Casino, may file a memorandum of law in response to the Plaintiff's motion. The Court further orders that if the Motion to Intervene filed on October 25, 2004, is not granted, Lina'la' Sin Casino's memorandum will be considered an amicus brief.

SO ORDERED this 26th day of October, 2004.

Honorable Katherine A. Maraman
Judge, Superior Court of Guam

FILED
SUPERIOR COURT
OF GUAM

2004 OCT 27 AM 11: 06
ALFREDO M. BORLAS
CLERK OF COURT
BY: _____

IN THE SUPERIOR COURT OF GUAM

LOURDES P. AGUON-SCHULTE,              )   CIVIL CASE NO.: CV1103-04
                                       )
                    Plaintiff,         )
                                       )
        vs.                            )   **DEFENDANTS GUAM ELECTION**
                                       )   **COMMISSION AND GERALD A.**
THE GUAM ELECTION COMMISSION;          )   **TAITANO'S MEMORANDUM OF**
GERALD A. TAITANO, in his individual   )   **POINTS AND AUTHORITIES IN**
capacity and in his capacity as the    )   **SUPPORT OF MOTION TO DISMISS**
Executive Director of THE GUAM         )   **OR TO STAY PROCEEDINGS**
ELECTION COMMISSION, I MINA'           )
BENTE SIETE NA LIHESLATURAN            )
GUAHAN (The 27th Guam Legislature);    )
FELIX P. CAMACHO, in his official      )
capacity as the GOVERNOR OF GUAM,      )
                                       )
                    Defendants.        )
_____)

LAW OFFICES OF

CESAR C. CABOT, P.C.

Attorneys at Law

BankPacific Building, Second Floor ● 825 South Marine Corps Drive ● Tamuning, Guam 96913
Telephone: (671) 646-2001 ● Facsimile: (671) 646-0777

        Defendants, Guam Election Commission ("GEC") and Gerald A. Taitano ("Taitano"), through undersigned counsel, submit this memorandum of points and authorities in support of their motion to dismiss the complaint filed in the above-captioned action, and this action, for failure to state a claim upon which relief can be granted for lack of jurisdiction, lack of process and lack of service of process pursuant to Rules 12(b)(1),(4),(5) and (6) of the Guam Rules of Civil Procedure and 3 GCA §2106(b).  In the alternative, Defendants GEC and Taitano move for an order staying this action pending the outcome of Bill No. 374 recently passed by I Liheslaturan Guahan, which may make all issues presented by this case legally moot.

ORIGINAL



# I.  FAILURE TO STATE A CLAIM

The GEC has moved to dismiss this action under Rule 12(b)(6), Guam Rules of Civil Procedure.  Rule 12(b)(6) of the Rules of Civil Procedure states as follows, in relevant part:

> (b) How Presented.  Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:... (6) failure to state a claim upon which relief can be granted.  If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56.

Taking as true for purposes of this motion under Rule 12(b)(6) the material factual allegations of Plaintiff's Complaint, the GEC and Gerald Taitano complied with 6 G.A.R. §2112(5) and 3 G.C.A. §§17509 and 17511 regarding the mailing of the ballot pamphlet.

## A.  THE GEC AND TAITANO ARGUABLY FULLY COMPLIED WITH 3 GCA §§17509 AND 17511 AND 6 G.A.R. §2112(5) REGARDING THE CONTENTS AND THE MAILING OF BALLOT PAMPHLETS, AND THEREFORE NO CAUSE OF ACTION OR CONTROVERSY EXISTS.

The required contents of the ballot pamphlet for Initiatives are addressed in Section 17509 and 17511 of Title 3, Guam Code Annotated, and 6 G.A.R. §2112(5) of the GEC administrative rules.  3 GCA §17509 provides that:

> §17509.  **Contents of Pamphlet**.  The Ballot pamphlets shall contain:
>
> (a)  A complete copy of any measure submitted to the voters by:
> (1) The Legislature.

2

LAW OFFICES OF

CESAR C. CABOT, P.C.

BankPacific Building, Second Floor ● 825 South Marine Corps Drive ● Tamuning, Guam 96913
Telephone: (671) 646-2001 ● Facsimile: (671) 646-0777

Attorneys at Law

(2) Initiative or referendum petition.

    (b)    A copy of the specific statutory provision, if any, proposed to be affected.

    (c)    A copy of the arguments provided for in this Chapter.

    (d)    The analysis and ballot title provided for in this Chapter.

See 3 GCA §17509 (emphasis added).

Section 17511 further provides that:

> **§17511. Mailing of Ballot Pamphlet.** <u>As soon as copies of the ballot pamphlet are available,</u> the Election Commission shall mail immediately the following number of copies to the following persons and places:
>
>     (a)    One copy to each registered voter;
>
>     (b)    One copy to each village Commissioner;
>
>     (c)    One copy to each judge of the Superior Court; and
>
>     (d)    One copy to each Senator.

See 3 GCA §17511 (emphasis added).

Further, Section 17512 clearly gives the Election Commission the power to promulgate administrative rules and regulations. The GEC promulgated administrative rule 6 G.A.R. §2112(5)[1] which tracks the requirements and language of 3 GCA §17509. The purpose of the administrative rules and regulations, such as 6 G.A.R. §2112(5), was to

---

[1]

GEC administrative rule - **6 G.A.R. §2112(5) "Ballot Pamphlets"**. provides: (a) The Director shall cause to be printed one and one-tenth (1-1/10) times as many ballot pamphlets as there are registered voters, to be available not less than thirty (30) days prior to the election at which an initiative measure is to be presented to the voters. (b) The ballot pamphlets shall contain, in the following order: (1) On the first page, the ballot title described in 6 GAR §2109; (2) Beginning on the next page, the analysis of the proposed measure, described in 6 GAR §2111; (3) Beginning on the next page following the end of the analysis, the selected argument for the initiative measure provided such an argument has been submitted to the Commission; (4) Beginning on the next page following the end of the selected argument for the initiative measure, the selected argument against the measure provided such an argument has been submitted to the Commission; (5) Beginning on the next page following the end of the argument against the proposed measure, the complete text of the initiative measure; (6) If, in the opinion of legal counsel to the Commission, any existing statutory provision or provisions would be affected by the measure, the text of the specific statutory provision or provisions affected shall be printed beginning on the next page following the end of the text of the initiative measure. [Law governing 3 GCA §§17508-17510.]

3

LAW OFFICES OF

CESAR C. CABOT, P.C.

Attorneys at Law

BankPacific Building, Second Floor ● 825 South Marine Corps Drive ● Tamuning, Guam 96913
Telephone: (671) 646-2001 ● Facsimile: (671) 646-0777

implement Public Law 14-23, 3 GCA Chapter 17 addressing among others, Initiative measures. 6 G.A.R. §2100. The administrative rule 3 G.A.R. §2112(5) parallels the original ballot pamphlet requirements of the Election Code pursuant to 3 GCA §17509, except that the administrative rule contains more detail and clarification.

In the instant matter, the GEC and Taitano complied with the ballot pamphlet requirements of the administrative rule, 6 G.A.R. §2112(5) and the mandate of 3 GCA §17509. As indicated above, among others, the ballot pamphlet to be mailed out by the GEC pursuant to Section 17509 shall contain "a complete copy of any <u>measure</u> submitted to the voters..." (3 GCA §17509(a)) (emphasis added). Arguably, Section 17509 does not require the complete text of the Initiative statute, only a complete copy of the "measure". The term "measure" is a term of art pursuant to the Election Code and is defined in 3 GCA §17102(d), which reads as follows:

> "<u>Measure</u> refers to the <u>action proposed or question presented on the initiative</u>, referendum or legislative submission".

An "Initiative" is also defined in Section 17102(a) as "the power of the voters to propose <u>statutes</u> and to adopt or reject them at the polls". 3 GCA §17102(a) (emphasis added). Comparing the definition of "measure" above to the definition of "Initiative" makes it clear that the "proposed statute" under an Initiative is distinct and different from the term "measure".

In the instant case, although the GEC did not include the complete text of the Initiative statute, they still arguably complied with Section 17509, because a complete copy of the "measure" was mailed to the voters, <u>as defined above</u>. A copy of the voter information pamphlet mailed by the GEC containing information regarding Proposal A to appear on the

4

Attorneys at Law

LAW OFFICES OF
CESAR C. CABOT, P.C.
BankPacific Building, Second Floor • 825 South Marine Corps Drive • Tamuning, Guam 96913
Telephone: (671) 646-2001 • Facsimile: (671) 646-0777

2004 General Election Ballot is attached herewith as Exhibit "A". The ballot pamphlet, in part, contains the following information *verbatim*:

An Objective and Independent View of Proposal A

By Gerald A. Taitano, Executive Director, Guam Election Commission

## PROPOSAL A INITIATIVE MEASURE

This initiative measure proposes to establish the Guam Casino Gaming Control Commission Act.

### The Guam Casino Gaming Control Commission Act

This Act shall (1) allow for certain licensed casino gambling activities in approved Guam hotels; (2) create a 5-member Guam Casino Gaming Control Commission which (a) defines the gambling activities allowed, (b) promulgates rules and regulations r egarding l icensed gambling, ( c) e nforces s aid guidelines, and (d) provides for civil and criminal penalties for violations of these provisions; and (3) provide a mechanism by which the Commission shall (a) control the issuance of gambling licenses, (b) conduct hearings under the proposed Act, (c) collect licensing and registration fees imposed by the proposed Act, and (d) enact rules and regulations necessary in carrying out the Act.

In summary, this initiative allows for certain licensed casino gambling activities in approved Guam hotels.

The initiative creates a 5-member Guam Casino Gaming Control Commission which defines the gambling activities allowed.

The initiative promulgates rules and regulations regarding licensed gambling.

The initiative enforces said guidelines, and provides for civil and criminal penalties for violations of these provisions.

5

Attorneys at Law

OFFICES OF
CESAR C. CABOT, P.C.
BankPacific Building, Second Floor ● 825 South Marine Corps Drive ● Tamuning, Guam 96913
Telephone: (671) 646-2001 ● Facsimile: (671) 646-0777

Further, the initiative provides a mechanism by which the Commission shall control the issuance of gambling licenses, conduct hearings under the proposed Act, collect licensing and registration fees imposed by the proposed Act, and enact rules and regulations necessary in carrying out the Act.

The Ballot Format for the Initiative Question is as follows:

INITIATIVE MEASURE

SHALL PROPOSAL A, AN INITIATIVE TO ESTABLISH THE GUAM CASINO GAMING CONTROL COMMISSION ACT, BE ADOPTED BY THE VOTERS OF GUAM?

VOTE "YES" OR "NO"

( )YES

( )NO

Reviewing the actual contents of the GEC's Voter Information Pamphlet, a strong argument can be made that the GEC and Taitano complied with the letter of the law as required pursuant to Section 17509, because the "measure" was submitted to the voters. Again, a measure refers to the <u>action proposed</u> or <u>questions presented</u> on the initiative, and not necessarily to the complete text of the Initiative statute.

The definition of measure is further bolstered by 3 GCA §17106 and 6 G.A.R. §2116 which provide that "each **measure** shall be designated on a ballot by the <u>ballot title prepared by the Election Commission</u>". See <u>3 GCA §17106</u>. (Emphasis added). The administrative rules under 6 G.A.R. §2116(b) further provides that:

> (b) Each proposed **measure** shall appear on the ballot in the following form:

6

Attorneys at Law

OFFICES OF
CESAR C. CABOT, P.C.
BankPacific Building, Second Floor ● 825 South Marine Corps Drive ● Tamuning, Guam 96913
Telephone: (671) 646-2001 ● Facsimile: (671) 646-0777

LAW OFFICES OF
CESAR C. CABOT, P.C.
BankPacific Building, Second Floor • 825 South Marine Corps Drive • Tamuning, Guam 96913
Telephone: (671) 646-2001 • Facsimile: (671) 646-0777
Attorneys at Law

      (1)    First shall appear the words "Shall Proposal (insert appropriate letter designation pursuant to 6 GAR §2109(b) be adopted by the voters of the territory of Guam?";

      (2)    Next shall appear the ballot title as prepared pursuant to 6 GAR §2123;

      (3)    Lastly shall appear the words "Yes" and "No", each word to be printed immediately to the left of a square of sufficient size for the placing of a mark therein.

Reading the requirements of 3 GCA §17106 and 6 G.A.R. §2116(b) in harmony with all relevant statutes affecting voter pamphlets, it is clear that the term "measure" does not necessarily mean the complete text of the proposed Initiative statute. Pursuant to its definition under 3 GCA §17102(d) it is either the "action proposed" or "question presented" on the Initiative. The ballot pamphlet disseminated by the GEC in the instant matter, contained both requirements defining the term "measure", although only one or the other is strictly required.

Therefore, it is respectfully submitted that the GEC and Taitano fully complied with 3 GCA §17509 and GEC administrative rule 6 G.A.R. §2112(5) which outlines the required contents of the aforementioned ballot pamphlet. Because the GEC and Taitano fully complied with its administrative rules and the Election Code pertaining to the contents of the ballot pamphlet, no cause of action or controversy exists with regard to the aforementioned and enumerated civil case presently before this Court.

## II.   GERALD A. TAITANO, IN HIS INDIVIDUAL CAPACITY IS AN IMPROPER PARTY.

The Guam Election Commission Executive Director is Gerald A. Taitano. The Executive Director is mandated under 3 GCA §2102 to administer the election laws of

7

Guam. Section 2102 reads as follows:

> **§2102. Executive director, Appointment Of; Ex Officio Secretary of the Commission; Salary Of.** (a) The commission shall appoint an Executive Director. Said Executive Director shall administer the election law of Guam and shall perform and discharge all of the powers, duties, purposes, functions and jurisdiction hereunder, or which hereafter by law may be vested in the Commission in accordance with the rules of the Commission, and subject to the right of appeal to the Commission.

Pursuant to Section 2102, the Executive Director shall administer the election laws of Guam and shall perform and discharge all of the powers, duties, purposes and functions and jurisdiction prescribed in the Election Code. It is clear that all the allegations contained in Plaintiff's Complaint involving Taitano, allege official decisions and actions of the Executive Director, while performing his official duties pursuant to Section 2102. Because the Executive Director was performing his official duty at all times relevant herein, any alleged deficiency, errors or omissions while acting in his official capacity, are under the umbrella of Section 2102, and should not expose the Executive Director to personal liability.

## III. THE GUAM ELECTION COMMISSION IS THE PROPER PARTY, AND NOT GERALD A. TAITANO AS THE EXECUTIVE DIRECTOR NOR IN HIS INDIVIDUAL CAPACITY.

3 GCA §2101 provides in relevant part that "there is within, as an autonomous instrumentality and an independent commission of the government of Guam, the Election Commission. The Commission shall consists of seven (7) members,... See 3 GCA §2101 (emphasis added). 3 GCA §2106 further addresses the powers of the Commission. Section 2106(b) provides that "the Commission may sue and be sued in its name." See 3 GCA §2106(d) (emphasis added).

8

Attorneys at Law

LAW OFFICES OF
CESAR C. CABOT, P.C.
BankPacific Building, Second Floor ● 825 South Marine Corps Drive ● Tamuning, Guam 96913
Telephone: (671) 646-2001 ● Facsimile: (671) 646-0777

In the instant matter, Plaintiff sued the Guam Election Commission, and Gerald A. Taitano in his official capacity as the Executive Director and in his individual capacity. Section 2106 makes it clear that any lawsuit involving the Commission shall be directed at the Commission "in its name". There does not appear to be any provision in the Election Code allowing for a lawsuit involving the GEC, to be channeled or directed at the GEC's Executive Director in his official nor individual capacity.

The Commission is a Board consisting of seven (7) members. 3 GCA §2101. Upon information and belief, none of the seven (7) members have been served with a summons or complaint regarding this matter. Thus, the Guam Election Commission is not properly before this Court for lack of process and failure of service of process pursuant to Section 2106(b) and Rule 12(b)(4) and (5)[2] of the Guam Rules of Civil Procedure, and therefore this Complaint should be dismissed with regard to the Guam Election Commission.

Further, the Election Code does not allow for lawsuits involving the Commission to be directed through its Executive Director, therefore this lawsuit should be dismissed with regard to Gerald A. Taitano, in his official and individual capacity. 3 GCA §2106(d).

In summary, the legal and proper party to enjoin in this suit appears to be the Guam Election Commission, which has not properly been brought before this Court, for lack of process and failure of service of process upon its seven (7) members. The Executive Director, neither in his official capacity nor individual capacity, is a proper party to this

---

2

**GRCP Rule12(b). How Presented.** Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process...

9

Attorneys at Law

CESAR C. CABOT, P.C.
BankPacific Building, Second Floor ● 825 South Marine Corps Drive ● Tamuning, Guam 96913
Telephone: (671) 646-2001 ● Facsimile: (671) 646-0777

LAW... ICES OF

lawsuit, and therefore the Executive Director should be extricated from this action.

## IV. PLAINTIFF HAS FAILED TO EXHAUST ALL ADMINISTRATIVE REMEDIES

3 GCA §2102, as indicated above, states that the Executive Director "shall administer the election law of Guam..., in accordance with the rules of the Commission, and subject to the right of appeal to the Commission." See 3 GCA §2101 (emphasis added). As indicated above, Plaintiff's allegation as contained in her Complaint involved official decisions and actions of the Executive Director pursuant to Section 2102. Section 2102 provides that any complaint regarding alleged deficiencies, errors and omissions of the Executive Director shall first be subject to the right of appeal to the Commission.

Upon information and belief, Plaintiff has never raised this issue to the Commission, prior to filing her lawsuit with the Superior Court of Guam. As such, Plaintiff's Complaint should be dismissed for her failure to exhaust administrative remedies as required under 3 GCA §2102.

## V. THE CONTROVERSY RAISED BY PLAINTIFF MAY BECOME LEGALLY MOOT WITH THE PASSAGE OF BILL NO. 374 PASSED BY I LIHESLATURAN GUAHAN ON OCTOBER 25, 2004.

I Liheslaturan Guahan passed Bill No. 374 which, in relevant part, provides as follows:

> **Section 3.** (a) Notwithstanding 3 GCA §§17509 and 17511, and any rule or regulation, the initiative entitled "An Initiative to Establish the Guam Casino Gaming Control Commission Act" (hereafter "Proposal A") shall be voted on in the November 2004 General Election.

10

Attorneys at Law

LAW OFFICES OF
CESAR C. CABOT, P.C.
BankPacific Building, Second Floor • 825 South Marine Corps Drive • Tamuning, Guam 96913
Telephone: (671) 646-2001 • Facsimile: (671) 646-0777

(b) Notwithstanding 3 GCA §§17509 and 17511, and any rule or regulation, the Ballot Pamphlet for Proposal A need not contain a complete copy of the initiative measure to be submitted to voters, but complete copies of the proposal shall be posted at all village mayors' offices and the GEC website (www.guamelection.org) prior to the General Election. A complete copy shall also be made available to any registered voter upon request at the GEC headquarters, at every mayor's office, at every branch of the Guam Public Library, the Robert F. Kennedy Library at the University of Guam, the Guam Territorial Law Library, the Office of the Public Auditor, the Office of the Attorney General, and the senatorial offices. There shall be no fee charged to any voter for one copy of said proposal per registered voter. GEC shall immediately publish in a newspaper of general circulation the availability of copies of the measure.

Section 4. A new §17509.1 is hereby added to Title 3, Guam Code Annotated to read:

"§17509.1. Any defect in the Ballot Pamphlet shall not cause a delay in the election or be grounds to invalidate the election."

Section 5. §17511 of Title 3, Guam Code Annotated, is hereby repealed.

Upon information and belief, Bill No. 374 has been transmitted to the Governor for his approval. Should Bill No. 374 be passed into law, this would effectively negate any alleged or perceived deficiency in the law. It shall send a clear statement to the electors that Proposal A shall be a legitimate question upon the November 4, 2004 General Election Ballot. Upon the passage of Bill No. 374, this Court should consider dismissal of this action because the issues and controversies presented shall have become legally moot, or in the alternative, this Court should immediately stay all court proceedings pending the passage or rejection of Bill No. 374 by the Governor of Guam.

11

LAW OFFICES OF
CESAR C. CABOT, P.C.
Attorneys at Law
BankPacific Building, Second Floor ● 825 South Marine Corps Drive ● Tamuning, Guam 96913
Telephone: (671) 646-2001 ● Facsimile: (671) 646-0777

## VI. AT THE VERY LEAST, GEC AND TAITANO "SUBSTANTIALLY COMPLIED" WITH THE ELECTION CODE.

In a recent Superior Court of Guam case involving Initiative issue, Judge Steven S. Unpingco sitting in the case of <u>Sean Wade v. GEC, et al.</u>, established "substantial compliance" rule pertaining to Initiatives, that "generally, substantial compliance with administrative rules and regulations is all that is required." <u>Wade v. GEC et. al.</u>, S.P. Case No. SP0079-02, <u>Decision and Order</u>, Judge S. Unpingco at p. 8. The Court further opined that "in determining whether there has been substantial compliance, the Court must consider the following factors: (1) the extent of the non-compliance-isolated incident versus systematic disregard; (2) whether the purpose of the regulation is achieved despite the non-compliance; and (3) whether there were good-faith effort to comply rather than an intent to mislead or harm the public." <u>Id</u>. <u>D&O</u>, J. Unpingco at p. 8, <u>citing</u> <u>Loonan v. Woodley</u>, 882 P.2d 1380, 1384 (Colo. 1994).

In <u>Wade</u>, Judge Steven Unpingco clearly set the rule involving Initiative issues. The Court was apparently willing to overlook technical irregularities and deficiencies, because the GEC "substantially complied" with the Election Code and GEC administrative rules. In the instant case, the same can be argued. At the very least, the GEC and Taitano substantially complied with its administrative rules and the Election Code. A large number of jurisdictions follow this substantial compliance rule. See <u>Canales v. City of Alviso</u>, 89 Cal.Rptr. 601, 474 P.2d 417 (1970) (policy favors upholding of elections, and technical errors and irregularities arising in carrying out directory provisions which do not affect the result will not avoid an election); <u>School Dist. No. 81 v. Taxpayers of, etc.</u>, 225 P.2d 1063 (1950) (statutes calling for publication of election notices, are not mandatory and will be

12

OFFICES OF

CES... C. CABOT, P.C.

Attorneys at Law

BankPacific Building, Second Floor ● 825 South Marine Corps Drive ● Tamuning, Guam 96913
Telephone: (671) 646-2001 ● Facsimile: (671) 646-0777

considered to have been substantially complied with when an attempt has been made to comply with the statute, and when wide publicity has been given the matter and great body of electors have had actual notice of time and place of holding of election and of questions submitted, unless statute provides that failure to observe the formalities shall render the election void); People v. City of Carlsbad, 128 C.A.2d 77, 274 P.2d 740 (Fourth Dist. 1954); (Notice-the test for determining whether an election is invalidated because of failure strictly to comply with notice provisions prescribed by statute is whether voters generally had knowledge of election and full opportunity to express their will, or whether variance may have affected result by depriving sufficient number of voters of opportunity to exercise franchise); Housing Authority v. Peden, 212 C.A.2d 276, 28 Cal.Rptr. 11 (Fifth Dist. 1963); (Notice of the time, place and purpose of an election need not rest on the official notice alone. The test for determining whether an election is invalidated because of failure to strictly comply with the notice provisions prescribed by statute is whether the voters generally had knowledge of the election and a full opportunity to express their will or whether the defective notice resulted in depriving a sufficient number of voters of the opportunity of exercising their franchise so as to change the result of the election. Newspaper articles, speeches at public meetings and before clubs and organizations, information booth at the county fair and the existence of committees for and against a proposed election measure are factors to be considered in determination of whether the electors had adequate notice of the measure to be voted upon.); Meyers v. Bayless, 192 Ariz. 376, 965 P.2d 768 (Ariz. 1998). (Legal sufficiency standard of statute governing voter initiatives requires substantial, not necessarily technical, compliance with the law);

13

LAW OFFICES OF
CESAR C. CABOT, P.C.
BankPacific Building, Second Floor • 825 South Marine Corps Drive • Tamuning, Guam 96913
Telephone: (671) 646-2001 • Facsimile: (671) 646-0777
Attorneys at Law

McLoughlin et al. v. City of Prescott, 6 P.2d 50 (Ariz. 1931) (Substantial compliance with statute requiring publishing of election notice is sufficient); Kerby v. Griffin, 62 P.2d 1131 (Ariz. 1936) (Substantial compliance with constitution authorizing initiative and referendum and regulating publicity for proposed laws held essential); Bauch v. Anderson, 497 P.2d 698 (Colo. 1972) (All legitimate presumptions must be indulged in favor of propriety of action of statutory board empowered to prepare ballot title and summary for proposed initiative law or constitutional amendment); Matter of Title, Ballot Title, 830 P.2d 984 (Colo. 1992) (Ballot title and submission clause for proposed initiative statute must be brief, and need not describe every feature of proposed measure. Commission is given considerable discretion in resolving interrelated problems of length, complexity and clarity in designating title and ballot title and summary for proposed initiative statute. Summary of proposed legislation is not intended to fully educate people on all aspects of proposed law, and it need not set out in detail every aspect of initiative); Adams v. Bolin, 247 P.2d 617 (Ariz. 1952) (In the absence of express statutory power, courts are without jurisdiction to interfere, by injunction or otherwise, with exercise of legislative function or with enactment of legislation. The courts will not consider political matter).

For the aforementioned reasons, the Guam Election Commission and Gerald A. Taitano in his official and individual capacity, pray that the Plaintiff's Complaint be dismissed.

14

Respectfully submitted this 27th day of October, 2004.

LAW OFFICES OF CESAR C. CABOT, P.C.
Attorneys for the Guam Election Commission
and Gerald A. Taitano.

By: _____
CESAR C. CABOT

CCC:me
P047204.CCC

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam

DEC 07 2004

Domingo M. Nero
Deputy Clerk, Superior Court of Guam

OFFICES OF

CESAR C. CABOT, P.C.
BankPacific Building, Second Floor • 825 South Marine Corps Drive • Tamuning, Guam 96913
Telephone: (671) 646-2001 • Facsimile: (671) 646-0777

Attorneys at Law

15

An Objective and Independent View of Proposal A

By Gerald A. Taitano, Executive Director, Guam Election Commission

## PROPOSAL A INITIATIVE MEASURE

This initiative measure proposes to establish the Guam Casino Gaming Control Commission Act.

### The Guam Casino Gaming Control Commission Act

This Act shall (1) allow for certain licensed casino gambling activities in approved Guam hotels; (2) create a 5-member Guam Casino Gaming Control Commission which (a) defines the gambling activities allowed, (b) promulgates rules and regulations regarding licensed gambling, (c) enforces said guidelines, and (d) provides for civil and criminal penalties for violations of these provisions; and the Commission shall (a) control the issuance of gambling licenses, (b) conduct hearings under the proposed Act, (c) collect licensing and registration fees imposed by the proposed Act, and (d) enact rules and regulations necessary in carrying out the Act.

In summary, this initiative allows for certain licensed casino gambling activities in approved Guam hotels.

The initiative creates a 5-member Guam Casino Gaming Control Commission which defines the gambling activities allowed.

The initiative promulgates rules and regulations regarding licensed gambling.

The initiative enforces said guidelines, and provides for civil and criminal penalties for violations of these provisions.

Further, the initiative provides a mechanism by which the Commission shall control the issuance of gambling licenses, conduct hearings under the proposed Act, collect licensing and registration fees imposed by the proposed Act, and enact rules and regulations necessary in carrying out the Act.

### The Ballot Format for the Initiative Question is as follows:

INITIATIVE MEASURE

SHALL PROPOSAL A, AN INITIATIVE TO ESTABLISH THE GUAM CASINO GAMING CONTROL COMMISSION ACT, BE ADOPTED BY THE VOTERS OF GUAM?

VOTE "YES" OR "NO"

( ) YES

( ) NO

Guam Election Commission
P.O. Box BG
Hagatna, Guam 96932

PRSRT STD
U.S Postage
PAID
Barrigada, GU
Permit No. 53

J1-207-2-2 **********AUTOCR**C017
CESAR C. CABOT
111 REYES CT
SINAJANA GU 96910-3751

## Voters Information Pamphlet

Prepared by:

Guam Election Commission
P.O. Box BG
Hagatna, Guam 96932

414 West Soledad Avenue
Guam Capital Investment Corporation, Inc.
Suite 200, 2nd Floor,
Hagatna, Guam
(671) 477-9791 thru 4

EXHIBIT "A"

**Passage of Proposal A will**
legalize controlled hotel casino
gaming by enacting the Guam Casino
Gaming Control Commission Act. A
maximum of 10 casino licenses will
be issued, on a competitive basis,
allowing casinos to be operated in
hotels that contain a minimum of 100
rooms. Initially, it is expected only a
few hotels will be granted licenses.
The purpose of the Act is to provide
an additional form of entertainment
for visitors, enhance Guam's visitor
industry, and generate revenue and
employment for the people of Guam.

Passage of Proposal A will
stimulate the creation of thousands
of new jobs by assisting Guam's
most established source of income –
tourism. Surveys of Japanese
visitors show that casinos are among
their top four requested new
attractions. Casino gaming has
created more than $3.6 billion in
wages and benefits for residents of
47 American states and will generate
tax revenues of approximately $20
million annually over the next five
years on Guam. Controlled casino
gaming will attract investments that
will build new attractions and make
Guam a world-class visitor
destination.

Passage of Proposal A will
establish a self-funded commission
whose members to oversee and
direct the development and operation
of Guam's casino hotels. The
commissioners will be appointed by

the legislature to staggered terms; no
Governor can appoint all the
commissioners. At least two of the
commissioners must be women,
one must be a Certified Public
Accountant, and another must have
law enforcement experience. The
regulations governing the
commission as in any location
in the United States. The
comprehensive as in any location
in the United States. The
commission will receive continual
public, legal and financial scrutiny.
former FBI experts confirm the Act
has the controls necessary to keep
Guam's casinos crime free.

Passage of Proposal A will
create a substantial new tax source
that will be paid for by Guam's
visitors. Revenue for the
community will grow from 9% to
11% over four years, generating
approximately $20 million annually
for Guam. Thousands of new jobs
will be created to staff the casinos.
Wages will be 10-15% higher than
regular visitor industry wages.
Fifty percent of gaming tax revenue
will be spent on health care,
education, public safety, cultural
heritage, and the Mayor's Council;
the other fifty percent will be held
in trust by the Gaming
Commission, to be spent on
improving Guam's roads, water
system, schools, and the hospital.

---

## An Opponent's View of
## Proposal A

By Joaquin C. Arriola Jr., Esq.,
Communities Opposing Prop A
Linala' Sin Casino

Proposal A will hurt our
economy. Under Prop A, Guam

---

they gets 9% tax while casinos
keep 91% of revenue. Some states
charge 60% tax. It's a bad deal;
only casinos profit. Money spent
in casinos is taken away from all
other local businesses. Most
tourists said they will vacation
elsewhere if casinos come to
Guam. Our largest Japanese travel
agent agrees. We spent decades
and billions developing a safe,
wholesome family destination. We
risk throwing it away and
jeopardize our tourist market. The
military spends $550 million
annually on Guam. They are
concerned about quality of life and
gambling addictions. Casinos
threaten our ability to maintain and
increase military spending.

Prop A will harm our quality of
life and children. When Guam had
poker machines, children were
neglected while parents gambled
away earnings. Loan defaults
skyrocketed. Residents bet
savings, paychecks and even food
stamps. Family violence,
bankruptcy, and drug/alcohol
abuse ALL increased. CFED
admits that 47% of Guam residents
know someone with a gambling
problem. Social costs average
$10,000 annually per problem
gambler. Casinos will greatly
increase the social costs, which we
cannot control or afford now.

Prop A is a bad law that creates
more government. Gambling will
be "controlled" by 5 politically
appointed Commissioners who can
serve 10 years, paid $100,000 each
plus unlimited expenses, and
decide how fees and taxes are
collected and spent. The Commis-

---

sion keeps all licensing fees and
gets 60% of the gambling taxes to
"invest". Most income will be
spent on the Commission. Prop A
creates a new GovGuam agency
with broad powers and little
accountability. Numerous
employees, travel and consultants
will be required. $500,000.00 of
your money is spent just to start it.
The law cannot be changed for ten
years. GovGuam is not capable of
effectively "controlling" gambling.

Their numbers are pure fiction.
The Tinian casino opened in 1998
and has failed expectations. N
visitor increase; No CNMI tax
increase; controls now being
loosened. Gambling hasn't worked
for the CNMI. It won't work for
Guam. Major casinos have already
said they won't come because Prop A
said they won't come because Prop A
-- too many for Guam. Prop A
promises millions in revenue and
taxes and thousands of jobs. Their
numbers are pure speculation, not
based on any solid evidence. U.S.
casino experts say Guam would
earn only a fraction of CFED
claims. Prop A admits its estimates
are "unscientific." Don't be fooled
by their numbers.

Prop A is bad for Guam.
Casinos benefit few at the expense
of everyone else. And we risk
damaging the visitor industry we
all worked so hard to build. Our
economy is already recovering.
Don't gamble our future on an
unknown industry that benefits
few, promises overnight riches and
unnecessarily risks everything we
have earned.

Be smart ... not misled. Keep
Guam Good. Vote NO on Prop A.

FILED
SUPERIOR COURT
OF GUAM

2004 OCT 27 PM 12: 07

CLERK OF COURT
BY: _____

1   On behalf of
    *I MINA' BENTE SIETE NA LIHESLATURAN GUÅHAN*

2
    LEGISLATIVE COUNSEL
3   Therese M. Terlaje
    155 Hesler Place
4   Hagåtña, Guam 96910
    Telephone: 472-3253 Facisimile: 472-3525

5
                    IN THE SUPERIOR COURT OF GUAM
6

7   LOURDES P. AGUON-SCHULTE        )      CIVIL CASE NO. CV1103-04
                                    )
8              Plaintiff,           )
                                    )
9         vs.                       )
                                    )
10  THE GUAM ELECTION COMMISSION;   )
    GERALD A. TAITANO, in his individual )
11  Capacity and in his capacity as the )
    Executive Director of THE GUAM  )
12  ELECTION COMMISSION, *I MINA'*  )      **MOTION TO DISMISS**
    *BENTE SIETE NA LIHESLATURAN*   )
13  *GUAHAN* (The 27th Guam Legislature); )
    FELIX P. CAMACHO, in his official )
14  Capacity as the GOVERNOR OF GUAM. )
                                    )
15             Defendants.          )
                                    )

16      Comes now Defendant *I MINA' BENTE SIETE NA LIHESLATURAN GUÅHAN*, through

17  Legislative Counsel Therese M. Terlaje, and herein moves this Court for an Order dismissing the

18  instant case for failure to state a claim against defendant upon which relief can be granted under

19  Rule 12 (b) (6) of the Guam Rules of Civil Procedure. This Motion is more fully supported in the

20  Memorandum of Points and Authorities, any declarations filed in support of this Motion prior to

21  the hearing date, and exhibits thereto, and any filings or evidence and arguments as may be

22  presented prior to or at the hearing on this motion.

23

24

25

## MEMORANDUM OF POINTS AND AUTHORITIES

To sustain an action under 48 USC §1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right. Rinker v. Napa County, 831 F.2d 829, 831 (9th Cir.1987) (citing Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981)). A complaint should be dismissed if it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim, which would entitle them to relief. Johnson v. Knowles, 113 F. 3d 1114, 1117 (9th Cir. 1997). When reviewing a dismissal for failure to state a claim pursuant to Rule 12(b)(6) all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. AlliedSignal, Inc. v. City of Phoenix, 183 F. 3d 692 (9th Cir. 1999). See Jensen v. City of Oxnard, 145 F. 3d 1078 (9th Cir. 1998), cert. Denied, 119 S.Ct.540, 142 L.Ed.2d 449 (1998). Unlikelihood of success does not, by itself, justify dismissal. AlliedSignal, Inc. v. City of Phoenix, supra, 182 F.3d at 698. Furthermore, the court when ruling on a motion to dismiss must accept well pleaded factual allegations as true, and may disregard conclusory allegations of law and unwarranted interferences. Pareto v. FDIC, 139 F. 3d 696, 699 9th Cir. 1998). Dismissal is proper where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984).

### A. Legislature is immune from suit under 42 USCA §1983.

The Legislature and legislative acts are immune from suit for declaratory or injunctive relief under 42 USCA §1983 for actions performed within their legislative function. Supreme Court of Virginia v Consumers Union of United States, Inc. (1980), 446 US 719, 64 L Ed 641, 100

S Ct 1967. The Supreme Court held in that case that the purpose of legislative immunity is to insure that the legislative function may be performed independently without fear of outside interference.

The privilege prevents legislators from being subjected to the cost, inconvenience, and distractions of a trial upon a conclusion of the pleader, or to the hazard of a judgment against them based upon a jury's speculation as to motives, legislators are immune from deterrents to the uninhibited discharge of their legislative duty, not for their private indulgence, but for the public good. See Jacobson v Tahoe Regional Planning Agency (1977, CA9 Cal) 566 F2d 1353, affd in part and revd in part on other grounds 440 US 391, 59 L Ed 401, 99 S Ct 1171, on remand (DC Nev) 474 F Supp 901, affd without op (CA9 Nev) 661 F2d 940.

48 USC 1423(c)(b) expressly extends to members of the Guam Legislature the protection of the Speech and Debate clause for legitimate legislative acts. Hamlet v. Charfauros, 1999 Guam 19.

All acts of the Legislature referenced or alleged in the Complaint, including appropriation (or absence thereof) and the ability to call a special election, involve legislative acts within the proper legislative function and are thus immune under 42 USC §1983 and the Speech and Debate Clause.

**B. The Legislature has exclusive jurisdiction over initiative procedures.**

Pursuant to the Organic Act of Guam, as amended, the Legislature has exclusive jurisdiction to specify the procedures for Guam initiatives:

"§ 1422a. Initiative, Referendum and Removal.

(a) The people of Guam shall have the right of initiative and referendum, to be exercised under conditions and procedures specified *in the laws of Guam*." (emphasis added).

The separation of powers doctrine which applies to Guam by virtue of 48 USC §1421a requires the judiciary to refrain from intruding upon the functions of the legislative branch. Hamlet

v. Charfauros, 1999 Guam 18,  and In Re: Request of the 24th Guam Legislature, 1997 Guam 15. The appropriation function of the Legislature, referenced in Paragraphs 8, 9, and 10 of the Complaint, is set forth in 48 USC1423j and has been repeatedly recognized as exclusive to the Legislature by the Guam Supreme Court.  see Pangelinan v. Gutierrez, 2003 Guam 13, and In Re Request of Governor Carl T.C. Gutierrez, 2002 Guam 1.  The power to call a special election for an initiative has been reserved by the Legislature in 3 GCA §17203 and shared with the Governor for single-site elections in 3 GCA §17212.

Mere speculation or opinion by the Attorney General or anyone else as to the validity of a vote does not constitute grounds in any jurisdiction to invalidate an election, where his opinion was not part of the initiative procedure prescribed by the Legislature.  This is especially true when the Legislature charged the Guam Election Commission with informing the public of the elections to be held, and there is no allegation that the Commission has ceased giving notice that Proposal A is on the November ballot, or allowing people to cast their vote in-office or by absentee on Proposal A.  See generally, Title 3, Guam Code Annotated, and 48 USC 1422a(a).

Plaintiff has failed to show any right to vote has been denied which amounts to due process. It would be fundamentally unfair to allow any person on Guam who publicly speculates on the uncertainty of the vote to effectively "taint" an initiative vote contrary to procedures set forth by the Legislature.

"In order to ascertain the public policy of a state with respect to any matter, the acts of the legislative department should be looked to, because a legislative act, if constitutional, declares in terms the policy of the state and is final so far as the courts are concerned.  With the foregoing considerations as its basis, the rule has become securely settled that all questions of policy, including changes therein, are for the determination of the legislature, and not for the courts.  The courts have no veto power and do not assume to regulate policy.  In this regard, the legislature is supreme, and the presumption is that it will do no wrong and will pass no unjust laws.  The

1    remedy, if any is needed, is with the people and not with the courts." 16 Am. Jur. 2d Constitution

2    §245 (1979).

3    **C. The passage of Bill 374(LS) allows the election to go forward without intervention from**

4    **the court.**

5    On October 25, 2004, *I Mina Bente Siete Na Liheslaturan Guahan* passed Substitute Bill

6    374 (LS), An Act To Cure Defects in Compliance with 3 GCA § 17509 and §17511 and to Add

7    §17509.1 ; and to Repeal 3 GCA § 8103 to Allow Advertising On Election Day", a copy of which

8    is attached hereto as Exhibit A. The Legislature clearly intended to clarify any ambiguity and to

9    remedy any alleged problems caused by the failure of the GEC to distribute the 80 page initiative

10   document. Legislative Intent of the Bill specifically states that " *I Liheslatura* wishes to make

11   these documents publicly available at every village mayor's offices and at the Guam Election

12   Commission office in order to keep voters informed in time for the General Election in November

13   2004 and to avoid a Special Election."

14   The Legislature in Section 3 of the Bill specifically mandates distribution of the 80-page

15   initiative document to potential voters at various sites and thereby provides for the purpose of the

16   original procedures to be accomplished as it deems fit. In amending the procedural requirements,

17   the Legislature makes clear any existing ambiguity as to whether the text is required, and that it

18   does not intend that a failure to insert the 80-page document in the ballot pamphlets will cause a

19   delay in the election. Sections 3 and 4 of Bill 374(LS). All of these are strictly within the function

20   of the Legislature.

21   It is also not the first time the Legislature has changed the normal requirements of the

22   initiative process for a certain initiative. In P.L. 23-01, the 23rd Guam Legislature mandated the

23   Guam Election Commission submit to the voters "an initiative" to change the number of senators

24   to 15, and waived the petition, signature, and filing requirements then in statute governing

25   initiatives:

1  "The initiative measure placed on the ballot pursuant to this Act shall be treated by

2  the Election Commission as having been duly presented by petition with the

3  signatures required by 3GCA§§17201 and 17207." Section 4, Guam Public Law 23-

4  01.

5  The recent action by the Legislature, together with the continued notice by the GEC of the

6  upcoming election and the vote on Prop A precludes the necessity of declaratory relief as to

7  (a) the legal efficacy of the Proposal A ballot pamphlets mailed to the voters by the
   Directors and the GEC

8

9  (b) whether the results of any vote on proposal A on Nov 2, 2004 will be invalid as a result
   of (i) the ballot pamphlets mailed to the voters and/or(ii) the mass public uncertainty
   caused by the Attorney General's opinion.

10

11  The election should be allowed to run its course consistent with the expressed intent of the

12  Legislature.

13

14  "Second, this court should not create an impediment to the exercise of one
   of our state governments' bedrock institutions. Grassroots democracy,

15  exercised by initiative, is not always an efficient process; however, there
   are clear benefits to allowing the public to vote on an initiative, even

16  though its validity may be questioned if it passes. In a democracy, the
   process itself is often as valuable as the result. A vote to enact legislation

17  expresses more than a current whim of the people; it expresses the voters'
   preferred rule of governance. Ultimately, preemption may prevent

18  enforcement of a law, but it cannot forbid the voters from voicing their
   views of a legislative proposal via the initiative process. If this process is

19  deemed a waste of taxpayers' time or money, then the laws governing
   initiatives may be altered by legislative process, not by judicial decision."

20

21  Wrinkle v. City of Tucson , 190 Ariz. 413, 949 P.2d 502, 257 Ariz. Adv. Rep. 19.

22

23

24

25

Respectfully submitted this 27th day of October, 2004.

OFFICE OF THE LEGISLATIVE COUNSEL
MINA' BENTE SIETE NA LIHESLATURAN
GUÅHAN

THERESE M. TERLAJE
*On behalf of*
*I MINA' BENTE SIETE NA LIHESLATURAN*
*GUÅHAN*



I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam

DEC 0 7 2004

Domingo M. Nego
Deputy Clerk, Superior Court of Guam



**FILE COPY**

# MINA' BENTE SIETE NA LIHESLATURAN GUÅHAN
TWENTY-SEVENTH GUAM LEGISLATURE
155 Hessler Place, Hagåtña, Guam 96910

October 25, 2004

*Certified as true copy.*
*Botina C Santos*
*Clerk of the Legislature.*
*10/27/04*

The Honorable Felix P. Camacho
*I Maga'lahen Guåhan*
*Ufisinan I Maga'lahi*
*Hagåtña,* Guam 96910

Dear *Maga'lahi* Camacho:

Transmitted herewith is Substitute Bill No. 374(LS) which was passed by *I Mina' Bente Siete Na Liheslaturan Guåhan* on October 25, 2004.

Sincerely,

TINA ROSE MUNA BARNES
Senator and Legislative Secretary

Enclosure (1)

ACKNOWLEDGEMENT RECEIPT
Received By:
Time: 8:25 pm
Date: 10.25.04

EXHIBIT A

Director 472-3409 Fax: 472-3510 • Chief Fiscal Officer 472-3484 • Personnel 472-3520 • Protocol 472-3499 • Archives 472-3465 • Clerk of Legislature 472-3464

## CERTIFICATION OF PASSAGE OF AN ACT TO *I MAGA'LAHEN GUÅHAN*

This is to certify that Substitute Bill No. 374 (LS), "AN ACT TO CURE DEFECTS IN COMPLIANCE WITH 3 GCA §17509 AND §17511 AND TO *ADD* §17509.1; AND TO *REPEAL* 3 GCA §8103 TO ALLOW ADVERTISING ON ELECTION DAY," was on the 25th day of October, 2004, duly and regularly passed.

vicente (ben) c. pangelinan
Speaker

Attested:

Tina Rose Muña Barnes
Senator and Legislative Secretary

This Act was received by *I Maga'lahen Guåhan* this __25th__ day of October, 2004, at __8:25__ o'clock __P__ .M.

Assistant Staff Officer
*Maga'lahi's* Office

APPROVED:

FELIX P. CAMACHO
*I Maga'lahen Guåhan*

Date: _____

Public Law No. _____

## I MINA'BENTE SIETE NA LIHESLATURAN GUÅHAN
## 2004 (SECOND) Regular Session

**Bill No. 374 (LS)**
As substituted by the Author,
and amended on the Floor.

Introduced by:

v. c. pangelinan
F. B. Aguon, Jr.
J. M.S. Brown
F. R. Cunliffe
Carmen Fernandez
Mark Forbes
L. F. Kasperbauer
R. Klitzkie
L. A. Leon Guerrero
J. A. Lujan
T. R. Muña Barnes
J. M. Quinata
R. J. Respicio
Toni Sanford
Ray Tenorio

## AN ACT TO CURE DEFECTS IN COMPLIANCE WITH 3 GCA §17509 AND §17511 AND TO *ADD* §17509.1; AND TO *REPEAL* 3 GCA §8103 TO ALLOW ADVERTISING ON ELECTION DAY.

1 BE IT ENACTED BY THE PEOPLE OF GUAM:

2       Section 1.    Legislative Findings and Intent. *I Liheslaturan Guåhan*

3 finds that a portion of Guam law that prohibits political campaigning from the

4 time the election polls open is repugnant to the findings of the Courts,

5 wherein similar statutes were unconstitutional regulation of free speech.

1

1 Similar cases brought before other court jurisdictions resulted in the same
2 decision that laws similar to Guam's are in violation of the First Amendment.

3 It is therefore the intent of *I Liheslatura* to repeal Guam's law in relation
4 to the cessation of political campaigning on Election Day.

5 Further, *I Liheslaturan Guåhan* finds that due to the Guam Election
6 Commission's failure to send out complete copies of the initiative entitled
7 "Proposal A" to all registered voters, *I Liheslatura* wishes to make these
8 documents publicly available at every village mayor's offices, the Guam
9 Election Commission office, at every branch of the Guam Public Library
10 System, the Robert F. Kennedy Library at the University of Guam, the Guam
11 Territorial Law Library, the Office of the Public Auditor, the Office of the
12 Attorney General, and the Senatorial offices, in order to keep voters informed
13 in time for the General Election in November 2004 and to avoid a Special
14 Election. Voting on Proposal A during the November 2004 General Election
15 would guarantee greater participation from voters than any special election.

16 Section 2. §8103 of Chapter 8 of Title 3, Guam Code Annotated
17 (Cessation of Campaigning) is hereby *repealed* in its entirety.

18 Section 3. (a) Notwithstanding 3 GCA §§17509 and 17511, and any
19 rule or regulation, the initiative entitled "An Initiative to Establish the Guam
20 Casino Gaming Control Commission Act" (hereafter "Proposal A"), shall be
21 voted on in the November 2004 General Election.

22 (b) Notwithstanding 3 GCA §§17509 and 17511, and any rule or
23 regulation, the Ballot Pamphlet for Proposal A need *not contain a complete*
24 copy of the initiative measure to be submitted to voters, but complete copies
25 of the proposal shall be posted at all village mayors' offices and the GEC

2

1 website (www.guamelection.org) prior to the General Election. A complete
2 copy shall also be made available to any registered voter upon request at the
3 GEC headquarters, at every mayor's office, at every branch of the Guam
4 Public Library System, the Robert F. Kennedy Library at the University of
5 Guam, the Guam Territorial Law Library, the Office of the Public Auditor, the
6 Office of the Attorney General, and' the Senatorial offices. There shall be *no*
7 fee charged to any voter for one (1) copy of said proposal per registered voter.
8 GEC shall immediately publish in a newspaper of general circulation the
9 availability of copies of the measure.

10      Section 4.    A new §17509.1 is hereby *added* to Title 3, Guam Code
11 Annotated to read:

12          "§17509.1.   Any defect in the Ballot Pamphlet shall *not* cause a
13 delay in the election or be grounds to invalidate the election."

3



vicente (ben) c. pangelinan
Speaker

Committee on Utilities and land
Chairman

The People

## 2004 (SECOND) Regular Session

I, vicente (ben) c. pangelinan, Speaker of *I Mina'Bente Siete Na Liheslaturan Guåhan*, hereby certify, in conformance with Title 2 Guam Code Annotated §2103, *Public Hearings Mandatory,* as amended, that an emergency condition exists involving danger to the public welfare of the people and therefore waive the statutory requirements for a public hearing on Bill Number 374 **(LS)**, AN ACT TO REPEAL 3 GCA §8103, RELATIVE TO CESSATION OF CAMPAIGNING DURING ELECTION DAY, AND FOR OTHER 2004 ELECTION MATTERS," which was introduced on this date, September 24, 2004, as substituted by the Author on October 25, 2004 **and therefore** waive the statutory requirements for a public hearing on Bill Number 374 **(LS)**.

Date: October 25, 2004

vicente (ben) c. pangelinan
Speaker

155 Hesler St., Hagåtña, GU 96910

Tel: (671) 472-3552/4 - Fax: (671) 472-3556 - Email: senben@kuentos.guam.net

# I MINA' BENTE SIETE NA LIHESLATURAN GUAHAN
## 2004 (SECOND) Regular Session

Date: _10/25/04_

### VOTING SHEET

Bill No. _374 (LS)_

Resolution No. _____

Question: _____

| NAME | YEAS | NAYS | NOT VOTING/ ABSTAINED | OUT DURING ROLL CALL | ABSENT |
|---|---|---|---|---|---|
| AGUON, Frank B., Jr. | ✓ | | | | |
| BROWN, Joanne M. S. | ✓ | | | | |
| CUNLIFFE, F. Randall  /// | | ✓ | | | |
| FERNANDEZ, Dr. Carmen | ✓ | | | | |
| FORBES, Mark | ✓ | | | | |
| KASPERBAUER, Lawrence F.  // | ✓ | | | | |
| KLITZKIE, Robert | ✓ | | | | |
| LEON GUERRERO, Lourdes A. | ✓ | | | | |
| LUJAN, Jesse A. | ✓ | | | | |
| MUÑA-BARNES, Tina Rose | ✓ | | | | |
| pangelinan, vicente "ben" C. | ✓ | | | | |
| QUINATA, John "JQ" M. | ✓ | | | | |
| RESPICIO, Rory J. | ✓ | | | | |
| SANFORD, Antoinette "Toni" D. | ✓ | | | | |
| TENORIO, Ray  / | ✓ | | | | |

TOTAL        _14_      _1_      _0_      _0_      _0_

CERTIFIED TRUE AND CORRECT:

Clerk of the Legislature

*
3 Passes = No vote

EA = Excused Absence