# SUPERIOR COURT OF GUAM
## MINUTE ENTRY

| TAPE NO: 04- | PAGE NO: 1 | COURT CONVENED AT: 2:00 _ AM X PM | DATE: 10 28 2004 |

PRESENT: **JUDGE:** KATHERINE A. MARAMAN , Judge
        **CLERK:**

| CASE NUMBER: CV1103-04 | CASE TITLE: |
|---|---|
| | LOURDES P. AGUON-SCHULTE |
| COUNSEL PRESENT: | VS. |
| PLAINTIFF: | THE GUAM ELECTION COMMISSION *et al* |
| DEFENDANT: | |

PROCEEDINGS: *Motion Hearing*

| LOG NUMBER | DESCRIPTION |
|---|---|
| | -Case Called |
| | *In Chambers:* |
| | *Shannon Taitano* |
| | *Atty Cafat* |
| | *Atty Therese Terlaje* |
| | *Atty Austin Jr* |
| | *Atty Weinberg (A G)* |
| | *Atty Tom Roberts* |

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

DEC 07 2004

**Domingo M. Nego**
Deputy Clerk, Superior Court of Guam

| Matter continued to: | , 2004 At: | am/pm |

**JOAQUIN C. ARRIOLA, JR., ESQ.**
**ARRIOLA, COWAN & ARRIOLA**
259 MARTYR STREET, SUITE 201
P.O. BOX X, HAGÅTÑA, GUAM 96932
TELEPHONE: (671) 477-9730/33
TELECOPIER: (671) 477-9734

Counsel for Lina'la' Sin Casino

FILED
SUPERIOR COURT
OF GUAM

2004 OCT 28 PM 1: 50

CLERK OF COURT
BY:

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| LOURDES P. AGUON-SCHULTE, | ) | CIVIL CASE NO. CV1103-04 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| THE GUAM ELECTION COMMISSION; GERALD A. TAITANO, in his individual capacity and in his capacity as the Executive Director of THE GUAM ELECTION COMMISSION, I MINA' BENTE SIETE NA LIHESLATURAN GUAHAN (The 27th Guam Legislature); FELIX P. CAMACHO, in his official capacity as the GOVERNOR OF GUAM, | ) ) ) ) ) ) ) ) ) ) ) | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AND OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION BY LINA'LA' SIN CASINO, AS AN AMICUS OR INTERVENING PARTY** |
| Defendants. | ) ) ) | |
| LINA'LA' SIN CASINO, | ) ) | |
| Intervenor. | ) ) | |

COME NOW Amicus Lina'la' Sin Casino, a proposed intervening party pursuant to Rule 24

of the Guam Rules of Civil Procedure, by and through its Attorney, Joaquin C. Arriola, Jr., and

hereby files this Memorandum of Law in support of dismissal of the Complaint herein on and denial

of Plaintiff's Motion for Preliminary Injunction.

**ORIGINAL**

## **FACTUAL BACKGROUND**

On October 18, 2004, the plaintiff, LOURDES AGUON-SCHULTE filed her Complaint seeking declaratory and injunctive relief declaring the ballots on Proposal A invalid and illegal. *See* Complaint, ¶¶20-38. The plaintiff further seeks to have the court declare a special election. *See* Complaint, ¶¶39-47.

On October 25, 2004, Amicus LINA'LA' SIN CASINO moved to intervene as a party in this action. Plaintiff filed her Opposition on October 25, 2004.

On October 26, 2004, at 2:15 p.m., the Attorney General filed a Notice of Removal of the action to the District Court of Guam. On October 26, 2004, at 2:52 p.m., this Superior Court issued an Order permitting Amicus LINA'LA' SIN CASINO to file this Memorandum of Law in response to Plaintiff's Motion. The Superior Court had not issued an Order on Amicus LINA'LA's Motion to Intervene, but ordered that this Memorandum of Law would serve as an amicus brief in the event intervention was denied.

On October 25, 2004, the 27th Guam Leglislature passed bill 374, which in effect repealed the requirements of the Guam Election Law requiring that all initiatives, in their entirety, must be sent to each registered voter prior to an election on the initiative. On October 27, 2004, the Governor signed Bill 374 into law.

On October 27, 2004, in the U.S. District Court of Guam, the Plaintiff and Attorney General, purportedly on behalf of ALL Defendants, signed a Stipulation and Order for Preliminary Injunction and filed it in District Court.

This case remains pending in U.S. District Court of Guam.

/ / /

-2-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

## ARGUMENT

### I. THE PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION AND LACK OF AN ACTUAL CONTROVERSY.

Amicus Lina'la' Sin Casino moves this Court to dismiss the plaintiff's Complaint pursuant to Rule 12(b)(6), or in the alternative for summary judgment, pursuant to Rule 56 of the Guam Rules of Civil Procedure. First, the Court lacks subject matter jurisdiction by virtue of the removal of this action to the District Court of Guam. Second, even assuming that the Court maintains jurisdiction, the plaintiff's request for relief was rendered moot by the passage of Bill 374 into law on October 27, 2004 (hereinafter "Bill 374"). Amicus Lina'la' Sin Casino further opposes the Plaintiff's motion for preliminary injunction on the basis that the "actual controversy," i.e. that the Guam Election Commission failed to mail the entire provisions of Proposal A to all registered voters as mandated by Guam law, is no longer in controversy as a result of Bill 374.

A complaint should be dismissed where it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Johnson v. Knowles, 113 F.3d 1114, 1117 (9th Cir. 1997). When reviewing a dismissal for failure to state a claim pursuant to Rule 12(b)(6) all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. AlliedSignal, Inc. v. City of Phoenix, 182 F.3d 692 (9th Cir. 1999). See Jensen v. City of Oxnard, 145 F.3d 1078 (9th Cir.1998), cert. denied, 119 S.Ct. 540, 142 L.Ed.2d 449 (1998). Where it is clear that the complaint cannot be saved by any amendment, dismissal is proper. Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir. 1996).

If matters outside the pleadings are introduced in any motion to dismiss, the motion shall be treated as a motion for summary judgment. Custodio v. Boonprakong, 1999 Guam 5 (Feb. 18,

-3-

1999); San Pedro Hotel Co., Inc. v. City of Los Angeles,159 F.3d 470 (9th Cir.1998). Under Rule 56, summary judgment should be granted when no material facts are in dispute and movant is entitled to judgment as a matter of law. Izuka Corporation v. Kawasho International (Guam), Inc., 1997 Guam 10, (January 28, 1997). The burden is always on the moving party and the court must review the facts in a light most favorable to the non-moving party. Id. If the movant can demonstrate that there exists no genuine issue of material fact, summary judgment is proper. Id.

a.     **The Superior Court of Guam Lacks Subject Matter Jurisdiction as a Result of the Perfection of Removal to the District Court of Guam.**

On October 26, 2004, a Notice of Removal was filed in the Superior Court of Guam removing this civil action to the District Court of Guam pursuant to 28 U.S.C. § 1446. 28 U.S.C. §1446(d) prohibits any proceedings in the Superior Court of Guam unless and until the case is remanded. 28 U.S.C. §1446(d) provides:

> (d) Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded. 28 U.S.C. §1446 (1994) (emphasis added).

The clear language of 28 U.S.C. §1446 provides that the state court loses jurisdiction upon the filing of the petition for removal. Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1238 (9th Cir.1994). Based on the removal provisions of federal statute, the Superior Court of Guam lacks subject matter jurisdiction to hear this matter unless and until the matter is remanded by the District Court of Guam.

b.     **Plaintiff's Request for Relief Is Moot by Passage of Bill 374 into Law.**

Plaintiff's claim that she is entitled to declaratory and injunctive relief because this initiative

-4-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

is somehow a fundamental right, and thus a constitutional right, is flawed. There is no constitutional right to an initiative. Dobrovolny v. Nebraska, 100 F.Supp.2d 1012, 1031 (D.Neb.,2000)(right to the initiative petition is created by state law, not federal law). The right to an initiative is created by local law, and not a guarantee of any constitutional right. Id. Even assuming the truth of plaintiff's claims that she is entitled to relief, Amicus Lina'la' Sin Casino is entitled to judgment based on the passage of Bill 374 into law. On October 27, 2004, Bill 374 was signed into law by the Governor of Guam repealing the statutory requirements that each voter receive the complete initiative by mail.

Bill 374, now public law, provides:

**AN ACT TO CURE DEFECTS IN COMPLIANCE WITH 3 GCA §17509 AND §17511 AND TO *ADD* §17509.1; AND TO *REPEAL* 3 GCA §8103 TO ALLOW ADVERTISING ON ELECTION DAY.**

**BE IT ENACTED BY THE PEOPLE OF GUAM:**

**Section 1. Legislative Findings and Intent.** *I Liheslaturan Guåhan* finds that a portion of Guam law that prohibits political campaigning from the time the election polls open is repugnant to the findings of the Courts, wherein similar statutes were unconstitutional regulation of free speech.

Similar cases brought before other court jurisdictions resulted in the same decision that laws similar to Guam's are in violation of the First Amendment.

It is therefore the intent of *I Liheslatura* to repeal Guam's law in relation to the cessation of political campaigning on Election Day.

Further, *I Liheslatura Guåhan* finds that due to the Guam Election Commission's failure to send out complete copies of the initiative entitled "Proposal A" to all registered voters, *I Liheslatura* wishes to make these documents publicly available at every village mayor's offices, the Guam Election Commission office, at every branch of the Guam Public Library System, the Robert F. Kennedy Library at the University of Guam, the Guam Territorial Law Library, the Office of the Public Auditor, the Office of the Attorney General, and the Senatorial offices, in order to keep voters informed in time for the General Election in November 2004 and to avoid a Special Election. Voting on Proposal A during the November 2004 General Election would guarantee greater participation from voters than any special election.

**Section 2.** §8103 of Chapter 8 of Title 3, Guam Code Annotated (Cessation of Campaigning) is hereby *repealed* in its entirety.

-5-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

**Section 3.** (a) <u>Notwithstanding 3 GCA §§17509 and 17511, and any rule or</u> <u>regulation, the initiative entitled "An Initiative to Establish the Guam Casino Gaming</u> <u>Control Commission Act" (hereafter "Proposal A"), shall be voted on in the November 2004</u> <u>General Election.</u>

(b) <u>Notwithstanding 3 GCA §§17509 and 17511, and any rule or regulation, the</u> <u>Ballot Pamphlet for Proposal A need *not* contain a complete copy of the initiative measure</u> <u>to be submitted to voters, but complete copies of the proposal shall be posted at all village</u> <u>mayors' offices and the GEC website (www.guamelection.org) prior to the General Election.</u> <u>A complete copy shall also be made available to any registered voter upon request at the</u> <u>GEC headquarters, at every mayor's office, at every branch of the Guam Public Library</u> <u>System, the Robert F. Kennedy Library at the Guam University of Guam, the Guam</u> <u>Territorial Law Library, the Office of the Public Auditor, the Office of the Attorney General,</u> <u>and the Senatorial offices. There shall be *no* fee charged to any voter for one (1) copy of said</u> <u>proposal per registered voter. GEC shall immediately publish in a newspaper of general</u> <u>circulation the availability of copies of the measure.</u>

**Section 4.** A new §17509.1 is hereby *added* to Title 3, Guam Code Annotated to read:

"**§17509.1.** Any defect in the Ballot Pamphlet shall *not* cause a delay in the election or be grounds to invalidate the election."

(Emphasis added.)

Mootness can be characterized as the doctrine of standing set in a time frame: "The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." Foster v. Carson, 347 F.3d 742, 745 (9th Cir. 2003) citing Cook Inlet Treaty Tribes v. Shalala, 166 F.3d 986, 989 (9th Cir.1999) (internal quotation marks omitted). Mootness is a jurisdictional issue, and the court loses its jurisdiction to hear a case once the issue before is moot, i.e. "no actual or live controversy exists." Id.; Ruvalcaba v. City of L.A., 167 F.3d 514, 521 (9th Cir.1999)(if there is no longer a possibility to obtain relief on a claim, that claim must be dismissed for lack of jurisdiction.)

A recognized exception to the mootness doctrine is where the issue is "capable of repetition, yet evading review;" in this instance, the court may retain jurisdiction. Cole v. Oroville Union High Sch. Dist., 228 F.3d 1092, 1098 (9th Cir. 2000). This exception "applies only when (1) the

-6-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

challenged action is too short in duration to be fully litigated before cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." Id.

The plaintiff's Complaint is premised on the Guam Election Commission's failure to follow the mailing requirements of §§17509 and 17511 of Title 3 of the Guam Rules and Regulations (GAR) (hereinafter "Mailing Requirement"). The plaintiff requests that the Court enter declaratory judgment to "reflect the true will of the electorate." Complaint ¶30. The 27th Legislature of Guam represent the People of Guam, and thus, the electorate and the Governor of Guam in passing Bill 374, reflects the "true will" of the people. Bill 374 repeals the Mailing Requirement previously imposed by 3 GAR §§1750 and 17511 for the November 2004 General Election. Bill 374 further mandates that "An Initiative to Establish the Guam Casino Gaming Control Commission Act" (hereafter "Proposal A") shall be voted on in the November 2004 General Election." Bill 374 renders moot any actual controversy alleged in plaintiff's Complaint. Moreover, there is no exception that exists warranting the Court to retain jurisdiction over this matter. The Complaint should be dismissed for lack of jurisdiction based for the lack of an actual controversy.

**c.      The Plaintiff Failed to Diligently Request for Injunction Resulting in Prejudice to the People of Guam.**

The plaintiff's dilatory conduct in failing to raise the allege failure of the Guam Election Commission to comply with the Mailing Requirement warrants a finding of laches. Moreover, the prejudice to the People of Guam further warrants a finding that an injunction would be detrimental to the People of Guam, and thus dismissal is appropriate based upon the equitable doctrine of laches.

The defense of laches requires unreasonable delay for some appreciable amount of time, plus

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-7-

either acquiescence by the Plaintiff in the act complained of or prejudice resulting to the defendant from the delay. Petition of Government of Guam for Amendment of a Certificate of Title to Lot No. 5137-3, Dededo, Guam v. Gogue, 1982 WL 30791, 4 (D.Guam A.D.)(D.Guam App.Div.,1982). Prejudice alone constitutes a detriment warranting the finding of laches. Id.

Plaintiff alleges that the Guam Election Commission is required to comply with the Mailing Requirement thirty (30) days prior to the General Election. One can reasonably infer that the plaintiff as the director of Citizens for Economic Diversity, and the proponents of Proposal A, was aware of the alleged failure of the Guam Election Commission to comply with the Mailing Requirement as early as October 2, 2004. However, plaintiff waited until the eve of the General Election to file suit on October 19, 2004 requesting injunctive and declaratory relief.

Moreover, upon information and belief, it is legally impossible to stop the November 2004 election as requested by the plaintiff because there are other matters to be voted upon in this election. See Sample Ballot attached hereto as Exhibit A. Furthermore, upon information and belief, an injunction on the November 2004 election would have significant and legal ramifications on the elected offices on the ballot. The prejudice to the People of Guam standing alone is sufficient to deny the plaintiff's request. However, the plaintiff's failure to exercise due diligence coupled with the prejudice to the People of Guam warrants a finding of laches.

   d.    **A Determination of Whether the Results of the November 2004 General Election Is Legally Binding Is Not Ripe for Review.**

The Plaintiff's claims are not ripe for review. Under the doctrine of ripeness, courts should refrain from deciding "abstract disagreements" that might never become real disputes. See Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 580-81, 105 S.Ct. 3325, 3332-33, 87 L.Ed.2d 409

-8-

(1985). Ripeness is largely a question of timing, Id., 473 U.S. at 580, 105 S.Ct. at 3332, and the court must look to "both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." Abbott Laboratories v. Gardner, 387 U.S. 136, 149, 87 S.Ct. 1507, 1515 (1967), overruled on other grounds, Califano v. Sanders, 430 U.S. 99, 97 S.Ct. 980 (1977). Fitness for judicial decision may be found where the plaintiffs have standing and the issue "is a purely legal one," as with construction of a statute. Id. See also Union Carbide, 473 U.S. at 581, 105 S.Ct. at 3333; Trustees for Alaska v. Hodel, 806 F.2d 1378, 1381 (9th Cir.1986); Helm v. California, 722 F.2d 507 (9th Cir.1983); Friedman Bros. Inv. Co. v. Lewis, 676 F.2d 1317, 1319 (9th Cir.1982).

Importantly, the plaintiff has not alleged that her right to vote has in any way been infringed upon. The plaintiff alleges that she "desires to cast a valid and meaningful vote." Complaint ¶1. The plaintiff has alleged no facts to support that she cannot vote on the Proposal A. The Plaintiff makes conclusory statements that the results of the election on Proposal A will not be binding. Until such time as the results of the November 2004 Election are declared to be non-binding on the specific reasons alleged in the Complaint, plaintiff has suffered no injury. The plaintiff's claims are premature, and thus, the Complaint fails to state any justiciable controversy. Therefore, the Complaint should be dismissed.

## II. PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTION SHOULD BE DENIED.

The issuance of a temporary restraining order is governed by G.R.C.P. 65(b). "Generally, the standards for granting a preliminary injunction and issuing a temporary restraining order are the same, the difference being solely one of duration of the order." Port Authority of Guam v. Ambyth Shipping and Trading, Inc., Civil Case No. CV1570-97 Decision and Order Aug. 2, 2001, quoting

-9-

Johnson & Johnson v. Minnesota Mining and Manufacturing Co., 715 F. Supp. 110, 111-12 (D. Del. 1989). The relevant factors to be considered include: (1) reasonable likelihood of success on the merits; (2) irreparable harm to the moving party in the absence of relief; (3) harm to the other parties if relief is granted; and (4) the public interest. Decision and Order at 3. One inherent characteristic of a temporary restraining order is that it has the effect of merely preserving the status quo rather than granting most or all of the substantive relief requested in the complaint. Fernandez-Rosque v. Smith, 671 F.2d 426, 429 (11th Cir. 1982).

a.     **Plaintiff Has No Reasonable Likelihood of Success on the Merits.**

The moving party, in this case the plaintiff, bears the burden to demonstrate a likelihood of success on the merits. Carlson v. Guam Telephone Authority, 2002 Guam 15 para. 8 (2002). Plaintiff has no reasonable likelihood of success on the merits of this case.

The central issue here is whether Bill 374 has any effect on the vote for Proposal A in the upcoming general election on November 2, 2004. The answer is clearly in the affirmative. Bill 374 was specifically enacted to "keep voters informed in time for the General Election in November 2004 and to avoid a Special Election. Voting on Proposal A during the November 2004 General Election would guarantee greater participation from voters than any special election." More specifically, Bill 374 , section 3(a) provides: "Notwithstanding 3 GCA section 17509 and 17511, and any rule or regulation, the initiative entitled "An Initiative to Establish the Guam Casino Gaming Control Commission Act" (hereafter Proposal A"), shall be voted on in the November 2004 General Election." Further, Bill 374, section 4, provides that "[A]ny defect in the Ballot Pamphlet shall *not* cause a delay in the election or be grounds to invalidate the election." (Emphasis in original). Based on the foregoing provisions of the new Public Law, Proposal A will be voted on in  the

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-10-

general election of November 2, 2004. And the GEC's failure to send the 80-page initiative to voters will not invalidate the results of the general election on Proposal A.

Given the new law, plaintiff cannot meet her burden of establishing a reasonable likelihood of success on the merits. As established above, plaintiffs' request for injunctive and declaratory relief is rendered moot by the passage of the new public law. Further, plaintiff has no reasonable likelihood of success on the merits because Bill 374 requires the general election as to Proposal A to proceed and further provides that any defects in the ballot pamphlet shall not invalidate the results of the election.

**b.** __Plaintiff Will Suffer No Irreparable Harm in the Absence of Injunctive Relief.__

In order for an injunction to issue, the moving party must show a "presently existing actual threat" or "immediate irreparable injury." Casamar Guam Inc. v. Port Authority of Guam, Civil Case No. CV0240-00 (Decision and Order dated February 24, 2000). Plaintiff cannot show either.

There is no "presently existing actual threat" or "immediate irreparable injury" because any defect in the ballot pamphlet, as provided by Bill 374 will not invalidate the results of the election on Proposal A. Further, and more importantly, **plaintiff does not allege that her right to vote is infringed by failure of the GEC's failure to include the initiative in the ballot pamphlet**. She fails to allege that she has not read it, received it, was prevented from receiving it, or how the failure to receive the initiative resulted in deprivation of her right to vote. The complaint merely alleges in a conclusory fashion that the results of the election on Proposal A will not be binding but it fails to state how there is a presently existing actual threat to plaintiff or that she will suffer immediate irreparable injury.

-11-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

**c.**     **There Will be Serious Harm to Other Parties If Injunctive Relief is Granted.**

The GEC has already made arrangements for the election on Proposal A to be held on November 2, 2004, by expending thousands of dollars on the election, the ballot pamphlet and ballots, and numerous voters have already voted. Amicus Lina'la' Sin Casino, CFED, and others have spent thousands of dollars on advertisements, educational forums and other public awareness programs on Proposal A. To grant injunctive relief at this late date would result in serious harm to GEC, amicus Lina' la' Sin Casino, CFED and others who have spent thousands in terms of money and resources in this election. *See* <u>Madias v. Dearborn Federal Credit Union</u>, 916 F. Supp. 659, 661 (E.D. Mich. 1996) (preliminary injunction denied where issuance of injunction would cost credit union thousands of dollars in cancelling election).

**d.**     **The Public Interest Would be Severely Prejudiced by Issuance of an Injunction.**

The public interest in having the November 2, 2004 general election proceed without delay on Proposal A is great. CFED has spent the last two years attempting to gain sufficient signatures to allow the initiative to appear on the ballot. CFED, Amicus Lina'la' Sin Casino, and others have spent thousands of dollars in attempting to educate voters about the merits of Proposal A. To postpone or enjoin the general election this late would impose additional costs on the Guam Election Commission and raise the possibility of a low voter turnout at a subsequent special election on the initiative. The plaintiff's motion for a preliminary injunction should therefore be denied. <u>Baird v. Consolidated City of Indianapolis</u>, 1991 WL 557613 (S.D. Ind. 1991) (preliminary injunction to enjoin election denied where postponement of election would impose additional costs on county and raise possibility of low voter turnout at subsequent election).

-12-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

For all of the foregoing reasons, Amicus Lina'la' Sin Casino submits that plaintiff has failed to meet her burden of establishing the requirements for preliminary injunction and her motion should therefore be denied.

## CONCLUSION

Based on the foregoing, Amicus Lina'la' Sin Casino respectfully requests that the Court dismiss the Complaint for lack of subject matter jurisdiction. Additionally, Amicus Lina'La Sin Casino further requests that the Court deny the plaintiff's request for preliminary injunction.

RESPECTFULLY SUBMITTED on this 28th day of October, 2004.

**ARRIOLA, COWAN & ARRIOLA**
**Counsel for Proposed Intervenor**
**LINA'LA' SIN CASINO**



**JOAQUIN C. ARRIOLA, JR.**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

DEC 0 7 2004

Domingo M. Nego
Deputy Clerk, Superior Court of Guam

-13-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

| A | GUAM | B | | C | November 2_04 |
|---|------|---|---|---|---|

## PUBLIC AUDITOR OF GUAM
### DO NOT MARK MORE THAN ONE (1) OVAL

Vote for one (1) candidate only. Make this mark ( ) in the oval. If you mark more than one (1) candidate, your vote will not be counted. If you make a mistake, ask for a new ballot.

## ADITOT PUPBLEKON GUAHAN
### MUNGNGA MA MATKA MAS DI UNU (1) NA UBALAO.

Bota unu (1) ha' na kandedatu. Matka taiguini ( ) gi ubalao. Yanggen un bota mas di unu (1) na kandedatu, ti u ma kuenta i botu-mu. Yanggen lachi hao, fanggagao nuebu na balotu.

1 ◯ BROOKS, Doris Flores
   (Incumbent) (CABESA), CPA, CGFM

   Write-In
   ◯ _____

## CONSOLIDATED COMMISSION ON UTILITIES
### MARK NO MORE THAN TWO (2) OVALS.

Vote for two (2) candidates only. Make this mark ( ) in the oval. If you mark more than two (2) candidates, your vote will not be counted. If you make a mistake, ask for a new ballot.

## DINANNA' KUMISION PARA MINANEHAN UTILIDAT
### MUNGNGA MA MATKA MAS DI DOS (2) NA UBALAO.

Bota dos (2) ha' na kandedatu siha. Matka taiguini ( ) gi ubalao. Yanggen un bota mas di dos (2) na kandedatu siha, ti u ma kuenta i botu-mu. Yanggen lachi hao, fanggagao nuebu na balotu.

1 ◯ ADA, Thomas C.

2 ◯ HARA, Eloy P.

3 ◯ LIZAMA, Jesus T.

4 ◯ NELSON, Gloria B.

   Write-In
   ◯ _____

   ◯ _____

## INITIATIVE MEASURE
### SHALL PROPOSAL A, AN INITIATIVE TO ESTABLISH THE GUAM CASINO GAMING CONTROL ACT, BE ADOPTED BY THE VOTERS OF GUAM? VOTE "YES" OR "NO".

## I PRINIPONI
### INAPRETAN I PRINIPONI A, MA PRUPOPONI NA U MA ESTAPBLESA AKTON KUMISION MINANEHAN HUEGON KASINON GUAHAN NA U MA APREBA NU I MANAOTAO GUAHAN NI' MAMBOBOTA? BOTA "YES" PAT "NO".

## PROPOSAL A
This initiative measure shall (1) allow for certain licensed casino gambling activities in approved Guam hotels; (2) create a 5-member Guam Casino Gaming Control Commission which (a) defines the gambling activities allowed, (b) promulgates rules and regulations regarding licensed gambling, (c) enforces said guidelines, and (d) provides for civil and criminal penalties for violations of these provisions; and (3) provide a mechanism by which the Commission shall (a) control the issuance of gambling licenses, (b) conduct hearings under the proposed Act, (c) collect licensing and registration fees imposed by the proposed Act, and (d) enact rules and regulations necessary in carrying out the Act.

◯ YES

◯ NO

### DIRECTIONS
### INITIATIVE MEASURE
Vote "Yes" or "No" on the initiative measure. A mark in the oval ( ) to the left of the word "Yes" shall be counted as a vote for the initiative measure. A mark in the oval ( ) to the left of the word "No" shall be counted as a vote against the measure. If you vote both "Yes" and "No", your vote for the initiative measure will not be counted. If you make a mistake, ask for a new ballot.

### DIREKSION
### I PRINIPONI
Bota "Yes (Hunggan)" pat "No (Ahe')" para i priniponi. Matka halom i ubalao ( ) gi fi'on i palabran "Yes" para u ma kuenta i botu hunggan para i priniponi. Kumu un matka i ubalao ( ) gi fi'on i palabra "No", para u ma kuenta i botu Ahe' kumu ti un apreba i priniponi. Kumu un bota todu i dos "Yes" yan "No", siempre ti u ma kuenta i botu-mu. Yanggen lachi hao, fanggagao nuebu na balotu.

| A | | B | | C | |

```
EXHIBIT
    A
```
PENGAD 800-631-6989

| | | |
|---|---|---|
| LOURDES P. AGUON-SCHULTE, | ) | CIVIL CASE NO.: CV1103-04 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DEFENDANTS GUAM ELECTION** |
| | ) | **COMMISSION, AND GERALD A.** |
| THE GUAM ELECTION COMMISSION; | ) | **TAITANO'S NOTICE OF MOTION** |
| GERALD A. TAITANO, in his individual | ) | **AND MOTION TO DISMISS** |
| capacity and in his capacity as the | ) | **FOR LACK OF JURISDICTION,** |
| Executive Director of THE GUAM | ) | **TO ABSTAIN OR TO STAY** |
| ELECTION COMMISSION, I MINA' | ) | **PROCEEDINGS** |
| BENTE SIETE NA LIHESLATURAN | ) | |
| GUAHAN (The 27th Guam Legislature); | ) | |
| FELIX P. CAMACHO, in his official | ) | |
| capacity as the GOVERNOR OF GUAM, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

TO:   LOURDES P. AGUON-SCHULTE AND HER ATTORNEYS OF RECORD
      DOOLEY, ROBERTS & FOWLER

      NOTICE IS HEREBY GIVEN that on the _____ day of _____, 2004,

at the hour of _____, ___.m., or as soon thereafter as the matter can be

heard at the Superior Court of Guam, Defendants Guam Election Commission and Gerald

A. Taitano will move, and hereby do move, the Court for an Order, pursuant to Rules

12(b)(1), (4), (5) and (6) of the Guam Rules of Civil Procedure for an order dismissing the

Complaint in the above-captioned action, for lack of process, for lack of service of process,

for lack of jurisdiction, for failure to state a claim upon which relief can be granted, for

failure of the Plaintiff to exhaust administrative remedies and to follow the Election Code,

because there is no cause of action or controversy regarding this matter, or in the alternative

to stay the proceedings, until the Governor of Guam has had an opportunity to act on

Attorneys at Law

LAW OFFICES OF
CESAR C. CABOT, P.C.
BankPacific Building, Second Floor ● 825 South Marine Corps Drive ● Tamuning, Guam 96913
Telephone: (671) 646-2001 ● Facsimile: (671) 646-0777

Attorneys at Law

LAW OFFICES OF
CESAR C. CABOT, P.C.
BankPacific Building, Second Floor • 825 South Marine Corps Drive • Tamuning, Guam 96913
Telephone: (671) 646-2001 • Facsimile: (671) 646-0777

Legislative Bill No. 374, which may clarify or cure any election deficiency, errors or omissions of the GEC or Taitano.

Defendants GEC and Taitano respectfully move this Court for an order dismissing the Complaint for the aforementioned reasons.

This motion is made and based on this Notice of Motion, the Memorandum of Points and Authorities, any declarations filed in support of this Motion prior to the hearing date, and exhibits thereto, filed and served herewith or prior to the hearing date, the papers, records, and files in this action, or on any reply GEC or Taitano may make, and such oral and documentary evidence and argument as may be presented prior to or at the hearing on this motion.

Respectfully submitted this 27th day of October, 2004.

LAW OFFICES OF CESAR C. CABOT, P.C.
Attorneys for the Guam Election Commission
and Gerald A. Taitano.

By: _____
CESAR C. CABOT

CCC:me
P047205.CCC

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam

DEC 0 7 2004

Domingo M. Nego
Deputy Clerk, Superior Court of Guam

1 | On behalf of
   *I MINA' BENTE SIETE NA LIHESLATURAN GUÅHAN*

2

LEGISLATIVE COUNSEL
3 | Therese M. Terlaje
155 Hesler Place
4 | Hagåtña, Guam 96910
Telephone: 472-3253 Facisimile: 472-3525

5

IN THE SUPERIOR COURT OF GUAM
6

7 | LOURDES P. AGUON-SCHULTE   )   CIVIL CASE NO. CV1103-04
   )
   )
8 |       Plaintiff,   )
   )
9 |    vs.   )
   )
10 | THE GUAM ELECTION COMMISSION;   )   **NOTICE OF *I MINA' BENTE SIETE***
GERALD A. TAITANO, in his individual   )   ***NA   LIHESLATURAN   GUÅHAN'S***
11 | Capacity and in his capacity as the   )   **MOTION TO DISMISS**
Executive Director of THE GUAM   )
12 | ELECTION COMMISSION, *I MINA'*   )
*BENTE SIETE NA LIHESLATURAN*   )
13 | *GUAHAN* (The 27th Guam Legislature);   )
FELIX P. CAMACHO, in his official   )
14 | Capacity as the GOVERNOR OF GUAM.   )
   )
15 |       Defendants.   )
   )

16

TO: LOURDES P. AGUON-SCHULTE AND HER ATTORNEYS OF RECORD
17 |      DOOLEY, ROBERTS & FOWLER

18 |     Notice is hereby given that on the ___ day of _____, 2004, at the hour of ____ or as
19 | soon thereafter as the matter can be heard at the Superior Court of Guam, Defendants I Mina Bente
Siete Na Liheslaturan Guahan will move and hereby do move the Court for an Order, pursuant to
20 | Rule 12(b)(6) of the Guam Rules of Civil Procedure for an order dismissing the Complaint in the
above-captioned action, for failure to state a claim upon which relief can be granted.
    Respectfully submitted this 27th of October 2004.

21

22 |                        **OFFICE OF THE LEGISLATIVE COUNSEL**
                       **MINA' BENTE SIETE NA LIHESLATURAN**
23 |                        **GUÅHAN**

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam

Oct 27 2004

Domingo M. Nego
Deputy Clerk, Superior Court of Guam

24 |                        THERESE M. TERLAJE
                       *On behalf of*
25 |                        *I MINA' BENTE SIETE NA LIHESLATURAN*
                       *GUÅHAN*





1

2 Douglas B. Moylan
Attorney General of Guam
3 Robert M. Weinberg
Assistant Attorney General
4 Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
5 Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
6

7 Attorneys for the Government of Guam

FILED
DISTRICT COURT OF GUAM

DEC - 1 2004

MARY L. M. MORAN
CLERK OF COURT

8 ## IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM
9

10 LOURDES P. AGUON-SCHULTE,                )        **Civil Case No. 04-00046**
                                          )
11          Plaintiff,                    )        (removed from the Superior Court of Guam
                                          )        Civil Case No. CV-1103-04)
12          vs.                           )
                                          )
13 THE GUAM ELECTION COMMISSION,          )
   et al.                                 )
14                                        )
                                          )
15          Defendants.                   )
                                          )
16 ─────────────────────────────────      )
                                          )
17 JAY MERRILL, etc., et al.              )
                                          )        (removed from the Superior Court of Guam
18          Plaintiff,                    )        Civil Case No. CV-1111-04)
                                          )
19          vs.                           )        **WRIT OF CERTIORARI TO**
                                          )        ~~SUPERIOUR~~ COURT OF GUAM
20 THE GUAM ELECTION COMMISSION,          )        **SUPERIOR**
   et al.                                 )
21                                        )
                                          )
22          Defendants.                   )

23 **TO ALL THE JUDGES OF THE SUPERIOR COURT OF GUAM, GREETINGS:**

24      WHEREAS, the above-entitled actions were duly removed to this Court by defendants on

25 October 26, 2004, and

6

1     WHEREAS, by Order of this Court duly made in the above-entitled consolidate actions

2 on **DEC - 1 2004** that a writ of certiorari should issue to you, you are, therefore,

3     COMMANDED TO BRING to the District Court of Guam true, full, and complete

4 copies of the records and proceedings taken and had in the above-entitled actions in the Superior

5 Court of Guam within 21 days following service, together with this writ, so that the Court may

6 proceed further thereon and do what of right ought to be done.

7     Dated this *1st* day of *December*, 2004.

8

9

10

11               Mary L. M. Moran

                 MARY L. M. MORAN
                 Clerk, District Court of Guam

12

13             By *Rosita P. San Nicolas*

14             Rosita P. San Nicolas
             Chief Deputy Clerk

15

16

17

18

19

20

21

22   
**RECEIVED**

23   NOV 2 9 2004

24   DISTRICT COURT OF GUAM
       HAGATNA, GUAM

25



RECEIVED

DEC 0 6 2004

SUPERIOR COURT
OF GUAM
CLERKS OFFICE

# IN THE DISTRICT COURT
## TERRITORY OF GUAM

FILED
DISTRICT COURT OF GUAM

DEC - 1 2004

MARY L. M. MORAN
CLERK OF COURT

| | |
|---|---|
| LOURDES P. AGUON-SCHULTE, | Civil Case No. 04-00046 |
| Plaintiff, | (removed from the Superior Court of Guam Civil Case No. CV-1103-04) |
| vs. | |
| THE GUAM ELECTION COMMISSION, et al. | |
| Defendants. | |
| JAY MERRILL, etc., et al. | (removed from the Superior Court of Guam Civil Case No. CV-1111-04) |
| Plaintiff, | |
| vs. | **ORDER** |
| THE GUAM ELECTION COMMISSION, et al. | |
| Defendants. | |

The Court hereby directs the Office of the Attorney General for the Government of Guam to serve forthwith on the Superior Court of Guam and the Clerk thereof the Writ of Certiorari to the Superior Court of Guam upon issuance by the Clerk of Court.

SO ORDERED this _2nd_ day of _November_, 2004.

/S/ Joaquin V.E. Manibusan Jr.

JOAQUIN V.E. MANIBUSAN, JR.
Magistrate Judge

1