**JOAQUIN C. ARRIOLA, JR., ESQ.**
**ARRIOLA, COWAN & ARRIOLA**
259 MARTYR STREET, SUITE 201
P.O. BOX X, HAGÅTÑA, GUAM 96932
TELEPHONE: (671) 477-9730/33
TELECOPIER: (671) 477-9734

Counsel for Lina'la' Sin Casino
Proposed Intervenor/Amicus Curiae

**FILED**
DISTRICT COURT OF GUAM
DEC - 8 2004
MARY L. M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| LOURDES P. AGUON-SCHULTE, | CIVIL CASE NO. 04-00045 |
| Plaintiff, | |
| vs. | **NOTICE OF PENDING MOTION OF PROPOSED INTERVENOR/AMICUS CURIAE LINA'LA' SIN CASINO** |
| THE GUAM ELECTION COMMISSION, *et al.*, | |
| Defendants. | |
| | |
| JAY MERRILL, *et al.*, | CIVIL CASE NO. 04-00046 |
| Plaintiffs, | |
| vs. | |
| THE GUAM ELECTION COMMISSION, *et al.*, | |
| Defendants. | |

COMES NOW, Proposed Intervenor/Amicus Curiae, LINA'LA' SIN CASINO, by and through its counsel, Joaquin C. Arriola, Jr., and gives Notice that there remains pending its Motion to Intervene in the above-captioned matter.

On December 2, 2004, the District Court issued an Order advising that various pending

**ORIGINAL**

motions are referred to Magistrate Judge Manibusan for disposition. Notably, the Motion to Intervene filed by LINA'LA' SIN CASINO was not included in the Order. For the record, LINA'LA SIN CASINO submits the following:

1. On October 25, 2004, LINA'LA' SIN CASINO, a non-profit corporation, moved to intervene as a party in the underlying Superior Court action. A copy of the Motion to Intervene is attached as Exhibit A and incorporated herein by this reference.

2. On October 25, 2004, Plaintiff LOU AGUON-SCHULTE filed her Opposition to the Motion to Intervene. A copy of the Opposition, without Exhibits, is attached as Exhibit B and incorporated herein by this reference.

3. On October 26, 2004, at 2:51 p.m., the Attorney General filed a Notice of Removal of the Superior Court action to the District Court of Guam.

4. Shortly thereafter, on October 26, 2004, at 2:52 p.m., the Superior Court issued an Order permitting LINA'LA SIN CASINO to file a Memorandum of Law in response to Plaintiff's Motion for Preliminary Injunction. The Superior Court had not issued an Order on LINA'LA's Motion to Intervene, but ordered that the Memorandum of Law would serve as an amicus curiae brief in the event intervention was denied. A copy of the Superior Court's Order of October 26, 2004 is attached as Exhibit C and incorporated herein by this reference.

5. No decision has been issued by either the Superior Court of Guam or District Court of Guam on the pending Motion to Intervene of LINA'LA' SIN CASINO.

6. The other pending motions subject of this Court's Order of December 2, 2004, were filed subsequent to the Motion to Intervene of LINA'LA SIN CASINO.

7. LINA'LA' SIN CASINO respectfully submits that a ruling on its Motion to Intervene is necessary in order to determine its participation in the pending case, including its participation in

all pending motions.

Dated at Hagatna, Guam: December 7, 2004.

ARRIOLA, COWAN & ARRIOLA
Counsel for Proposed Intervenor/Amicus Curiae
LINA'LA' SIN CASINO

_____
JOAQUIN C. ARRIOLA, JR.

# CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2004, I caused to be served via facsimile and hand delivery, the **NOTICE OF PENDING MOTION OF PROPOSED INTEREVENOR LINA'LA' SIN CASINO** to:

>THOMAS L. ROBERTS, ESQ.
>Counsel for Plaintiff
>Dooley, Roberts & Fowler LLP
>Suite 201, Orlean Pacific Plaza
>865 South Marine Drive
>Tamuning, Guam 96911; Fax Number: 646-1223
>
>DOUGLAS B. MOYLAN, ESQ.
>Attorney General of Guam
>Office of the Attorney General
>Suite 2-200E, Guam Judicial Center
>120 West O'Brien Drive
>Hagåtña, Guam 96910; Fax Number: 475-2493
>
>CESAR C. CABOT, ESQ.
>Counsel for Guam Election Commission
>  and Gerald Taitano
>BankPacific Building, 2nd Floor
>825 South Marine Drive
>Tamuning, Guam 96913; Fax Number: 646-0777
>
>THERESE M. TERLAJE, ESQ.
>Counsel for 27th Guam Legislature
>194 Hernan Cortes Avenue
>Hagåtña, Guam 96910; Fax Number: 472-8896
>
>SHANNON JOY TAITANO, ESQ.
>Counsel for the Governor of Guam
>Office of the Governor
>Adelup, Guam; Fax Number: 477-6666
>
>MICHAEL PANGELINAN, ESQ.
>Counsel for the Governor of Guam
>Calvo & Clark
>655 South Marine Corps Drive
>Tamuning, Guam 96913; Fax Number: 646-9403

Dated this 8th day of December, 2004.

JOAQUIN C. ARRIOLA, JR.

**JOAQUIN C. ARRIOLA, JR., ESQ.**
**ARRIOLA, COWAN & ARRIOLA**
259 MARTYR STREET, SUITE 201
P.O. BOX X, HAGÅTÑA, GUAM 96932
TELEPHONE: (671) 477-9730/33
TELECOPIER: (671) 477-9734

Counsel for Lina'la' Sin Casino

## IN THE SUPERIOR COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| LOURDES P. AGUON-SCHULTE, | ) CIVIL CASE NO. CV1103-04 |
| Plaintiff, | ) |
| vs. | ) |
| THE GUAM ELECTION COMMISSION; GERALD A. TAITANO, in his individual capacity and in his capacity as the Executive Director of THE GUAM ELECTION COMMISSION, I MINA' BENTE SIETE NA LIHESLATURAN GUAHAN (The 27th Guam Legislature); FELIX P. CAMACHO, in his official capacity as the GOVERNOR OF GUAM, | ) **EX PARTE MOTION OF LINA'LA' SIN CASINO TO INTERVENE** |
| Defendants. | ) |

COMES NOW, Intervenor, LINA'LA' SIN CASINO, by and through its counsel, Joaquin C. Arriola, Jr., and moves the Court, ex parte, to intervene in this case. This ex parte motion is supported by the following Memorandum of Points and Authorities and the Declaration of Jose Q. Cruz filed herewith. Lina'la's Answer setting forth the defenses for which intervention is sought is attached as Exhibit A and incorporated herein by this reference.

OFFICE OF THE GOVERNOR

RECEIVED
Law Office of
Cesar C. Cabot, P. C.
Date: 10-25-04
Time: 2:00
Initials:

EXHIBIT A

Case 1:04-cv-00046   Document 84   Filed 12/08/2004   Page 5 of 20

# MEMORANDUM OF POINTS AND AUTHORITIES

Guam Rules of Civil Procedure, Rule 24 provides as follows:

**Rule 24. Intervention.**
**(a) Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action:
(1) when a statute confers an unconditional right to intervene, or (2) *when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.*
**(b) Permissive Intervention.** Upon timely application, anyone may be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) *when an applicant's claim or defense and the main action have a question of law or fact in common.* When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.
**(c) Procedure.** A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute gives a right to intervene. When the validity of an act of the Guam Legislature affecting the public interest is drawn in question in any action to which the Government of Guam or an officer, agency, or employee thereof is not a party, the court shall notify the Attorney General.

Rule 24, GRCP (emphasis added.).

Lina'la's application to intervene is timely. No answers have been filed by any Defendants. This suit was only filed on October 18, 2004, and the first hearing in the matter was held on October 21, 2004. An expedited briefing schedule has been ordered and Lina'la' is prepared to comply.

Under Rule 24(a)(1) above, intervention as a matter of right is warranted. This is an election case involving Proposal A, an initiative measure **currently** being voted on by the people of Guam. Plaintiff clearly is affiliated with the proponents of Proposal A, namely Citizens for Economic

Diversity, a for-profit corporation which has sponsored Proposal A. She is their paid campaign director. Lina'la' Sin Casino is an educational, non-profit corporation committed to providing education and information concerning issues of current interest and for protection of the family and culture of Guam. Lina'la' has registered with the Guam Election Commission as a group of voters opposed to Proposal A. Lina'la' has submitted official arguments in opposition to Proposal A, which were adopted and published by the Guam Election Commission. Plaintiff seeks to stop the ongoing vote on Proposal A. Plaintiff further seeks a declaratory judgment nullifying the ongoing election on Proposal A. Plaintiff further seeks declaratory relief dictating the terms and conditions of a special election for Proposal A. While Lina'la' may not dispute all of Plaintiff's factual allegations, Lina'la' opposes **all** of Plaintiff's claims for relief.

In short, Lina'la' claims an interest relating to the transactions which are the subject of the action: the election on Proposal A. Lina'la' is so situated that the disposition of the action may as a practical matter impair or impede the Lina'la's ability to protect that interest. NONE of the parties herein will represent Lina'la's interests. Lina'la' opposes Proposal A; Plaintiff supports Proposal A. While some may argue that the Defendant Governor of Guam or Defendant Guam Legislature may adequately represent Lina'la's interests, those parties have their own interests, primarily political and governmental, which are not at all similar to Lina'la's, much less protected by such Defendants. Lina'la' represents many voters who oppose Proposal A, and who oppose Plaintiff's claims for relief. NO OTHER PARTY shares such interest in this litigation. Under Rule 24(a)(1), Lina'la's intervention as of right must be ordered.

Similarly, under Rule 24 (b), permissive intervention is warranted. Again, Lina'la's instant motion is timely, filed about a week after the complaint herein was filed, and only filed after the named parties declined to stipulate to such intervention (after having initially agreed to such

stipulation). Lina'la' claims a number of defenses and issues relating to the complaint: Plaintiff lacks standing to sue for such relief; the Superior Court of Guam lacks jurisdiction over Plaintiff's federal claims; Plaintiff has unclean hands in pursuing her claims; Plaintiff is estopped and barred by the doctrine of laches in pursuing her claims; Plaintiff's cause of action is not ripe for review; Plaintiff's requested relief is not authorized by Guam law and indeed, her request directly contravenes local law. Lina'la's defense and the main action have a question of law and fact in common: what, if anything, should be done about the ongoing election on Proposal A. Lina'la' does not share Plaintiff's claim for relief: Lina'la' does not believe the ongoing election should be stopped; Lina'la' does not believe the ongoing election is invalid; Lina'la' does not believe the Court should order a special election. Lina'la's defense of this lawsuit will provide the Court with more arguments, guidance, facts and law on the issues presented by the Plaintiff.

Under Rule 24, intervention as of right or permission is warranted. Lina'la' meets all the grounds for such. ALL interests in this action should be represented.

Dated at Hagatna, Guam : October 25, 2004.

ARRIOLA, COWAN & ARRIOLA

_____
JOAQUIN C. ARRIOLA, JR.

**JOAQUIN C. ARRIOLA, JR., ESQ.**
**ARRIOLA, COWAN & ARRIOLA**
259 MARTYR STREET, SUITE 201
P.O. BOX X, HAGÅTÑA, GUAM 96932
TELEPHONE: (671) 477-9730/33
TELECOPIER: (671) 477-9734

Counsel for Lina'la Casino

# IN THE SUPERIOR COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| LOURDES P. AGUON-SCHULTE, | CIVIL CASE NO. CV1103-04 |
| Plaintiff, | |
| vs. | |
| THE GUAM ELECTION COMMISSION; GERALD A. TAITANO, in his individual capacity and in his capacity as the Executive Director of THE GUAM ELECTION COMMISSION, I MINA' BENTE SIETE NA LIHESLATURAN GUAHAN (The 27th Guam Legislature); FELIX P. CAMACHO, in his official capacity as the GOVERNOR OF GUAM, | **ANSWER OF LINA'LA' SIN CASINO** |
| Defendants. | |
| LINA'LA' SIN CASINO, | |
| Intervenor. | |

COMES NOW, Intervenor, LINA'LA' SIN CASINO, by and through its Attorney, Joaquin C. Arriola, Jr., and answers the Plaintiff's Complaint as follows:

1. Answering Paragraph 1 of Plaintiff's Complaint, Intervenor lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained

EXHIBIT A

therein and on that basis denies said paragraph.

2. Answering Paragraph 2 of Plaintiff's Complaint, Intervenor admits the allegations contained therein.

3. Answering Paragraph 3 of Plaintiff's Complaint, Intervenor admits the allegations contained therein.

4. Answering Paragraph 4 of Plaintiff's Complaint, Intervenor admits the allegations contained therein.

5. Answering Paragraph 5 of Plaintiff's Complaint, Intervenor admits the allegations contained therein.

6. Answering Paragraph 6 of Plaintiff's Complaint, Intervenor denies the allegations contained therein.

7. Answering Paragraph 7 of Plaintiff's Complaint, Intervenor admits that "Proposal A is on the ballot for the scheduled November 2, 2004 Guam General Election," but lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in said paragraph and on that basis denies the remaining allegations.

8. Answering Paragraph 8 of Plaintiff's Complaint, Intervenor lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

9. Answering Paragraph 9 of Plaintiff's Complaint, Intervenor lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

10. Answering Paragraph 10 of Plaintiff's Complaint, Intervenor lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

11. Answering Paragraph 11 of Plaintiff's Complaint, Intervenor lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

12. Answering Paragraph 12 of Plaintiff's Complaint, Intervenor admits the allegations contained therein.

13. Answering Paragraph 13 of Plaintiff's Complaint, Intervenor admits the allegations contained therein.

14. Answering Paragraph 14 of Plaintiff's Complaint, Intervenor lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

15. Answering Paragraph 15 of Plaintiff's Complaint, Intervenor admits the allegations contained therein.

16. Answering Paragraph 16 of Plaintiff's Complaint, Intervenor lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

17. Answering Paragraph 17 of Plaintiff's Complaint, Intervenor lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

18. Answering Paragraph 18 of Plaintiff's Complaint, Intervenor lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

19. Answering Paragraph 19 of Plaintiff's Complaint, Intervenor lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

20. Intervenor refers and incorporates Paragraphs 1 through 19 of this Answer as though fully set forth herein.

21. Answering Paragraph 21 of Plaintiff's Complaint, Intervenor lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

22. Answering Paragraph 22 of Plaintiff's Complaint, Intervenor admits the allegations contained therein.

23. Answering Paragraph 23 of Plaintiff's Complaint, Intervenor admits the allegations contained therein.

24. Answering Paragraph 24 of Plaintiff's Complaint, Intervenor admits the allegations contained therein.

25. Answering Paragraph 25 of Plaintiff's Complaint, Intervenor lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

26. Answering Paragraph 26 of Plaintiff's Complaint, Intervenor admits the allegations contained therein.

27. Answering Paragraph 27 of Plaintiff's Complaint, Intervenor admits the allegations contained therein.

28. Answering Paragraph 28 of Plaintiff's Complaint, Intervenor admits the allegations contained therein.

29. Answering Paragraph 29 of Plaintiff's Complaint, Intervenor denies the allegations contained therein.

30. Answering Paragraph 30 of Plaintiff's Complaint, Intervenor denies the allegations contained therein.

31. Answering Paragraph 31 of Plaintiff's Complaint, Intervenor denies the allegations contained therein.

32. Intervenor refers and incorporates Paragraphs 1 through 31 of this Answer as though fully set forth herein.

33. Answering Paragraph 33 of Plaintiff's Complaint, Intervenor lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

34. Answering Paragraph 34 of Plaintiff's Complaint, Intervenor lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

35. Answering Paragraph 35 of Plaintiff's Complaint, Intervenor admits the allegations contained therein.

36. Answering Paragraph 36 of Plaintiff's Complaint, Intervenor admits the allegations contained therein.

37. Answering Paragraph 37 of Plaintiff's Complaint, Intervenor lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

38. Answering Paragraph 38 of Plaintiff's Complaint, Intervenor denies the allegations contained therein.

39. Intervenor refers and incorporates Paragraphs 1 through 38 of this Answer as though fully set forth herein.

40. Answering Paragraph 40 of Plaintiff's Complaint, Intervenor denies the allegations contained therein.

41. Answering Paragraph 41 of Plaintiff's Complaint, Intervenor lacks sufficient

information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

42. Answering Paragraph 42 of Plaintiff's Complaint, Intervenor lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

43. Answering Paragraph 43 of Plaintiff's Complaint, Intervenor lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

44. Answering Paragraph 44 of Plaintiff's Complaint, Intervenor lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

45. Answering Paragraph 45 of Plaintiff's Complaint, Intervenor admits the allegations contained therein.

46. Answering Paragraph 46 of Plaintiff's Complaint, Intervenor lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained therein and on that basis denies said paragraph.

47. Answering Paragraph 47 of Plaintiff's Complaint, Intervenor denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

1. Plaintiff lacks standing.

2. Superior Court of Guam lacks jurisdiction over the claims in Plaintiff's Complaint.

3. Plaintiff has failed to exhaust her administrative remedies.

4. Plaintiff's Complaint and each purported cause of action therein, fails to state a claim upon which relief can be granted.

5. Plaintiff is barred by laches from obtaining any relief as pleaded in the Complaint.

6. Plaintiff is barred by the applicable statute of limitation and/or repose from obtaining any relief as pleaded in the Complaint.

7. Plaintiff has, by reason of her conduct, waived any claims sought in her Complaint.

8. Plaintiff is barred from obtaining any relief as pleaded in the Complaint by the doctrine of unclean hands.

WHEREFORE, Intervenor requests the following relief:

1. That Plaintiff's case be dismissed.

2. That Intervenor be awarded reasonable attorney's fees and costs.

3. For such other and further relief as the Court deems just in the premises.

Dated at Hagåtña: October 25, 2004.

ARRIOLA, COWAN & ARRIOLA
Counsel for Intervenor, LINA'LA' SIN CASINO

ORIGINAL SIGNED:
JOAQUIN C. ARRIOLA, JR.

_____
JOAQUIN C. ARRIOLA, JR.

Dooley Roberts & Fowler LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Drive
Tamuning, Guam 96913
Telephone: (671) 646-1222
Facsimile: (671) 646-1223

*Law Offices*
ARRIOLA, COWAN, ARRIOLA

OCT 26 2004
RECEIVED
BY: Coo   TIME: 10:15am

Attorneys for Plaintiff Lourdes P. Aguon-Schulte

IN THE SUPERIOR COURT

OF GUAM

| | |
|---|---|
| LOURDES P. AGUON-SCHULTE,<br><br>Plaintiff,<br><br>vs.<br><br>THE GUAM ELECTION COMMISSION; GERALD A. TAITANO, in his individual capacity and in his capacity as the Executive Director of THE GUAM ELECTION COMMMISSION, I MINA' BENTE SIETE NA LIHESLATURAN GUAHAN (The 27th Guam Legislature); FELIX P. CAMACHO, in his official capacity as the GOVERNOR OF GUAM,<br><br>Defendants.<br><br>LINA'LA SIN CASINO<br><br>Intervenor. | CIVIL CASE NO. CV1103-04<br><br>**PLAINTIFF'S OPPOSITION TO LINA'LA SIN CASINO'S MOTION TO INTERVENE** |

Rule 24 allows intervention when "the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." The would-be intervenors do not appear to meet the test for intervention. The Election Commission and the Director claim the election is valid and that it will go forward as scheduled. They have every reason to vigorously oppose Plaintiff's

EXHIBIT B

Plaintiff's Opposition To Lina'la Sin Casino's Motion To Intervene
Aguon-Schulte v. Guam Election Commission, et al.
Civil Case No. CV1103-04
Page 2

motions. The would-be intervenors' interests therefore appear to be "adequately represented by existing parties" within the meaning of Rule 24. As such, it is not necessary to allow them to intervene. "When applicants for intervention seek to achieve the same objectives as an existing party in the case, that party is presumed to represent the applicants' interests adequately." Meek v. Metropolitan Dade County, 985 F.2d 1471, 1477 (11th Cir. 1993).

Intervention will also be denied where it will prejudice the existing parties. None of the attorneys for the existing parties to the litigation has any objection to this court hearing the pending motions simply because she is acquainted with the named plaintiff. This is because of the urgency of the case, the obvious need for a pre-election declaration, the fact that each and every other Superior Court judge is unable to hear the case, and because Ms. Aguon-Schulte was only named as a plaintiff because she is a registered voter, not because she has any personal interest in the case that is necessarily any different than the interests of any other voter on Guam.

However, counsel for intervenors has informed the undersigned counsel that if he is permitted to intervene on behalf of Lina'la' Sin Casino, he will file a motion to disqualify this court. Under the order issued by the court at last Friday's ex parte hearing, that motion to disqualify the court will come on for hearing this Thursday, October 28, 2004. This is only two (2) working days before the November 2, 2004 election. Since every other Judge of the Superior Court has recused himself or herself from the case, as a practical any disqualification of this court will deprive plaintiff (as well as the voting public) of any pre-election declaration on the validity of the election itself. But, plaintiff and the people of Guam have a right to a pre-

Plaintiff's Opposition To Lina'la Sin Casino's Motion To Intervene
Aguon-Schulte v. Guam Election Commission, et al.
Civil Case No. CV1103-04
Page 3

election judicial declaration on whether their vote for or against Proposal A on November 2, 2004 is legally meaningful or legally meaningless.

For the reasons just stated, this morning the undersigned counsel filed a new class action lawsuit on behalf of Jay Merrill individually as well as "on behalf of all other similarly situated voters desirous of casting a vote in favor of Proposal A in a fair and legal election." A true and correct copy of the new complaint (without exhibits, which are identical to the exhibits to the complaint in this case) is attached hereto and incorporated herein as Exhibit 1. The complaint in the new case, Superior Court Civil Case No. CV. 1111-04, has been filed against the same Defendants as in the Aguon-Schulte case. Aside from the class action allegations, the new Merrill, et. al. complaint is identical to the complaint in the Aguon-Schulte case.

Finally, the undersigned counsel has filed an ex parte notice of motion and motion for declaratory and injunctive relief in the new case, as well. See Exhibit 2, attached hereto and made a part hereof. These documents are identical to the ex parte motions filed in this case. Plaintiff requests the court to also hear the ex parte motion in the new case, CV 1111-04, this Thursday, October 4, 2004 at 2:00 p.m., which is the time, date and place set for the hearing on the ex parte motions in this case, CV1103-04. The complaint as well as the ex parte motions have already been faxed to all opposing counsel presently of record in this case. See, Exhibit 3, a true and correct copy of a letter sent by the undersigned counsel this afternoon. Since they are attached to this opposition, counsel for Lina'la' Sin Casino now has them, as well. No one can possibly be prejudiced by a hearing on these motions at the same time as the other motions, since

Plaintiff's Opposition To Lina'la Sin Casino's Motion To Intervene
Aguon-Schulte v. Guam Election Commission, et al.
Civil Case No. CV1103-04
Page 4

they are identical. Most importantly, if the court feels the need to recuse itself in the event of any motion to disqualify her in CV1103-04, then the court could simply proceed to hear the identical motions in CV1111-04.

DOOLEY ROBERTS & FOWLER LLP

Dated: October 25, 2004          By: _____
                                     **THOMAS L. ROBERTS**
                                     Attorneys for Plaintiff

F:\Documents\Thomas L Roberts (07.04)\C325 CFED\Pleadings\Superior Court\C325 - Opposition to Motion to Intervene.doc

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| LOURDES P. AGUON-SCHULTE, | CIVIL CASE NO. CV1103-04 |
| Plaintiff, | |
| vs. | |
| THE GUAM ELECTION COMMISSION; GERALD A. TAITANO, in his individual capacity and in his capacity as the Executive Director of THE GUAM ELECTION COMMISSION, I MINA' BENTE SIETE NA LIHESLATURAN GUAHAN (The 27th Guam Legislature); FELIX P. CAMACHO, in his official capacity as the GOVERNOR OF GUAM, | ORDER |
| Defendants. | |

The Court hereby ORDERS that Lina'la' Sin Casino, may file a memorandum of law in response to the Plaintiff's motion. The Court further orders that if the Motion to Intervene filed on October 25, 2004, is not granted, Lina'la' Sin Casino's memorandum will be considered an amicus brief.

SO ORDERED this 26th day of October, 2004.

Honorable Katherine A. Maraman
Judge, Superior Court of Guam


EXHIBIT C