Dooley Roberts & Fowler LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Drive
Tamuning, Guam 96913
Telephone: (671) 646-1222
Facsimile: (671) 646-1223



FILED
DISTRICT COURT OF GUAM
DEC 10 2004
MARY L. M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT
OF GUAM

| | | |
|---|---|---|
| LOURDES P. AGUON-SCHULTE, | ) | CIVIL CASE NO. 04-00045 |
| Plaintiff, | ) | |
| vs. | ) | |
| THE GUAM ELECTION COMMISSION, *et al.*, | ) | |
| Defendants. | ) | |
| JAY MERRILL, on his own behalf and on behalf of all other similarly situated voters desirous of casting a vote in favor of Proposal A at a fair and legal election, | ) | CIVIL CASE NO. 04-00046 |
| Plaintiffs, | ) | **PROVISIONAL OPPOSITION TO THE GUAM ELECTION COMMISSION AND GERALD A. TAITANO'S OCTOBER 28, 2004 MOTION TO DISMISS** |
| vs. | ) | |
| THE GUAM ELECTION COMMISSION; GERALD A. TAITANO, in his capacity as the Executive Director of THE GUAM ELECTION COMMISSION, I MINA' BENTE SIETE NA LIHESLATURAN GUAHAN (The 27th Guam Legislature); FELIX P. CAMACHO, in his official capacity as the GOVERNOR OF GUAM. | ) | |
| Defendants. | ) | |

At numerous places in their December 7, 2004 opposition to Plaintiffs' pending motion for summary judgment, the Guam Election Commission ("Election Commission") and Gerald A. Taitano ("Mr. Taitano") assert that the motion to dismiss they filed with the District Court on October 28, 2004 in *Aguon-Schulte v. The Guam Election Commission, et al.*, Civil Case No.

Provisional Opposition To The Guam Election Commission
And Gerald A. Taitano's October 28, 2004 Motion To Dismiss
*Aguon-Schulte v. Guam Election Commission, et al.*
*Merrill, etc., et al. v. Guam Election Commission, et al.*
Civil Case No. 04-00046
Page 2

CIV04-00045, has not been responded to by Plaintiffs. With the filing of this opposition memorandum, that is no longer true. On the timing issue, however, it appears that the Election Commission and Mr. Taitano are reading the District Court Local Rules differently than Plaintiffs. Under Local Rule 7.1(b), "if oral argument is requested" on a motion, the motion must "contain the date on which the motion will be heard, as provided for in Local Rule 7.1(e)(2)". In their October 28, 2004 motion to dismiss, the Election Commission and Mr. Taitano appeared to request a hearing date.[1] Since the Election Commission and Mr. Taitano requested oral argument, they were also required to comply with District Court Local Rule 7.1(e)(2). This Rule required them to file an "Agreement of Hearing Date" in the form of "Attachment LR 7.1.A.". Under the Rules, it was then the responsibility of the Defendants' attorney to contact the attorneys for the other parties to "propose a date for oral argument." *Id.* Once that was done, the Defendants' attorneys were then obligated "clear the date with the clerk" under the same rule. When that date had been cleared with the clerk, the date was "to be inserted in the 'Agreement of Hearing Date'." At that point, under Local Rule 7.1(d)(1)(A), "Motions Set for Oral Argument", Plaintiffs were to have up until fourteen (14) days prior to the noticed date of oral argument to serve their memorandum in opposition to the

---

[1] "NOTICE IS HEREBY GIVEN that on the ___ day of _____, 2004, at the hour of ____, ___.m., or as soon thereafter as the matter can be heard at the District Court of Guam, Defendants ... will move, and hereby do move ... for an order dismissing the complaint in the above-captioned action ...". The motion to dismiss was made and based on documents filed along with the motion and on "such oral and documented evidence and argument as may be presented prior to or at the hearing on this motion." *See*, October 28, 2004 motion to dismiss.

Provisional Opposition To The Guam Election Commission
And Gerald A. Taitano's October 28, 2004 Motion To Dismiss
*Aguon-Schulte v. Guam Election Commission, et al.*
*Merrill, etc., et al. v. Guam Election Commission, et al.*
Civil Case No. 04-00046
Page 3

motion.[2] Until reviewing the assertions made in Defendants' Opposition to the pending motion for summary judgment, Plaintiffs had been waiting for moving Defendants to request them to agree to a hearing date for the motion to dismiss. No such request has ever been made.

This opposition to Defendants' October 28, 2004 motion to dismiss is therefore provisionally filed in the event it is Plaintiffs who have misread the District Court's Local Rules.

There are six (6) separate arguments made in the motion to dismiss filed by the Election Commission and Mr. Taitano. Most of the same arguments are raised again in opposition to the motion for summary judgment, and they will be dealt with again in Plaintiffs' reply to that opposition. They are addressed here in the order they are made in Defendants' brief.

### Section I.

Here, Defendants suggest that they "arguably" complied with Guam's Election Code. This is because, they say, Guam law requiring them to mail "the complete text of the initiative measure" did not require them to mail the complete text of Proposal A. In Defendants' words, "arguably, section 17509 does not require the complete text of the Initiative statute, only a complete copy of the 'measure'". Defendants' Memorandum, at p. 4. This argument simply does not work. First, it is directly inconsistent with contemporaneous comments made by the director of the Election Commission and the Election Commission's attorney immediately after the controversy in question

---

[2] Alternatively, if the moving defendants and the plaintiffs were unable to agree on a hearing date, the rules permitted to simply file a notice of non-agreement on hearing date. This is what plaintiffs did when they were unable to convince counsel for defendants to agree to any particular hearing date.

Provisional Opposition To The Guam Election Commission
And Gerald A. Taitano's October 28, 2004 Motion To Dismiss
*Aguon-Schulte v. Guam Election Commission, et al.*
*Merrill, etc., et al. v. Guam Election Commission, et al.*
Civil Case No. 04-00046
Page 4

first surfaced. *See*, Exhibit 3, Aguon-Schulte Complaint; Exhibit 3; November 23, 2004 Declaration of Thomas L. Roberts, ¶¶ 4, 7. Second, the Election Laws and Rules cannot be read the way the Defendants suggest. The court is free to read the statutes and rules for itself, but by no stretch of the imagination can those statutes and rules be read to relieve the Defendants from the obligation to mail a complete copy of Proposition A to the voters 30 days before the election.

Moving Defendants' argument that the complete text of Proposal A did not need to be mailed to the voters prior to the election places them in the very difficult position of also arguing that the complete text of Proposal A also did not need to be circulated to the voters when they signed petitions to place it on the ballot for the November 2, 2004 general election. But this can't be right. A complete copy of Proposal A had to made available to the voters at some point. The voters' decision on whether or not to enact Proposal into law is not the same, for example, as an initiative election in which all the information needed by the voters is contained in the initiative question itself. This would be the case, for example, in the following situations:

"Should an airport departure tax of $10 per departing visitor be promulgated by the Guam Legislature?"

"Should the fine for littering be raised from $250 to $500?"

"Should the Guam Legislature be reduced from 21 members to 15 members?" (This actually happened).

"Should the Governor's annual salary be lowered from $100,000 to $50,000?"

Provisional Opposition To The Guam Election Commission
And Gerald A. Taitano's October 28, 2004 Motion To Dismiss
*Aguon-Schulte v. Guam Election Commission, et al.*
*Merrill, etc., et al. v. Guam Election Commission, et al.*
Civil Case No. 04-00046
Page 5

"Should the salaries of Guam senators be reduced from $100,000 to $50,000 per year?"

In the examples above, the voters do not need to know anything about the proposed initiative other than what is in the question itself. But, for Proposal A, it was impossible for a voter to intelligently vote yes or no on the actual question proposed on the ballot[3] without knowing what Proposal A itself proposed to enact into law. This is why 6 G.A.R. § 2112(b)(5) required "the complete text of the initiative measure" to be included in the ballot pamphlet mailed to the voters, why 6 G.A.R. § 2114 required the ballot pamphlets to be mailed to the voters not later than thirty (30) days prior to the election, why 3 G.C.A. § 17509(a) required a "complete copy" of Proposal A to be included in the ballot pamphlets, and why 3 G.C.A. § 17511 required the ballot pamphlets to be mailed to the voters prior to the election.

Nor is there any argument that the court should defer to the Guam Election Commission's interpretation of the Legislature's statutes. The Legislature drafted those statutes, and the Legislature is in the best position to say what they mean. On this point, in the "Legislative Findings and Intent" promulgated by the Legislature in connection with its passage of Bill No. 374 on October 25, 2004, the Legislature had this to say:

> I Liheslaturan Guahan finds that due to the Guam Election Commission's failure to send out complete copies of the initiative entitled "Proposal A" to all registered voters, I Liheslaturan wishes to make these documents publicly available … in order to keep voters informed in time for the General Election in November 2004 and avoid a special election. …

---

[3] "Shall Proposal A, an initiative to establish the Guam Casino Gaming Control Commission Act, be adopted by the voters of Guam?"

Provisional Opposition To The Guam Election Commission
And Gerald A. Taitano's October 28, 2004 Motion To Dismiss
*Aguon-Schulte v. Guam Election Commission, et al.*
*Merrill, etc., et al. v. Guam Election Commission, et al.*
Civil Case No. 04-00046
Page 6

\*\*\*

> Notwithstanding 3 G.C.A. § 17509 and 17511, and any rule or regulation, the ballot pamphlet for Proposal A need *not* contain a complete copy of the initiative measure to be submitted to voters.

The Legislature knew what its own statutes meant. In passing Bill 374, the Legislature specifically expressed what its own statutes meant. And of course, if the statutes in question are ambiguous, which Plaintiffs deny, then the issue for the court becomes ascertaining the legislative intent in passing them. After the foregoing plain words – more accurately the unambiguous "legislative findings and intent" of the Guam Legislature – how can legislative intent possibly be in doubt?

## Section II

Here Defendants argue that Gerald A. Taitano, in his individual capacity, is an improper party. As presently filed, neither of the two complaints seeks money damages against Mr. Taitano in his individual or any other capacity. As a result, Plaintiffs dismissed Mr. Taitano without prejudice under Federal Rule of Civil Procedure § 41(a)(1)(i) on October 27, 2004. Therefore, this section of Defendants' motion to dismiss is moot.

## Section III

Under this Section of the brief, Defendants argue that Gerald A. Taitano cannot be sued in his official capacity. Moving Defendants argue that because 3 G.C.A. § 2106(b) provides that the Election Commission "<u>may</u> sue and be sued in its name", that "any lawsuit involving the

Provisional Opposition To The Guam Election Commission
And Gerald A. Taitano's October 28, 2004 Motion To Dismiss
*Aguon-Schulte v. Guam Election Commission, et al.*
*Merrill, etc., et al. v. Guam Election Commission, et al.*
Civil Case No. 04-00046
Page 7

Commission shall be directed at the Commission 'in its name'". Defendants' Memorandum, at p. 9. Moving Defendants' slight of hand in blurring the familiar distinctions between the words "may" and "shall" is neither availing nor relevant. This is an action brought under 42 U.S.C. § 1983. Under familiar principals of civil rights juris prudence, officials can be sued under 42 U.S.C. § 1983 in their official capacities. *See*, Guam Soc'y of Obstetricians and Gynecologists v. Ada, 1992 U.S.App. LEXIS 13490 (9th Cir. 1992).

### Section IV

Defendants argue here that Plaintiffs failed to exhaust their administrative remedies prior to filing suit. In opposition to this argument, Plaintiffs' refer to and incorporate herein footnote 8 of their November 23, 2004 Memorandum in support of the pending motion for summary judgment, at pp. 15 – 16.

### Section V

Defendants argue under Section VI that the controversy raised by Plaintiffs became legally moot with the passage of Bill 374. For the reasons stated in section II.B.2. and 3.b. of Plaintiffs' motion for summary judgment, at pp. 3 – 4, and 7 – 14, which are incorporated herewith by this reference, Bill 374 most certainly did not moot the current controversy.

Provisional Opposition To The Guam Election Commission
And Gerald A. Taitano's October 28, 2004 Motion To Dismiss
*Aguon-Schulte v. Guam Election Commission, et al.*
*Merrill, etc., et al. v. Guam Election Commission, et al.*
Civil Case No. 04-00046
Page 8

### Section VI

In section VI of their moving papers, at pp. 12 – 14, Defendants argue that the Election Commission and Mr. Taitano "substantially complied" with the Election Code. For the reasons stated under section III.B.2. of the memorandum filed by Plaintiffs in support of the pending motion for summary judgment, at pp. 8 – 12, which are incorporated herewith by this reference, the substantial compliance doctrine does not work in this case. When "notice statutes" are violated in an election, particularly in initiative elections, actual compliance with the election statutes is required and substantial compliance is not enough.

Nor do the cases cited by Defendants compel any other conclusion. The Superior Court's Wade decision is not published, is not otherwise attached to Defendants' moving papers, and it has no precedential effect in any event. But, the Guam Supreme Court's opinion on the Wade Appeal is published, at 2002 Guam 16. There, the Guam Supreme court determined it was unnecessary to review the trial court's observations about the substantial compliance doctrine, but it left little doubt that it did not think much of them. "The trial court held, in the alternative, 'that even if ... regulation [2108(c)] was valid, the Executive Director substantially complied with the regulation by providing the required notice within 20 working days" ... In view of our holding that regulation 2108(c) is invalid and therefore, unenforceable, we find it unnecessary to address this alternative ground." In footnote 10 of its opinion, the Supreme Court noted: "We emphasize, however, that in choosing not to address the substantial compliance

Provisional Opposition To The Guam Election Commission
And Gerald A. Taitano's October 28, 2004 Motion To Dismiss
*Aguon-Schulte v. Guam Election Commission, et al.*
*Merrill, etc., et al. v. Guam Election Commission, et al.*
Civil Case No. 04-00046
Page 9

issue, our opinion, in effect, does not affirm the trial court's recognition of the GEC's interpretation of the word days to mean working days in regulation 2108(c).... the GEC's construction of day to mean working day is inconsistent with the Guam Code. Second, the GEC's internal inconsistency in construing the word was reflected by the GEC legal counsel's admission during oral arguments that in other sections of their enabling statutes, the GEC has construed the word day to mean calendar day and not working day." And, in a previous decision, Archbishop Apuron v. G.F.G. Corporation (D.Guam A.D. 1995) 1995 WL 604383, this court has noted that a "substantial compliance determination cannot result in the circumvention of a clear statutory policy."

Defendants Loonan v. Woodley, 882 P.2d 1380, 1390 (Colo. 1994) to support their substantial compliance argument. But Loonan dealt with whether the *proponents* of an initiative measure had complied with all necessary election laws in their efforts to place an initiative before the people for vote. It did not deal with whether *state election officials* had complied with all necessary election laws in placing a duly-qualified initiative before the people for vote. Because of the importance of the right of the people to exercise their right to initiative, it is not surprising that the court examined the proponents' efforts for substantial compliance rather than actual compliance. Loonan does not stand for the proposition that state election officials' failure to follow the prescribed notice statutes can be reviewed for substantial compliance. Finally, the Loonan court nonetheless held that the proponents had not substantially complied with the

Provisional Opposition To The Guam Election Commission
And Gerald A. Taitano's October 28, 2004 Motion To Dismiss
*Aguon-Schulte v. Guam Election Commission, et al.*
*Merrill, etc., et al. v. Guam Election Commission, et al.*
Civil Case No. 04-00046
Page 10

election laws in any event. The same distinction serves to distinguish <u>Meyers v. Bayless</u>, 965 P.2d 768 (Ariz. 1998), cited at pp. 12-14 of movants' papers) ("In deference to the people's power to legislate we liberally construe statutory and constitutional requirements that go to the form of an initiative petition. This means that the "legal sufficiency" standard of A.R.S. § 19-122(C) requires substantial, not necessarily technical, compliance with the law.").

<u>Canales v. Alviso</u>, 3 Cal. 3d 118, 127 (Cal. 1970), cited at p. 12-13 of the moving defendants' memorandum, dealt with "[technical] errors or irregularities arising in carrying out <u>directory</u> provisions" of the election laws. (Emphasis added). As pointed out at pp 8-9 of Plaintiffs' summary judgment memorandum, which is incorporated herein, notice statutes are <u>mandatory</u>, not directory, and actual rather than substantial compliance with the statute is therefore required.

<u>School Dist. v. Taxpayers Of, & Within, School Dist.</u>, 225 P.2d 1063 Wash. 1950), cited by Defendants at p. 13 of their brief, was distinguished out of existence by the same court only a year after it was decided, in <u>Davis v. Gibbs</u>, 236 P.2d 545 (Wash. 1951):

> (B)efore there can be substantial compliance, there must be <u>some attempt to comply with the statute</u>. Here, we have no attempt to publish in compliance with the statute. The paper in which it was published was not even circulated in the annexation area. Hence, there was no official printed publication of the election. Posting of notice cannot be a substitute for publication. <u>The doctrine of substantial compliance ought not to be carried to the extent of holding that unofficial publication and dissemination of information of an impending election can take the place of, and practically dispense with, required statutory notice</u>, even though such requirement be, in a measure, directory rather than mandatory. We have never held that a complete lack of official published notice may be

Provisional Opposition To The Guam Election Commission
And Gerald A. Taitano's October 28, 2004 Motion To Dismiss
*Aguon-Schulte v. Guam Election Commission, et al.*
*Merrill, etc., et al. v. Guam Election Commission, et al.*
Civil Case No. 04-00046
Page 11

supplanted by publicity. We have, in fact, held to the contrary. P. U. D. No. 1 of Pend Oreille County v. Newport, 38 Wn. (2d) 221, 228 P. (2d) 766. Should it be, then our "government of laws" is in peril. (emphasis added).

People v. Carlsbad, 128 Cal. App. 2d 77 (Cal. Ct. App., 1954) (movants' brief, p. 13) is an example of an election in which all of the information voters needed to know was contained entirely within the proposition to be voted on itself, i.e., "should Carlsbad be incorporated into San Diego County?" Thus, in the court's words, "the election itself (was) the controlling feature and the ultimate objective of the notice statute" in dispute. In contrast, Proposal A was 82 pages long and it created an entire autonomous agency of the government of Guam. Because the statute itself was not mailed to the voters before the election, as required by the election laws, all they were voting on was whether they were for or against gambling. The same is true of Housing Authority of County of Kings v. Peden, 212 Cal. App. 2d 276, 281 (Cal. Ct. App., 1963) (brief, p. 13) ("Shall the Housing Authority ... develop, construct and acquire ... a low-rent housing project or projects of not to exceed two hundred and seventy five (275) dwelling units for living accommodations for persons of low income including eligible elderly persons of low income?") and McLoughlin v. Prescott, 6 P.2d 50 (Ariz. 1931) (Should the city issue $200,000 in bonds of the city to enlarge and improve its water system?).

The other cases cited by Defendants are not helpful or actually support Plaintiffs. Bauch v. Anderson, 497 P.2d 698 (Colo. 1972) is both ("only in a clear case should a title prepared by

Provisional Opposition To The Guam Election Commission
And Gerald A. Taitano's October 28, 2004 Motion To Dismiss
*Aguon-Schulte v. Guam Election Commission, et al.*
*Merrill, etc., et al. v. Guam Election Commission, et al.*
Civil Case No. 04-00046
Page 12

the board be held invalid."). So is In re Title, Ballot Title & Submission Clause, 830 P.2d 984, 991 (Colo. 1992).

In contrast to the complete text of an initiative measure, the summary prepared a Title Setting Board "is not intended to fully educate people on all aspects of the proposed law, and it need not set out in detail every aspect of the initiative"). Adams v. Bolin, 247 P.2d 617 (Ariz. 1952) deals with injuctions.

Finally, Defendants cite Kerby v. Griffin, 62 P.2d 1131 (Ariz. 1936) for the proposition that "substantial compliance with constitution authorizing initiative and referendum and regulating publicity for proposed laws held essential." This is not a correct description of what Kerby holds. Kerby holds that "statutory directions as to the time and manner of giving notice of a election are mandatory and will be upheld strictly in a direct action , such as this, instituted *before* an election, but that in an action brought *after* the election has been held substantial compliance therewith is all that need be shown", citing McLoughlin v. Prescott, 39 Ariz. 286, 6 Pac. (2d) 50, which is also cited by defendants.

DOOLEY ROBERTS & FOWLER LLP

Dated: December 10, 2004      By: _____
**THOMAS L. ROBERTS**
Attorneys for Plaintiffs

Provisional Opposition To The Guam Election Commission
And Gerald A. Taitano's October 28, 2004 Motion To Dismiss
*Aguon-Schulte v. Guam Election Commission, et al.*
*Merrill, etc., et al. v. Guam Election Commission, et al.*
Civil Case No. 04-00046
Page 13

## CERTIFICATE OF SERVICE

I, **THOMAS L. ROBERTS**, hereby declare that on December 10th 2004, I caused a copy of Plaintiffs' **Provisional Opposition To The Guam Election Commission And Gerald A. Taitano's October 28, 2004 Motion To Dismiss** to be served upon the following:

>Cesar C. Cabot, Esq.
>2nd Floor, BankPacific Building
>825 South Marine Corps Drive
>Tamuning, Guam 96913

>Shannon J. Taitano, Esq.
>Office of the Governor
>Post Office Box 2674
>Hagatna, Guam 96932

>Calvo & Clark
>655 South Marine Corps Drive
>Tamuning, Guam 96913

>Office of the Attorney General
>Suite 2-200E, Guam Judicial Center
>120 West O'Brien Drive
>Hagåtña, Guam 96910

Dated this 10th day of December 2004.

_____
**THOMAS L. ROBERTS**