Dooley Roberts & Fowler LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Drive
Tamuning, Guam 96913
Telephone: (671) 646-1222
Facsimile: (671) 646-1223



# IN THE DISTRICT COURT

# OF GUAM

| | | |
|---|---|---|
| LOURDES P. AGUON-SCHULTE, | ) | CIVIL CASE NO. 04-00045 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| THE GUAM ELECTION COMMISSION, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |
| JAY MERRILL, on his own behalf and on behalf of all other similarly situated voters desirous of casting a vote in favor of Proposal A at a fair and legal election, | ) ) ) ) ) | CIVIL CASE NO. 04-00046 |
| Plaintiffs, | ) ) | **PLAINTIFFS' COMBINED REPLY TO DEFENDANTS' OPPOSITIONS TO MOTION FOR SUMMARY JUDGMENT** |
| vs. | ) ) | |
| THE GUAM ELECTION COMMISSION; GERALD A. TAITANO, in his capacity as the Executive Director of THE GUAM ELECTION COMMISSION, I MINA' BENTE SIETE NA LIHESLATURAN GUAHAN (The 27th Guam Legislature); FELIX P. CAMACHO, in his official capacity as the GOVERNOR OF GUAM. | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiffs have moved for summary judgment. The Office of the Attorney General, representing the Defendants, has filed a non-opposition to Plaintiffs' motion for summary judgment

Plaintiffs' Combined Reply To Defendants'
Oppositions To Motion For Summary Judgment
*Aguon-Schulte v. Guam Election Commission, et al.*
*Merrill, etc., et al. v. Guam Election Commission, et al.*
Civil Case No. 04-00046
Page 2

on the amended complaint's count for declaratory relief (but not on the count for a special election). Other attorneys, who say they represent the Defendants rather than the Office of the Attorney General, have filed oppositions to the motion for summary judgment. This Reply Memorandum is filed in the event the court eventually determines that the Guam Attorney General's office does not represent the Defendants in this case.

A. <u>**Governor Camacho's Brief**</u>

1. **The Governor's Introduction.**

In the introduction to his opposition memorandum, the Governor makes several bold arguments. First, the Governor argues that Plaintiffs have "failed to even show that they ever requested a special election from the Legislature or that such a request has been refused." With all due respect, this contention is factually inaccurate, to say the least. Plaintiff Lou Aguon-Schulte sued the Legislature demanding a special election on October 18, 2004 fourteen (14) days before the scheduled November 2, 2004 general election, but the Legislature refused to call for a special election. Plaintiffs Jay Merrill and all others similarly situated filed their class action against the Legislature demanding a special election on October 25, 2004, one (1) week before the general election, but still the Legislature refused to call for a special election. Instead, later that same day, during the late evening hours of October 25, 2004, the Legislature passed Bill 374 for the *express purpose* of avoiding a special election on Proposal A. "Due to the Guam Election Commission's failure to send out complete copies of the initiative entitled 'Proposal A'

Plaintiffs' Combined Reply To Defendants'
Oppositions To Motion For Summary Judgment
*Aguon-Schulte v. Guam Election Commission, et al.*
*Merrill, etc., et al. v. Guam Election Commission, et al.*
Civil Case No. 04-00046
Page 3

to all registered voters, *I Liheslatura* wishes to make these documents publicly available ... in order to keep voters informed in time for the General Election in November 2004 <u>and to avoid a Special Election</u>." *See*, Exhibit 4, Merrill First Amended Complaint, filed November 23, 2004. Before the cases were removed to the District Court by the Attorney General's Office on October 26, 2004, the Legislature's counsel showed up at all hearings in the Superior Court to vigorously oppose Plaintiffs' demand for a special election at every turn. Once the cases were in this court, the Legislature's counsel filed a motion to dismiss the Merrill complaint and its demand for a special election on October 27, 2004, five days before the scheduled general election, arguing that "(T)he Legislature has exclusive jurisdiction over initiative procedures," that the Legislature passed Bill 374 in order "to avoid a special election", and that the scheduled November 2, 2004 general election on Proposal A should be "allowed to run its course."[1] The Governor is just wrong.

But even if the Governor was right, it really would not matter. Plaintiffs do not have any legal obligation in these lawsuits to show that they requested a special election, and they do not have to show that the Legislature refused to call for a special election. The Governor is thinking of some other doctrine. Under the federal cases cited in Plaintiffs' motion for summary judgment, federal courts have plenary authority to compel special elections when the people's

---

[1] Before filing suit, Plaintiffs did in fact call on both the Legislature and the Governor to hold a special election without success. See, e.g., Merrill First Amended Complaint, Exhibit 3, October 15, 2004 PDN article; October 22, 2004 Marianas Variety article, etc.

Plaintiffs' Combined Reply To Defendants'
Oppositions To Motion For Summary Judgment
*Aguon-Schulte v. Guam Election Commission, et al.*
*Merrill, etc., et al. v. Guam Election Commission, et al.*
Civil Case No. 04-00046
Page 4

right to vote in a legal and binding election has been violated by local election officials. This is what happened in this election.

In the second and third paragraphs of the Governor's Introduction, the Governor concedes that Proposal A is "quite lengthy, densely worded and legalistic." The Governor then argues that Plaintiffs lost the November 2, 2004 election because the "voters made their determinations not on nuances of the casino gaming law, but rather on the big picture question of whether they believed casinos would or would not benefit the island." On a moment's thought, it is apparent that the Governor and Plaintiffs are looking at the same set of facts, but interpreting those facts in opposite ways. In fact, the Governor's point is precisely Plaintiffs' point on the motion for summary judgment. Because Proposal A is "quite lengthy, densely worded and legalistic", and because the Election Commission decided not to mail it to the voters so they could read it, as required by Guam law, *the voters were not voting on Proposal A* at the November 2nd, 2004 General Election. Instead, as the Governor now admits, they were voting for something else. But that "something else" – the abstract question of whether Guam should allow gambling – was not supposed to be on the ballot on Election Day. Proposal A was supposed to be on the ballot. In order to cast a meaningful and intelligent vote on Proposal A, the voters needed to read it. They were deprived of this opportunity by the Executive Director of the Election Commission when he decided to ignore his own attorney and refused to mail copies of Proposal A to the voters. It is inconceivable how the Governor can now possibly argue that a

Plaintiffs' Combined Reply To Defendants'
Oppositions To Motion For Summary Judgment
*Aguon-Schulte v. Guam Election Commission, et al.*
*Merrill, etc., et al. v. Guam Election Commission, et al.*
Civil Case No. 04-00046
Page 5

legal and binding election on Proposal A took place on November 2nd, 2004. In the words of counsel for would-be Intervenor Lina'La'Sin Casino, it was merely a "straw poll" on the general idea of gambling. It was not a legal and binding vote on Proposal A.

## 2. The Governor's Argument.

### I.A "Removal Jurisdiction"

The resolution of the arguments contained under this section of the Governor's brief would more appropriately be resolved in connection with the various motions filed by the various attorneys for the various defendants on this issue (the motion to remand, the motion to strike, etc.). For now, Plaintiffs note only that the District Court has jurisdiction unless and until it determines that it does not have jurisdiction. Until then, it has full authority to rule on the pending motion for summary judgment, and no case cited by the Governor holds to the contrary. If the court determines that the Attorney General's Office does not represent the Defendants and remands the case, Plaintiffs will immediately file another lawsuit and another motion for summary judgment in this court.[2]

---

[2] If the court determines that it must remand the case, Plaintiff request the court to include in its order leave for Plaintiffs to refile in the District Court unimpeded by any potentially applicable doctrines related to federal/state court relations, the "one action" rule, or other potentially applicable doctrines. Plaintiffs originally filed their federal civil rights claims in local court under the local court's concurrent subject matter jurisdiction because there was no federal judge physically on Guam, and Plaintiffs needed immediate, pre-election relief. Instead, each and every judge of the Superior Court of Guam proceeded to recuse himself or herself from hearing this case except Judge Kathy Maraman, who thereafter determined that she was unable to hear the case once the notice of removal was filed. Just before that, the Election Commission and the Executive Director of the Election Commission had filed a motion to disqualify her. If getting to the merits of a dispute is or at least should be the goal of the bar and the courts, Plaintiffs could certainly use a little federal judicial assistance.

Plaintiffs' Combined Reply To Defendants'
Oppositions To Motion For Summary Judgment
*Aguon-Schulte v. Guam Election Commission, et al.*
*Merrill, etc., et al. v. Guam Election Commission, et al.*
Civil Case No. 04-00046
Page 6

I.B. Class Certification

The argument made here by the Governor is somewhat counterintuitive, and the Governor cites no cases to support his argument. The issues squarely presented and framed for judicial resolution on this motion are these: (1) Was the November 2, 2004 election on Proposal A legal and binding? (2) If not, should the court compel a special election as a remedy? These issues do not need to wait for class certification.

The remainder of the Governor's arguments here are a horribly unfair mischaracterization of the course of events in this case. In fairness to the Governor's current counsel, he was not involved in the early stages of these cases. There has been no "barrage of duplicative lawsuits" here. The Attorney General's opinion letter proclaiming that the scheduled November 2, 2004 election on Proposal A was invalid and not binding came out on October 7, 2004, twenty five (25) days before the election. Lou Aguon-Schulte's complaint seeking declaratory and injunctive relief was filed as timely as possible on October 18, 2004, which was fourteen (14) days before the election. Plaintiffs doggedly tried to get a Superior Court judge, any Superior Court judge, to hear their motion for a preliminary injunction, but one by one each of the Superior Court judges recused themselves from Ms. Aguon-Schulte's politically-charged case. Eventually, on Friday, October 22, 2004 (the court being closed on Tuesday, October 19, 2004 and Wednesday, October 20, 2004 due to typhoon Nock-Ten), Ms. Aguon was able to appear before Judge Maraman, who set a hearing on Plaintiff Aguon-Schulte's motion for injunctive

Plaintiffs' Combined Reply To Defendants'
Oppositions To Motion For Summary Judgment
*Aguon-Schulte v. Guam Election Commission, et al.*
*Merrill, etc., et al. v. Guam Election Commission, et al.*
Civil Case No. 04-00046
Page 7

relief for the following week, Thursday, October 28, 2004. At that Friday's hearing, counsel for proposed Intervenor Lina'la'sin Casino informed the undersigned counsel that he would be moving to disqualify Judge Maraman before the next hearing because Judge Maraman was acquainted with Ms. Aguon-Schulte. *See*, Plaintiffs' October 26, 2004 Opposition to Lina'La'Sin Casino's Motion to Intervene in Superior Court Civil Action CV1103-04, <u>Aguon-Schulte v. GEC, et. al.</u>, Exhibit 3. Judge Maraman had previously announced on the record in the <u>Aguon-Schulte</u> case that if such a motion were made, she would "follow the statute", i.e., refer the matter to the Chief Justice of the Supreme Court of Guam for reassignment to another judge from another jurisdiction, usually a judge of the Commonwealth of the Northern Mariana Islands. Moreover, at another hearing in the <u>Aguon-Schulte</u> case on Monday, October 25, 2004, Lina'La'Sin Casino's counsel had proclaimed that individual voters had no standing to bring voting rights actions and that he would be moving to dismiss on that ground. *See*, October 26, 2004 Opposition to Lina'La'Sin Casino's Motion to Intervene in Superior Court Civil Action CV1103-04, <u>Aguon-Schulte v. GEC, et. al.</u>, Exhibit 3, *supra*. By this point, there were only six (6) working days before the election. Had any one the Defendants or the would-be Intervenor made good on any of their threats (and the Election Commission eventually did file a motion to disqualify Judge Maraman in the <u>Aguon-Schulte</u> case on October 26, 2004), a pre-election ruling on the validity of the scheduled election would not have been possible.

Plaintiffs' Combined Reply To Defendants'
Oppositions To Motion For Summary Judgment
*Aguon-Schulte v. Guam Election Commission, et al.*
*Merrill, etc., et al. v. Guam Election Commission, et al.*
Civil Case No. 04-00046
Page 8

Under these circumstances, the undersigned counsel had no choice but to file a separate lawsuit (the Merrill complaint) without Ms. Aguon-Schulte as a named Plaintiff. That complaint was drafted over the weekend of October 23 and 24, 2004 and filed on Monday, October 25, 2004. This was only done because all of the Superior Court Judges except one had recused themselves, and the remaining Judge was about to recuse herself due to the Defendants' and would-be Intervenors' concerted efforts to prevent a pre-election ruling on the validity of the election.

The amended complaint in the Merrill case was filed _after_ the election simply in order to describe the Legislature's Bill 374 shenanigans on October 25, 2004, which took place _after_ the filing of the first Merrill complaint.

Finally, if a new complaint is filed, it will only be filed to eliminate the removal issue from the litigation, and for no other reason. In sum, Defendants themselves caused the filing of the Aguon-Schulte complaint, the first Merrill complaint, and the second Merrill complaint. If a new complaint is filed, that, too, will be the doing of the Defendants, by reason of their motions to remand the case to Superior Court for improper removal.

For the Governor to now characterize all of this as a "barrage of duplicative lawsuits" is more than a little bit insulting. All Plaintiffs have ever wanted is a hearing on the merits. Through a series of familiar but uncommendable litigation tactics, Defendants have now

Plaintiffs' Combined Reply To Defendants'
Oppositions To Motion For Summary Judgment
*Aguon-Schulte v. Guam Election Commission, et al.*
*Merrill, etc., et al. v. Guam Election Commission, et al.*
Civil Case No. 04-00046
Page 9

managed to avoid a hearing on the merits for almost two (2) full months. Plaintiffs request the court to enter summary judgment in their favor.

## II. Summary Judgment Merits

There are four (4) separate arguments set forth in this section of the Governor's brief, set off by the italicized words *"First"*, *"Second"*, etc. In the *"First"* argument, the Governor mimics a previous argument made by the Guam Election Commission. Plaintiffs refer to and incorporate herein the arguments contained in their December 10, 2004 Opposition to the Election Commission and the Director of the Election Commission's Motion to Dismiss filed in the Aguon-Schulte case. The Governor's *"Second"* argument is that this court should defer to the Election Commission's interpretation of a statute passed by the Legislature. This argument also restates an argument made by the Guam Election Commission previously. Again, Plaintiffs refer to and incorporate herein the cases and argument contained in their December 10, 2004 Opposition to the Director and the Election Commission's Motion to Dismiss. The Guam Legislature has expressly determined what its own statute (Bill 374) meant. The Guam Election Commission's interpretation of the Legislature's statute must give way to the Legislature's express determination of what the statute meant.

In any event, the statutes in question are not ambiguous. In the context of this election, there is no way that the word "measure" can mean anything other than the Act itself, which creates an entire autonomous agency of the Government of Guam. Since the statute is not

Plaintiffs' Combined Reply To Defendants'
Oppositions To Motion For Summary Judgment
*Aguon-Schulte v. Guam Election Commission, et al.*
*Merrill, etc., et al. v. Guam Election Commission, et al.*
Civil Case No. 04-00046
Page 10

ambiguous, there is no reason to resort to legislative intent or an agency's interpretation of a legislative statute.

Under the *"Third"* argument, the Governor argues that Plaintiffs "nakedly assert that the Legislature's actions in passing the law were unjustified, but that they have submitted no declarations or other evidence regarding this issue." With all due respect to the Governor, the Plaintiffs have not asserted ("nakedly" or otherwise) that the Legislature's actions were "unjustified". Instead, they have argued and proved that the Legislature's actions were illegal under Guam law, as the Attorney General's Office has also opined. Plaintiffs have also proved, through uncontested sworn declarations, that the Election Commission proceeded to violate Bill 374 after it was passed by the Legislature and signed into law by the Governor.

In the *"Fourth"* argument contained in the opposition to the motion for summary judgment, the Governor argues that the Election Commission's failure to follow Guam Election Laws were *"de minimus*, technical violations" that did not give rise to any cause of action. In doing so, the Governor reiterates arguments made by the Guam Election Commission in its motion to dismiss, Plaintiffs' opposition to which is incorporated herein by this reference.

### III. A., B. and C., Special Election.

The Governor's entire argument under this section of his brief rests on his stated belief that Plaintiffs have asked for a writ of mandamus. Plaintiffs have not asked for a writ of mandamus. Instead, they have asked the court to compel a special election as a remedy for clear,

Plaintiffs' Combined Reply To Defendants'
Oppositions To Motion For Summary Judgment
*Aguon-Schulte v. Guam Election Commission, et al.*
*Merrill, etc., et al. v. Guam Election Commission, et al.*
Civil Case No. 04-00046
Page 11

repeated and future violations of their voting rights. The cases cited in Plaintiffs' November 23, 2004 supporting memorandum all support an order compelling a special election under the circumstances of this case. In short, to borrow the Governor's bold-faced arguments on page 11 of his brief (although somewhat out of context), on November 2, 2004 Plaintiffs had a **"clear legal right"** to vote in a legal and binding election on Proposal A, and the Election Commission had a **"clear legal duty"** to follow all laws necessary to guarantee them that right. Neither of these things happened.

### B. The Guam Election Commission and the Director's Brief

There is nothing contained in these Defendants' briefs that is not also contained in the memorandum in support of their motion to dismiss the Aguon-Schulte complaint, except these Defendants' treatment of Bill 374. On this, "(t)he GEC concedes that no notice was published in the Pacific Daily News regarding the availability of copies of the measure, as there was no funding appropriated by the Legislature to accomplish the publication." GEC Brief, at p. 14. In other words, some of Guam's voters voted for or against Proposal A at a time (before October 25, 2004) when they were entitled to have a complete copy of Proposal A mailed to them by the Election Commission. It was not mailed to any of them. Some other Guam voters voted at a time (after October 25, 2004) when they were ostensibly not entitled to have a complete copy of Proposal A mailed to them. These people were instead entitled to have a notice published in the newspaper advising them that copies of Proposal A were available for them to read at their

Plaintiffs' Combined Reply To Defendants'
Oppositions To Motion For Summary Judgment
*Aguon-Schulte v. Guam Election Commission, et al.*
*Merrill, etc., et al. v. Guam Election Commission, et al.*
Civil Case No. 04-00046
Page 12

village mayor's office. No such notice was ever published. Some of these voters may have heard that copies of Proposal A were available for them to read at their village mayor's offices. But if they lived in Tamuning-Tumon, Barrigada, Mangilao, or Agana Heights, there were no copies of Proposal A available at their village mayor's office for them to read. (November 23, 2004 Declarations of Concepcion Duenas, Nonito Blas, Peter Aguon, and Paul McDonald). Not only that, but between October 7, 2004 and the day of the election, November 2, 2004, Guam's Chief Legal Officer, the Attorney General of Guam, was insisting loudly and publicly that any vote in favor of Proposal A at the general election was meaningless and that the results of any vote on Proposal A would not count. Under these circumstances, it is hard for Plaintiffs to fathom how any serious argument can be made that the November 2, 2004 election on Proposal A was constitutionally firm.

In opposition to the remainder of the arguments made by the Director and the Election Commission, Plaintiffs refer to and incorporate herein the law and argument contained in their December 10, 2004 opposition to Defendants' motion to dismiss.

DOOLEY ROBERTS & FOWLER LLP

Dated: December 14, 2004        By: _____
                                    **THOMAS L. ROBERTS**
                                    Attorneys for Plaintiffs

Plaintiffs' Combined Reply To Defendants'
Oppositions To Motion For Summary Judgment
*Aguon-Schulte v. Guam Election Commission, et al.*
*Merrill, etc., et al. v. Guam Election Commission, et al.*
Civil Case No. 04-00046
Page 13

## CERTIFICATE OF SERVICE

I, **THOMAS L. ROBERTS**, hereby declare that on December 14, 2004, I caused a copy of **Plaintiffs' Combined Reply To Defendants' Oppositions To Motion For Summary Judgment** to be served upon the following:

>Cesar C. Cabot, Esq.
>2nd Floor, BankPacific Building
>825 South Marine Corps Drive
>Tamuning, Guam 96913

>Shannon J. Taitano, Esq.
>Office of the Governor
>Post Office Box 2674
>Hagatna, Guam 96932

>Calvo & Clark
>655 South Marine Corps Drive
>Tamuning, Guam 96913

>Office of the Attorney General
>Suite 2-200E, Guam Judicial Center
>120 West O'Brien Drive
>Hagåtña, Guam 96910

Dated this 14th day of December 2004.

_____
THOMAS L. ROBERTS