

Douglas B. Moylan
Attorney General of Guam
Robert M. Weinberg
Assistant Attorney General
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)



FILED
DISTRICT COURT OF GUAM
DEC 28 2004
MARY L.M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| LOURDES P. AGUON-SCHULTE, <br><br> Plaintiff, <br><br> vs. <br><br> THE GUAM ELECTION COMMISSION, et al. <br><br> Defendants. | Civil Case No. 04-00045 |
| JAY MERRILL, etc., et al. <br><br> Plaintiff, <br><br> vs. <br><br> THE GUAM ELECTION COMMISSION, et al. <br><br> Defendants. | Civil Case No. 04-00046 <br><br> **ATTORNEY GENERAL'S CLARIFICATION OF MOTION TO STRIKE APPEARANCES OF PRIVATE COUNSEL** |

The Attorney General respectfully clarifies his previously filed motion to strike the appearances of private counsel purportedly filed by attorneys other than through the Office of Attorney General.

1. On October 29, 2004, the Attorney General filed a "Motion To Strike: (1) Appearances of Counsel Filed on Behalf of the Governor and Legislature of Guam...." As of the time of filing, only the Governor and Legislature had sought to appear through private counsel. Private counsel have not been authorized by the Attorney General to represent any named Government of Guam defendant. Since that time, the Guam Legislature has been dismissed, and the motion with respect to the unauthorized appearance of counsel on behalf of the Legislature is moot.

2. Also on October 29, 2004, private counsel, namely, Cesar C. Cabot, Esq., purported to appear on behalf of Guam Election Commission and its Chairman Gerald A. Taitano. Anticipating that there might be an unauthorized appearance by private counsel on behalf of the Guam Election Commission and its Chairman sued in his official capacity, the Attorney General said as follows in his October 29, 2004 Motion to Strike:

> And lest the sole remaining defendant the Executive Director of the Guam Election Commission attempt to appear by private counsel and assert a legal position contrary to that presented by the Attorney General, it is respectfully submitted that it too has no voice in this litigation other than through the Attorney General. Albeit autonomous, the Guam Election Commission is without question an instrumentality of the Government of Guam. *See* 3 G.C.A. § 2101 ("There is within, as an autonomous instrumentality and an independent commission of the government of Guam, the Election Commission."); *and see* 3 G.C.A. § 2102 (Guam Election Commission "Executive Director shall administer the election law of Guam and shall perform and discharge all of the powers, duties, purposes, functions and jurisdiction hereunder, or which hereafter by law may be vested in the Commission in accordance with the rules of the Commission, and subject to the right of appeal to the Commission."); *cf. Guam Radio Services, Inc. v. Guam Economic Development Authority ("GEDA")*, 2000 Guam 1, 2000 WL 32130, ¶ 14; *Bordallo v. Reyes*, 763 F.2d 1098, 1099 (9th Cir. 1985) (certain autonomous agencies, including Guam International Airport Authority; Guam Telephone Authority; and the Port Authority of Guam, are deemed instrumentalities of the government of Guam while other autonomous agencies, such as the Guam Visitors Board, are not deemed instrumentalities of the government of Guam. *GEDA and GVB v. Island Equipment Co., Inc.*, 1998 Guam 7, ¶ 7; *Guam Radio Service*, supra, at ¶ 16. The Guam Election Commission cannot dispute that it is an agency

and instrumentality of the "Government of Guam," and any suggestion that it is not is legally frivolous.

Attorney General's "Motion to Strike," p. 3, filed October 29, 2004. Accordingly, the issue of who is properly authorized to represent any named defendants, in this litigation was properly joined on October 29, 2004.

3. Subsequently, the issue of who represents whom was again raised due to the Legislature's filing of motions to remand these cases to the Superior Court of Guam. That motion, and an opposition by the Governor to the Attorney General's original motion to strike, were fully responded to and briefed by the Attorney General on December 6, 2004. The essence of the Attorney General's argument was simply that he controls litigation under the Organic Act, and the laws of Guam, and it is he who represents the named defendants in this action. On the same day that the Attorney General responded to the Legislature's motion to remand, December 6, 2004, the Governor joined in the motion to remand on. The Guam Election Commission and its chairman, Gerald A. Taitano, joined in the Legislature's motion to remand on December 8, 2004. The Legislature had already been voluntarily dismissed by the plaintiffs by the time the Election Commission joined its motion to remand, but the arguments contained in the Attorney General's response to the Legislature's motion – that it is he alone who controls litigation on behalf of Government of Guam defendants – remains applicable to all defendants, specifically, the Governor, the Election Commission, and its chairman sued in his official capacity.

4. All arguments previously asserted by the Attorney General in response to the Legislature and Governor with respect to the issue of who controls litigation decisions on behalf of Government of Guam defendants are hereby adopted and incorporated by reference with respect to the appearance of counsel on behalf of the Election Commission, and Gerald A. Taitano in his official capacity.

## CONCLUSION

The Attorney General of Guam respectfully submits that there is only one attorney authorized to appear on behalf of the named defendants in this actions and that is the Attorney General. Accordingly, the Attorney General of Guam respectfully submits that the appearances of counsel purportedly filed on behalf of the Governor of Guam, and on behalf of the Election Commission, and Gerald A. Taitano in his official capacity, were filed without lawful authority and are due to be stricken. Further, any and all pleadings filed by any attorney on behalf of any Government of Guam defendants other than by and through the Office of the Attorney General are without lawful authority and due to be stricken.

Respectfully submitted this 28th day of December, 2004.

OFFICE OF THE ATTORNEY GENERAL
**Douglas B. Moylan, Attorney General**

**Robert M. Weinberg**
Assistant Attorney General
for All Defendants

4

# CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the opposing party(ies) with a copy of the foregoing by hand delivery to:

Thomas L. Roberts, Esq.
Dooley, Roberts & Fowler, LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Drive
Tamuning, Guam 96913

Cesar Cabot, Esq.
Cesar Cabot, P.C.
BankPacific Building, Second Floor
825 South Marine Corps Drive
Tamuning, Guam 96913

Shannon Taitano, Esq.
Office of the Governor of Guam
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910

Michael A. Pangelinan, Esq.
Rodney J. Jacob, Esq.
Calvo and Clark, LLP
655 South Marine Drive, Suite 202
Tamuning, Guam 96913

Therese Terlaje', Esq.
155 Helser Place
Hagåtña, Guam 969102

Joaquin C. Arriola, Jr., Esq.
Arriola, Cowan & Arriola
259 Martyr Street, Suite 201
P.O. Box X
Hagåtña, Guam 96932

this 28th day of December, 2004.

_____
Robert M. Weinberg
Assistant Attorney General

5