LAW OFFICES OF CESAR C. CABOT, P.C.
BankPacific Building, Second Floor
825 South Marine Corps Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 646-0777

Attorneys for Defendants, Guam Election Commission
and Gerald A. Taitano



FILED
DISTRICT COURT OF GUAM
FEB - 4 2005
MARY L.M. MORAN
CLERK OF COURT


95

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| LOURDES P. AGUON-SCHULTE,<br><br>    Plaintiff,<br><br>vs.<br><br>THE GUAM ELECTION COMMISSION,<br>et al.,<br><br>    Defendants. | CIVIL CASE NO. 04-00045 |
| JAY MERRILL, etc., et al.,<br><br>    Plaintiff,<br><br>vs.<br><br>THE GUAM ELECTION COMMISSION,<br>et al.,<br><br>    Defendants. | CIVIL CASE NO. 04-00046<br><br>**THE GUAM ELECTION COMMISSION'S AND GERALD A. TAITANO'S JOINDER IN OPPOSITION TO ATTORNEY GENERAL'S MOTION TO STRIKE** |

    Comes now the Guam Election Commission ("GEC") and Gerald A. Taitano, Executive Director of the GEC (hereafter "Taitano") and hereby files this Joinder and

Lourdes P. Aguon -Schulte v. GEC, et al.
Civil Case No. 04-00045 and
Jay Merrill, et al., v. GEC, et al.,
Civil Case No. 04-00046
The Guam Election Commission and
Gerald A. Taitano's Joinder in Opposition to
Attorney General's Motion to Strike
Page 2 of 20

Opposition Brief to Attorney General's ("AG's") Motion to Strike. The GEC and Taitano hereby join in the Governor's Opposition to the AG's Motion to Strike the Appearances and Objections Of The Governor and Legislature filed on November 15, 2004 and Supplemental Opposition to Motion to Strike filed by the Governor's counsel on November 23, 2004. Similarly, GEC and Taitano join and adopt all arguments propounded by the Legislature in its Opposition to AG's Motion to Strike filed on November 15, 2004. The GEC and Taitano adopt and incorporate by reference all recitation of facts, arguments and case law of the aforementioned pleadings, by reference herein.

## I. INTRODUCTION

Central to the case at hand, is whether the GEC and Taitano followed the Guam Election Code, specifically 3 GCA §§17519 to 17511, in mailing out the Gambling Initiative Ballot Pamphlets prior to the 2004 General Election.[1] The GEC has responded by denying any wrongdoing, arguing that the GEC followed Guam law, as expressed in the GEC's Motion to Dismiss filed in this case on October 28, 2004. The GEC's position, completely contradicts the AG's opinion of record. On October 27, 2004, the Attorney General prepared, signed and filed a proposed stipulation and order, declaring that the GEC's actions were contrary to Guam law, and stipulated with the Plaintiff to an injunction to prevent the

---

[1] Complaint at ¶23 and 24, p. 6.

Lourdes P. Aguon -Schulte v. GEC, et al.
Civil Case No. 04-00045 and
Jay Merrill, et al., v. GEC, et al.,
Civil Case No. 04-00046
The Guam Election Commission and
Gerald A. Taitano's Joinder in Opposition to
Attorney General's Motion to Strike
Page 3 of 20

scheduled Gambling Initiative[2] (hereafter "Prop A") from being placed upon the 2004 General Election ballot. It is evident from the record, that the Attorney General's position regarding the merits of this case contradict the GEC's and Taitano's official position.

## II. ARGUMENT

### A. NO FEDERAL ISSUE EXISTS TO JUSTIFY JURISDICTION BY THE DISTRICT COURT

Respectfully, this Court may avoid addressing the issue of representation raised by the AG's Motion to Strike. The issue at hand is whether the GEC and Taitano followed Guam law. In the case of Republican Party of Guam, et. al., v. Gutierrez, 277 F.3d 1086 (2002), the Ninth Circuit ruled that the District Court lacked subject matter jurisdiction in a lawsuit involving the Governor's alleged violation of Guam statute. Republican Party similarly involved the interpretation of Guam's Organic Act, and the powers of the Governor.

In the Republican Party case, plaintiffs argued that the Governor violated Guam law by refusing to appoint commission members nominated by the two political parties, in violation of Public Law 25-146. The Ninth Circuit in the Republican Party stated:

> To determine whether federal question jurisdiction exists in this case, the issue is: in order to vindicate their right under Public Law No. 25-146, must the plaintiffs plead, and prove, the asserted violation of federal law?... The answer is "no."

---

[2] Gambling Initiative duly registered with the Guam Election Commission and scheduled for placement upon the 2004 General Election Ballot as Proposal A.

Lourdes P. Aguon -Schulte v. GEC, et al.
Civil Case No. 04-00045 and
Jay Merrill, et al., v. GEC, et al.,
Civil Case No. 04-00046
The Guam Election Commission and
Gerald A. Taitano's Joinder in Opposition to
Attorney General's Motion to Strike
Page 4 of 20

> To vindicate the right created by P.L. No. 25-146-- the right to have the Governor appoint the Election Commission from those nominated by the recognized political parties of Guam-- the Plaintiffs need only plead that P.L. No. 25-146 exists and that the Governor failed to follow it, causing an actual or prospective injury. While the Governor's duty to enforce P.L. No. 25-146 may be traced to the Organic Act's requirement that the Governor enforce the laws of Guam, this type of attenuated connection cannot support federal question jurisdiction. Republican Party at1090-1091.

The Court further reasoned that the "intragovernmental nature of the dispute makes invocation of federal jurisdiction even less appropriate".[3]

In the instant matter, the core issue is whether the GEC violated Guam law in mailing out allegedly deficient Prop A ballot pamphlets prior to the 2004 General Election. It is respectfully submitted that this Court lacks subject matter jurisdiction, because the issue at hand is purely local in nature, alleging violation of Guam law by a Guam agency and officer.

### B. GUAM LAW ALLOWS THE GEC TO RETAIN ITS INDEPENDENT COUNSEL

The GEC consists of seven (7) members, each serving a term of two years.[4] The GEC shall appoint an executive director who shall administer the election laws of Guam and shall perform and discharge all powers, duties, purposes, functions and jurisdiction which

---

[3] Id. at 188.

[4] 3 GCA §2101.

Lourdes P. Aguon-Schulte v. GEC, et al.
Civil Case No. 04-00045 and
Jay Merrill, et al., v. GEC, et al.,
Civil Case No. 04-00046
The Guam Election Commission and
Gerald A. Taitano's Joinder in Opposition to
Attorney General's Motion to Strike
Page 5 of 20

by law is vested in the GEC.[5] The GEC may sue and be sued in its name.[6] Further, the Commission may take such action as is necessary or appropriate to the carrying out of its powers and duties as specified under Guam law.[7]

3 GCA §2103(b) expressly provides that:

> "the Board may retain an attorney who shall be admitted to practice before the courts of Guam, who shall advise the Board and its executive officer on <u>all legal matters</u> pertaining to the Commission. <u>The designated counsel shall represent the Commission in litigation in which the Commission is interested or involved</u>. The terms, conditions and compensation of employment of any such attorney shall be determined by the Board, and the attorney shall serve at the pleasure of the Board". 3 GCA §2103(b) (emphasis added).

The Legislature has spoken. The Legislature expressly mandated that the GEC's independent counsel shall represent the GEC in all legal matters and litigation in which the GEC is interested or involved. The Legislature could not have been any clearer in its specific mandate.

### C. THE LEGISLATURE HAS LIMITED THE POWERS OF THE ATTORNEY GENERAL

The Legislature has defined and given the Office of the Attorney General certain

---

[5] 3 GCA §2101.

[6] 3 GCA §2106(b).

[7] 3 GCA §2106(c).

Lourdes P. Aguon-Schulte v. GEC, et al.
Civil Case No. 04-00045 and
Jay Merrill, et al., v. GEC, et al.,
Civil Case No. 04-00046
The Guam Election Commission and
Gerald A. Taitano's Joinder in Opposition to
Attorney General's Motion to Strike
Page 6 of 20

powers, authority and responsibilities.[8] 5 GCA §30102 states in pertinent part as follows:

> ...[N]otwithstanding any other provision of law, the Attorney General shall have cognizance of all legal matters, excluding the Legislative and Judicial Branches of the Government of Guam, involving the Executive Branch of the Government of Guam, its agencies, instrumentalities, public corporations, autonomous agencies... <u>Where any other law permits any agency or autonomous public corporation to retain counsel other than the Attorney General, this shall not preclude said agency or public corporation from requesting the services of the Office of the Attorney General.</u>[9]

5 GCA §30103 addresses the common law powers of the Attorney General, "which include but are not limited to, the right to bring suit to challenge laws which he believes to be unconstitutional and to bring action on behalf of the territory representing the citizens as a whole for redress of grievances which the citizens individually cannot achieve, <u>unless expressly limited by any law of Guam to the contrary.</u>"[10] 5 GCA §30103 is clear that the Attorney General's common law power may be limited by legislation, such as 3 GCA §2103(b) which allows the GEC to engage independent counsel to represent its interest in all litigation and legal matters pertaining to the Commission.

Furthermore, 5 GCA §30109 which addresses the duties of the Attorney General specifically limits the AG's role in government related civil litigation by providing "that

---

[8] 5 GCA §30101 et. seq.

[9] 5 GCA §30102(a) (Emphasis added).

[10] 5 GCA §30103 (Emphasis added).

Lourdes P. Aguon -Schulte v. GEC, et al.
Civil Case No. 04-00045 and
Jay Merrill, et al., v. GEC, et al.,
Civil Case No. 04-00046
The Guam Election Commission and
Gerald A. Taitano's Joinder in Opposition to
Attorney General's Motion to Strike
Page 7 of 20

those branches, departments or agencies which are authorized to employ their own legal counsel may use them instead of the Attorney General."[11]

There are also references in Federal law which seem to confirm the existence and the power of the Guam Legislature to establish and limit the litigation powers of the AG. For instance, the Guam Legislature has been specifically provided the authority to delegate certain authorities often associated with the AG's office away from it. 48 USC 1421G(b) provides that the Government of Guam may create an Office of Public Prosecutor, which one would assume would take-over criminal prosecution responsibilities. Supporting this power, 48 USC §1424-4 (2003) provides that when the Federal Rules of Criminal Procedure are applied in the District Court of Guam, the term "Attorney General" shall mean "the Attorney General of Guam or such other person or persons as may be authorized by the laws of Guam to act therein". The Legislature's express limitation of the role of the AG appears consistent with federal law.

### D. THE POWERS OF A CONSTITUTIONALLY ELECTED ATTORNEY GENERAL MAY BE LIMITED BY THE LEGISLATURE

Courts throughout the United States have consistently held that the powers of a constitutionally elected AG may be limited by legislative enactment:

> In conclusion, we are of the opinion that, while the Attorney General possesses all power and authority appertaining to the office under common law and naturally and traditionally

---

[11] 5 GCA §30109(c)

Lourdes P. Aguon-Schulte v. GEC, et al.
Civil Case No. 04-00045 and
Jay Merrill, et al., v. GEC, et al.,
Civil Case No. 04-00046
The Guam Election Commission and
Gerald A. Taitano's Joinder in Opposition to
Attorney General's Motion to Strike
Page 8 of 20

belonging to it, nevertheless **the General Assembly may withdraw those powers and assign them to others** or may authorize the employment of other counsel for the department and officers of the state to perform them.[12]

The fact that an AG's position is authorized by a state constitution does not prohibit a legislature from prescribing his duties:

[We] are clearly of the view that **the mere naming of the attorney general in the constitution of this state does not amount to an implied restriction on the authority of the legislature** in prescribing his duties. It is true that in this state, as in others, that the office of the attorney general, together with the other executive offices created by the constitution, is embedded in that instrument, but it is equally true that the authority of the legislature to prescribe what the duties and powers of those occupying these offices shall be embedded there also, and, this being the case, no common law powers or duties can attach to that office but only those prescribed by statute.[13]

---

[12] Johnson v. Commonwealth, et al., 165 S.W. 2d 820, 826 (Ky. 1942) ("The Legislature may not only add duties but may lessen or limit common law duties."). *See also* State of Missouri v. Missouri Public Service Commission et al., 175 S.W. 2d 857, 861 (Mo. 1943) ("On the first question, there can be no doubt that the Constitution does not prohibit the General Assembly from limiting the common law powers of the Attorney General."); and, State of North Dakota v. Erickson, 7 N.W.2d 865, 868 (N.D. 1943) ("The attorney general is a constitutional officer only in so far as the establishment of the office is concerned . . . Authority that the legislature may at one time prescribe, it may later take away and vest elsewhere. I have no doubt that **the legislature by express restriction may curtail powers normally exercised by the attorney general** by vesting such powers as it may see fit in other officials or such attorneys as it may specifically authorize to act."). (Emphasis added).

[13] Shute v. Frohmiller, 90 P. 2d 998, 1003 (Ariz. 1939), *overruled on other grounds* by Hudson v. Kelly, 263 P.2d 366-67 (Ariz. 1953) (legislature has "implied mandate" to grant Attorney General powers and duties to perform functions of office). *See also*, State of Oklahoma, et al. v. Georgia-Pacific Corporation, 663 P.2d 718, 722-723 (Okla. 1982), where an Attorney General argued that because he was elected and designated "Chief Law Officer," he had the common law authority to file actions without the approval of the Governor or the Legislature notwithstanding a statute requiring that he get approval before doing so. The Supreme Court of Oklahoma disagreed and ruled: "We fail to see that the legislative investiture of the mantle of 'Chief Law Officer' alone conferred upon the office a stature which it did not already have . . . ."

Lourdes P. Aguon-Schulte v. GEC, et al.
Civil Case No. 04-00045 and
Jay Merrill, et al., v. GEC, et al.,
Civil Case No. 04-00046
The Guam Election Commission and
Gerald A. Taitano's Joinder in Opposition to
Attorney General's Motion to Strike
Page 9 of 20

### E. A LEGISLATURE MAY PERMIT GOVERNMENT AGENCIES TO RETAIN INDEPENDENT COUNSEL

In Hansen v. Utah State Retirement Board,[14] the Utah AG argued that he was constitutionally authorized to act as "legal adviser" to "state officers," and, as a consequence, state governmental agencies (such as the Utah State Retirement Board, Utah State Insurance Fund and the University of Utah) were prohibited from retaining independent counsel. The Utah Supreme Court was unpersuaded: "As to each defendant, the Legislature has conferred specific statutory authority authorizing the employment of independent counsel . . . Thus, the authority for each defendant to hire independent counsel has a clear statutory foundation."[15]

A similar result was reached in Fund Manager, Public Safety Retirement System v. Superior Court of the State of Arizona,[16] where the Arizona AG insisted that any private counsel retained by the Arizona Retirement System had to submit all opinions and advice to the AG for review. This demand was found to be unauthorized and unethical:

> The factual issue in this special action is whether the attorney general may require, as a condition to approval of the fund manager's legal representation by private counsel, the fund manager's agreement that its private counsel will submit all opinions and advice to the attorney general for review, and

---

[14] Hansen v. Utah State Retirement Board, 652 P. 2d 1332 (Utah 1982).

[15] Id. at 1340.

[16] Fund Manager, Public Safety Retirement System v. Superior Court of the State of Arizona, 731 P. 2d 620 (Ariz. 1986).

Lourdes P. Aguon -Schulte v. GEC, et al.
Civil Case No. 04-00045 and
Jay Merrill, et al., v. GEC, et al.,
Civil Case No. 04-00046
The Guam Election Commission and
Gerald A. Taitano's Joinder in Opposition to
Attorney General's Motion to Strike
Page 10 of 20

> that the fund manager may not commence any legal action or appeal any decision without the attorney general's prior approval. We hold that the attorney general may not impose such conditions.
>
> ***
>
> Moreover, **the attorney general's interpretation of the statute would burden any private attorney or firm retained by the fund manager with a continuing ethical conflict** between his duty to hold inviolate the confidences of his client and the need to disclose such information to the attorney general in aid of the attorney general's asserted supervisory function.[17]

Guam's Legislature, like the legislatures of most other states, has expressly permitted certain government agencies, including the GEC, to retain independent counsel.[18] Under Guam law, "those branches, department or agencies which are authorized to employ their own legal counsel may use them **instead** of the Attorney General."[19]

---

[17] *Id.* at 625. *See also*, Board of Public Utility Commissioners of New Jersey v. Lehigh Valley, 149 A. 263, 264 (N.J. 1930) ("On this branch of the case we conclude that **the powers and privileges of the Attorney General as they existed at common law, and particularly as conferred by statute, are subject to change and modification by legislative enactment**; and that in the matter of the board of pubic utilities **the Legislature has conferred on the board, and upon counsel appointed by it pursuant to the statute, the power of commencing and conducting litigation** in which the board, in exercise of the power vested in it, is seeking to enforce its mandate."); People v. Santa Clara Lumber Co., 110 N.Y. Supp. 280, 281 (N.Y. 1908) ("The Attorney General is a constitutional officer, but his principal duties are from time to time defined by statute. We cannot agree with him that he alone is authorized to represent the state as attorney in bringing actions in the name of the people of the state.").

[18] 3 GCA §2103(b).

[19] 5 G.C.A. § 30109(c) (emphasis added). The Comment of the Compiler of Laws makes the following statements regarding this statutory provision: "Subsection (c) has been amended by P.L. 18-04:5, to conform to the laws which give to specific agencies the authority to hire their own lawyers, **who may undertake litigation without the supervision of the Attorney General.**

Lourdes P. Aguon-Schulte v. GEC, et al.
Civil Case No. 04-00045 and
Jay Merrill, et al., v. GEC, et al.,
Civil Case No. 04-00046
The Guam Election Commission and
Gerald A. Taitano's Joinder in Opposition to
Attorney General's Motion to Strike
Page 11 of 20

### F. THE DESIGNATION OF THE AG AS "CHIEF LEGAL OFFICER" DOES NOT PROHIBIT GUAM'S LEGISLATURE FROM ALLOWING AUTONOMOUS AGENCIES TO RETAIN INDEPENDENT COUNSEL

Many jurisdictions have upheld the right of state agencies and officers to independent counsel, if it is permitted by legislation.

i. **California:** The California Supreme Court has recognized that "[t]he law is well settled that a public agency may employ special counsel to protect its rights, unless specifically prohibited from so doing by statutory or charter provision...."[20] On the subject of public policy behind allowing a government agency or board to select independent counsel, the California Supreme Court stated:

> There are a variety of circumstances under which the interests of the county might be neglected or wholly sacrificed, unless the Board has the authority to employ other counsel than the District Attorney. He may be incompetent, or sick, or absent from the country, or engaged in other business, or the business in hand may be of such magnitude and importance as to demand, on the part of the Board, in the exercise of such foresight and care only as business men bestow upon important matters, the employment of additional counsel. There is no reason why public as well as private interests should not be subserved by the employment of several counsel, when the exigencies of the case are such as to demand it, in the judgment of prudent men; and we are satisfied that the Legislature has not been so unwise as to

---

[20] State Compensation Insurance Fund v. Riley, 69 P.2d 985, 987 (Cal. 1937).

Lourdes P. Aguon -Schulte v. GEC, et al.
Civil Case No. 04-00045 and
Jay Merrill, et al., v. GEC, et al.,
Civil Case No. 04-00046
The Guam Election Commission and
Gerald A. Taitano's Joinder in Opposition to
Attorney General's Motion to Strike
Page 12 of 20

render such a course impossible.[21]

    **ii.**    **Montana:**  The AG further cites the 1955 case of State v. Public Service Commission, for the proposition that the AG represents the public and possesses common law powers.[22] The Public Service Commission case is irrelevant to the issue of the right of the GEC to engage independent counsel. This case does not address the ability of a state agency to counsel of its choice. In fact, Public Service Commission states that "in short, the Attorney General's powers are as broad as the common law <u>unless restricted or modified by statute</u>".[23] The Montana Supreme Court subsequently ruled that government agencies with the statutory authority to do so could retain independent counsel notwithstanding the constitutional designation of the AG as "chief legal officer."

In Woodahl v. State Highway Commission,[24] the AG of Montana argued that the State Highway Commission should not be permitted to retain independent counsel and that his office could supply legal services more economically. The Montana Supreme Court rejected that notion and resolved the dispute as follows:

> However, he [the Attorney General] is not omnipotent, or as one brief put it, does not have "dictatorial power." However

---

[21] Id. at 988. The California Supreme Court ultimately ruled in State Compensation Insurance Fund that the civil service laws prohibited the retention of independent counsel. This finding, however, is consistent with GEC's contention that the Legislature, not the Attorney General, decides when independent counsel may be retained.

[22] State v. Public Service Commission, 283 P.2d 594 at 599.

[23] Id. at 598 (emphasis added).

[24] Woodahl v. State Highway Commission, 465 P. 2d 818 (Mont. 1970).

Lourdes P. Aguon -Schulte v. GEC, et al.
Civil Case No. 04-00045 and
Jay Merrill, et al., v. GEC, et al.,
Civil Case No. 04-00046
The Guam Election Commission and
Gerald A. Taitano's Joinder in Opposition to
Attorney General's Motion to Strike
Page 13 of 20

> broad the power of the Attorney General, it is not exclusive. That is to say, the question of whether he can hire, fire, and direct all legal representation of state officers or agencies, especially of the highway commission, depends here, upon whether the legislature has authorized the highway commission to do as it has done.[25]

    **iii.**    **Massachusetts**: The AG also cites the Massachusetts case of Feeney[26] for the proposition that an AG may litigate a matter over the express objections of state officials. The AG's reliance on Feeney is misplaced.

The Feeney case is distinguishable from the instant case, because there is a Massachusetts statute addressing the AG's litigation role, which differs starkly from Guam's statutory scheme.[27] In essence, the Massachusetts Legislature clearly articulated the AG's complete responsibility for all the Commonwealth's litigation involving its state departments, officers, and commissions. Unlike in Guam, where the Guam Legislature has allowed the GEC to engage its independent counsel for all legal matters involving GEC litigation.[28]

---

[25] Id. at 820.

[26] Feeney v. Commonwealth, 366 N.E. 2d 1262 (1977).

[27] MGLA c. 12 §§ 3, 10; See also Feeney at 1267.

[28] 3 GCA §2103(b).

Lourdes P. Aguon -Schulte v. GEC, et al.
Civil Case No. 04-00045 and
Jay Merrill, et al., v. GEC, et al.,
Civil Case No. 04-00046
The Guam Election Commission and
Gerald A. Taitano's Joinder in Opposition to
Attorney General's Motion to Strike
Page 14 of 20

iv. **Mississippi:** The AG's reliance on the holding in Wade, et al. v. United States District Court[29] and Allain vs. Mississippi Public Service Commission[30] is also erroneous. The law of Mississippi, unlike the law of Guam, expressly provides by statute that the AG has "the sole power to bring or defend a lawsuit on behalf of a state agency."[31] In brazen violation of state law, the government agency in Wade attempted to retain private counsel to defend it in a lawsuit alleging racial discrimination that had been filed in federal court. The federal court in Wade noted that the statute relied upon by the Board to retain independent counsel "nowhere expressly grants to the Board authority to retain counsel"[32] and that "the Board is without power to engage counsel . . . ."[33] The Court, despite there being no statutory authority for the Board to retain counsel, nonetheless emphasized "that this case does not concern the authority which the Board may legally exercise in employing counsel in the discharge of many activities, which may be of a purely local, administrative, or proprietary nature."[34]

---

[29] Wade, et al., v. United States District Court, 392 F. Supp. 229 (N.D. Miss. 1975).

[30] Allain v. Mississippi Public Service Commission, 418 So. 2d 779 (Miss. 1982).

[31] Wade, 392 F. Supp. at 231.

[32] Id. at 234.

[33] Id. at 235.

[34] Id.

Lourdes P. Aguon-Schulte v. GEC, et al.
Civil Case No. 04-00045 and
Jay Merrill, et al., v. GEC, et al.,
Civil Case No. 04-00046
The Guam Election Commission and
Gerald A. Taitano's Joinder in Opposition to
Attorney General's Motion to Strike
Page 15 of 20

The holding in <u>Allain</u> is even more far afield and deals with the power of the Mississippi AG to retain assistant attorneys general to represent the Mississippi Public Service Commission. By statute in Mississippi, the AG "shall appoint an assistant attorney general on a full-time basis to advise the commission . . . ."[35] The laws of Mississippi also provide that the "commission has no independent authority to employ special legal counsel in any matter . . . ."[36]

It would be difficult to imagine cases more distinguishable than <u>Wade</u> and <u>Allain</u>. The GEC, unlike the Board in <u>Wade</u> and the Commission in <u>Allain</u>, has the clear and unambiguous statutory authority to retain counsel. The AG of Guam, unlike the Mississippi AG, does not have the statutory authority to be "the sole power to bring or defend a lawsuit on behalf of a state agency."[37] To the contrary, by statute in Guam, the GEC may undertake litigation without the supervision of the AG.[38]

v. **<u>Alabama</u>:** The holding in <u>Ex Parte Weaver</u>,[39] is of little help to the AG. By <u>express statute</u> Alabama's legislature has mandated that "all litigation concerning the interests of the state, **<u>or any department thereof</u>**, shall be under the direction and control

---

[35] MISS. CODE ANN. § 77-3-9 (1972), *as cited in* <u>Allain</u>, 418 So. 2d at 780.

[36] MISS. CODE ANN. § 77-1-13 (1972), *as cited in* <u>Allain</u>, 418 So. 2d at 780.

[37] <u>Wade</u>, 392 F. Supp. at 231.

[38] 5 G.C.A. § 30109(c)

[39] <u>Ex Parte Weaver</u>, 570 So.2d 675, 678 (Ala. 1990).

Lourdes P. Aguon -Schulte v. GEC, et al.
Civil Case No. 04-00045 and
Jay Merrill, et al., v. GEC, et al.,
Civil Case No. 04-00046
The Guam Election Commission and
Gerald A. Taitano's Joinder in Opposition to
Attorney General's Motion to Strike
Page 16 of 20

of the Attorney General . . . ."[40] The autonomous agencies in Alabama, unlike the GEC, do not have the statutory authority to retain independent counsel.

  **vi.**  **Florida:** The case of <u>Shevin</u>[41] in the Fifth Circuit is equally unhelpful to the AG. It did not involve a government agency exercising its statutory right to retain private counsel. Furthermore, in that case, the court expressly held that the statutory law of Florida superceded the AG's common law powers:

> And even if the specific common law power asserted exists as a general matter, it might be that Florida's constitutional or statutory law conflicts with the common law on that point and thus *overrules* it.[42]

The Guam AG entirely ignores the Florida rulings in <u>Watson v. Caldwell</u>[43] and <u>Holland v. Watson</u>.[44] In <u>Holland</u>, the Florida Supreme Court found that the State Board of Administration had the statutory authority to retain its own counsel notwithstanding the objections of the AG to the contrary. Likewise, in <u>Watson</u>, the Florida Supreme Court found that the Internal Improvement Fund had the statutory authority to retain its own counsel and not use the AG.

---

[40] CODE OF ALABAMA § 36-15-21 (1975).

[41] State of Fla. Ex Rel. Shevin v. Exxon Corp., 526 F.2d 266 (1976).

[42] Id., at 270. (Emphasis added).

[43] Watson v. Caldwell, 27 So.2d 524 (Fla. 1946).

[44] Holland v. Watson, 14 So.2d 200 (Fla. 1943).

Lourdes P. Aguon -Schulte v. GEC, et al.
Civil Case No. 04-00045 and
Jay Merrill, et al., v. GEC, et al.,
Civil Case No. 04-00046
The Guam Election Commission and
Gerald A. Taitano's Joinder in Opposition to
Attorney General's Motion to Strike
Page 17 of 20

Like Guam, Florida's AG is the "chief state legal officer."[45] Despite this fact, Florida's Supreme Court has repeatedly allowed state agencies to retain private counsel when they had legislative authority to do so, instead of utilizing the AG's representation.

### G. OTHER CASES CITED BY THE ATTORNEY GENERAL ARE NOT ON POINT

Other cases cited by the AG are irrelevant, not on point or misplaced. In the case of Battle v. Anderson, 708 2d, 1523 (1983), the Oklahoma AG argued that the AG's view and litigation must prevail. The Oklahoma situation is distinct from Guam's because Oklahoma's laws apparently allow the Attorney General to handle all litigation for state departments and certain commissions. The distinguishing fact in Battle is that the Oklahoma statute provides that the Attorney General is the Chief Law Officer for the State, and that "in the absence of explicit legislative or constitutional expression to the contrary, he possesses complete dominion over every litigation in which he properly appears in the interest of the State..."[46] This contrasts sharply with the present case, in which the Guam Legislature has expressly directed that the GEC's litigation shall be handled by its independent counsel.[47]

---

[45] Sheven v. Yarborough, 257 So.2d at 891, 893 (Fla. 1972).

[46] 74 O.S. 1971 § 18.

[47] 3GCA §2103(b).

Lourdes P. Aguon-Schulte v. GEC, et al.
Civil Case No. 04-00045 and
Jay Merrill, et al., v. GEC, et al.,
Civil Case No. 04-00046
The Guam Election Commission and
Gerald A. Taitano's Joinder in Opposition to
Attorney General's Motion to Strike
Page 18 of 20

The <u>Public Defender Agency</u>[48] Case cited by the Attorney General also is irrelevant, as its does not address the ability of a state agency or its commission to engage independent counsel.

<u>Connecticut Commission</u>[49] is another misplaced case cited by the Attorney General. Using <u>Connecticut Commission</u>, the AG argues that "the real client of the Attorney General is the People of the State"[50]. What the Attorney General does not disclose, is that relevant Connecticut law differs from the statutory scheme in Guam.

In Connecticut, there is language in its General Statutes that directs that the Attorney General shall have supervision over all legal matters, including for all heads of departments and state boards, commissioners, state officers, etc.[51] Another distinguishing factor, is that in the <u>Connecticut Commission</u> case, the Attorney General entered an appearance for the State of Connecticut, and the separate state agencies were allowed its distinct counsel. This is unlike the instant case, where the Attorney General is attempting to supplant the designated GEC legal counsel, which shall render the GEC without its independent voice in this Court.

---

[48] <u>Public Defender Agency v. Superior Court</u>, 534 P.2d 947 (1975).

[49] <u>Conn. Com'N v. Conn., Freedom of Information</u>, 387 A2d 533 (1978).

[50] <u>Id</u>. at 538.

[51] Connecticut General Statute §3-125.

Lourdes P. Aguon -Schulte v. GEC, et al.
Civil Case No. 04-00045 and
Jay Merrill, et al., v. GEC, et al.,
Civil Case No. 04-00046
The Guam Election Commission and
Gerald A. Taitano's Joinder in Opposition to
Attorney General's Motion to Strike
Page 19 of 20

The remaining cases cited by the Attorney General do not hold or suggest that an agency or commission cannot access the courts or advocate its policies and positions in the court, albeit contrary to the position of the Attorney General, through its statutorily permitted independent counsel. There simply is no authority cited by the Attorney General in its moving papers, that stand from the proposition that the GEC's independent counsel cannot appear and defend the GEC's interest, where it is named as a defendant regarding implementation of its responsibilities under the Election Code. As such, the GEC should be represented by counsel of its choice, as expressly allowed under Guam law. If the Attorney General had his way, then all governmental agencies shall "stand mute", and shall be subject to the Attorney General's notion of righteousness and "public interest".

## II. CONCLUSION

For the aforementioned reasons, the AG's Motion to Strike should be denied, and the GEC and Taitano should be allowed counsel of their choice.

Respectfully submitted this 4th day of February, 2005.

LAW OFFICES OF CESAR C. CABOT, P.C.
Attorneys for the Defendants, Guam Election Commission and Gerald A. Taitano.

By: _____
**CESAR C. CABOT**

Lourdes P. Aguon -Schulte v. GEC, et al.
Civil Case No. 04-00045 and
Jay Merrill, et al., v. GEC, et al.,
Civil Case No. 04-00046
The Guam Election Commission and
Gerald A. Taitano's Joinder in Opposition to
Attorney General's Motion to Strike
Page 20 of 20

# CERTIFICATE OF SERVICE

I certify that on February 4, 2005, I caused a copy of The Guam Election Commission's and Gerald A. Taitano's Joinder in Opposition to Attorney General's Motion to Strike, to be served on the following individuals:

Douglas B. Moylan, Esq.
Office of the Attorney General
Ste. 2-200E, Guam Judicial Center
120 West O'Brien Drive
Hagatna, Guam 96910

Thomas L. Roberts, Esq.
Dooley, Roberts & Fowler, LLP
Ste. 201, Orlean Pacific Plaza
865 S. Marine Corps Drive
Tamuning, Guam 96913

Joaquin C. Arriola, Jr. Esq.
Arriola, Cowan and Arriola
Ste. 201, C&A Professional Building
259 Marytr Street
Hagatna, Guam 96910

Rodney J. Jacob, Esq.
Calvo & Clark, LLP
655 S. Marine Corps Drive
Tamuning, Guam 69913

Shannon J. Taitano, Esq.
Office of the Governor
Adelup, Guam 96910

Dated this 4th day of February, 2005.

CESAR C. CABOT

CCC:me
P057316.CCC