

Douglas B. Moylan
Attorney General of Guam
Robert M. Weinberg
Assistant Attorney General
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)



**FILED**
DISTRICT COURT OF GUAM
FEB 11 2005
MARY L.M. MORAN
CLERK OF COURT



# IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| LOURDES P. AGUON-SCHULTE,<br><br>Plaintiff,<br><br>vs.<br><br>THE GUAM ELECTION COMMISSION, et al.<br><br>Defendants. | Civil Case No. 04-00045 |
| JAY MERRILL, etc., et al.<br><br>Plaintiff,<br><br>vs.<br><br>THE GUAM ELECTION COMMISSION, et al.<br><br>Defendants. | Civil Case No. 04-00046<br><br>**ATTORNEY GENERAL'S REPLY TO GUAM ELECTION COMMISSION'S JOINDER IN OPPOSITION** |

The Supreme Court of Guam's February 8, 2005 decision in *A.B. Won Pat Guam International Airport Authority v. Moylan*, ("*GIAA*"), CVA04-008 (Feb. 8, 2004), available at http:// teamsupreme.temp.powweb.com/op2005Guam05.htm, has, of course, altered the complexion of this case since the parties were last in court. The Supreme Court of Guam held

ORIGINAL

"that the 1998 Amendments bestowed common law powers and duties upon the Attorney General of Guam. We further hold that those common law powers and duties may be subject to increase, alteration or abridgement by the Guam Legislature." *Id.* ¶ 2. Because the essence of the Guam Election Commission's argument is that the Guam Legislature has the power under the Organic Act to alter or abridge the common law powers and duties of the Attorney General, and because the Election Commission has a local statute authorizing it to retain its own attorney to represent it in litigation, *see*, 3 G.C.A. § 2103(b), the Supreme Court's decision would appear to be dispositive. But, and with all due respect to the Supreme Court of Guam, it is wrong as a matter of federal law, and this Court is not bound by its decision.

In *GIAA*, the Supreme was faced with interpreting Congressional intent in amending the Organic Act to provide that there shall be an Attorney General, as Chief Legal Officer for the Government of Guam, *see* 48 U.S.C. § 1421g(d)(1).[1] The Supreme Court agreed with the Attorney General that he had broad common law powers, *GIAA* at ¶ 2 ("We hold that the 1998 Amendments bestowed common law powers and duties upon the Attorney General of Guam"), yet held that the Guam Legislature is authorized to diminish, restrict, alter and abridge them. *Id.* The heart of the Supreme Court's error is found at ¶ 41 of its opinion:

> It is important to note that although neither senator discussed the powers or duties of the Attorney General, Resolution 186, passed by the 24th Guam Legislature and submitted to Congress, suggested the following amendment to the language of H.R. 2370:
>
> The Attorney General shall be the chief legal officer of the government of Guam, **shall be vested with common law powers and such additional powers and duties as may be prescribed under the laws of Guam**, not

---

[1] For purposes of this litigation, if not as a matter of common sense, what exactly does the term "Government of Guam" mean? Better still, who *is* the "Government of Guam"? Could the plaintiffs obtain any relief against the "Government of Guam" that they cannot obtain against Gerald Taitano in his official capacity? Of course not. For purposes of this lawsuit, Mr. Taitano *is* the "Government of Guam." If he is not, then there is no such thing as the "Government of Guam." Any suggestion that the Election Commission and Mr. Taitano are not the "Government of Guam" for purposes of this action is pure sophistry.

2

> inconsistent with this chapter. The Attorney General shall prosecute all criminal violations of Guam law, provide legal advice to the government, and represent the government in all civil cases in which the government of Guam may be interested. . . .
>
> Res. 186, 24th Guam Leg. First Reg. Sess. (1997). (5) Even more important is that Congress *did not adopt such language.*

*GIAA* ¶ 41 (emphasis in bold added; emphasis in italics in original; footnoted omitted).

The Attorney General could not agree more with the Supreme Court that it is important that Congress declined to adopt the language tendered by the 24th Guam Legislature in Resolution 186. But it is precisely that language which points to the fallacy in the Supreme Court's reasoning. Faced with the opportunity to authorize the Guam Legislature to vest the Attorney General with such powers and duties "as may be prescribed by law," Congress declined.[2] The only role Congress authorized the Guam Legislature to have with respect to the Office of Attorney General was to decide how the attorney general is selected, i.e., appointed or elected, and how he may be removed. *See* 48 U.S.C. § 1421g(d)(2). The Guam Legislature was given no authority to eliminate or fundamentally alter the powers and duties of the position. *See American Legion Post 279 v. Barrett*, 20 N.E.2d 45, 51 (Ill. 1939) ("the General Assembly may not take away from a constitutional officer the powers or duties given him by the constitution"); and *People ex rel. Hartigan v. E & E Hauling*, 607 N.E.2d 165, 170 (Ill. 1992) ("although the

---

[2] If Congress intended that the Guam Legislature be empowered prescribe the powers and duties of the Office of Attorney General, it certainly knew how to do so. For example, separate provisions of the Organic Act expressly authorize the Legislature to prescribe powers and duties of other constitutional officers such as lieutenant governor. *See e.g., In re: Request of Governor Felix P. Camacho Relative to the Interpretation and Application of Sections 6 and 9 of the Organic Act of Guam*, 2004 Guam 10, 53. But, the Organic Act as amended is silent with respect to the Guam Legislature's authority to prescribe the powers and duties of the Office of Attorney General. And the Supreme Court of Guam errs in inferring from the silence that the Legislature has implied authority that it only has expressly with regards to other officers in the Government of Guam.

3

legislature may add to the Attorney General's common law powers, it may not detract from them").

The power to alter or abridge is the power to destroy. Taken to its logical extreme, the Guam Legislature could eliminate the Office of Attorney General altogether by authorizing all line and autonomous agencies, boards, commission and department heads to retain their own counsel to advise them and represent them in court. Indeed, before the 1998 amendments to the Organic Act, the Legislature could have eliminated the position of Attorney General, just as the Legislature can now eliminate the Public Auditor, Deputy Director positions, and until recently, Guam Supreme Court itself.

By way of comparison, the case of *Territorial Prosecutor for the Territory of Guam v. Superior Court of Guam*, 1983 WL 30224 (D.Guam. A.D.) is instructive. In that case the U.S. District Court of Guam Appellate Division held that a local act by the Guam Legislature creating a territorial prosecutor, the Territorial Prosecutor's Act, setting forth limitations on the Governor's broad appointment and removal powers was "inconsistent with the mandate of the Organic Act in that it impermissibly encroaches upon the Governor's removal powers under the Organic Act. As noted by that court, "the legislature may not enact a law encroaching upon the Governor's authority and powers which are mandated by the Organic Act.... [T]o permit the legislature to do so, not only would [] render the concept of separation of powers meaningless, and be inconsistent with the mandate of the Organic Act, but it could possibly result in the Governor being divested of his executive authority and power at the whim of the legislature." Id. *5. Similarly, in the case at bar, without Organic Act authorization, the Legislature may not encroach upon the common law powers and duties of the Attorney General as "chief legal officer" and from his common law authority to establish a coherent legal policy for the

4

Government of Guam by authorizing mini- legal fiefdoms for various line and autonomous agencies. Else, it would render the term "Chief Legal Officer" meaningless and could result in the Attorney General being divested of all authority at the whim of the most political branch of government.

What Congress did in establishing the Office of Attorney General as Chief Legal Officer in the Organic Act was carve away from the Governor the authority to establish legal policy for the Government of Guam, its agencies and instrumentalities. Any encroachment on that power, by the Governor or the Legislature, is a violation of the Organic Act, and a violation of the doctrine of separation of powers. The District Court of Guam's decision in *Government of Guam v. United States*, Civ. No. 82-0001, Guam Reports Part 3.0 (D.C. Guam 1982) is similarly instructive.

> It is further the opinion of this Court that two branches of the Government of Guam cannot be vested with the authority to institute and prosecute causes of action and appeals and other legal action for and in the name of the Government. **This would, in effect, destroy the Executive Branch of the Government of Guam for the Legislature could at any time enact legislation appointing private counsel to institute and prosecute in the name of the Government of Guam to challenge any Executive Branch position or decision.** Not only would this violation of the doctrine of separation of powers amount to a dangerous concentration of power in the Legislative Branch ... but, would also result in chaos.

*Id.* (citation omitted). Substitute the phrase "Office of Attorney General" for the term "Executive Branch" and the consequences of the Supreme Court's error become all to obvious.[3]

---

[3] The Governor is the chief executive officer for the Government of Guam. 48 U.S.C. § 1422 ("The executive power of Guam shall be vested in an executive officer whose official title shall be the 'Governor of Guam.'"). Does the Organic Act empower the Guam Legislature to delimit those executive powers by authorizing a legislatively created agency, board or commission to exercise those powers? Of course, not. That is the holding of *See Nelson v. Ada*, 878 F.2d 277 (9th Cir. 1989); *Bordallo v. Baldwin*, 624 F.2d 932, 934 (9th Cir. 1980); *Territorial Prosecutor for the Territory of Guam v. Superior Court of Guam*, 1983 WL 30224 (D.Guam. A.D.); and *In re: Request of Governor Felix P. Camacho Relative to the Interpretation and Application of Sections 6 and 9 of the Organic Act of Guam*,

5

Any attempt by the Guam Legislature to remove any of the common law powers and duties of the Attorney General as Chief Legal Officer and to confer them directly on a line or autonomous agency is a direct assault on the Organic Act authority of the Attorney General, and a violation of the separation of powers doctrine. What Congress giveth, the Guam Legislature may not taketh away. *See Nelson v. Ada*, 878 F.2d 277 (9th Cir. 1989); and *Bordallo v. Baldwin*, 624 F.2d 932, 934 (9th Cir. 1980) (Guam Legislature cannot lawfully reduce the governor's functions with respect to the governance of the Guam hospital to "mere ministerial function of validating appointments made by others to Guam Hospital's governing body" in derogation of the Governor's ultimate responsibility in the Organic Act for the governance of the hospital). As foretold by the District Court of Guam in *Government of Guam v. United States*, it is an invitation to chaos.

Nor is there any evidence that Congress intended to ratify pre-existing local law authorizing agencies and instrumentalities to retain their own counsel in opposition to the Attorney General's role as Chief Legal Officer for the Government of Guam. Indeed, case law holds to the contrary. *See again Nelson v. Ada*, 878 F.2d 277 (9th Cir. 1989) (there is no implied ratification of prior inconsistent local law by Congressional silence in amending the Organic Act). Thus, to the extent any local law is in conflict with the Organic Act, it is "inorganic" or unconstitutional.

---

2004 Guam 10. It would require, literally, an "act of Congress" and an amendment to the Organic Act to reduce the powers of the Governor. And yet, the Guam Supreme Court, the Election Commission, Mr. Taitano, and the Governor presume without any real analysis that the same principles of law and statutory construction do not apply to the abridgement of common law power which the Guam Supreme Court recognizes without equivocation is vested in the Attorney General, without limitation. In every other example in which an officer is created by Congress in the Organic Act in which it's powers may be defined by the Legislature, the Organic Act is explicit in authorizing the Legislature to prescribe those powers. Not so with the Office of Attorney General. As a matter of statutory construction and the Supremacy Clause of the United States Constitution, the local Legislature without authority to remove from the Office of Attorney General those common law powers given to it by Congress.

6

The Guam Supreme Court has wholly misread Congressional intent, and has misinterpreted the Organic Act. The Attorney General fully anticipates that the U.S. Supreme Court will review that decision on petition for writ of certiorari, and will reverse the Guam Supreme Court. Because this is a federal question, as yet un-reviewed by the U.S. Supreme Court, this Court is not bound by the decision.

The Election Commission argues at pp. 7, 8 of its opposition that, "The Powers of a Constitutionally Elected Attorney General may be Limited by the Legislature." In support, it cites cases from Arizona, Kentucky, Missouri, North Dakota, and Oklahoma. At page 9, the Commission relies on Utah and Arizona cases to argue that, "A Legislature May Permit Government Agencies to Retain Independent Counsel." At pp. 9, 10, it cites cases from California and Montana. But those jurisdiction all have a different constitutional basis for the authority of the Attorney General and the case law from those jurisdictions is clear that their legislatures are, indeed, authorized to abrogate and abridge the common law powers and duties of the Office. Not so on Guam. Still, it begs the issue. Contrary to the Election Commission's and Mr. Taitano's argument, the question of whether they may hire outside counsel is not the principal issue presented here. In truth, it is not necessary for this Court to decide that question at this time. The question is: Who controls litigation decisions, and who has the ultimate authority to establish a coherent legal policy for agencies and instrumentalities of the Government of Guam? The Election Commission and Mr. Taitano in his official capacity cannot seriously dispute that they *are* the "Government of Guam." Under the Organic Act, the Attorney General is their "Chief Legal Officer." The Organic Act authorizes no other to act in his stead, and does not authorize the Legislature to designate any other for any other agency or instrumentality of the Government of Guam.

# rweinberg

📄 Microsoft Word - Reply.to.GEC.Opposition.doc
🕑 02/11/05  02:22 PM



## CONCLUSION

The Attorney General of Guam respectfully submits that there is only one attorney authorized to appear on behalf of the named defendants in this action and that is the Attorney General. Accordingly, the Attorney General of Guam respectfully submits that the appearances of counsel purportedly filed on behalf of the Election Commission, and Gerald A. Taitano in his official capacity, were filed without lawful authority and are due to be stricken. Further, any and all pleadings filed by any attorney on behalf of any Government of Guam defendants other than by and through the Office of the Attorney General are without lawful authority and due to be stricken.

Respectfully submitted this 11th day of February, 2005.

OFFICE OF THE ATTORNEY GENERAL
**Douglas B. Moylan, Attorney General**

**Robert M. Weinberg**
Assistant Attorney General
for All Defendants

8

# CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the opposing party(ies) with a copy of the foregoing by hand delivery to:

Thomas L. Roberts, Esq.
Dooley, Roberts & Fowler, LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Drive
Tamuning, Guam 96913

Cesar Cabot, Esq.
Cesar Cabot, P.C.
BankPacific Building, Second Floor
825 South Marine Corps Drive
Tamuning, Guam 96913

Shannon Taitano, Esq.
Office of the Governor of Guam
Ricardo J. Bordallo Governor's Complex
Adelup, Guam 96910

Michael A. Pangelinan, Esq.
Rodney J. Jacob, Esq.
Calvo and Clark, LLP
655 South Marine Drive, Suite 202
Tamuning, Guam 96913

Therese Terlaje', Esq.
155 Helser Place
Hagåtña, Guam 969102

Joaquin C. Arriola, Jr., Esq.
Arriola, Cowan & Arriola
259 Martyr Street, Suite 201
P.O. Box X
Hagåtña, Guam 96932

this 11th day of February, 2005.

Robert M. Weinberg
Assistant Attorney General

9