LAW OFFICES OF CESAR C. CABOT, P.C.
BankPacific Building, Second Floor
825 South Marine Corps Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 646-0777

Attorneys for Defendants, Guam Election Commission
and Gerald A. Taitano

FILED
DISTRICT COURT OF GUAM
FEB 11 2005
MARY L.M. MORAN
CLERK OF COURT
97

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| LOURDES P. AGUON-SCHULTE, | CIVIL CASE NO. 04-00045 |
| Plaintiff, | |
| vs. | |
| THE GUAM ELECTION COMMISSION, et al., | |
| Defendants. | |
| JAY MERRILL, etc., et al., | CIVIL CASE NO. 04-00046 |
| Plaintiff, | **SUPPLEMENTAL BRIEF OF THE GUAM ELECTION COMMISSION AND GERALD A. TAITANO IN OPPOSITION TO ATTORNEY GENERAL'S MOTION TO STRIKE** |
| vs. | |
| THE GUAM ELECTION COMMISSION, et al., | |
| Defendants. | |

Comes now, the Defendants Guam Election Commission ("GEC") and Gerald A. Taitano, ("Taitano") in his capacity as Executive Director of the Guam Election

Lourdes P. Aguon -Schulte v. GEC, et al.
Civil Case No. 04-00045 and
Jay Merrill, et al., v. GEC, et al.,
Civil Case No. 04-00046
Supplemental Brief of the Guam Election Commission
and Gerald A. Taitano In Opposition to
Attorney General's Motion to Strike
Page 2 of 5

Commission, and hereby files this Supplemental Brief in opposition to the Attorney General's (AG's) Motion to strike representation, addressing recent decisions of the Supreme Court of Guam and the District Court of Guam, germane to the issues at hand.

## I. ARGUMENT

### A. THE SUPREME COURT OF GUAM'S DECISION AFFIRMS THAT AUTONOMOUS AGENCIES MAY RETAIN PRIVATE COUNSEL, INSTEAD OF THE ATTORNEY GENERAL.

A recent decision rendered by the Supreme Court of Guam dated February 8, 2005, in the case of A.B. Won Pat Guam International Airport Authority v. Moylan[1], is especially relevant and persuasive to the issue at hand. In the Airport case, the Guam Supreme Court specifically addressed the ability of the Guam International Airport Authority ("GIAA"), an autonomous agency, to engage its private legal counsel[2] instead of utilizing the representation of the Attorney General.

Similar to the case at hand, the Attorney General argued in the Airport case, that he exclusively had the common law powers to represent the entire Government of Guam, including all line and autonomous agencies, by the powers bestowed upon him through the

---

[1] AB WonPat Guam International Airport Authority v. Douglas B. Moylan, 2005 Guam 5 (hereafter the "Airport case")..

[2] 12 GCA §1108(a) and (c).

Lourdes P. Aguon -Schulte v. GEC, et al.
Civil Case No. 04-00045 and
Jay Merrill, et al., v. GEC, et al.,
Civil Case No. 04-00046
Supplemental Brief of the Guam Election Commission
and Gerald A. Taitano In Opposition to
Attorney General's Motion to Strike
Page 3 of 5

Organic Act[3], which designated his office as the "Chief Legal Officer" of the Government of Guam. This 1998 Amendment to the Organic Act, according to the AG, bestowed upon him all common law powers, which the AG argued could not be modified, restricted or removed by the Guam Legislature ("Legislature"). The Supreme Court disagreed.

In the Airport Decision, the Guam Supreme Court held that "the Attorney General, as Chief Legal Officer, is charged with all the powers and duties pertaining to the office at common law, <u>except insofar as they have been expressly restricted or modified by statute</u>."[4] Accordingly, the GIAA was authorized to engage private counsel to handle its legal matters, including litigation in which the GIAA was a party.

The Guam Supreme Court held that the Legislature had the authority to restrict the Attorney General's power, by allowing autonomous agencies the authority to engage its own independent counsel, instead of utilizing the Attorney General's services. Guam law expressly permits the GIAA to hire independent counsel.[5] It was held that such legislative grant of authority bestowed upon an autonomous agency was constitutional and organic.[6]

---

[3] 48 USC §1421g(d)(1) which provides that "[t]he Attorney General of Guam shall be the Chief Legal Officer of the Government of Guam."

[4] Airport. at ¶67. (Emphasis added).

[5] 12 GCA §1108(a) and (c).

[6] Airport at ¶¶2 and 64.

Lourdes P. Aguon -Schulte v. GEC, et al.
Civil Case No. 04-00045 and
Jay Merrill, et al., v. GEC, et al.,
Civil Case No. 04-00046
Supplemental Brief of the Guam Election Commission
and Gerald A. Taitano In Opposition to
Attorney General's Motion to Strike
Page 4 of 5

The fact pattern and arguments of the Attorney General are strikingly identical to that of the Airport case. Therefore, we respectfully urge this Court to follow the ruling of the Guam Supreme Court in the Airport case.

### B. THE DISTRICT COURT OF GUAM HAS SIMILARLY RULED IN THE EITC CASE.

In an order from the District Court of Guam, by the erudite United States Magistrate Judge, Joaquin V.E. Manibusan, Jr., rendered on February 9, 2005 in the Santos v. Camacho case,[7] this Court was faced with a similar fact pattern. In the EITC case, at issue among others, was the right of the Governor of Guam ("Governor"), and the Directors of Department of Revenue and Taxation (DRT), and Department of Administration (DOA), to engage private counsel, instead of having to be represented by the AG's Office. In true form, the AG opposed the hiring of private counsel by the Governor, and the Directors for DRT and DOA. The AG raised similar arguments as those raised in the instant matter, and in the Airport case aforementioned. US Magistrate Judge Joaquin V.E. Manibusan, Jr., in the aforementioned Order, ruled that the Governor, and the Directors for DRT and DOA were entitled to engage private counsel, instead of being represented by the AG. In support of its ruling, the District Court cited the Airport case for the proposition that the AG's "common law powers and duties may be subject to increase, alteration or abridgement by the Guam

---

[7] Julie Babauta Santos, et. al., v. Felix A. Camacho; Civil Case No 04-0006 Order dtd. 2/905, US Magistrate Judge JVE Manibusan, Jr.

Lourdes P. Aguon -Schulte v. GEC, et al.
Civil Case No. 04-00045 and
Jay Merrill, et al., v. GEC, et al.,
Civil Case No. 04-00046
Supplemental Brief of the Guam Election Commission
and Gerald A. Taitano In Opposition to
Attorney General's Motion to Strike
Page 5 of 5

Legislature".[8]

## II. CONCLUSION

Based on the aforementioned rulings in recent Guam cases laws from the Supreme Court of Guam and this very Court, I respectfully urge this Court to deny the AG's Motion to Strike Representation, and to uphold the right of the GEC and Taitano to independent counsel.

Respectfully submitted this 11th day of February, 2005.

          LAW OFFICES OF CESAR C. CABOT, P.C.
          Attorneys for the Defendants, Guam Election
          Commission and Gerald A. Taitano.

By: _____
      **CESAR C. CABOT**

CCC:me
P057323.CCC

---

[8] EITC Order at p.9, citing the Airport case at ¶2.