**FILED**

DISTRICT COURT OF GUAM

MAR 1 6 2005

MARY L.M. MORAN
CLERK OF COURT

/02

## DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | | |
|---|---|---|
| LOURDES P. AGUON-SCHULTE, | ) | CIVIL CASE NO. 04-00045 |
| Plaintiff, | ) | (as removed from the Superior Court of Guam Civil Case No. CV-1103-04) |
| vs. | ) | |
| THE GUAM ELECTION COMMISSION, GERALD A. TAITANO, in his official capacity as the Executive Director of the Guam Election Commission, I MINA' BENTE SIETE NA LIHESLATURAN GUAHAN (The 27th Guam Legislature) and FELIX P. CAMACHO, in his official capacity as the Governor of Guam, | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| JAY MERRILL, on his own behalf and on behalf of all other similarly situated voters desirous of casting a vote in favor of Proposal A at a fair and legal election, | ) | CIVIL CASE NO. 04-00046 |
| Plaintiffs, | ) | (as removed from the Superior Court of Guam Civil Case No. CV-1111-04) |
| vs. | ) | **FINDINGS AND RECOMMENDATION BY MAGISTRATE JUDGE** |
| THE GUAM ELECTION COMMISSION, GERALD A. TAITANO, in his official capacity as the Executive Director of the Guam Election Commission, I MINA' BENTE SIETE NA LIHESLATURAN GUAHAN (The 27th Guam Legislature) and FELIX P. CAMACHO, in his official capacity as the Governor of Guam, | ) | |
| Defendants. | ) | |

On February 18, 2005, these consolidated cases came before the Court for hearing on the

**ORIGINAL**

Lourdes P. Aguon-Schulte v. Guam Election Commission, *et al.*, Civil Case No. 04-00045
Jay Merrill, etc., *et al.* v. Guam Election Commission, *et al.*, Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

1  Attorney General's motions to strike the appearances by and pleadings of private counsel and the

2  defendants' motions to remand these actions to the Superior Court of Guam. At the conclusion

3  of the hearing, the Court took the motions under advisement. The Court now issues its findings

4  and recommendation for the parties' and the district judge's review.

5  ### BACKGROUND

6  On or about October 18, 2004, Plaintiff Lourdes P. Aguon-Schulte filed a Complaint

7  (CV 1103-04) in the Superior Court of Guam against the Guam Election Commission, Gerald A.

8  Taitano, in his official and individual capacity, *I Mina Bente Siete Na Liheslaturan Guahan* (the

9  27th Guam Legislature), and Felix P. Camacho, in his official capacity as the Governor of Guam.

10  The plaintiff sought declaratory and injunctive relief, and an order from the Court requiring the

11  Governor to hold a special election on Proposal A.

12  On or about October 25, 2004, Plaintiff Jay Merrill, on his behalf and all others similarly

13  situated, filed a Complaint (CV 1111-04) in the Superior Court of Guam against the Guam

14  Election Commission, Gerald A. Taitano, in his official and individual capacity, *I Mina Bente*

15  *Siete Na Liheslaturan Guahan* (the 27th Guam Legislature), and Felix P. Camacho, in his official

16  capacity as the Governor of Guam. The plaintiffs sought declaratory and injunctive relief, and an

17  order from the Court requiring the Governor to hold a special election on Proposal A.

18  On October 26, 2004, the Attorney General of Guam filed a Notice of Removal of the

19  said cases to the District Court of Guam. In his removal petition, the Attorney General noted that

20  the Plaintiffs complained about alleged violations of their right to vote protected by the First and

21  Fourteenth Amendments to the Constitution and their right to vote for initiatives, a right

22  protected by the Organic Act of Guam, a federal statute. Furthermore, the Attorney General

23  alleged that as Chief Legal Officer of the Government of Guam, he represented all the named

24  defendants in the litigation. At the same time, the Attorney General lodged with this court a

25  Stipulation and Order for Preliminary Injunction in both cases.[1] The Stipulation was executed by

26

27

28  [1] Copies of the Stipulation and Order for Preliminary Injunction are attached as Exhibits A and B to this Findings and Recommendation.

Lourdes P. Aguon-Schulte v. Guam Election Commission, *et al.*, Civil Case No. 04-00045
Jay Merrill, etc., *et al.* v. Guam Election Commission, *et al.*, Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

1  the Plaintiffs' counsel, Thomas L. Roberts, Esq.[2] and the Attorney General, through his assistant,

2  Robert M. Weinberg, on behalf of all the defendants.

3  On or about October 28, 2004, *I Mina Bente Siete Na Liheslaturan Guahan* (the 27th

4  Guam Legislature) filed an entry of appearance through its legislative counsel, Therese M.

5  Terlaje. At the same time, *I Mina Bente Siete Na Liheslaturan Guahan* (the 27th Guam

6  Legislature) lodged an objection to the proposed stipulation and order for preliminary injunction

7  executed between the plaintiffs and the Attorney General, on behalf of the defendant, *I Mina*

8  *Bente Siete Na Liheslaturan Guahan* (the 27th Guam Legislature). On the same day, Felix P.

9  Camacho, the Governor of Guam, filed an appearance through the law firm of Calvo & Clark

10  LLP, as attorneys for the Governor. The Governor simultaneously filed an objection to the

11  proposed stipulation and order for preliminary injunction. On or about the same time, Attorney

12  Cesar C. Cabot entered his appearance for the Guam Election Commission and Gerald Taitano,

13  in his individual and official capacities. Attorney Cabot also objected to the stipulation and order

14  for preliminary injunction on behalf of the Guam Election Commission and Director Taitano.

15  On October 29, 2004, the Attorney General filed motions[3] to strike the appearances of

16  the various counsel, made on behalf of the said named defendants. Also on the same date, the

17  Court denied the Attorney General and the Plaintiffs' request for a temporary injunction.

18  On or about November 22, 2004, *I Mina Bente Siete Na Liheslaturan Guahan* (the 27th

19  Guam Legislature) moved the Court to remand the cases[4] to Superior Court arguing that it did not

20  consent to the removal of the cases to federal court. The Governor, Executive Director Taitano,

21

22  [2] The Plaintiffs in both cases are represented by Attorney Roberts.

23

24  [3] Prior to consolidation of these two cases, the Attorney General filed a motion to strike
appearances and pleadings by private counsel in each action. See Docket No. 18 in Civil Case

25  No. 04-00045 and Docket No. 13 in Civil Case No. 04-00046. All further references to docket
numbers herein shall be to the docket in the lead case, Civil Case No. 04-00046, unless otherwise

26  specified.

27  [4] *I Mina Bente Siete Na Liheslaturan Guahan* (the 27th Guam Legislature) filed a motion
to remand in each case. See Docket No. 28 in Civil Case No. 04-00045 and Docket No. 30 in

28  Civil Case No. 04-00046.

Lourdes P. Aguon-Schulte v. Guam Election Commission, *et al.*, Civil Case No. 04-00045
Jay Merrill, etc., *et al.* v. Guam Election Commission, *et al.*, Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

1  and the Guam Election Commission have joined in the said motion and for the same reason –

2  that they did not consent to the removal of the Superior Court actions to this Court.[5]

3      The motions to strike and to remand are two of several motions pending before this

4  Court. The Court has decided to hear the motions to strike first since a decision reached therein

5  ultimately decides whether these cases remain with this Court or are remanded back to the

6  Superior Court of Guam.

7                                    **DISCUSSION**

8  **I.   Attorney General Provision in the Organic Act of Guam**

9      The pertinent provision of the Organic Act of Guam regarding the Attorney General

10  provides:

11      (d) Attorney General

12      (1) The Attorney General of Guam shall be the Chief Legal Officer of the
        Government of Guam. At such time as the Office of the Attorney General of
13      Guam shall next become vacant, the Attorney General of Guam shall be appointed
        by the Governor of Guam with the advice and consent of the legislature, and shall
14      serve at the pleasure of the Governor of Guam.

15      (2) Instead of an appointed Attorney General, the legislature may, by law, provide
        for the election of the Attorney General of Guam by the qualified voters of Guam
16      in general elections after 1998 in which the Governor of Guam is elected. The
        term of an elected Attorney General shall be 4 years. The Attorney General may
17      be removed by the people of Guam according to the procedures specified in
        section 1422d of this title or may be removed for cause in accordance with
18      procedures established by the legislature in law. A vacancy in the office of an
        elected Attorney General shall be filled –
19
        (A) by appointment by the Governor of Guam if such vacancy occurs less than 6
20      months before a general election for the Office of Attorney General of Guam; or

21      (B) by a special election held no sooner than 3 months after such vacancy occurs
        and no later than 6 months before a general election for Attorney General of
22      Guam, and by appointment by the Governor of Guam pending a special election
        under this subparagraph.
23

24  42 U.S.C. § 1421g(d).

25

26
    _____

27      [5] Subsequent to the filing of its motions to remand, *I Mina Bente Siete Na Liheslaturan
    Guahan* (the 27th Guam Legislature) was dismissed as a named defendant in each case. The
28  motions to remand, however, are still pending as to the remaining Defendants who have joined in
    the motions.

Lourdes P. Aguon-Schulte v. Guam Election Commission, *et al.*, Civil Case No. 04-00045
Jay Merrill, etc., *et al.* v. Guam Election Commission, *et al.*, Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

1          Because the Attorney General is the Chief Legal Officer of the Government of Guam, he

2    argues that he has exclusive right to represent the Government of Guam's agencies and officials

3    in litigation in which the said agencies and officials are involved. In these actions, an entity of

4    the government of Guam, (the Guam Election Commission), and two government officials,

5    (Felix P. Camacho, the Governor of Guam and Gerald A. Taitano, the Executive Director of the

6    Guam Election Commission) are named defendants. Because the named defendants are parts and

7    parcel of the Government of Guam, the Attorney General has opined that he and only he or his

8    staff attorneys within the Office of Attorney General can legally represent them. The Attorney

9    General has stated the issue pending before this Court is constitutional in nature, *i.e.*, his

10   congressional designation as Chief Legal Officer of the Government of Guam prevents any

11   entity, agency, and official of the Government of Guam from being represented by counsel other

12   than the Attorney General. Furthermore, he asserts that the Guam Legislature has no authority to

13   enact legislation which would allow any official, agency, or entity within the Government of

14   Guam to be represented by any attorney other than the Attorney General. The Court must

15   therefore decide whether Governor Felix P. Camacho, the Guam Election Commission, and its

16   Executive Director Gerald A. Taitano may be represented by the attorneys who have made

17   entries of appearances in this litigation on behalf of the said defendants or whether the Court

18   should strike their entries of appearances as motioned by the Attorney General.

19         In 1998, Congress was petitioned by the people of Guam to amend the Organic Act to

20   allow for the election of their Attorney General. Rather than providing outright for an elected

21   Attorney General, Congress deemed it best to allow the people of Guam to make that

22   determination through local legislation. In order to provide the framework for an elected

23   Attorney General, if such local legislation was to be enacted, Congress was required to create that

24   office (Attorney General) within the framework of Guam's Organic Act. Thus, Congress added a

25   new subsection (48 U.S.C. §1421g(d)) to the Organic Act and created and designated an office of

26   Attorney General of Guam. In so doing, Congress declared the Attorney General "shall be the

27   Chief Legal Officer of the Government of Guam." The Organic Act amendment became law

28   October 27, 1998. See Pub. L. No. 105-291.

Lourdes P. Aguon-Schulte v. Guam Election Commission, *et al.*, Civil Case No. 04-00045
Jay Merrill, etc., *et al.* v. Guam Election Commission, *et al.*, Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

1    Because Congress did not allow outright for an elected Attorney General and there was

2  insufficient time in 1998 to pass local legislation providing for an elected Attorney General, the

3  selection of the next Attorney General (following the November 1998 gubernatorial general

4  election) would be governed by the appointment provisions of the Organic Act, *i.e.*, by

5  Section 1421g(d)(1). The next Attorney General would thus be appointed by the Governor of

6  Guam with the advice and consent of the Legislature. Furthermore, the Attorney General would

7  serve at the pleasure of the Governor.

8    On June 9, 1999, Substitute Bill No. 52 of the 25th Guam Legislature was signed into law

9  as P. L. 25-44 (the "Act"). The Act provided for the election of the Attorney General. The Act,

10  among other things, set forth the qualifications for the Attorney General, the procedure for the

11  election and removal of the Attorney General, and it further set forth the compensation of the

12  Attorney General. Thus, the enactment by the 25th Guam Legislature of the elected Attorney

13  General bill triggered the Organic Act provisions of Section 1421g(d)(2). The Attorney

14  General's election had to coincide with the election of Guam's governor and the Attorney

15  General would serve a four year term. In addition, the Attorney General could only be removed

16  under certain circumstances and a vacancy would be filled as provided under the provisions of 48

17  U.S.C. § 1421g(d)(2) of the Organic Act.

18    The Court takes note that when the Defendant Felix P. Camacho was chosen on

19  November 5, 2002 by the People of Guam as their seventh elected Governor of Guam, the People

20  of Guam also chose Douglas B. Moylan as their first elected Attorney General.

21    Whether Guam decided to elect its Attorney General or not, Congress was clear in its

22  1998 Organic Act amendment that the Attorney General was to be the Chief Legal Officer of the

23  Government of Guam. Congress did not articulate further the duties and responsibilities of the

24  Attorney General. One could speculate that Congress may have thought it inappropriate to

25  articulate the duties and responsibilities of that office since Guam's Attorney General had been

26  appointed since the Organic Act's inception in 1950 and continued to remain appointed (48 years

27  of gubernatorial appointments). Moreover, local legislation presently provided areas of duties

28  and responsibilities for the appointed Attorney General.

Lourdes P. Aguon-Schulte v. Guam Election Commission, *et al.*, Civil Case No. 04-00045
Jay Merrill, etc., *et al.* v. Guam Election Commission, *et al.*, Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

1    Was Congress's then proclamation of the Attorney General as the Chief Legal Officer of

2  the Government of Guam merely an acknowledgment of all the existing powers of the Attorney

3  General, or did Congress intend to place a deeper and more substantive power into the office, an

4  authority and power which would negate executive as well as legislative intrusion into the

5  Attorney General's authority as Chief Legal Officer of the Government of Guam?  Whatever the

6  case may be, it appears to this Court that in interpreting the Attorney General's status as Chief

7  Legal Officer of the Government of Guam, it must attempt to give full meaning and expression to

8  Congress's declaration that the Attorney General shall be the Chief Legal Officer of the

9  Government of Guam.  How then does the Court give this declaration full expression and

10  meaning?  As it relates to the representation issue before the Court, it appears reasonable and

11  logical to conclude that the Attorney General's authority as Chief Legal Officer would generally

12  be negated and diminished  when an entity, agency or official within the Government of Guam is

13  represented by counsel other than the Attorney General.  This Court recognizes  as fundamental

14  to his authority under the Organic Act the Attorney General's ability to represent entities,

15  agencies and officers of the Government of Guam.

16    Examining the provisions of Guam's Organic Act in relation to the Office of Attorney

17  General of Guam, the Court takes note of the Attorney General's statements that only once

18  previously did Congress enact legislation for an office of the Attorney General, that being the

19  creation of the Office of the Attorney General of the United States.  When Congress created the

20  Department of Justice and headed that office with the Attorney General, it reserved, however, to

21  the officers of the Department of Justice, under the direction of the Attorney General, the conduct

22  of all "litigation in which the United States, an agency, or officer thereof is a party, or is

23  interested."  28 U.S.C. § 516.  Furthermore, Congress prohibited the heads of all Executive and

24  military departments, unless expressly authorized by law or exempted under section 1037 of title

25  10, from employing an attorney or counsel for the "conduct of litigation in which the United

26  States, an agency, or employee thereof is a party, or is interested, or for the securing of evidence

27  therefor, but shall refer the matter to the Department of Justice."  5 U.S.C. § 3106.  Most

28  important, the Attorney General of the United States was required to "supervise all litigation to

Lourdes P. Aguon-Schulte v. Guam Election Commission, *et al.*, Civil Case No. 04-00045
Jay Merrill, etc., *et al.* v. Guam Election Commission, *et al.*, Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

1  which the United States, an agency, or officer thereof is a party" unless otherwise provided by

2  law. 28 U.S.C. § 519.

3      In contrast, when Congress provided for the Office of the Attorney General of Guam, it

4  did not reserve to the Attorney General supervision over the conduct of all litigation in which the

5  Government of Guam's agencies and officials were parties. Congress simply proclaimed the

6  Attorney General the Chief Legal Officer of the Government of Guam. In this regard, the Court

7  notes that in 1999, the succeeding Attorney General of Guam became the first Attorney General

8  to be designated Chief Legal Officer of the Government of Guam pursuant to the provisions of

9  the Organic Act. Yet that Attorney General's ability to supervise litigation in which the

10  government's agencies or officials were involved was subject to the Governor's removal

11  authority.

12      There is little legislative history behind Congress's intent in designating the Attorney

13  General as the Chief Legal Officer of the Government of Guam. It has been argued that the

14  current designation was patterned after the designation of another state attorney general. A

15  review of state constitutional provisions and statutes does reflect that in many jurisdictions the

16  attorney general has received the designation as chief legal officer for the respective state. State

17  courts, however, differ in their interpretations of the powers and duties of their attorneys general

18  especially as it relates to the representation of state agencies and officials. Some courts have

19  taken the position that their attorney general has exclusive right to represent agencies which are

20  involved in litigation.

21      The Organic Act does not contain express language which reserves to the Attorney

22  General of Guam or the Department of Law all litigation in which the Government of Guam or

23  any of its agencies or officers are involved. A further review of Guam's statutes reveals that

24  there is no specific legislation which requires the Attorney General to represent officials of the

25  Government of Guam when sued as defendants. The Court, however, recognizes that the power

26  and authority of the Attorney General to represent such agencies and individuals is presumed and

27  implied as contained within his Organic Act designation as Chief Legal Officer of the

28  ///

Lourdes P. Aguon-Schulte v. Guam Election Commission, *et al.*, Civil Case No. 04-00045
Jay Merrill, etc., *et al.* v. Guam Election Commission, *et al.*, Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

1  Government of Guam. However, while the authority to represent government agencies and

2  officials is implied, it is not expressed.

3  **II.    The Roles of the Attorney General**

4         The Organic Act's designation of the Attorney General as Chief Legal Officer of the

5  Government of Guam appears to have adopted basic common law principles regarding the

6  Attorney General's primary role:  that of representing the interests of the government the attorney

7  general represents – in other words, the state interest or the public interest.  As chief legal officer

8  of the government, it is this interest that the attorney general must at all times represent.  In this

9  respect, it can be said that the attorney general's real client is the state he represents or the public

10  interest he represents.  It therefore necessarily embodies the principle that if the attorney general

11  finds his duties to the state and the public interest conflicting with his other duties, it is his duty

12  to represent the state and the public interest which is paramount.  In this role, the attorney

13  general's responsibility has generally been regarded as being the protector and guardian of the

14  public interest, *i.e.*, the state or government interest which he advocates.

15         In his role as guardian of the public interest and representative of the state and its

16  interests, the attorney general may bring suits against officials and agencies of the government.

17  See  Moylan v. Camacho, Superior Court of Guam Special Proceeding No. SP230-03, Decision

18  and Order (November 10, 2003).  The Court notes that as advocate of the state government or the

19  public interest, the attorney general has generally not been restricted from prosecuting said

20  actions because of ethics considerations or the application of the rules of professional

21  responsibility to his office.

22         In addition to his role as representative of the state, the state's interest or the public

23  interest, the attorney general also has the dual role and responsibility of representing the

24  instrumentalities of that government, *i.e.*, the agencies and officials in matters in which the said

25  entities are involved as parties in any litigation.  While the Court has noted above that the

26  Organic Act does not expressly reserve to the Attorney General the representation of the

27  Government of Guam's agencies and officials in litigation in which they are involved, it is an

28  implied grant of authority.  In order to be the Chief Legal Officer of the Government of Guam,

Lourdes P. Aguon-Schulte v. Guam Election Commission, et al., Civil Case No. 04-00045
Jay Merrill, etc., et al. v. Guam Election Commission, et al., Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

1    the Attorney General must necessarily be the primary legal counsel for its employees and

2    agencies. It is in this vein that this matter comes before the Court. As the Chief Legal Officer,

3    the Attorney General has appeared in this action as the legal representative of the Defendants.

4    The Defendants have also made entries of appearances but through separate counsel.

5           In light of the Defendants' conflicting legal representations, the Court must decide who

6    should represent the Defendants in the actions herein. Should the Court allow the Attorney

7    General to represent the Defendants to the exclusion of the other attorneys because he

8    exclusively represents the Governments's agencies and officials as Chief Legal Counsel? The

9    Court finds that in order to resolve this question, it must determine what role and responsibility

10   the Attorney General shoulders when undertaking the representation of the Defendants. The

11   parties offer differing positions.

12          The Attorney General argues that when he assumes the representation of the Defendants,

13   they speak through his voice, regardless of whether his voice represents their position or not.

14   This is so because he is the Chief Legal Officer of the Government of Guam, and this designation

15   prevents the Defendants from having any other attorney represent them other than the Attorney

16   General. The Attorney General justifies this position based upon the need and necessity for a

17   uniform litigation policy which can only be established by the Attorney General. The Attorney

18   General cites case law in various jurisdictions establishing the Attorney General's paramount

19   right to represent government agencies and officials to the exclusion of any other attorney.

20          The Guam Election Commission and Director Taitano argue that the Attorney General's

21   motions to strike should be denied because Guam law authorizes the Commission to have its

22   own attorney. Specifically, 2 GUAM CODE ANN. § 2103(b) authorizes the election board to retain

23   an attorney to advise the board and its executive director on all legal matters pertaining to the

24   Commission. Its attorney is also mandated to "represent the Commission in litigation in which

25   the Commission is interested or involved." The Defendants further argue that the Attorney

26   General's designation as Chief Legal Officer does not prevent the Guam Legislature from

27   allowing autonomous agencies to retain independent counsel. The election board is established

28   as an "autonomous instrumentality and an independent commission of the [G]overnment of

Lourdes P. Aguon-Schulte v. Guam Election Commission, *et al.*, Civil Case No. 04-00045
Jay Merrill, etc., *et al.* v. Guam Election Commission, *et al.*, Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

1  Guam." 2 GUAM CODE ANN. § 2101. The Defendants cite the court to jurisdictions which have

2  allowed public agencies to employ independent counsel to protect its rights when not prohibited

3  by statute from doing so.

4  The Governor argues he has a right to appear in this litigation to object to the stipulated

5  preliminary injunction agreed to between the Attorney General and Plaintiffs. He emphasizes

6  that he is vested with the executive authority of the Government of Guam, and the Attorney

7  General cannot strip him of his executive authority and duties through the guise of a stipulation

8  for a preliminary injunction. The Governor further argues that once the Attorney General makes

9  a determination to represent him in these actions, the Attorney General must represent and serve

10  his client (the Governor) in the court litigation or, if he cannot do so, he must step aside and

11  allow the entry of independent counsel.

12  The Court has reviewed the decisions of other courts which have had to wrestle with the

13  situation similar to that presented here concerning the powers and duties of an attorney general to

14  represent state officials in civil actions. For instance, in <u>Manchin v. Browning</u>, 170 W. Va. 779,

15  296 S.E.2d 909 (1982), suit was brought against the secretary of state in his official capacity

16  challenging the state apportionment statute as unconstitutional. The matter was referred to the

17  attorney general, who was charged with defending suits against state officials. The secretary of

18  state agreed that the statute was unconstitutional, but the attorney general disagreed. The

19  attorney general attempted to take action that was contrary to the position of the secretary of

20  state. Because of the conflict in their respective positions, the secretary of state requested the

21  attorney general to appoint special counsel to represent him in the federal suit. The attorney

22  general refused, and the secretary of state sought relief before the West Virginia Supreme Court

23  of Appeals. The attorney general asserted that as the chief law officer of the state, he is "charged

24  with representing the public interest in any such litigation without interference from or the

25  approval of any other official." <u>Id.</u> at 783, 296 S.E.2d at 913. The court did not agree with the

26  attorney general's characterization of his powers and duties with respect to suits against state

27  officials. The court stated:

28  ///

Lourdes P. Aguon-Schulte v. Guam Election Commission, *et al.*, Civil Case No. 04-00045
Jay Merrill, etc., *et al.* v. Guam Election Commission, Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

1

2

3

The Attorney General ordinarily exercises complete control of litigation conducted in his name. When the Attorney General appears in a proceeding on behalf of the state in his name, he exercises his discretion as to the course and conduct of the litigation. He assumes the role of a litigant and he is entitled to represent what he perceives to be the interest of the state and the public at large.

4

5

6

However, the Attorney General's representation of the state as an entity and the discretion that accompanies such representations are limited and finite propositions. In some cases, ... the Attorney General is statutorily charged as an administrator of the law and appears in civil proceedings on his own motion as the agent and legal representative of the state and the citizens thereof. . . .

7

8

9

10

11

The Attorney General performs quite a different function when he appears to defend a state officer [or instrumentality] ... sued in [their] official capacity. In this circumstance the Attorney General does not appear as a party to the action. That role is filled by the state officer [or instrumentality] against whom the suit is brought. Rather, the Attorney General's function is to act as legal advisor and agent of the ... litigant and to prosecute or defend, within the bounds of the law, the decision or policy of such officer [or instrumentality] which is called into question by such lawsuit.

12

13

14

15

A problem arises, however, when, as here, the policy advocated by the state officer [or instrumentality] conflicts with what the Attorney General perceives to be the interest of the state. The [Attorney General] asserts that when such a conflict arises, the Attorney General's duty to represent the interests of the state takes preeminence over the interests the state officer [or instrumentality] seek[ ] to advocate. After all, he argues, any suit brought against a state officer [or instrumentality] is, in effect, a suit against the state and the interest of the public must predominate.

16

17

18

19

20

21

We cannot agree with the Attorney General's characterization of his powers and duties with respect to suits against state officials. Ordinarily the state acts only through its officers and agents. . . . [I]n the performance of their statutorily prescribed duties, some officers [or instrumentalities] . . . are empowered to make good faith policy decisions which implement the laws they administer and comport with the requirements of our constitutions. . . . When the official policies of a particular state officer or [instrumentality] are called into question in civil litigation, that officer or [instrumentality] is entitled to the same access to the courts and zealous and adequate representation by counsel to vindicate the public interest, as is the private citizen to vindicate his [or her] personal rights.

22

Id. at 788-89, 296 S.E.2d at 918-19 (citations omitted). The Manchin court further declared:

23

24

25

26

27

28

Since the Attorney General is designated as the statutory counsel for state officers sued in their official capacities, he is required by the Code of Professional Responsibility to make legal counsel available to those officers in such circumstances. The Attorney General is required to exercise his independent professional judgment on behalf of a state officer for whom he is bound to provide legal counsel. In this regard his duty is to analyze and advise his clients as to the permissible alternative approaches to the conduct of the litigation. The Attorney General should inform his client of the different legal strategies and defenses available and of his professional opinion as to the practical effect and probability of the outcome of each alternative, so as to enable the officer to make an intelligent decision with respect to how the litigation could be conducted. *He*

Lourdes P. Aguon-Schulte v. Guam Election Commission, *et al.*, Civil Case No. 04-00045
Jay Merrill, etc., *et al.* v. Guam Election Commission, *et al.*, Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

1      *should then stand aside and allow his client to exercise his independent judgment*
       *on which course to pursue.* We emphasize the importance of this independent
2      judgment because "advice of counsel" is not a defense to civil or criminal liability
       for nonfeasance, misfeasance or malfeasance in office. Once the state officer
3      whom the Attorney General represents has determined the course he desires the
       litigation to take, it is the duty of the Attorney General to zealously advocate the
4      public policy positions of his client in pleadings, in negotiations, and in the
       courtroom and to avoid even the appearance of impropriety by appearing to be in
5      conflict with the desires of his client.

6          In summary, the Attorney General's statutory authority to prosecute and
       defend all actions brought by or against any state officer simply provides such
7      officer with access to his legal services and does not authorize the Attorney
       General "to assert his vision of state interest." The Attorney General stands in a
8      traditional attorney-client relationship to a state officer he is required by statute to
       defend. His authority to manage and control litigation on behalf of a state officer
9      is limited to his professional discretion to organize legal arguments and to develop
       the case in the areas of practice and procedure so as to reflect and vindicate the
10     lawful public policy of the officer he represents. The Attorney General is not
       authorized in such circumstances to place himself in the position of a litigant so as
11     to represent his concept of the public interest, but he must defer to the decisions of
       the officer whom he represents concerning the merits and the conduct of the
12     litigation and advocate zealously those determinations in court.

13     Id. at 790-91, 296 S.E.2d at 920-21 (emphasis in original, internal citation omitted). The West

14     Virginia Supreme Court of Appeals further held that "[i]f, in the course of advising or counseling

15     a state officer involved in litigation, it becomes apparent that the Attorney General is unable to

16     adequately represent the officers as required by law or that such representation would create

17     professional conflicts or adversity, the Attorney General must appoint counsel to represent such

18     officer." Id. at 792, 296 S.E.2d at 922.

19         The Supreme Court of Hawaii also expressly approved and adopted the Manchin analysis.

20     See Chun v. Board of Trustees of Employees' Retirement Sys. of the State of Hawaii, 87 Haw.

21     152, 174, 952 P.2d 1215, 1237 (1998). In Chun, the retirement board refused to authorize an

22     appeal from a judgment entered in favor of the plaintiffs and against the board, but the state

23     attorney general filed an appeal on behalf of the board anyway. The Supreme Court of Hawaii

24     eventually dismissed the appeal and recognized that "the attorney general's professional

25     obligations as legal counsel to her statutory client – a public officer or instrumentality of the state

26     vested with policy-making authority – may clash with her vision of what is in the best global

27     interests of the state or the public at large." Id. at 170, 952 P.2d at 1233. When the Attorney

28     General's "paramount duty to represent the public interest cannot be discharged without conflict,

Lourdes P. Aguon-Schulte v. Guam Election Commission, *et al.*, Civil Case No. 04-00045
Jay Merrill, etc., *et al.* v. Guam Election Commission, *et al.*, Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

1  [he] may consent to the employment of special counsel by a state agency or officer." Id. (*quoting*

2  D'Amico v. Board of Med. Exam'rs, 112 Cal. Rptr. 786, 800, 520 P.2d 10, 20 (1974).[6] Thus, the

3  Chun court stated that "[h]aving perceived [himself] to be in a conflict of interest with the Board,

4  the Attorney General was ethically obligated to recommend the retention of other counsel to

5  represent the Board and to take such other action as, in [his] opinion, the circumstances

6  required." Id. at 176, 952 P.2d 1239.

7      In another case, Tennessee *ex rel*. Comm'r of Transp. v. Medicine Bird Black Bear White

8  Eagle, 63 S.W.3d 734, (Tenn. Ct. App. 2001), the state attorney general had been disqualified

9  from simultaneously representing the Tennessee Department of Transportation and the Tennessee

10  Commission of Indian Affairs. The Court of Appeals of Tennessee eventually reversed the trial

11  court's ruling but stated the following with regard to the attorney general's ethical obligations:

12          By statute, the General Assembly has mandated a relationship akin to the
         traditional attorney-client relationship between the Attorney General and the state
13         officials and agencies the Attorney General represents. Thus, the Attorney
         General owes a duty of undivided loyalty to his or her clients and must exercise
14         the utmost good faith to protect their interests. The Attorney General must (1)
         preserve client confidences to the extent public clients are permitted confidences,
15         (2) exercise independent judgment on his or her client's behalf, and (3) represent
         his or her clients zealously within the bounds of the law.

16
           Unlike the conflict-of-interest rules governing the conduct of lawyers
17         representing private clients, the Attorney General is not necessarily prohibited
         from representing governmental clients whose interests may be adverse to each
18         other. The majority rule is that the Attorney General, through his or her assistants,
         may represent adverse state agencies in intra-governmental disputes. This rule
19         applies, however, only when the Attorney General is not an actual party to the
         litigation. When the Attorney General is an actual party to the litigation,

20

21

22          [6] The Supreme Court of Hawaii also recognized that because of the Attorney General's
    various statutorily mandated roles, the Hawaii Code of Professional Responsibility ("HRPC")
23  could not be mechanically applied to the Attorney General's office. Chun, 87 Haw. at 173, 952
    P.2d at 1236 (*quoting* Hawaii v. Klattenhoff, 71 Haw. 598, 602, 801 P.2d 548, 550-51 (1990).
24  Nevertheless, the court stated that the Attorney General's office was never relieved of all
    obligations to conform its conduct to the HRPC, which was applicable to all attorneys licensed to
25  practice in the Hawaii courts. Id. at 174, 952 P.2d at 1237. Specifically, the court discussed
26  HRPC Rule 1.7 dealing with conflicts of interest and the comments to said rule which explained
    that "loyalty to a client is . . . impaired when a lawyer cannot consider, recommend, or carry out
27  an appropriate course of action because of the lawyer's other responsibilities or interests." Id.
28  (*quoting* comment [4] to HRPC Rule 1.7). This rule is similar to Rule 1.7 of the Guam Rules of
    Professional Conduct.

Lourdes P. Aguon-Schulte v. Guam Election Commission, et al., Civil Case No. 04-00045
Jay Merrill, etc., et al. v. Guam Election Commission, et al., Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

1
2

    independent counsel should be appointed for the state agency in order to remedy
    the ethical impediment to the Attorney General's position as a party.

3   Id., 63 S.W.3d at 773 (citations omitted).

4       Again, the Court points out the Attorney General's position that only he is authorized to

5 represent the named Defendants and that the named Defendants have no voice. The Attorney

6 General contends that the Defendants' voice, if any, is what he decides is the government's legal

7 position or what he determines to be the governmental or public interest. The Court has alluded

8 above to the Attorney General's authority to sue government entities, agencies and officials on

9 behalf of the public interest. Such was the case in Moylan v. Camacho. Therein, the Attorney

10 General sued the Governor to compel the appointment of members to the Guam's Procurement

11 Board. In that case, the Governor retained the same firm representing him in these cases. The

12 Attorney General never moved to strike the appearances of the Governor's independently

13 retained counsel. A motion to strike was never made because it would have been a conflict of

14 interest for the Attorney General to sue the Governor and represent him at the same time.

15 Moylan v. Camacho thus stands for the proposition that independent counsel may be retained to

16 defend a government official in a case where the Attorney General has a conflict of interest.

17       In determining whether to strike the appearances of the defendants' independent

18 attorneys, the Court looks at the nature of the appearances and the reasons for it. In these

19 consolidated cases, the Plaintiffs have sued the Defendants to obtain an injunction declaring that

20 the Guam Election Commission violated the law by failing to mail ballot pamphlets which

21 contained the complete text of the Proposal A gambling initiative which was to be voted upon

22 during the November 2004 general election. The Court notes that prior to the Defendants filing

23 answers to the Complaints, the Attorney General filed a notice of removal of both cases to this

24 Court. At the same time that the Attorney General filed the removal, it submitted a "Stipulation

25 and Order for Preliminary Injunction." The stipulation provided:

26     1. With respect to the scheduled November 2, 2004 election on the Guam Casino
    Gaming Commission Act, otherwise known as Proposal A ("the Proposal A"), the
27     Guam Election Commission and the Executive Director of the Guam Election
    Commission failed to follow the relevant Guam election statutes and duly adopted
28     Guam election rules governing the peoples' right to vote by initiative.

Lourdes P. Aguon-Schulte v. Guam Election Commission, *et al*., Civil Case No. 04-00045
Jay Merrill, etc., *et al*. v. Guam Election Commission, *et al*., Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

1    Specifically, the failure to follow Guam law constituted a violation of vested
     rights of the registered voters of Guam under the First and Fourteenth
2    Amendments to the United States Constitution, and under the Organic Act, 48
     U.S.C. §§ 1421(b) and 1422(a).
3

4    2. The scheduled November 2, 2004 election on Proposal A is constitutionally,
     organically and statutorily invalid as a result of their failure of the Guam Election
5    Commission and the Executive Director of the Guam Election Commission to
     follow all relevant Guam election statutes duly adopted election rules related to
6    the peoples' right to vote by initiative.

7    3. Pending further order of this Court, the Guam Election Commission and the
     Executive Director of the Guam Election Commission, their agents, employees
8    and assigns, and all those acting in concert with them, are preliminarily enjoined
     from counting, tabulating or certifying the results of any votes for or against
9    Proposal A, and if that is not possible without affecting the other races for elected
     office, from printing or in any manner reporting, disclosing or certifying the
10   results of any votes for or against Proposal A, whether by absentee ballot or
     otherwise, in connection with the scheduled November 2, 2004 election of
11   Proposal A. This provision does not prevent defendants from moving for the
     disclosure of the results of the vote on Proposal A, after the November 2, 2004
     election.
12

13       The filing of the proposed stipulation caused a flurry of filings of entries of appearances

14   by the then named defendants and objections to the proposed stipulation. *I Mina Bente Siete Na*

15   *Liheslaturan Guahan* (the 27th Guam Legislature) and the Governor filed appearances through

16   independent counsel on October 28th, and the Guam Election Commission and Executive

17   Director Taitano subsequently filed their entries. The Defendants made appearances for the

18   purpose of opposing the execution of the proposed stipulation by this Court.

19       Had the Court executed and approved the proposed stipulation, this would have resulted

20   in (1) the scheduled November 2, 2004 vote on Proposal A being found to have constituted a

21   violation of the rights of the registered voters of Guam under the First and Fourteenth

22   Amendments of the United States Constitution and under the Organic Act; (2) the scheduled vote

23   on Proposal A being found by the Court to be unconstitutional, inorganic, and statutorily invalid

24   based upon the Election Commission and Executive Director Taitano's violation of Guam's laws

25   and rules relative to the people's right to vote by initiative; and (3) the Election Commission

26   would have been enjoined from tabulating the results of the votes on Proposal A on

27   November 2, 2004.

28   ///

Lourdes P. Aguon-Schulte v. Guam Election Commission, *et al.*, Civil Case No. 04-00045
Jay Merrill, etc., *et al.* v. Guam Election Commission, *et al.*, Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

1    When the Attorney General entered his appearance on behalf of the Defendants, he did so
2  in his role as protector and guardian of the public and government's interest and representative of
3  the Government of Guam. He has come to Court – argued and advocated the legal position of
4  the Government of Guam and *his* views as protector and guardian of the public interest. *He has*
5  *not advocated and is not advocating the legal positions of the Defendants.* The Defendants
6  maintain and advise the Court that they have complied with Guam law relating to the people's
7  right to vote by initiative. Furthermore, they believe that the Proposal A vote on
8  November 2, 2004 was constitutional, organic and statutorily valid. The Court finds the
9  positions of the Attorney General and the Defendants to be directly in conflict.

10    The Defendants entered their appearances and sought only to have their voices heard and
11  their positions defended. Their voices will not be heard and their positions will not be defended
12  if the Court grants the Attorney General's motions to strike their attorneys' appearances. As the
13  Court has pointed out, in the Moylan v. Camacho case, the Attorney General never questioned
14  the ability of the Governor to procure independent counsel. He legally could not because the
15  matter involved a clear conflict and resulted in the representation of the Governor by independent
16  counsel.

17    Having entered his appearance as attorney for the Defendants, the Attorney General has a
18  duty to zealously represent the interests of these Defendants. This entails representing and
19  zealously defending their positions. The Attorney General, however, did not enter his
20  appearance for the purpose of advocating or defending the Defendants' positions. He entered his
21  appearance on behalf of these Defendants for the purpose of advocating the position of the
22  Government – what he believes is in the public interest and should be the legal position of the
23  Government. In essence, he has advocated the position of his primary client (the public and
24  governmental interest) and not those of his secondary clients (the respective Defendants). While
25  the Court does not deny that the Attorney General can advance and advocate the public and
26  governmental position, he cannot do so in the name of and at the expense of the Defendants in
27  this case, his secondary clients. In essence, the Attorney General, in substance, has appeared as
28  ///

Lourdes P. Aguon-Schulte v. Guam Election Commission, *et al.*, Civil Case No. 04-00045
Jay Merrill, etc., *et al.* v. Guam Election Commission, *et al.*, Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

1  a separate party in this action even though he has not formally entered an appearance as a

2  separate party.

3      The Court thus finds and concludes that under the circumstances of these cases the

4  Attorney General has a conflict of interest. The Attorney General has chosen to exercise his dual

5  role as (1) representative of the government and protector of the public interest and (2)

6  representative and attorney for the Defendants. The Attorney General cannot represent both

7  interests because these interests directly conflict with each other. Moreover, the Attorney

8  General has confused the issue further by advocating the public and governmental interest in his

9  representation of the Defendants. This poses a direct conflict of interest. See Rule 1.7(a) of the

10 Guam Rules of Professional Conduct.[7] Under the authorities cited by the Court, once the

11 Attorney General decides to undertake the representation of an governmental agency and/or a

12 public official, he has a duty to zealously defend the positions advocated by the said agency or

13 official. If he is unable to do so, the Attorney General must allow the party to be represented by

14 independent counsel. Based upon the conflicts which are clearly apparent in these cases, the

15 Court finds there is a need for independent counsel to represent the Defendants. The Court

---

[7] This rule provides:

**RULE 1.7: CONFLICT OF INTEREST: CURRENT CLIENTS**

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

Like other courts, this Court recognizes that the Guam Rules of Professional Conduct can not be mechanically applied to the Attorney General's office. Nevertheless, the unique circumstances presented here clearly present a direct conflict of interest for the Attorney General. Additionally, the Court takes judicial notice of the fact that the Attorney General's civil division is comprised of a small number of attorneys such that it would not be feasible for an assistant attorney general to represent the Defendants in this dispute.

Lourdes P. Aguon-Schulte v. Guam Election Commission, *et al.*, Civil Case No. 04-00045
Jay Merrill, etc., *et al.* v. Guam Election Commission, *et al.*, Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

1 comes to this conclusion based upon its finding that the Attorney General has opined and

2 concluded that the election board has violated the initiative law and that the Proposal A election

3 was unconstitutional, inorganic and statutorily invalid. The Defendants do not share these

4 positions and the Attorney General cannot defend these positions. The Court must therefore

5 deny the Attorney General's motions to strike the appearances of the attorneys for the

6 Defendants. In so doing, the Court notes that the more appropriate action would have been for

7 the Attorney General to intervene and join this action as a co-plaintiff, or the Attorney General

8 could maintain a new and separate suit against the Defendants rather than espousing the

9 government's position in the course of the representation of the Defendants.

10 The Guam Election Commission has asked the Court to decide the constitutional issue

11 which the Attorney General has advocated before the Court. The election board asks the Court to

12 find that Guam law authorizes the commission to retain its own attorneys to represent them in

13 this matter. It also asks this Court to affirm the recent opinion by the Supreme Court of Guam on

14 the same subject matter. The Court finds that it is not necessary to a decision of this case for this

15 Court to make a finding that the Election Commission has authority to retain its own attorneys to

16 represent the board in this case nor does such a finding resolve the representation issues before

17 the Court. Assuming, the constitutionality of the statute authorizing the *Board* to retain an

18 attorney to *advise* the board and its executive director on all legal matters pertaining to the

19 Commission, the statute does not authorize the board's counsel to represent *Executive Director*

20 *Taitano* in this litigation. The Court will decline ruling on that issue until it is necessary to do so

21 as federal courts generally avoid deciding constitutional issues if a case can be resolved on other

22 grounds. See Lyng v. Northwest Indian Cemetery Protective Ass'n, 485 U.S. 439, 445, 108 S.

23 Ct. 1319, 1323 (1988) ("A fundamental and longstanding principle of judicial restraint requires

24 that courts avoid reaching constitutional questions in advance of the necessity of deciding

25 them.").

26 **III. Motions to Remand Action to the Superior Court**

27 Having decided to recommend denial of the Attorney General's motions to strike the

28 appearances of counsel representing the Defendants, the Court must therefore also recommend

Lourdes P. Aguon-Schulte v. Guam Election Commission, et al., Civil Case No. 04-00045
Jay Merrill, etc., et al. v. Guam Election Commission, et al., Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

1   that this matter be remanded to the Superior Court of Guam because the Defendants have not

2   consented to the removals. Unanimous consent to the removal by all defendants is a procedural

3   requirement under 28 U.S.C. § 1446 for federal question removal under Section 1441. The Ninth

4   Circuit has stated that "[o]rdinarily, under 28 U.S.C. § 1446(a), all defendants in a state action

5   must join in the petition for removal." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1

6   (9th Cir. 1988). "The failure to join all proper defendants in a removal petition may otherwise

7   render the removal petition procedurally defective." Id. See also Parrino v. FHP, Inc., 146 F.3d

8   699, 703 (9th cir. 1998), *cert. denied*, 119 S. Ct. 510 (1998); Hewitt v. City of Stanton, 789 F.2d

9   1230, 1232-33 (9th Cir. 1986). Because the Attorney General did not obtain the consent of the

10  Defendants when he removed this action, the removal of these cases from the Superior Court of

11  Guam to this Court was procedurally defective and improper.

12          The Court therefore recommends to the District Judge that the Attorney General's

13  motions to strike be denied and the Defendants' motion to remand be granted. The Court finds

14  the posture of the instant case to be the rare case. Normally, government entities and officials

15  appearing before the Courts will find representation in their respective litigations by the Attorney

16  General. This must be the case because the Attorney General is the Chief Legal Officer of the

17  Government of Guam. In exercising his powers of representation in cases similar to the one

18  before this Court, the Attorney General must decide whether he wishes to advocate the position

19  of (1) the government (the public interest) or (2) the government entity or official involved in the

20  litigation. If the Attorney General desires to advocate the public interest, he must determine

21  whether in the course of representing the public interest he will still be able to zealously advocate

22  and represent the interests and desires of the named government entity or official. If he is unable

23  to do so, or if he finds the agency or official's position to be in conflict with his position, the

24  Attorney General should allow the aggrieved agency or government official to be represented by

25  independent counsel.

26          The Court finds its recommendations and findings herein to be reasonable. Imposing a

27  duty upon the Attorney General to zealously represent the interests of the clients for which the

28  Attorney General has entered his appearance allows those clients to have a voice in the Court

Lourdes P. Aguon-Schulte v. Guam Election Commission, _et al._, Civil Case No. 04-00045
Jay Merrill, etc., _et al._ v. Guam Election Commission, _et al._, Civil Case No. 04-00046
Order Denying Motions to Strike and Granting Motions to Remand

1  proceeding. It is crucial in cases similar to the one before the Court that a government agency

2  which maintains that it has not violated election initiative laws, even though the Attorney

3  General has concluded that it has, have the necessary representation to argue and defend that

4  position in the litigation. A failure by this Court to allow that defendant's voice to be heard is a

5  failure by the court's system of fairness and justice.

## CONCLUSION

7  Based on the Court's findings and recommendations, IT IS RECOMMENDED that the

8  Attorney General's motions to strike the appearances of the Defendants' private counsel be

9  denied and the Defendants' motions to remand these cases back to the Superior Court of Guam

10  be granted.

11  Dated this _16th_ day of March 2005.

**JOAQUIN V.E. MANISUBAN, JR.**
**U.S. Magistrate Judge**

## NOTICE

**Failure to serve and file written objections to the Report's findings and
recommendations within ten (10) days from the date of its service shall bar
an aggrieved party from attacking such Report and Recommendations
before the assigned/designated District Judge. 28 U.S.C. § 636(b)(1).**

Notice is hereby given that this document was
entered on the docket on _3/16/05_.
No separate notice of entry on the docket will
be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: _[signature]_ _3/16/05_
Deputy Clerk          Date



Douglas B. Moylan
Attorney General of Guam
Robert M. Weinberg
Assistant Attorney General
Civil Division
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 ● USA
(671) 475-3324 ● (671) 472-2493 (Fax)

**Attorneys for the Government of Guam**

# IN THE DISTRICT COURT
# FOR THE TERRITORY OF GUAM

LOURDES P. AGUON-SCHULTE,          )
                                   )
      Plaintiff,                 )
                                   )
      vs.                        )
                                   )
THE GUAM ELECTION COMMISSION,      )
  et al.                           )
                                   )
      Defendants.                )
_____)

**Civil Case No. CIV04-00045**

(removed from the Superior Court of Guam
Civil Case No. CV-1103-04)

**STIPULATION AND ORDER FOR**

**PRELIMINARY INJUNCTION**

      COME NOW Plaintiff Lourdes P. Aguon-Schulte, through her attorneys Dooley Roberts

& Fowler LLP, by Thomas L. Roberts, Esq., and all of the Defendants named herein, represented

by their counsel, the Office of the Attorney General, Government of Guam, by Assistant

Attorney General Robert Weinberg, and hereby stipulate as follows:

      1.    With respect to the scheduled November 2, 2004 election on the Guam Casino

Gaming Control Commission Act, otherwise known as Proposal A ("Proposal A"), the Guam

Election Commission and the Executive Director of the Guam Election Commission failed to

follow the relevant Guam election statutes and duly adopted Guam election rules governing the

Page 1

EXHIBIT  A

peoples' right to vote by initiative. Specifically, the failure to follow Guam law constituted a violation of vested rights of the registered voters of Guam under the First and Fourteenth Amendments to the United States Constitution, and under the Organic Act, 48 U.S.C. §§ 1421(b) and 1422(a).

2. The scheduled November 2, 2004 election on Proposal A is constitutionally, organically and statutorily invalid as a result of the failure of the Guam Election Commission and the Executive Director of the Guam Election Commission to follow all relevant Guam election statutes and duly adopted election rules related to the peoples' right to vote by initiative.

3. Pending further order of this Court, the Guam Election Commission and the Executive Director of the Guam Election Commission, their agents, employees and assigns, and all those acting in concert with them, are preliminarily enjoined from counting, tabulating or certifying the votes for or against Proposal A, and if that is not possible without affecting the other races for elected office, from printing or in any manner reporting, disclosing or certifying the results of any votes for or against Proposal A, whether by absentee ballot or otherwise, in connection with the scheduled November 2, 2004 election on Proposal A. This provision does not prevent defendants from moving for the disclosure of the results of the vote on Proposal A, after the November 2, 2004 election.

Page 2

4. All further Proceedings in this case shall be held on the _____ day of

_____, 2004 at the hour of _____ ____.m. to address Plaintiff's

remaining claims for relief as well as any and all other issues the parties may wish to raise.

DOOLEY ROBERTS & FOWLER LLP

Dated: October 27, 2004                    By: _____
                                               **THOMAS L. ROBERTS**
                                               Attorneys for Plaintiff Lourdes P. Aguon-Schulte

//

//

                                               DOUGLAS B. MOYLAN
                                               Attorney General of Guam

Dated: October 27, 2004                    By: _____
                                               **ROBERT M. WEINBERG**
                                               Attorneys for Defendants the Guam Election
                                               Commission, Gerald A. Taitano, in his capacity as
                                               the Executive Director of the Guam Election
                                               Commission, I Mina' Bente Siete Na Liheslaturan
                                               Guahan (The 27th Guam Legislature); Felix P.
                                               Camacho, In His Official Capacity As The Governor
                                               Of Guam

        SO ORDERED: this _____ day of _____, 2004.

**RECEIVED**

OCT 27 2004

DISTRICT COURT OF GUAM
HAGATNA, GUAM

                                          _____
                                          **HONORABLE ALEX R. MUNSON**
                                          Judge, District Court of Guam

Page 3

| | |
|---|---|
| Courtesy copies: | Cesar Cabot, Esq. |
| |   For Guam Election Commission |
| |   Gerald Taitano |
| | Shannon Taitano, Esq. |
| |   For Governor of Guam |
| | Therese Terlaje', Esq. |
| |   Legislature of Guam |
| | Joaquin C. Arriola, Jr., Esq. |
| |   For proposed Intervenor, Lina'La'Sin Casino |

Page 4



1

2  Douglas B. Moylan
   Attorney General of Guam
3  Robert M. Weinberg
   Assistant Attorney General
4  Civil Division
   Guam Judicial Center, Suite 2-200E
5  120 West O'Brien Drive
   Hagåtña, Guam 96910 • USA
6  (671) 475-3324 • (671) 472-2493 (Fax)

7  Attorneys for the Government of Guam

8              IN THE DISTRICT COURT
           FOR THE TERRITORY OF GUAM
9

10  JAY MERRILL, etc., et al.,                    )
                                                  )
11              Plaintiff,                        )      Civil Case No. CIV04-00046
                                                  )
12                                                )   (removed from the Superior Court of Guam
           vs.                                    )        Civil Case No. CV-1111-04)
13                                                )
    THE GUAM ELECTION COMMISSION,                 )
14  et al.                                        )
                                                  )      STIPULATION AND ORDER FOR
15              Defendants.                        )
                                                  )      PRELIMINARY INJUNCTION
16  _____)

17         COME NOW Plaintiff Lourdes P. Aguon-Schulte, through her attorneys Dooley Roberts

18  & Fowler LLP, by Thomas L. Roberts, Esq., and all of the Defendants named herein, represented

19  by their counsel, the Office of the Attorney General, Government of Guam, by Assistant

20  Attorney General Robert Weinberg, and hereby stipulate as follows:

21         1.      With respect to the scheduled November 2, 2004 election on the Guam Casino

22  Gaming Control Commission Act, otherwise known as Proposal A ("Proposal A"), the Guam

23  Election Commission and the Executive Director of the Guam Election Commission failed to

24  follow the relevant Guam election statutes and duly adopted Guam election rules governing the

25

Page 1

EXHIBIT  B

peoples' right to vote by initiative. Specifically, the failure to follow Guam law constituted a violation of vested rights of the registered voters of Guam under the First and Fourteenth Amendments to the United States Constitution, and under the Organic Act, 48 U.S.C. §§ 1421(b) and 1422(a).

2.      The scheduled November 2, 2004 election on Proposal A is constitutionally, organically and statutorily invalid as a result of the failure of the Guam Election Commission and the Executive Director of the Guam Election Commission to follow all relevant Guam election statutes and duly adopted election rules related to the peoples' right to vote by initiative.

3.      Pending further order of this Court, the Guam Election Commission and the Executive Director of the Guam Election Commission, their agents, employees and assigns, and all those acting in concert with them, are preliminarily enjoined from counting, tabulating or certifying the votes for or against Proposal A, and if that is not possible without affecting the other races for elected office, from printing or in any manner reporting, disclosing or certifying the results of any votes for or against Proposal A, whether by absentee ballot or otherwise, in connection with the scheduled November 2, 2004 election on Proposal A. This provision does not prevent defendants from moving for the disclosure of the results of the vote on Proposal A, after the November 2, 2004 election.

Page 2

4.   All further Proceedings in this case shall be held on the ____ day of

_____, 2004 at the hour of _____ ____.m. to address Plaintiff's

remaining claims for relief as well as any and all other issues the parties may wish to raise.

DOOLEY ROBERTS & FOWLER LLP

Dated: October 27, 2004          By: _____
                                      **THOMAS L. ROBERTS**
                                      Attorneys for Plaintiff Lourdes P. Aguon-Schulte

//

//

                                      DOUGLAS B. MOYLAN
                                      Attorney General of Guam

Dated: October 27, 2004          By: _____
                                      **ROBERT M. WEINBERG**
                                      Attorneys for Defendants the Guam Election
                                      Commission, Gerald A. Taitano, in his capacity as
                                      the Executive Director of the Guam Election
                                      Commission, I Mina' Bente Siete Na Liheslaturan
                                      Guahan (The 27th Guam Legislature); Felix P.
                                      Camacho, In His Official Capacity As The Governor
                                      Of Guam

          SO ORDERED: this _____ day of _____, 2004.

RECEIVED

OCT 27 2004

DISTRICT COURT OF GUAM
HAGATNA, GUAM

                                      _____
                                      **HONORABLE ALEX R. MUNSON**
                                      Judge, District Court of Guam

Page 3

1

Courtesy copies:    Cesar Cabot, Esq.
2                               For Guam Election Commission
                              Gerald Taitano
3                              Shannon Taitano, Esq.
                              For Governor of Guam
4                              Therese Terlaje', Esq.
                              Legislature of Guam
5                              Joaquin C. Arriola, Jr., Esq.
6                               For proposed Intervenor, Lina'La'Sin Casino

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 4