UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**
DISTRICT COURT OF GUAM
JAN - 4 2007
MARY L.M. MORAN
CLERK OF COURT

| | |
|---|---|
| LOURDES P. AGUON-SCHULTE; et al., | No. 05-16067 |
| Plaintiffs - Appellees, | D.C. No. CV-04-00045-DOC<br>CV-04-00046-DOC |
| v. | |
| GUAM ELECTION COMMISSION; et al., | **JUDGMENT** |
| Defendants - Appellees, | |
| v. | |
| ATTORNEY GENERAL OF GUAM, | |
| Plaintiff-intervenor - Appellant. | |

Appeal from the United States District Court for the District Of Guam (Hagatna).

On consideration whereof, it is now here ordered and adjudged by this Court, that the appeal in this cause be, and hereby is **DISMISSED for lack of jurisdiction**.

Filed and entered 11/28/06

A TRUE COPY 11/27/06
ATTEST
CATHY CATTERSON
Clerk of Court
by: _____
Deputy Clerk
This certification does constitute the mandate of the court.

# FOR PUBLICATION
# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LOURDES P. AGUON-SCHULTE; JAY
MERRILL, on his own behalf and
on behalf of all others similarly
situated voters desirous of casting
a vote in favor of Proposal A at a
fair and legal election,
    *Plaintiffs-Appellees,*

v.

GUAM ELECTION COMMISSION;
GERALD A. TAITANO, in his official
capacity as Executive Director of
the Guam Election Commission;
FELIX P. CAMACHO, in his official
capacity as Governor of Guam; I
MINA' BENTE SIETE NA
LIHESLATURAN GUAHAN (THE 27TH
GUAM LEGISLATURE),
    *Defendants-Appellees,*

v.

ATTORNEY GENERAL OF GUAM,
    *Plaintiff-intervenor-
    Appellant.*

No. 05-16067

D.C. Nos.
CV-04-00045-DOC
CV-04-00046-DOC

OPINION

Appeal from the United States District Court
for the District of Guam
David O. Carter, District Judge, Presiding

Argued and Submitted
June 12, 2006—Honolulu, Hawaii

Filed November 28, 2006

18823

Case 1:04-cv-00046 Document 118 Filed 01/04/2007 Page 2 of 11

Before: Betty B. Fletcher, Harry Pregerson, and
William C. Canby, Jr., Circuit Judges.

Opinion by Judge Pregerson

## SUMMARY

### Civil Litigation and Procedure/Jurisdiction

The court of appeals dismissed an appeal. The court held that because a district court's order was based on motions to strike outside counsel and a remand order that were unreviewable, courts lacked jurisdiction to hear the case.

Appellees including Lourdes Aguon-Schulte and Jay Merrill filed complaints in the Superior Court of Guam against, among others, the Guam Election Commission, the Guam Legislature, and the governor of Guam, asserting that ballot pamphlets for the 2004 general election were legally defective, and seeking declaratory and injunctive relief. Appellant the attorney general of Guam filed a notice of removal of the cases to district court in Guam, stating that as the chief legal officer of the government of Guam, he represented all the government defendants. The government was represented by outside counsel. The attorney general moved to strike the appearances of the various outside counsel. The government moved to remand the cases to the Guam Superior Court, arguing that they had not consented to the removal of the cases to district court. The district court ordered a remand to the Guam Superior Court.

The attorney general appealed.

[1] The district court's order was based, in part, on the denial of the attorney general's motions to strike the appearances of private counsel. A district court's order denying a

motion to disqualify counsel is not appealable under 28 U.S.C. § 1291 prior to final judgment in the underlying litigation. Because a motion to strike counsel is unreviewable prior to final judgment, the court of appeals lacked jurisdiction to review this portion of the district court's order. **[2]** The district court's order was also based on the attorney general's failure to join all defendants in the removal action. Section 1447(d) states that, an order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise. Despite this broad prohibition, the Supreme Court has held that § 1447(d) must be read together with § 1447(c) such that § 1447(d) precludes review only of remands made pursuant to a ground enumerated in § 1447(c). Section 1447(c) states that remand may be ordered either for lack of subject matter jurisdiction or for any defect in the removal procedure. In this case, the district court remanded the case to the state court because it found that removal was procedurally defective in that the government did not consent to removal. This qualified as a "defect" in a removal procedure, one of the grounds listed in § 1447(c). The attorney general's appeal had to be dismissed.

## COUNSEL

Robert M. Weinberg (brief), Assistant Attorney General and Douglas B. Moylan (argued), Attorney General, Territory of Guam, Hagatna, Guam, for the appellant.

Theodore S. Christopher (brief), and Cesar Cabot (argued), Cabot Mantanona LLP, Tamuning Guam, for defendants-appellees, Guam Election Commission & Gerald A. Taitano.

Rodney J. Jacob (brief) and Daniel M. Benjamin (argued), Calvo & Clark LLP, Tamuning, Guam, for Governor Felix P. Camacho.

# OPINION

PREGERSON, Circuit Judge:

This case involves an appeal from a district court's order denying a request to strike outside counsel and remanding the case to the Guam Superior Court for failure to join all defendants in the removal action. Generally, a district court's order denying a motion to disqualify counsel is not appealable under 28 U.S.C. § 1291 prior to final judgment in the underlying litigation. Further, remand orders issued under 28 U.S.C. § 1447(c) and invoking the grounds specified therein that removal was improvident and without jurisdiction are usually immune from review under § 1447(d). Accordingly, we must determine whether we have jurisdiction to review this case.

We have provisional jurisdiction under 28 U.S.C. § 1291 and we have jurisdiction to determine whether we have jurisdiction to hear the case. *See United States v. Ruiz*, 536 U.S. 622, 628 (2002). For the reasons set forth below, we find that we lack jurisdiction to review this case.

## I. Factual Background

The events surrounding this action began twenty months ago with a general election scheduled for November 2, 2004. Included on the ballot was Proposal A, an initiative to legalize gambling on Guam. Guam election law required that the ballot pamphlets mailed to registered voters contain, among other things, a complete copy of any measure to be submitted to the voters. *See* Guam Code Ann. tit. 3 § 17509. Because the full text of Proposal A contained eighty pages of information, the pamphlet distributed by the Guam Election Commission ("GEC") included only the title of Proposal A and a summary; it did not include the full text.

Plaintiffs Lourdes P. Aguon-Schulte and Jay Merrill filed separate complaints, on October 18, 2004, and October 25,

2004, respectively, in the Superior Court of Guam. The complaints name as defendants the GEC, Gerald Taitano (Executive Director of the GEC), the 27th Guam Legislature (*I Mina Bente Siete Na Liheslaturan Guahan*), and Governor Felix Camacho (collectively "Defendants"). Plaintiffs asserted that the ballot pamphlets were legally defective. They sought declaratory and injunctive relief and an order from the court requiring the Governor to hold a special election on Proposal A.

On October 25, 2004, the Legislature passed Substitute Bill 374, to cure compliance defects with § 17509 by recognizing that the ballot pamphlet for Proposal A need not contain a complete copy of the initiative. On October 27, 2004, the Governor signed Public Law 27-108 which promulgated these provisions of Bill 374.

On October 26, 2004, Attorney General Douglas Moylan filed a Notice of Removal of both cases to the District of Guam. In his removal petition, the Attorney General stated that removal was proper because Plaintiffs complained of violations of their right to vote, as protected by the First and Fourteenth Amendments, and specifically their right to vote for initiatives, a right protected by the Organic Act of Guam, a federal statute. The Attorney General stated that as the Chief Legal Officer of the Government of Guam, he represented all Defendants. At the same time, the Attorney General lodged with the District Court a Stipulation and Order for a Preliminary Injunction in both cases to prevent Proposal A from being included in the November 2 election. The Stipulation was signed by Plaintiffs' counsel and the Attorney General. The Attorney General purported to sign the Stipulation on behalf of all Defendants.

On October 28, 2004, the Legislature, the Governor, and Taitano and the GEC, filed three separate entries of appearance. Each was represented by outside counsel. On the same day, Defendants lodged an objection to the proposed stipula-

tion and order for preliminary injunction executed between Plaintiffs and the Attorney General. On October 29, 2004, the Attorney General filed motions to strike the appearances of the various outside counsel. On the same day, the district court denied Plaintiffs' requests for a preliminary injunction. On or about November 22, 2004, the Legislature moved the district court to remand the cases to the Guam Superior Court, arguing that the Legislature had not consented to the removal of the cases to district court. The Governor, Taitano, and the GEC joined the motion stating that they too did not consent to the removal of the actions to the district court.[1] The cases were consolidated on November 23, 2004.

## II.  Procedural History

On February 18, 2005, Magistrate Judge Manisuban, Jr. conducted a hearing on the Attorney General's motions to strike the appearances and pleadings of private counsel and Defendants' motions to remand the actions to the Superior Court of Guam. At the end of the hearing the magistrate judge took the motions under advisement and, on March 16, 2005, he issued his Report and Recommendation ("R&R") to the district court. In his R&R, the magistrate judge recommended that the district court deny the Attorney General's motions to strike the appearances of Defendants' private counsel. He further recommended that the district court grant Defendants' motion to remand the cases to the Superior Court of Guam. The Attorney General filed objections to the R&R on March 29, 2005. On May 10, 2005, District Judge David O. Carter adopted the R&R in full and ordered a remand to the Guam Superior Court.

On June 17, 2005, the Attorney General filed a timely notice of appeal. The Attorney General contends that the district court erred when it adopted the R&R because Guam's

---

[1] Subsequent to the filing of its motions to remand, the Legislature was dismissed as a named defendant in each case.

Attorney General has the sole authority to set legal policy for the Government of Guam, its agencies, instrumentalities, and officials, and to control litigation on their behalf, despite protest by the public officials that he represents.[2] For the reasons set forth below, we find that we lack jurisdiction to review this case.

## III. Standard of Review

The existence of subject matter jurisdiction is a question of law reviewed *de novo. See United States v. Peninsula Commc'ns, Inc.*, 287 F.3d 832, 836 (9th Cir. 2002). A district court's findings of fact relevant to its determination of subject matter jurisdiction are reviewed for clear error. *See id.* As mentioned above, we have jurisdiction to determine whether we have jurisdiction to hear the case. *See Ruiz*, 536 U.S. at 628.

## IV. Discussion

Defendants contend that this court lacks jurisdiction to review this case because the Attorney General is appealing an unreviewable remand order and an order that is not final — the district court's denial of his motions to strike the appearances of Defendants' private counsel. We agree.

---

[2]On May 1, 2006, we issued an order requiring the parties to respond to the contention that this case is moot because the November 2, 2004, election has already taken place and the measure did not pass. We find that the underlying case is not moot because it still presents a live controversy. We have stated that, "[w]here the activities sought to be enjoined have already occurred, and the appellate courts cannot undo what has already been done, the action is moot." *Friends of the Earth, Inc. v. Bergland*, 576 F.2d 1377, 1379 (9th Cir. 1978). However, in this case, the parties still dispute the legality of the November 2, 2004, election. In addition, because Plaintiffs challenge the Legislature's authority to alter election law, the underlying case presents an issue that is capable of repetition yet will evade review. *See Reich v. Local 396, Int'l Bhd. of Teamsters*, 97 F.3d 1269, 1272 n.5 (9th Cir. 1996) (citing *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam)).

[1] As Defendants correctly noted, the district court's order is based, in part, on the denial of the Attorney General's motions to strike the appearances of private counsel. "[A] district court's order denying a motion to disqualify counsel is not appealable under [28 U.S.C.] § 1291 prior to final judgment in the underlying litigation." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981); *see also Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 440 (1985) ("We hold that orders disqualifying counsel in civil cases, like orders disqualifying counsel in criminal cases and orders denying a motion to disqualify in civil cases, are not collateral orders subject to appeal as 'final judgments' within the meaning of 28 U.S.C. § 1291."). Because a motion to strike counsel is unreviewable prior to final judgment, we lack jurisdiction to review this portion of the district court's order.[3]

[2] The district court's order is also based on the Attorney General's failure to join all Defendants in the removal action. Section 1447(d) states that, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d).[4] Despite this

---

[3]Our disposition of this issue makes it unnecessary to decide whether we also lack jurisdiction because the denial of the motion to strike was an integral part of the remand ruling: the denial established that there had been a defect in the removal procedure because not all Defendants had consented to removal. *See Kircher v. Putnam Funds Trust*, 126 S. Ct. 2145, 2154-56 (2006) (holding that district court decision that state claim was not precluded by federal law was jurisdictional part of remand decision and was not reviewable).

[4]There is one exception not relevant here. Under 28 U.S.C. § 1443, state actions alleging a deprivation of civil rights are not subject to § 1447(d)'s bar and may be appealed. *See* 28 U.S.C. § 1443; *see also id.* at § 1447(d). Section 1443 states that a remand order may be appealed if the action alleges certain civil rights or equal protection violations. *See* 28 U.S.C. § 1443. Although the Attorney General alleged civil rights violations in his notice of removal, he did not mention § 1443 in the notice as a basis for removal. Further, we have recognized that § 1443 does not apply to Guam because Guam is not a state. *See United States v. Bordallo*, 857 F.2d 519, 524 (9th Cir. 1988); *Territory of Guam v. Landgraf*, 594 F.2d 201, 202 (9th Cir. 1979) ("When Congress has intended to extend § 1443(1) to an entity other than one of the fifty states, it has done so expressly.").

broad prohibition, the Supreme Court has held that § 1447(d) must be read together with § 1447(c) such that § 1447(d) precludes review only of remands made pursuant to a ground enumerated in § 1447(c). *See Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345-46 (1976) ("[O]nly remand orders issued under § 1447(c) and invoking the grounds specified therein that removal was improvident and without jurisdiction are immune from review under § 1447(d)."), *abrogated on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996); *see also Bennett v. Liberty Nat'l Fire Ins. Co.*, 968 F.2d 969, 970 (9th Cir. 1992) (recognizing that appellate review is available if the remand is based on a ground not enumerated in § 1447(c)). Section 1447(c) states that remand may be ordered either for lack of subject matter jurisdiction or for "any defect" in the removal procedure. 28 U.S.C. § 1447(c). In this case, the district court remanded the case to the state court because it found that removal was procedurally defective in that Defendants did not consent to removal. This qualifies as a "defect" in a removal procedure, one of the grounds listed in 28 U.S.C. § 1447(c). *California v. NRG Energy Inc.*, 391 F.3d 1011, 1023 (9th Cir. 2004). Accordingly, review is barred under § 1447(d).[5]

Because the district court's order was based on motions to strike and a remand order that are unreviewable, we lack

---

[5]This proposition was recently confirmed by the Supreme Court in *Kircher*, where the Court reiterated that " '[w]here a remand order is based on one of [the grounds enumerated in 28 U.S.C. § 1447(c) ], review is unavailable no matter how plain the legal error in ordering the remand.' " 126 S. Ct. at 2154 (quoting *Briscoe v. Bell*, 432 U.S. 404, 413-14, n.13 (1977)). We note, however, that the district court's decision regarding who properly represents the named defendants is not binding upon the Guam Superior Court. As the Supreme Court noted in *Kircher*, issues decided by the district court that are incident to and prior to an order of remand "are open to revision [in subsequent proceedings in state court], irrespective of the ruling of the [federal court]." *Id.* at 2157 (quoting *Missouri Pacific Ry. Co. v. Fitzgerald*, 160 U.S. 556, 583 (1896)) (second alteration in original).

jurisdiction to hear this case. Accordingly, the appeal is DISMISSED.

A TRUE COPY 11/27/06
ATTEST

CATHY CATTERSON
Clerk of Court

by:_____
 Deputy Clerk

This certification does constitute the mandate of the court.